Thomas G. Johnson
BAUER MOYNIHAN & JOHNSON LLP
2101 4^(TH) Avenue - 24^(th) Floor
Seattle, WA 98121
Telephone: (206) 443-3400
Facsimile: (206) 448-9076

Attorneys for Defendant North Star Terminal
and Stevedore Company, LLL, North Star
Terminal and Stevedore Company, LLC of Delaware

UNITED STATES DISTRICT COURT
FOR THE STATE OF ALASKA AT ANCHORAGE

| | |
|---|---|
| J.H. BACHMANN GmbH and UTC BACHMANN, INC., <br><br> Plaintiffs, <br><br> v. <br><br> BRAGG INVESTMENT COMPANY, INC. successor-in-interest by merger to HEAVY TRANSPORT, INC., NORTHSTAR TRUCKING, INC., NORTH STAR TERMINAL AND STEVEDORE COMPANY, LLC, NORTH STAR TERMINAL AND STEVEDORE COMPANY, LLC OF DELAWARE and SHANE D. CROWSON dba ALASKA HEAVY HAUL TRANSPORT, <br><br> Defendants. | CASE NO. 3:06: CV 00145 (TMB) |

**ANSWER AND CROSS CLAIM OF**
**DEFENDANT NORTH STAR TERMINAL AND STEVEDORE COMPANY, LLC**

COMES NOW defendant North Star Terminal and Stevedore Company, LLC of Delaware d/b/a North Terminal and Stevedore Company, LLC (North Star), and in answer to the complaint of plaintiffs J.H. Bachmann GmbH (Bachmann) and UTC Bachmann, Inc. (UTC) states and alleges as follows:

ATTORNEYS AT LAW
BAUER MOYNIHAN & JOHNSON LLP
2101 FOURTH AVENUE
SUITE 2400
SEATTLE, WA 98121
(206) 443-3400
FAX (206) 448-9076

NORTH STAR TERMINAL AND STEVEDORE COMPANY, LLC'S ANSWER AND CROSS CLAIM
J.H. Bachmann GmbH, et al v. Bragg Investment Company, et al., No. 3:06: CV00145(TMB)
- 1 of 14 -

- 1 -

## I. GENERAL ALLEGATIONS

1. Answering paragraph 1, defendant North Star admits that plaintiff Bachmann is a German company. Except as admitted, defendant North Star is without knowledge or information sufficient to form a belief as to the truth of the allegations, and, therefore, denies the same.

2. Answering paragraph 2, defendant North Star is without knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

3. Answering paragraph 3, defendant North Star admits that Bragg Investment Company (Bragg) is the successor-in-interest to Heavy Transport, Inc., which was, at all relevant times, a California corporation. Except as admitted, defendant North Star is without knowledge or information sufficient to form a belief as to the truth of the allegations, and, therefore, denies the same.

4. Answering paragraph 4, defendant North Star admits that defendant Northstar Trucking is an Alaska corporation with its principle place of business in Anchorage, Alaska, and that Northstar Trucking is not in any way related to North Star. Except as admitted, defendant North Star is without knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

5. Answering paragraph 5, defendant North Star admits that it is a Delaware Limited Liability Company doing business in Alaska as North Star Terminal and Stevedore, LLC, and that its principle place of business is in Anchorage, Alaska. Defendant North Star further admits that it is authorized to transact business in the State of Alaska. Except as admitted, the allegations contained therein are denied.

6. Answering paragraph 6, defendant North Star admits the allegations contained therein.

ATTORNEYS AT LAW
BAUER MOYNIHAN & JOHNSON LLP
2101 FOURTH AVENUE
SUITE 2400
SEATTLE, WA 98121
(206) 443-3400
FAX (206) 448-9076

NORTH STAR TERMINAL AND STEVEDORE COMPANY, LLC'S ANSWER AND CROSS CLAIM
J.H. Bachmann GmbH, et al v. Bragg Investment Company, et al., No. 3:06: CV00145(TMB)
- 2 of 14 -

- 2 -

7. Answering paragraph 7, the allegations set forth present issues of law for the Court's determination, and, therefore, require no answer. If an answer is required, defendant North Star denies the allegations contained therein.

8. Answering paragraph 8, defendant North Star is without knowledge or information sufficient to form a belief as to the truth of the allegations, and, therefore, denies the same.

9. Answering paragraph 9, defendant North Star is without knowledge or information sufficient to form a belief as to the truth of the allegations, and, therefore, denies the same.

10. Answering paragraph 10, defendant North Star is without knowledge or information sufficient to form a belief as to the truth of the allegations, and, therefore, denies the same.

11. Answering paragraph 11, defendant North Star is without knowledge or information sufficient to form a belief as to the truth of the allegations, and, therefore, denies the same.

12. Answering paragraph 12, defendant North Star admits that Heavy Transport, Inc., was involved in transporting two electrical transformers from the state of Washington to a Chugach Electric construction site in Anchorage, Alaska. Except as admitted, the allegations contained therein are denied.

13. Answering paragraph 13, defendants North Star admits that it entered into a heavy lift agreement with Heavy Transport, Inc., whereby North Star would provide cranes to transload the two electrical transformers from railcars to lowboys trucks at North Star's terminal and to transfer the two electrical transformers from the lowboy trucks to the construction site under the direction and control of Heavy Transport personnel. Except as admitted, the allegations contained therein are denied.

14. Answering paragraph 14, defendant North Star admits that Heavy Transport, Inc., hired defendant Northstar Trucking and/or defendant Shane D. Crowson d/b/a Alaska Heavy Haul

ATTORNEYS AT LAW
BAUER MOYNIHAN & JOHNSON LLP
2101 FOURTH AVENUE
SUITE 2400
SEATTLE, WA 98121
(206) 443-3400
FAX (206) 448-9076

NORTH STAR TERMINAL AND STEVEDORE COMPANY, LLC'S ANSWER AND CROSS CLAIM
J.H. Bachmann GmbH, et al v. Bragg Investment Company, et al., No. 3:06: CV00145(TMB)
- 3 of 14 -

Transport to provide lowboy trucks to transport the two electrical transformers and North Star's cranes from North Star's terminal to the construction site. Except as admitted, the allegations contained therein are denied.

15. Answering paragraph 15, defendant North Star admits that on or about December 2, 2004, its cranes, operating under the direction and control of Heavy Transport, Inc., transferred the two electrical transformers from railcars to two lowboy trucks and that the trucks departed North Star's terminal for the construction site. Except as admitted, the allegations contained therein are denied.

16. Answering paragraph 16, defendant North Star admits that on or about December 2, 2004, one of the electrical transformers tipped off its lowboy trailer while the truck was going through or over a snow bank on its way to the construction site. Except as admitted, the allegations contained therein are denied.

17. Answering paragraph 17, defendant North Star is without knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

18. Answering paragraph 18, defendant North Star is without knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

19. Answering paragraph 19, defendant North Star is without knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

## FIRST CLAIM FOR RELIEF

20. Answering paragraph 20, defendant North Star incorporates its answers to paragraphs one through 19 of the Complaint as set forth above.

21. Answering paragraph 21, defendant North Star admits that one of the transformers suffered some damage when it fell of the lowboy truck transporting it on or about December 2, 2004.

ATTORNEYS AT LAW
BAUER MOYNIHAN & JOHNSON LLP
2101 FOURTH AVENUE
SUITE 2400
SEATTLE, WA 98121
(206) 443-3400
FAX (206) 448-9076

Except as admitted, defendant North Star is without knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

22. Answering paragraph 22, the allegations set forth present issues of law for the Court's determination, and, therefore, require no answer. If an answer is required, defendant North Star denies the allegations contained therein.

23. Answering paragraph 23, defendant North Star is without knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

24. Answering paragraph 24, defendant North Star is without knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

25. Answering paragraph 25, defendant North Star is without knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

## **SECOND CLAIM FOR RELIEF**

26. Answering paragraph 26, defendant North Star incorporates its answers to paragraphs one through 25 of the Complaint as set forth above.

27. Answering paragraph 27, defendant North Star is without knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

28. Answering paragraph 28, the allegations set forth present issues of law for the Court's determination, and, therefore, require no answer. If an answer is required, defendant North Star denies the allegations contained therein.

29. Answering paragraph 29, the allegations set forth present issues of law for the Court's determination, and, therefore, require no answer. If an answer is required, defendant North Star denies the allegations contained therein.

ATTORNEYS AT LAW
BAUER MOYNIHAN & JOHNSON LLP
2101 FOURTH AVENUE
SUITE 2400
SEATTLE, WA 98121
(206) 443-3400
FAX (206) 448-9076

### THIRD CLAIM FOR RELIEF

30. Answering paragraph 30, defendant North Star incorporates its answers to paragraphs one through 29 of the Complaint as set forth above.

31. Answering paragraph 31, defendant North Star admits that Heavy Transport, Inc., was in charge of and supervised the transloading of the two electrical transformers and that the transformers were placed on the lowboys and reset to the satisfaction of Heavy Transport's representative and the truck drivers prior to Heavy Transport's personnel securing the transformers to the lowboy trucks. Except as admitted, defendant North Star is without knowledge or information sufficient to form a belief as to the truth of the allegations, and, therefore, denies the same.

32. Answering paragraph 32, the allegations set forth present issues of law for the Court's determination, and, therefore, require no answer. If an answer is required, defendant North Star denies the allegations contained therein.

### FOURTH CLAIM FOR RELIEF

33. Answering paragraph 30, defendant North Star incorporates its answers to paragraphs one through 32 of the Complaint as set forth above.

34. Answering paragraph 34, defendant North Star denies the allegations contained therein.

35. Answering paragraph 35, defendant North Star denies the allegations contained therein.

### FIFTH CLAIM FOR RELIEF

36. Answering paragraph 36, defendant North Star incorporates its answers to paragraphs one through 35 of the Complaint as set forth above.

37. Answering paragraph 37, defendant North Star is without knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

ATTORNEYS AT LAW
BAUER MOYNIHAN & JOHNSON LLP
2101 FOURTH AVENUE
SUITE 2400
SEATTLE, WA 98121
(206) 443-3400
FAX (206) 448-9076

NORTH STAR TERMINAL AND STEVEDORE COMPANY, LLC'S ANSWER AND CROSS CLAIM
J.H. Bachmann GmbH, et al v. Bragg Investment Company, et al., No. 3:06: CV00145(TMB)
- 6 of 14 -

38. Answering paragraph 38, defendant North Star admits that an overload permit was required to transport the two transformers from North Star's terminal to the construction site and that either Heavy Transport, Inc., or one of the truckers obtained the permit. Except as admitted, the allegations container therein are denied.

39. Answering paragraph 39, defendant North Star is without knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

40. Answering paragraph 40, defendant North Star is without knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

## SIXTH CLAIM FOR RELIEF

41. Answering paragraph 41, defendant North Star incorporates its answers to paragraphs one through 40 of the Complaint as set forth above.

42. Answering paragraph 42, defendant North Star admits that defendant Shane D. Crowson approved the loading of the transformers onto the lowboy trucks. Except as admitted, defendant North Star is without knowledge or information sufficient to form a belief as to the truth of the allegations, and, therefore, denies the same.

43. Answering paragraph 43, defendant North Star is without knowledge or information sufficient to form a belief as to the truth of the allegations, and, therefore, denies the same.

## II. AFFIRMATIVE DEFENSES

By way of further answer to plaintiff's complaint, and as affirmative defenses thereto, defendant North Star alleges as follows:

## FIRST AFFIRMATIVE DEFENSE

44. Defendant North Star realleges its answers in paragraphs 1 to 43 set forth above as an affirmative defense.

ATTORNEYS AT LAW
BAUER MOYNIHAN & JOHNSON LLP
2101 FOURTH AVENUE
SUITE 2400
SEATTLE, WA 98121
(206) 443-3400
FAX (206) 448-9076

NORTH STAR TERMINAL AND STEVEDORE COMPANY, LLC'S ANSWER AND CROSS CLAIM
J.H. Bachmann GmbH, et al v. Bragg Investment Company, et al., No. 3:06: CV00145(TMB)
- 7 of 14 -

- 7 -

### SECOND AFFIRMATIVE DEFENSE

45. Plaintiffs' claims are barred by laches and/or the appropriate statute of limitation.

### THIRD AFFIRMATIVE DEFENSE

46. Plaintiffs' claims are barred by the time limitation provision contained in the contracts of carriage covering the shipment of the cargo in question and/or the time limitation set forth in the United States Carriage of Goods by Sea Act (COGSA). 46 U.S.C. App. 1301 et seq.

### FOURTH AFFIRMATIVE DEFENSE

47. Plaintiffs' recovery, if any, is limited by the package limitation provision in the contracts of carriage covering the shipment of the cargo in question and in the United States Carriage of Goods by Sea Act (COGSA). 46 U.S.C. App. 1301 et seq.

### FIFTH AFFIRMATIVE DEFENSE

48. This case is governed by the general maritime law of the United States including the United States Carriage of Goods by Sea Act (COGSA). 46 U.S.C. App. 1301 et seq..

### SIXTH AFFIRMATIVE DEFENSE

49. The contracts of carriage contain forum selection clauses for any dispute between the parties. Venue in Anchorage maybe inappropriate and contrary to the contract of carriage.

### SEVENTH AFFIRMATIVE DEFENSE

50. Plaintiff's damages, if any, were caused by insufficiency of packaging or insufficiency and lack of marks for which, pursuant to the terms of the contracts of carriage and under the United States Carriage of Goods by Sea Act, the defendants are not liable.

### EIGHTH AFFIRMATIVE DEFENSE

51. If Plaintiffs suffered any damages, they were caused and/or contributed to by Plaintiffs' own comparative negligence and the Plaintiffs' recovery should be barred or reduced accordingly.

ATTORNEYS AT LAW
BAUER MOYNIHAN & JOHNSON LLP
2101 FOURTH AVENUE
SUITE 2400
SEATTLE, WA 98121
(206) 443-3400
FAX (206) 448-9076

NORTH STAR TERMINAL AND STEVEDORE COMPANY, LLC'S ANSWER AND CROSS CLAIM
J.H. Bachmann GmbH, et al v. Bragg Investment Company, et al., No. 3:06: CV00145(TMB)
- 8 of 14 -

## NINETH AFFIRMATIVE DEFENSE

52. Plaintiffs and the owners of the cargo have failed to mitigate their damages.

## TENTH AFFIRMATIVE DEFENSE

53. Defendant North Star, as a subcontractor to Heavy Transport, Inc., which contracted with one or more of the carriers involved in the transportation of the transformers, is entitled to all of the exemptions, limitations and benefits contained in the contracts of carriage as set forth in the bills of lading issued by COSCO Container Lines and DCL and the applicable tariffs published by those entities.

## ELEVENTH AFFIRMATIVE DEFENSE

54. The contracts of carriage may contain restriction and/or limitations on the parties that can be sued for the damages alleged in the complaint. Plaintiffs may be contractually barred from suing defendant North Star.

## TWELFTH AFFIRMATIVE DEFENSE

55. The damage to the transformer, if any, was caused or contributed to by the actions of other including defendants Bragg and Shane Crowson over whom defendant North Star had no responsibility. Defendant North Star is not responsible for the actions of the other defendants on any legal theory.

## CROSS CLAIM

BY WAY OF FURTHER ANSWER and as cross claims against defendant Bragg Investment Company, Inc. successor-in-interest by merger to Heavy Transport, Inc., and defendant Shane D. Crowson d/b/a Alaska Heavy Haul Transport, defendant/cross claimant North Star alleges as follows:

1. Defendant/cross claimant North Star is a limited liability company organized and existing under the laws of the state of Delaware with its principal place of business in Anchorage,

ATTORNEYS AT LAW
BAUER MOYNIHAN & JOHNSON LLP
2101 FOURTH AVENUE
SUITE 2400
SEATTLE, WA 98121
(206) 443-3400
FAX (206) 448-9076

NORTH STAR TERMINAL AND STEVEDORE COMPANY, LLC'S ANSWER AND CROSS CLAIM
J.H. Bachmann GmbH, et al v. Bragg Investment Company, et al., No. 3:06: CV00145(TMB)
- 9 of 14 -

Alaska. Defendant/cross-claimant North Star operates a rail and marine terminal in Anchorage, Alaska, and provides cranes and other equipment for use in transloading heavy lift cargo from railcars and marine barges.

2. Defendant Bragg Investment Company, Inc. successor-in-interest by merger to Heavy Transport, Inc. d/b/a Bragg Heavy Transport, Inc. (Bragg), is a California corporation with its principal place of business in California.

3. Defendant Shane D. Crowson d/b/a Alaska Heavy Haul Transport (Crowson) is an Alaska resident.

4. In October 2004, defendant Bragg negotiated and entered into a Heavy Lift Agreement with defendant North Star whereby defendant/cross-claimant North Star agreed to provide cranes to support Bragg's movement of two 234,000 lbs. transformers by receiving the transformers on railcars at North Star's Anchorage terminal, lifting the transformers off the railcars directly onto lowboy trucks, mobilizing North Star's cranes to the construction site and setting the transformers on foundations. A copy of the Heavy Lift Agreement is attached hereto as Exhibit A. Defendant Bragg hired defendant Crowson to provide the trucks for hauling the transformers from North Star's terminal to the construction site.

5. The Heavy Lift Agreement specifically provided that North Star's role was limited to providing the cranes. The Agreement stated:

> As North Star has not been involved previously in the planning or engineering of the contemplated project and has only the limited role of supplying equipment and personnel to work solely under the direction of [Bragg] and [Bragg's] representatives, and as the contemplated project has the risks inherent in such projects, it is agreed North Star shall have no liability for the success or failure of the project or for the injury or damage to the transformer units or to other property or personnel which occurs during the operation.

6. The Heavy Lift Agreement contains a specific Liability and Indemnity section whereby North Star is responsible for damage to its equipment and injury or death to its

ATTORNEYS AT LAW
BAUER
MOYNIHAN &
JOHNSON LLP
2101 FOURTH AVENUE
SUITE 2400
SEATTLE, WA 98121
(206) 443-3400
FAX (206) 448-9076

NORTH STAR TERMINAL AND STEVEDORE COMPANY, LLC'S ANSWER AND CROSS CLAIM
J.H. Bachmann GmbH, et al v. Bragg Investment Company, et al., No. 3:06: CV00145(TMB)
- 10 of 14 -

- 10 -

employees, and Bragg is responsible for all other damages.  The Heavy Lift Agreement states:

> Other than the foregoing, North Star shall not be liable to [Bragg] for any other loss or damage, and [Bragg] agrees to indemnify and hold harmless (including costs and legal fees) North Star of and from any loss, damage, claim or suit arising out of or relating to this agreement, other than as set forth in (a) and (b) immediately above.  * * *
> [Bragg] further understands and agrees that it shall be responsible for independently determining the appropriateness of any vessels, gear or equipment provided by North Star pursuant to this agreement, and shall also be responsible for determining the appropriateness of any method or procedures utilized in accomplishing the project.  [Bragg] shall also be responsible for identifying balances, centers of gravity and other problems related to the lifting of the itmes or property.

7. The Heavy Lift Agreement contains a specific requirement that Bragg provide first party property insurance on the transformers to their full market value, with subrogation waived as to North Star, and Bragg responsible for the policy deductible.  Further, the insurance section provides that Bragg "agrees to indemnify and hold harmless North Star (including costs and legal fees) of and from failure to procure and/or the failure of any of the insurance which it has agreed to provide."  Under the Heavy Lift Agreement, North Star was responsible for insurance on its cranes and equipment and for workers' compensation and employer's liability insurance for injury or death to its employees.

8. On or about December 2, 2004, pursuant to the Heavy Lift Agreement, defendant/cross-claimant North Star provided two cranes to lift the transformers from the railcars to the lowboy trucks.  The cranes worked under the supervision and direction of Bragg's representative in performing the work.  The transformers were set and reset on the trucks until Bragg's representative and the truck drivers were satisfied with the position of the transformers on the trucks.  The truck drivers and Bragg's representative then secured the transformers to the truck chassis before the trucks departed North Star's terminal.

ATTORNEYS AT LAW

BAUER
MOYNIHAN &
JOHNSON LLP

2101 FOURTH AVENUE
SUITE 2400
SEATTLE, WA 98121

(206) 443-3400
FAX (206) 448-9076

NORTH STAR TERMINAL AND STEVEDORE COMPANY, LLC'S ANSWER AND CROSS CLAIM
J.H. Bachmann GmbH, et al v. Bragg Investment Company, et al., No. 3:06: CV00145(TMB)
- 11 of 14 -

- 11 -

9. After traveling approximately eight (8) miles, one of the trucks crossed a snow bank or accumulation of snow and the transformer on that truck tipped over causing damage to the transformer.

10. Pursuant to the written Heavy Lift Agreement, defendant Bragg is responsible for any damage to the transformers and for any claims arising out of the work done by North Star pursuant to the Heavy Lift Agreement and defendant Bragg shall indemnify defendant/cross-claimant North Star against any and all loss, damage, cost and expense including attorneys' fees resulting from a breach of such responsibility.

11. Pursuant to the written Heavy Lift Agreement, defendant Bragg was required to provide first party property insurance on the transformers to their full market value with subrogation waived as to defendant/cross-claimant North Star.  Defendant Bragg either failed to procure said insurance or the insurance failed to provide the required coverage.  Had defendant Bragg provided the required insurance, the damage to the transformer would have been covered by the insurance and defendant/cross-claimant North Star would not have been sued in this litigation. Defendant Bragg must indemnify and hold harmless defendant/cross-claimant North Star from the claims in the litigation including legal fees and costs.

12. The damage to the transformer was caused by the actions of defendant Bragg and/or defendant Crowson.

13. Defendant/cross-claimant North Star performed all of its obligations under the Heavy Lift Agreement.  Defendant/cross-claimant North Star is entitled to indemnity from defendant Bragg and/or defendant Crowson for all costs and/or expenses it may incur in this litigation including attorney's fees and any damages for which it may be liable to plaintiffs.

14. Alternatively, defendant/cross claimant North Star is entitled to contribution from defendants Bragg and/or Crowson for any damages it may be held liable to plaintiff.

ATTORNEYS AT LAW

BAUER
MOYNIHAN &
JOHNSON LLP

2101 FOURTH AVENUE
SUITE 2400
SEATTLE, WA 98121

(206) 443-3400
FAX (206) 448-9076

NORTH STAR TERMINAL AND STEVEDORE COMPANY, LLC'S ANSWER AND CROSS CLAIM
J.H. Bachmann GmbH, et al v. Bragg Investment Company, et al., No. 3:06: CV00145(TMB)
- 12 of 14 -

Wherefore, having fully answered the plaintiffs' complaint, raised its affirmative defenses thereto, and cross claimed against defendants Bragg and Crowson, defendant/cross-claimant North Star request the following relief:

1. That plaintiffs' complaint be dismissed, with prejudice, and that plaintiffs take nothing in this matter;

2. That defendant North Star be awarded its costs and attorneys' fees as allowed by law against plaintiffs;

3. That defendant Bragg be required to indemnify and hold harmless defendant/cross claimant North Star against any and all loss, damage, cost and expense including attorneys' fees and costs resulting from plaintiffs' action against defendant/cross-claimant North Star;

4. That defendant/cross claimant North Star be awarded indemnity and/or contribution from defendants Bragg and/or Crowson for any damages it may have to pay to plaintiffs; and

5. That the Court award such other and additional relief as it deems just and proper.

DATED this 15th day of June, 2006.

>                    BAUER MOYNIHAN & JOHNSON LLP
>
>                    /s/ Thomas G. Johnson
>                    _____
>                    Thomas G. Johnson, Alaska Bar No. 8011090
>                    Attorneys for Defendants North Star Terminal and
>                    Stevedore Company, LLC, and North Star Terminal
>                    and Stevedore Company, LLC of Delaware
>                    2101 Fourth Avenue, Suite 2400
>                    Seattle, Washington 98121
>                    Tel: 206-443-3400
>                    Fax: 206-448-9076
>                    Email: tgjohnson@bmjlaw.com

ATTORNEYS AT LAW

BAUER
MOYNIHAN &
JOHNSON LLP

2101 FOURTH AVENUE
SUITE 2400
SEATTLE, WA 98121

(206) 443-3400
FAX (206) 448-9076

NORTH STAR TERMINAL AND STEVEDORE COMPANY, LLC'S ANSWER AND CROSS CLAIM
J.H. Bachmann GmbH, et al v. Bragg Investment Company, et al., No. 3:06: CV00145(TMB)
- 13 of 14 -

1 | I declare under penalty of perjury of the laws of the state of Washington that on June 15, 2006, I electronically filed the foregoing document
2 | with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Frank A. Pfiffner
Hughes Bauman Pfiffner Gorski &
 Seedorf, LLC
fap@hbplaw.net

Thomas A. Matthews
Matthews & Zahare, P.C.
Tom.matthews@matthewszahare.com

Bruce E. Falconer
Boyd, Chandler & Falconer, LLP
bflaconer@bcf.us.com

Roy L. Longacre
Longacre Law Offices, Ltd
longacre@alaska.com

BAUER MOYNIHAN & JOHNSON LLP

/s/ Suya Edwards
_____
By:  Suya Edwards

ATTORNEYS AT LAW

BAUER
MOYNIHAN &
JOHNSON LLP

2101 FOURTH AVENUE
SUITE 2400
SEATTLE, WA  98121

(206) 443-3400
FAX (206) 448-9076

NORTH STAR TERMINAL AND STEVEDORE COMPANY, LLC'S ANSWER AND CROSS CLAIM
J.H. Bachmann GmbH, et al v. Bragg Investment Company, et al., No. 3:06: CV00145(TMB)
- 14 of 14 -