Thomas A. Matthews, Esq.
Matthews & Zahare, P.C.
431 W. 7th Ave., Suite 207
Anchorage, AK 99501
Phone: (907) 276-1516
Fax: (907) 276-8955
tom.matthews@matthewszahare.com

Bruce E. Falconer, Esq.
Boyd, Chandler & Falconer, LLP
911 W. 8th Ave., Suite 302
Anchorage, Alaska  99507
(907) 272-8401
bfalconer@bcf.us.com

Counsel for Defendant Northstar Trucking, Inc.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA AT ANCHORAGE

| | |
|---|---|
| J.H. BACHMANN GmbH and UTC BACHMANN, INC., <br><br>                    Plaintiffs, <br>         vs. <br><br> BRAGG INVESTMENT COMPANY, INC. successor-in-interest by merger to HEAVY TRANSPORT, INC., NORTHSTAR TRUCKING, INC., NORTH STAR TERMINAL and STEVEDORE COMPANY, LLC, NORTH STAR TERMINAL and STEVEDORE COMPANY, LLC OF DELAWARE and SHANE D. CROWSON dba ALASKA HEAVY HAUL TRANSPORT, <br><br>                    Defendants. | Case No. 3:06:cv 00145 TMB <br><br> **ANSWER AND CROSS-CLAIM OF DEFENDANT NORTHSTAR TRUCKING, INC.** |

## ANSWER AND CROSS-CLAIM OF
## DEFENDANT NORTHSTAR TRUCKING, INC.

Defendant Northstar Trucking, Inc. ("NTI"), through counsel, answers and alleges as follows in response to Plaintiffs' Complaint:

**GENERAL ALLEGATIONS AS TO ALL CLAIMS FOR RELIEF**

1. Responding to paragraph 1, NTI is without information or knowledge sufficient to form a belief as to the truth of the allegations contained therein, and therefore denies same.

2. Responding to paragraph 2, NTI is without information or knowledge sufficient to form a belief as to the truth of the allegations contained therein, and therefore denies same.

3. NTI admits the allegations in paragraph 3.

4. NTI admits the allegations in paragraph 4.

5. Responding to paragraph 5, NTI admits North Star Terminal and Stevedore Company, LLC is a Delaware Limited Liability Company doing business in Alaska as North Star Terminal and Stevedore, LLC, and that its principal place of business is in Anchorage, Alaska. NTI further admits that North Star Terminal is authorized to transact business in the State of Alaska. Except as admitted, NTI is without information or knowledge sufficient to form a belief as to the truth of the allegations contained therein, and therefore denies same.

6. NTI admits the allegations in paragraph 6.

Answer and Cross-Claim of Defendant Northstar Trucking
*Bachmann v. Bragg Inv., et al.* / 3:06:cv 00145 TMB
TAM:jlw/1440-1/AnsXClaim2                                                                 2 of 12

7.  Responding to paragraph 7, the allegations present questions of law for the court, and require no response by NTI.  If a response is required, NTI denies these allegations.

8.  Responding to paragraph 8, NTI is without information or knowledge sufficient to form a belief as to the truth of the allegations contained therein, and therefore denies same.

9.  Responding to paragraph 9, NTI is without information or knowledge sufficient to form a belief as to the truth of the allegations contained therein, and therefore denies same.

10.  Responding to paragraph 10, NTI is without information or knowledge sufficient to form a belief as to the truth of the allegations contained therein, and therefore denies same.

11.  Responding to paragraph 11, NTI is without information or knowledge sufficient to form a belief as to the truth of the allegations contained therein, and therefore denies same.

12.  Responding to paragraph 12, NTI admits that Heavy Transport was involved in the transportation of two electrical transformers to a Chugach Electric Association construction site in Anchorage, Alaska.  Except as expressly so admitted, NTI is without information or knowledge sufficient to form a belief as to the truth of the allegations contained therein, and therefore denies same.

13.  Responding to paragraph 13, NTI denies that it contracted with Heavy Transport or anyone else for shipment or movement of either transformer.  NTI is

Answer and Cross-Claim of Defendant Northstar Trucking
*Bachmann v. Bragg Inv., et al.* / 3:06:cv 00145 TMB
TAM:jlw/1440-1/AnsXClaim2                                         3 of 12

without information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 13, and therefore denies same.

14. Responding to paragraph 14, NTI denies that it contracted with Defendant Shane D. Crowson dba Alaska Heavy Haul Transport for shipment or movement of either transformer. NTI is informed and believes, and therefore affirmatively alleges, that Heavy Transport contracted with Crowson to move the transformer that was allegedly damaged. Except as expressly so admitted, NTI is without information or knowledge sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 14, and therefore denies same.

15. Responding to paragraph 15, NTI admits that on or about December 2, 2004, the two transformers were loaded by crane onto trailers owned and operated by others at the port of Anchorage, and that NTI had nothing to do with either the loading or the hauling of either transformer, both of which were supposed to be delivered to the Chugach Electric Association construction site. Except as expressly so admitted, NTI denies the remaining allegations in paragraph 15.

16. NTI admits the allegations in paragraph 16.

17. Responding to paragraph 17, NTI is without information or knowledge sufficient to form a belief as to the truth of the allegations contained therein, and therefore denies same.

18. Responding to paragraph 18, NTI is without information or knowledge sufficient to form a belief as to the truth of the allegations contained therein, and therefore denies same.

Answer and Cross-Claim of Defendant Northstar Trucking
*Bachmann v. Bragg Inv., et al.* / 3:06:cv 00145 TMB
TAM:jlw/1440-1/AnsXClaim2                                                                                       4 of 12

19. Responding to paragraph 19, NTI is without information or knowledge sufficient to form a belief as to the truth of the allegations contained therein, and therefore denies same.

### FIRST CLAIM FOR RELIEF
### (Strict Liability Against Bragg)
### (Carmack Amendment 49 U.S.C. § 14706)

20. NTI realleges and incorporates by reference paragraphs 1 through 19 above.

21. Responding to paragraph 21, NTI admits that on or about December 2, 2004, one of the electrical transformers fell off the trailer being pulled by the truck operated by Shane D. Crowson.  Except as expressly so admitted, NTI is without information or knowledge sufficient to form a belief as to the truth of the remaining allegations contained therein, and therefore denies same.

22. Responding to paragraph 22, the allegations present questions of law and require no response by NTI.  If a response is required, NTI denies these allegations.

23. Responding to paragraph 23, NTI is without information or knowledge sufficient to form a belief as to the truth of the allegations contained therein, and therefore denies same.

24. Responding to paragraph 24, NTI is without information or knowledge sufficient to form a belief as to the truth of the allegations contained therein, and therefore denies same.

Answer and Cross-Claim of Defendant Northstar Trucking
*Bachmann v. Bragg Inv., et al.* / 3:06:cv 00145 TMB
TAM:jlw/1440-1/AnsXClaim2                                                                 5 of 12

25. Responding to paragraph 25, NTI is without information or knowledge sufficient to form a belief as to the truth of the allegations contained therein, and therefore denies same.

## SECOND CLAIM FOR RELIEF
### (Breach of Contract/Good Faith Against Bragg)

26. NTI realleges and incorporates by reference paragraphs 1 through 25 above.

27. Responding to paragraph 27, NTI is without information or knowledge sufficient to form a belief as to the truth of the allegations contained therein, and therefore denies same.

28. Responding to paragraph 28, the allegations present questions of law and require no response by NTI. If a response is required, NTI denies these allegations.

29. Responding to paragraph 29, NTI is without information or knowledge sufficient to form a belief as to the truth of the allegations contained therein, and therefore denies same.

## THIRD CLAIM FOR RELIEF
### (Negligence Against Bragg)

30. NTI realleges and incorporates by reference paragraphs 1 through 29 above.

31. Responding to paragraph 30, NTI is without information or knowledge sufficient to form a belief as to the truth of the allegations contained therein, and therefore denies same.

Answer and Cross-Claim of Defendant Northstar Trucking
*Bachmann v. Bragg Inv., et al.* / 3:06:cv 00145 TMB
TAM:jlw/1440-1/AnsXClaim2                                                                 6 of 12

32. Responding to paragraph 31, NTI is without information or knowledge sufficient to form a belief as to the truth of the allegations contained therein, and therefore denies same.

## FOURTH CLAIM FOR RELIEF
### (Negligence Against North Star)

33. NTI realleges and incorporates by reference paragraphs 1 through 32 above.

34. Responding to paragraph 34, NTI believes the claim is directed against North Star Terminal only. Construed as such, NTI is without information or knowledge sufficient to form a belief as to the truth of the allegations contained therein, and therefore denies same. If paragraph 34 is intended to include allegations of fact against NTI, then NTI denies same.

35. Responding to paragraph 35, NTI believes the claim is directed against North Star Terminal only. Construed as such, NTI is without information or knowledge sufficient to form a belief as to the truth of the allegations contained therein, and therefore denies same. If paragraph 35 is intended to include allegations of fact against NTI, then NTI denies same.

## FIFTH CLAIM FOR RELIEF
### (Negligence Against Northstar Trucking, Inc.)

36. NTI realleges and incorporates by reference paragraphs 1 through 35 above.

37. Responding to paragraph 37, NTI denies each and every allegation contained therein.

Answer and Cross-Claim of Defendant Northstar Trucking
*Bachmann v. Bragg Inv., et al.* / 3:06:cv 00145 TMB
TAM:jlw/1440-1/AnsXClaim2                                                                 7 of 12

38. Responding to paragraph 38, NTI admits it obtained overload permits from the State of Alaska, Department of Transportation and Public Facilities, and that overload permits were required to transport the two electrical transformers from North Star's terminal at the Port of Anchorage to the Chugach Electric Association construction site, just as one was required for the crane and associated gear that NTI did haul. Except as expressly so admitted, NTI denies the remaining allegations contained in paragraph 38.

39. Responding to paragraph 39, NTI denies each and every allegation contained therein.

40. Responding to paragraph 40, NTI denies each and every allegation contained therein.

## SIXTH CLAIM FOR RELIEF
### (Negligence Against Crowson dba Alaska Heavy Haul)

41. NTI realleges and incorporates by reference paragraphs 1 through 40 above.

42. Responding to paragraph 42, NTI is without information or knowledge sufficient to form a belief as to the truth of the allegations contained therein, and therefore denies same.

43. Responding to paragraph 43, NTI is without information or knowledge sufficient to form a belief as to the truth of the allegations contained therein, and therefore denies same.

Answer and Cross-Claim of Defendant Northstar Trucking
*Bachmann v. Bragg Inv., et al.* / 3:06:cv 00145 TMB
TAM:jlw/1440-1/AnsXClaim2                                                              8 of 12

**AFFIRMATIVE DEFENSES**

1. Plaintiffs' Complaint fails to state a claim or claims upon which relief may be granted against NTI.

2. Plaintiffs' damages, if any, were caused by the negligence of Plaintiff or of independent third parties over whom NTI had no control.

3. NTI may is not vicariously liable for the actions of other independent contractors, including the other defendants, on any legal theory.

4. One or more of Plaintiffs' claims is or may be preempted by federal law, including but not necessarily limited to the Carmack Amendment.

5. Plaintiff has failed to mitigate its damages, if any.

6. Some or all of Plaintiffs' claims may be barred and/or limited by terms or provisions expressly or impliedly included in the contract(s) of carriage entered into by Plaintiffs and Heavy Transport and/or between Plaintiffs and the owners of the cargo (or their agents), and as an alleged subcontractor to Heavy Transport, NTI is entitled to all of the benefits, protections and/or limitations of same.

7. NTI reserves the right to plead such additional affirmative defenses as may be revealed in discovery.

**CROSS-CLAIM AGAINST DEFENDANTS  
HEAVY TRANSPORT AND SHANE D. CROWSON**

1. Defendant/Cross-Claimant Northstar Trucking, Inc. ("NTI") is an Alaska corporation with its principal place of business in the Third Judicial District and is in all respects qualified to bring and maintain this Cross-Claim.

Answer and Cross-Claim of Defendant Northstar Trucking  
*Bachmann v. Bragg Inv., et al.* / 3:06:cv 00145 TMB  
TAM:jlw/1440-1/AnsXClaim2                                                                                   9 of 12

2. Defendant Bragg Investment Company, Inc., successor-in-interest by merger to Heavy Transport, Inc. (hereafter "Heavy Transport") is a California corporation with its principal place of business in California.

3. Defendant Shane D. Crowson dba Alaska Heavy Haul Transport (hereafter "Crowson") is a resident of Alaska and resides within the Third Judicial District.

4. The Complaint filed by Plaintiffs alleges that Heavy Transport contracted with NTI to move two transformers from the port of Anchorage to the Chugach Electric Association construction site, and that NTI in turn subcontracted the transformer move to Crowson. The Complaint further alleges that NTI is liable for whatever damage Plaintiffs sustained as a result of one of the transformers tipping off of the trailer being pulled by Crowson's truck on or about December 2, 2004, at a location near the construction site.

5. NTI denies that it contracted with Heavy Transport to move either transformer, contends that its work in connection with the project was limited to moving a crane and associated gear to be used to lift the transformers from the trucks onto the foundations/platforms where they were to be placed at the Chugach Electric Association construction site, and contends that Crowson contracted directly with Heavy Transport to move the transformers from the Anchorage port to the construction site.

6. NTI is informed and believes, and on that basis alleges, that Heavy Transport supervised and directed the loading of the transformer that was allegedly damaged from the rail car onto the trailer being pulled by Crowson, and that Heavy

Answer and Cross-Claim of Defendant Northstar Trucking
*Bachmann v. Bragg Inv., et al.* / 3:06:cv 00145 TMB
TAM:jlw/1440-1/AnsXClaim2                                                                 10 of 12

Transport also supervised, directed and/or participated in securing the load, along with Crowson.

7. In the event that NTI is found liable to Plaintiffs, NTI is entitled to be indemnified by, or obtain contribution from, Crowson and/or Heavy Transport, or both, based on their respective negligence in the loading, securing and/or transport of the transformer that was allegedly damaged.

WHEREFORE, having fully answered Plaintiffs' Complaint, and stated its Cross-Claim against Defendants Defendant NTI prays for the following relief:

1. That Plaintiffs take nothing by way of their Complaint;

2. That NTI be awarded judgment against Plaintiffs for its costs and attorney's fees incurred in the defense of this action;

3. That Plaintiffs' Complaint be dismissed with prejudice;

4. That in the event that NTI is found liable to Plaintiffs, that NTI have judgment over against both Crowson and Heavy Transport for indemnity and/or contribution;

5. That NTI be awarded its attorney's fees and costs incurred in connection with the prosecution of its Cross-Claim; and

6. That the Court grant NTI such other and further relief as is just or equitable in the circumstances.

Answer and Cross-Claim of Defendant Northstar Trucking
*Bachmann v. Bragg Inv., et al.* / 3:06:cv 00145 TMB
TAM:jlw/1440-1/AnsXClaim2                                                                 11 of 12

Dated this 19th day of June 2006, at Anchorage Alaska.

        MATTHEWS & ZAHARE, P.C.
        Co-Counsel for Northstar Trucking, Inc.


        By: s/Thomas A. Matthews
           Thomas A. Matthews ABA 8511179
           Matthews & Zahare, P.C.
           431 W. 7th Ave., Suite 207
           Anchorage, AK 99501
           Phone: (907) 276-1516
           Fax: (907) 276-8955
           Tom.matthews@matthewszahare.com

        BOYD, CHANDLER & FALCONER, LLP
        Co-Counsel for Northstar Trucking, Inc.


        By: s/Bruce E. Falconer
           Bruce E. Falconer, ABA 8707062
           Boyd, Chandler & Falconer, LLP
           911 W. 8th Ave., Suite 302
           Anchorage, Alaska 99501
           Phone: (907) 272-8401
           Fax: (907) 274-3698
           bfalconer@bcf.us.com

CERTIFICATE OF SERVICE
I certify that on 19th day of June, 2006
I caused to be served by electronic mail to:

| | |
|---|---|
| Frank A. Pfiffner, Esq.<br>Hughes Bauman Pfiffner<br>Gorski & Seedorf, LLC<br>3900 C Street, Suite 1001<br>Anchorage, AK 99503<br>*Counsel for Plaintiffs* | Bruce E. Falconer, Esq.<br>Boyd, Chandler & Falconer, LLP<br>911 W. 8th Ave., Suite 302<br>Anchorage, AK 99501<br>*Co-Counsel for Northstar Trucking, Inc.* |
| Thomas G. Johnson, Esq.<br>Bauer Moynihan & Johnson LLP<br>2101 Fourth Ave., 24th Floor<br>Seattle, WA 98121<br>*Counsel for Def. North Star Terminal &*<br>*Stevedore LLC of Delaware* | Roy L. Longacre, Esq.<br>Longacre Law Offices, Ltd<br>425 G. Street, Suite 910<br>Anchorage, AK 99501<br>*Counsel for Def. Bragg Investment Co.* |

s/Thomas A. Matthews

Answer and Cross-Claim of Defendant Northstar Trucking
*Bachmann v. Bragg Inv., et al.* / 3:06:cv 00145 TMB
TAM:jlw/1440-1/AnsXClaim2          12 of 12