IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

THIRD JUDICIAL DISTRICT AT ANCHORAGE

J.H. BACHMANN GmbH and UTC            )
BACHMANN, INC.,                        )
                                       )
            Plaintiffs,                )
      vs.                              )
                                       )
BRAGG INVESTMENT COMPANY,              )
INC. successor-in-interest by merger to )
HEAVY TRANSPORT, INC.,                 )
NORTHSTAR TRUCKING, INC.,              )
NORTH STAR TERMINAL and                )
STEVEDORE COMPANY, LLC, NORTH          )
STAR TERMINAL and STEVEDORE            )
COMPANY, LLC OF DELAWARE and           ) Case No. 3AN-06-7840 CI
SHANE D. CROWSON dba ALASKA            )
HEAVY HAUL TRANSPORT,                  )
                                       )
            Defendants.                )
_____)

**NOTICE TO THE SUPERIOR COURT FOR THE STATE OF ALASKA
THIRD JUDICIAL DISTRICT AT ANCHORAGE
OF REMOVAL OF ACTION**

TO:   Clerk of the Superior Court for the State of Alaska
      Third Judicial District at Anchorage

      PLEASE TAKE NOTICE that on the 13th day of June 2006, Defendants

Bragg Investment Company, Inc., successor-in-interest by merger to Heavy

Transport, Inc., Northstar Trucking, Inc., and North Star Terminal and Stevedore

Company, LLC of Delaware dba North Star Terminal and Stevedore Company LLC,

caused to be filed in the United States District Court for the District of Alaska at

Anchorage, their Notice of Removal of the above-referenced action to that court,

MATTHEWS & ZAHARE, P.C.
ATTORNEYS AT LAW
431 WEST 7TH AVENUE, SUITE 207
ANCHORAGE, ALASKA 99501
TEL (907) 276-1516 • FAX (907) 276-8955
E-MAIL: mzlaw@matthewszahare.com

Notice to State Court of Removal of Action
Bachmann v. Bragg Inv., et al. / 3AN-06-7840 CI
TAM:jlwk/1440-1/NoticeRemovalState

1 of 2

pursuant to 28 U.S.C. §§ 1331, 1337, and 1446.  A full and true copy of said notice is herewith filed with you.

Dated at Anchorage, Alaska, this 13th day of June 2006.

MATTHEWS & ZAHARE, P.C.
Co-Counsel for Northstar Trucking, Inc.

By: _____
    for  Thomas A. Matthews
         Alaska Bar No. 8511179

CERTIFICATE OF SERVICE

I certify that on 13th day of June, 2006
I caused to be mailed to the following:

Frank A. Pfiffner, Esq.
Hughes Bauman Pfiffner
Gorski & Seedorf, LLC
3900 C Street, Suite 1001
Anchorage, AK 99503
*Counsel for Plaintiffs*

Thomas G. Johnson, Esq.
Bauer Moynihan & Johnson LLP
2101 Fourth Ave., 24th Floor
Seattle, WA 98121
*Counsel for Def. North Star Terminal & Stevedore LLC of
    Delaware dba North Star Terminal & Stevedore LLC*

Bruce E. Falconer, Esq.
Boyd, Chandler & Falconer, LLP
911 W. 8th Ave., Suite 302
Anchorage, AK  99501
*Co-Counsel for Northstar Trucking, Inc.*

Roy L. Longacre, Esq.
Longacre Law Offices, Ltd
425 G. Street, Suite 910
Anchorage, AK 99501
*Counsel for Def. Bragg Investment Co.*

_____
Joyce L. Wylie

MATTHEWS & ZAHARE, P.C.
ATTORNEYS AT LAW
431 WEST 7TH AVENUE, SUITE 207
ANCHORAGE, ALASKA 99501
TEL (907) 276-1516 • FAX (907) 276-8955
E-MAIL: mzlaw@matthewszahare.com

Notice to State Court of Removal of Action
Bachmann v. Bragg Inv., et al. / 3AN-06-7840 CI
TAM:jlwk/1440-1/NoticeRemovalState

Thomas A. Matthews, Esq.
Matthews & Zahare, P.C.
431 W. 7th Ave., Suite 207
Anchorage, AK 99501
Phone: (907) 276-1516
Fax: (907) 276-8955
Tom.matthews@matthewszahare.com

Counsel for Defendant Northstar Trucking, Inc.

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ALASKA AT ANCHORAGE

| | |
|---|---|
| J.H. BACHMANN GmbH and UTC BACHMANN, INC., <br><br> Plaintiffs, <br><br> vs. <br><br> BRAGG INVESTMENT COMPANY, INC. successor-in-interest by merger to HEAVY TRANSPORT, INC., NORTHSTAR TRUCKING, INC., NORTH STAR TERMINAL and STEVEDORE COMPANY, LLC, NORTH STAR TERMINAL and STEVEDORE COMPANY, LLC OF DELAWARE and SHANE D. CROWSON dba ALASKA HEAVY HAUL TRANSPORT, <br><br> Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) Case No. 3:06:cv _____<br>)<br>)<br>) State of Alaska Superior Court<br>) Third Judicial District<br>) Case No. 3AN-06-7840 CI<br>)<br>)<br>)<br>)<br>) **NOTICE OF REMOVAL**<br>) |

**TO:**      The United States District Court, District of Alaska

**ALSO TO:**   J. H. Bachmann GmbH and UTC Bachmann, Inc.
         c/o Frank A. Pfiffner, Esq.
         Gorski & Seedorf, LLC
         3900 C Street, Suite 1001
         Anchorage, AK 99503

Notice to State Court of Removal of Action
Bachmann v. Bragg Inv., et al. / 3AN-06-7840 CI
TAM:jlwk/1440-1/NoticeRemovalFederal                    1 of 4

YOU ARE HEREBY NOTIFIED that pursuant to 28 U.S.C. §§ 1331, 1337, 1441, and 1446, Defendants Bragg Investment Company, Inc., successor-in-interest by merger to Heavy Transport, Inc., Northstar Trucking, Inc., and North Star Terminal and Stevedore Company, LLC. of Delaware, dba North Star Terminal and Stevedore Company, LLC, through their respective counsel, have this date filed in the United States District Court for the District of Alaska, this Notice of Removal to the District Court of the action brought by J. H. Bachmann GmbH and UTC Bachmann, Inc., in the Superior Court for the State of Alaska, Third Judicial District at Anchorage, Case No. 3AN-06-7840 Civil.

YOU ARE ALSO NOTIFIED that Defendants have filed a copy of this notice with the Clerk of the Superior Court, Third Judicial District at Anchorage, and said action has thereby been removed from the superior court to the United States District Court.

The grounds for removal are federal question and commerce statutes. 28 U.S.C. §§ 1331, 1337, and 1441. Plaintiffs have asserted a claim under the Carmack Amendment, 49 U.S.C. § 14706. (Pls.' Compl., dated 10 May 2006, First Claim for Relief). The amount in controversy is in excess of $10,000, exclusive of interest and costs.

Plaintiffs' Complaint, dated May 10, 2006, was filed on that date, in the Superior Court for the State of Alaska Third Judicial District at Anchorage. According to Plaintiffs' June 5, 2006 Affidavit of Service, the Summons and Complaint were received by Defendant Northstar Trucking, Inc. on May 16, 2006, by

MATTHEWS & ZAHARE, P.C.
ATTORNEYS AT LAW
431 WEST 7TH AVENUE, SUITE 207
ANCHORAGE, ALASKA 99501
TEL (907) 276-1516 • FAX (907) 276-8955
E-MAIL: mzlaw@matthewszahare.com

Notice to State Court of Removal of Action
Bachmann v. Bragg Inv., et al. / 3AN-06-7840 CI
TAM:jlwk/1440-1/NoticeRemovalFederal                                    2 of 4

Defendant North Star Terminal and Stevedore Company in Delaware on May 16,

2006, and by Defendant Bragg Companies on May 15, 16, and 19, 2006. Named

Defendant North Star Terminal and Stevedore Company, LLC, is merely a dba of

North Star Terminal and Stevedore Company, LLC of Delaware. Defendant Shane

D. Crowson dba Alaska Heavy Haul Transport has not been served.

Based on the above, this Court has original jurisdiction over this action, and

Defendants are entitled to remove this action to this Court from the Superior Court

for the State of Alaska Third Judicial District at Anchorage. 28 U.S.C. §§ 1331,

1337, 1441, and 1446. Appended hereto are copies of all process, pleadings, and

orders received by Defendants relating to this matter.

LONGACRE LAW OFFICES, LTD.
Counsel for Bragg Investment Co.

Dated: 6/13/06                   By: s/Roy L. Longacre  (consent)
                                     Roy L. Longacre, ABA 8211124
                                     425 G. Street, Suite 910
                                     Anchorage, AK 99501
                                     Email: Longacre@alaska.com

MATTHEWS & ZAHARE, P.C.
Co-Counsel for Northstar Trucking, Inc.

Dated: 6/13/06                   By: Thomas A. Matthews
                                     Thomas A. Matthews ABA 8511179
                                     Matthews & Zahare, P.C.
                                     431 W. 7th Ave., Suite 207
                                     Anchorage, AK 99501
                                     Tom.matthews@matthewszahare.com

<div style="sidebar">
MATTHEWS & ZAHARE, P.C.
ATTORNEYS AT LAW
431 WEST 7TH AVENUE, SUITE 207
ANCHORAGE, ALASKA 99501
TEL (907) 276-1516 • FAX (907) 276-8955
E-MAIL: mzlaw@matthewszahare.com
</div>

Notice to State Court of Removal of Action
Bachmann v. Bragg Inv., et al. / 3AN-06-7840 CI
TAM:jlwk/1440-1/NoticeRemovalFederal                          3 of 4

BOYD CHANDLER & FALCONER, LLP
Co-Counsel for Northstar Trucking, Inc.

Dated:  6/13/06

By s/Bruce E. Falconer (Consent)
    Bruce E. Falconer, ABA 8707062
    Boyd Chandler & Falconer, LLP
    911 W. 8th Ave., Suite 302
    Anchorage, AK 99501
    Email: bfalconer@bcf.us.com

BAUER MOYNIHAN & JOHNSON, LLP
Counsel for North Star Terminal & Stevedore
LLC. of Delaware

Dated:  6/13/06

By s/Thomas G. Johnson (Consent)
    Thomas G. Johnson
    Bauer Moynihan & Johnson, LLP
    2101 Fourth Ave., 24th Floor
    Seattle, WA 98121
    Email:  bfalconer@bcf.us.com

CERTIFICATE OF SERVICE

I certify that on 13th day of June, 2006
I caused to be served by mail to:

Frank A. Pfiffner, Esq.
Hughes Bauman Pfiffner
Gorski & Seedorf, LLC
3900 C Street, Suite 1001
Anchorage, AK 99503
*Counsel for Plaintiffs*

Thomas G. Johnson, Esq.
Bauer Moynihan & Johnson LLP
2101 Fourth Ave., 24th Floor
Seattle, WA 98121
*Counsel for Def. North Star Terminal &
Stevedore LLC of Delaware*

Bruce E. Falconer, Esq.
Boyd, Chandler & Falconer, LLP
911 W. 8th Ave., Suite 302
Anchorage, AK  99501
*Co-Counsel for Northstar Trucking, Inc.*

Roy L. Longacre, Esq.
Longacre Law Offices, Ltd
425 G. Street, Suite 910
Anchorage, AK 99501
*Counsel for Def. Bragg Investment Co*

s/Thomas A. Matthews

Notice to State Court of Removal of Action
Bachmann v. Bragg Inv., et al. / 3AN-06-7840 CI
TAM:jlwk/1440-1/NoticeRemovalFederal

4 of 4

**MATTHEWS & ZAHARE, P.C.**
ATTORNEYS AT LAW
431 WEST 7TH AVENUE, SUITE 207
ANCHORAGE, ALASKA 99501
TEL (907) 276-1516 • FAX (907) 276-8955
E-MAIL: mzlaw@matthewszahare.com

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

THIRD JUDICIAL DISTRICT AT ANCHORAGE

J.H. BACHMANN GmbH and UTC
BACHMANN, INC.,

        Plaintiffs,

vs.

BRAGG INVESTMENT COMPANY,
INC. successor-in-interest by merger to
HEAVY TRANSPORT, INC.,
NORTHSTAR TRUCKING, INC.,
NORTH STAR TERMINAL AND
STEVEDORE COMPANY, LLC, NORTH
STAR TERMINAL AND STEVEDORE
COMPANY, LLC OF DELAWARE and
SHANE D. CROWSON dba ALASKA
HEAVY HAUL TRANSPORT,

        Defendants.

FILED In Trial Courts
State of Alaska, Third District

MAY 10 2006

Clerk of the Trial Courts
By_____ Deputy

Case No. 3AN-06- 7840_____ Civil

## COMPLAINT

COMES NOW the Plaintiffs J. H. BACHMANN GmbH and UTC
BACHMANN, INC. ("Bachmann"), by and through counsel of record, Hughes Bauman
Pfiffner Gorski & Seedorf, LLC, and complains and alleges as follows:

JONES BAUMAN PFIFFNER
GORSKI & SEEDORF, LLC
ATTORNEYS AT LAW
3900 C STREET
SUITE 1001
ANCHORAGE, ALASKA 99503
(907) 274-7522
(907) 263-8320 FAX

Complaint
*J. H. Bachmann GmbH and UTC Bachmann, Inc. v. Bragg Investment Company, Inc., et al.*
Case No.:
(9010-1/243150)

Page 1 of 12

## GENERAL ALLEGATIONS AS TO ALL CLAIMS FOR RELIEF

1.    Plaintiff J. H. Bachmann GmbH is, and was at all relevant times, a German company not authorized to transact business in the State of Alaska.

2.    Plaintiff UTC Bachmann, Inc. is, and was at all relevant times, an agent of J. H. Bachmann GmbH in the United States and is also not authorized to transact business in the State of Alaska.

3.    Defendant Bragg Investment Company, Inc. ("Bragg") is the successor-in-interest by merger to Heavy Transport, Inc. ("Heavy Transport") Bragg is therefore liable for the debts, contractual obligations, and liabilities of Heavy Transport which was at all relevant times a California corporation not authorized to transact business in the State of Alaska.

4.    Defendant Northstar Trucking, Inc. is, and was at all relevant times, an Alaska corporation authorized to transact business in the State of Alaska.

5.    Defendant North Star Terminal and Stevedore Company, LLC is, and was at all relevant times, a registered trade name in the State of Alaska for Defendant North Star Terminal and Stevedore Company, LLC of Delaware (both defendants are referred to hereinafter as "North Star").  North Star is, and was at all relevant times, an Alaska limited liability company authorized to transact business in the State of Alaska.

HUGHES BAUMAN PFIFFNER
JORSKI & SEDLOCK, LLC
ATTORNEYS AT LAW
3900 C STREET
SUITE 1001
ANCHORAGE, ALASKA 99503
(907) 274-7522
(907) 263-8320 FAX

Complaint
*J. H. Bachmann GmbH and UTC Bachmann, Inc. v. Bragg Investment Company, Inc., et al.*
Case No.:
(9010-1/243150)

North Star is, and was at all relevant times, authorized to transact business in the State of Alaska.

6.    Defendant Shane D. Crowson is, and was at all relevant times, a citizen of the State of Alaska and operated an unincorporated business known as Alaska Heavy Haul Transport.

7. (    Plaintiffs are not required to have a certificate of authority to transact business and the State of Alaska and are not barred from maintaining this action pursuant to AS 10.06.713 in that Plaintiffs' actions in the State of Alaska in maintaining this suit and transacting business in interstate commerce do not constitute transacting business in the State of Alaska pursuant to AS 10.06.718(1) and (9).

8.    Starkstrom Gerätebau GmbH ("SGB") manufactured two electrical transformers that were sold to Chugach Electric Association, Inc. in Anchorage, Alaska, through Smit Transformatoren B.V., the parent company of SGB.

9.    Gericke & Co. GmbH ("Gericke") agreed to ship the two electrical transformers from Regensburg, Germany, the point of manufacture, to a construction site in Anchorage, Alaska.

Hughes Bauman Pfiffner
Gorski & Seedorf, LLC.
ATTORNEYS AT LAW
3900 C STREET
SUITE 1001
ANCHORAGE, ALASKA 99503
(907) 274-7522
(907) 263-8320 FAX

Complaint
*J. H. Bachmann GmbH and UTC Bachmann, Inc. v. Bragg Investment Company, Inc., et al.*
Case No.:
(9010-1/243150)

10.     Plaintiff J. H. Bachmann GmbH contracted with Gericke to transport the two electrical transformers from the port of Bremerhaven, Germany, to the construction site in Anchorage, Alaska.

11.     Plaintiff J. H. Bachman GmbH arranged with Plaintiff UTC Bachmann, Inc. for shipment of the two electrical transformers from the port of Tacoma to the construction site in Anchorage, Alaska.

12.     Plaintiff UTC Bachmann, Inc. entered into an original contract of carriage dated September 1, 2004, and contracted with Heavy Transport for shipment of the two electrical transformers from the port of Tacoma to the construction site in Anchorage, Alaska.  The contract of carriage was modified by a writing dated September 22, 2004.  The contract of carriage contained no limitation of Heavy Transport's liability for damage to the electrical transformers during shipment.

13.     Heavy Transport contracted with Defendants North Star and/or Northstar Trucking, Inc. for shipment of the two electrical transformers from the port of Anchorage to the construction site in Anchorage, Alaska.

14.     Heavy Transport, North Star and/or Northstar Trucking, Inc. contracted with Defendant Shane D. Crowson dba Alaska Heavy Haul Transport for

Lychs Bauman Pfiffner
Jorsio & Seddorf, LLC
ATTORNEYS AT LAW
3900 C STREET
SUITE 1001
ЧCHORAGE, ALASKA 99503
(907) 274-7522
(907) 263-8320 FAX

Complaint
*J. H. Bachmann GmbH and UTC Bachmann, Inc. v. Bragg Investment Company, Inc., et al.*
Case No.:
(9010-1/243150)

Page 4 of 12

shipment of the two electrical transformers from the port of Anchorage to the construction site in Anchorage, Alaska.

15.    The electrical transformers were loaded on a trailer at the port of Anchorage and transported from the port of Anchorage to the construction site by trucks and trailers.

16.    On December 2, 2004, while one of the electrical transformers was being transported from the port of Anchorage to the Anchorage construction site by Defendant Shane D. Crowson, the transformer tipped off the trailer carrying it.

17.    The electrical transformer that fell off the trailer was declared a total constructive loss.

18.    Cargo underwriters have paid and/or are claiming €807,255.29 for the net loss of the electrical transformer and related expenses including, but not limited to, storage costs, surveyor fees, salvage costs, the cost for returning non-used parts, repair costs, Chugach Electric costs assisting with removal of the damaged transformer, cost increases for replacement of the transformer, lost profits and tax burden, and air freight for the replacement transformer.   The cargo underwriters have commenced litigation against Gericke in Germany for recovery of the loss plus costs, interests, and attorneys' fees.

Hughes Bauman Pfiffner
Gorski & Seedorf, LLC
ATTORNEYS AT LAW
3900 C STREET
SUITE 1001
ANCHORAGE, ALASKA 99503
(907) 274-7522
(907) 263-8320 FAX

Complaint
*J. H. Bachmann GmbH and UTC Bachmann, Inc. v. Bragg Investment Company, Inc., et al.*
Case No.:
(9010-1/243150)
Page 5 of 12

19.    In the German litigation, Gericke has filed a third-party claim against Bachmann for recovery of the loss for the electrical transformer.

## FIRST CLAIM FOR RELIEF

(Strict Liability against Defendant Bragg)
(Carmack Amendment 49. U.S.C. §14706)

20.    Bachmann incorporates the allegations set forth in paragraphs one through 19 of the Complaint.

21.    The electrical transformer was delivered to Heavy Transport in good condition.  The electrical transformer was damaged during shipment by Heavy Transport.

22.    As an interstate shipper of the electrical transformer, Heavy Transport is strictly liable under federal law for any damages to the electrical transformer during shipment.

23.    The electrical transformer was a total constructive loss as a result of damage to the electrical transformer while it was in the possession of Heavy Transport.

24.    Bachmann provided Heavy Transport with written notice of loss on December 3, 2004, when the loss was estimated at $821,246.33.  A subsequent written notice of loss on August 29, 2005 amended the damage claim to $1,003,973.80.

25.    The damages for which Bragg as successor-in-interest by merger to Heavy Transport is liable are the claimed loss of € 807,255.29 sought in the German

HUGHES BAUMAN PFIFFNER
JONSIG & SEEDORF, LLC
ATTORNEYS AT LAW
3900 C STREET
SUITE 1001
ANCHORAGE, ALASKA 99503
(907) 274-7522
(907) 263-8320 FAX

Complaint
*J. H. Bachmann GmbH and UTC Bachmann, Inc. v. Bragg Investment Company, Inc., et al.*
Case No.:
(9010-1/243150)

litigation plus cost, interest, and attorneys' fees claimed in that litigation; cargo insurance for the electrical transformer shipment in the amount of $4,927.84; ocean freight for the electrical transformer shipment in the amount of $94,750.00; U.S. assembly of the electrical transformer in the amount of $24,721.00; U.S. transportation costs in the amount of $103,650; pre-judgment interest from and after December 3, 2004, the date that Heavy Transport received a written demand from Bachmann for damages relating to the loss of the electrical transformer.

## SECOND CLAIM FOR RELIEF

(Breach of Contract and Breach of the Obligation of Good Faith and Fair Dealing against Bragg)

26.    Bachmann incorporates the allegations set forth in paragraphs one through 25 of the Complaint.

27.    The contract of carriage between Bachmann and Heavy Transport expressly and impliedly required Heavy Transport to safely transport the electrical transformer to the Anchorage construction site.

28.    Heavy Transport breached its contract and its implied obligation of good faith and fair dealing with Bachmann when the electrical transformer was destroyed during transport to the Anchorage construction site.

Iuchks Bauman Pfiffner
Joiski & Seedorf, LLC
ATTORNEYS AT LAW
3900 C STREET
SUITE 1001
ANCHORAGE, ALASKA 99503
(907) 276-7522
(907) 263-8320 FAX

Complaint
*J. H. Bachmann GmbH and UTC Bachmann, Inc. v. Bragg Investment Company, Inc., et al.*
Case No.:
(9010-1/243150)

29.    Bragg as successor-in-interest by merger to Heavy Transport is liable to Bachmann for the damages alleged hereinabove.

### THIRD CLAIM FOR RELIEF

(Negligence against Defendant Bragg)

30.    Bachmann incorporates the allegations set forth in paragraphs one through 29 of the Complaint.

31.    Heavy Transport was negligent in the transportation of the electrical transformer to the Anchorage construction site in that it hired unqualified personnel and equipment to complete the shipment; it failed to provide documented information concerning the construction, characteristics, and CG of the electrical transformer to the personnel involved in the loading, unloading, and transportation of the electrical transformer to the Anchorage construction site; its employee failed to supervise properly the unloading and loading of the electrical transformer in the Anchorage port; and it failed to have any personnel monitor the shipment of the electrical transformer from the port of Anchorage to the Anchorage construction site.

32.    Bachmann was damaged as set forth hereinabove as a proximate result of the negligence of Heavy Transport for which Bragg is responsible as the successor-in-interest by way of merger to Heavy Transport.

UCHES BAUMAN PFIFFNER
JORSIG & SEIDORF, LLC
ATTORNEYS AT LAW
3900 C STREET
SUITE 1001
ANCHORAGE, ALASKA 99503
(907) 274-7522
(907) 263-8320 FAX

Complaint
*J. H. Bachmann GmbH and UTC Bachmann, Inc. v. Bragg Investment Company, Inc., et al.*
Case No.:
(9010-1/243150)

## FOURTH CLAIM FOR RELIEF

(Negligence against Defendant North Star)

33.    Bachmann incorporates the allegations set forth in paragraphs one through 32 of the Complaint.

34.    North Star was negligent in the unloading of the electrical transformer in the port of Anchorage and loading the electrical transformer on the trailer that was used to carry the transformer to the Anchorage construction site in that North Star did not balance and center the load properly on the trailer; pressured Defendant Shane D. Crowson into moving the electrical transformer to the construction site before the load was centered and balanced in order to save the cost of crane time for the cranes used to lift the electrical transformer onto the trailer; and/or hired Shane D. Crowson to transport the electrical transformer with a trailer that was not adequate for the load and was improperly loaded.

35.    Bachmann was damaged as set forth hereinabove as a proximate result of the negligence of Defendant North Star.

UGHES BAUMAN PFIFFNER
JORSKI & SEEDORF, LLC
ATTORNEYS AT LAW
3900 C STREET
SUITE 1001
NCHORAGE, ALASKA 99503
(907) 274-7522
(907) 263-8320 FAX

Complaint
*J. H. Bachmann GmbH and UTC Bachmann, Inc. v. Bragg Investment Company, Inc., et al.*
Case No.:
(9010-1/243150)

Page 9 of 12

## FIFTH CLAIM FOR RELIEF

(Negligence against Defendant Northstar Trucking, Inc.)

36.    Bachmann incorporates the allegations set forth in paragraphs one through 35 of the Complaint.

37.    Defendant Northstar Trucking, Inc. was negligent in the transport of the electrical transformer from the port of Anchorage to the Anchorage construction site and negligently breached its express and implied contract with Heavy Transport to transport safely the electrical transformer from the port of Anchorage to the Anchorage construction site.

38.    Defendant Northstar Trucking, Inc. obtained the overload permit from the State of Alaska, Department of Transportation & Public Facilities for the transport of the electrical transformer from the port of Anchorage to the construction site. The overload permit was an essential requirement for the transport of the electrical transformer from the port of Anchorage to the construction site.

39.    Defendant Northstar Trucking, Inc. was negligent in that it allowed its permit to be used for the loading and transport of the electrical transformer in a negligent manner and it failed to supervise the loading and transport of the transformer.

HUGHES BAUMAN PFIFFNER
JOISKO & SIEDOW, LLC
ATTORNEYS AT LAW
3900 C STREET
SUITE 1001
ANCHORAGE, ALASKA 99503
(907) 274-7522
(907) 263-8320 FAX

Complaint
*J. H. Bachmann GmbH and UTC Bachmann, Inc. v. Bragg Investment Company, Inc., et al.*
Case No.:
(9010-1/243150)

Page 10 of 12

40.    Bachmann was damaged as set forth hereinabove as a proximate result of the negligence of Defendant Northstar Trucking, Inc.

## SIXTH CLAIM FOR RELIEF

(Negligence against Shane D. Crowson dba Alaska Heavy Haul Trucking)

41.    Bachmann incorporates the allegations set forth in paragraphs one through 40 of the Complaint.

42.    Defendant Shane D. Crowson was negligent in loading and transporting the electrical transformer from the port of Anchorage to the construction site in a manner such that the electrical transformer tipped off the trailer during the transport and was destroyed.

43.    Bachmann was damaged as set forth hereinabove as a proximate result of the negligence of Defendant Shane D. Crowson.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for the following relief:

1.    Judgment against each of the Defendants for damages as set forth hereinabove;

2.    For costs, interest, and attorneys' fees against each of the Defendants; and

Dches Bauman Pfiffner
Gorski & Seedorf, LLC
ATTORNEYS AT LAW
3900 C STREET
SUITE 1001
NCHORAGE, ALASKA 99503
(907) 274-7522
(907) 263-8320 FAX

Complaint
*J. H. Bachmann GmbH and UTC Bachmann, Inc. v. Bragg Investment Company, Inc., et al.*
Case No.:
(9010-1/243150)

Page 11 of 12

3.    For such other and further relief as the Court may deem just and proper.

DATED at Anchorage, Alaska, this _10th_ day of May, 2006.

HUGHES BAUMAN PFIFFNER
GORSKI & SEEDORF, LLC
Attorneys for Plaintiff
J. H. Bachmann GmbH and UTC
Bachmann, Inc.

By: _Frank A. Pfiffner_
Frank A. Pfiffner
ABA No. 7505032

HUGHES BAUMAN PFIFFNER
GORSKI & SEEDORF, LLC
ATTORNEYS AT LAW
3900 C STREET
SUITE 1001
ANCHORAGE, ALASKA 99503
(907) 274-7522
(907) 263-8320 FAX

Complaint
*J. H. Bachmann GmbH and UTC Bachmann, Inc. v. Bragg Investment Company, Inc., et al.*
Case No.:
(9010-1/243150)

Page 12 of 12

IN THE DISTRICT/SUPERIOR COURT FOR THE STATE OF ALASKA
AT ANCHORAGE

J.H. BACHMANN GmbH and UTC
BACHMANN, INC.

_____
                    Plaintiff(s),

vs.

BRAGG INVESTMENT COMPANY, INC.
successor-in-interest by merger to
HEAVY TRANSPORT, INC., NORTHSTAR
TRUCKING, INC., NORTH STAR TERMINAL
AND STEVEDORE COMPANY, Defendant(s).
LLC, NORTH STAR TERMINAL AND
_____
STEVEDORE COMPANY, LLC OF DELAWARE
AND SHANE D. CROWSON dba ALASKA
HEAVY HAUL TRANSPORT

)
)
)
)
)
)
)
)
)
)
)
)
)
)

CASE NO. 3AN- 06-7840 CI

SUMMONS
AND
NOTICE TO BOTH PARTIES
OF JUDICIAL ASSIGNMENT

To Defendant: ___Bragg Investment Company, Inc.___

You are hereby summoned and required to file with the court a written answer to the complaint
which accompanies this summons. Your answer must be filed with the court at 825 W. 4th Ave.,
Anchorage, Alaska 99501 within 20 days* after the day you receive this summons. In addition,
a copy of your answer must be sent to the plaintiff's attorney, Frank A. Pfiffner
whose address is: Hughes Bauman Pfiffner Gorski & Seedorf, LLC, 3900 C Street, Suite
1001, Anchorage, AK 99503

If you fail to file your answer within the required time, a default judgment may be entered
against you for the relief demanded in the complaint.

NOTICE OF JUDICIAL ASSIGNMENT

TO: Plaintiff and Defendant

You are hereby given notice that:

☒   This case has been assigned to Superior Court Judge ___Michalski___
    and Master _____

☐   This case has been assigned to District Court Judge _____

CLERK OF COURT

___5/10/06___
     Date

By: ___A. Stanley___
          Deputy Clerk

I certify that on ___5/10/06___ a copy of this Summons was  ☐ mailed  ☒ given to
☐ plaintiff  ☒ plaintiff's counsel along with a copy of the
☐ Domestic Relations Procedural Order  ☐ Civil Pre-Trial Order
to serve on the defendant with the summons.
Deputy Clerk ___AS___

* The State or a state officer or agency named as a defendant has 40 days to file its answer.



IN THE DISTRICT/SUPERIOR COURT FOR THE STATE OF ALASKA
AT ANCHORAGE

J.H. BACHMANN GmbH and UTS
BACHMANN, INC.

—————————————————— Plaintiff(s),
vs.
BRAGG INVESTMENT COMPANY, INC.
successor-in-interest by merger to
HEAVY TRANSPORT, INC., NORTHSTAR
TRUCKING, INC., NORTH STAR TERMINAL
AND STEVEDORE COMPANY, Defendant(s).
LLC, NORTH STAR TERMINAL AND
STEVEDORE COMPANY, LLC OF DELAWARE
AND SHANE D. CROWSON dba ALASKA HEAVY
HAUL TRANSPORT

)
)
)
)
)
)
)
)
)
)
)

CASE NO. 3AN- 06-7840 CI

SUMMONS
AND
NOTICE TO BOTH PARTIES
OF JUDICIAL ASSIGNMENT

To Defendant:  North Star Terminal and Stevedore Company, LLC of Delaware

You are hereby summoned and required to file with the court a written answer to the complaint
which accompanies this summons.  Your answer must be filed with the court at 825 W. 4th Ave.,
Anchorage, Alaska 99501 within 20 days* after the day you receive this summons.  In addition,
a copy of your answer must be sent to the plaintiff's attorney, Frank A. Pfiffner
whose address is: Hughes Bauman Pfiffner Gorski & Seedorf, LLC, 3900 C Street,
Suite 1001, Anchorage, AK  99503
If you fail to file your answer within the required time, a default judgment may be entered
against you for the relief demanded in the complaint.

NOTICE OF JUDICIAL ASSIGNMENT

TO:  Plaintiff and Defendant

You are hereby given notice that:

☑ This case has been assigned to Superior Court Judge  Michalski
and Master _____

☐ This case has been assigned to District Court Judge _____

CLERK OF COURT

5/10/06
Date

By: _A. Stanley_
Deputy Clerk

I certify that on  5/10/06  a copy of this Summons was  ☐ mailed  ☑ given to
☐ plaintiff  ☑ plaintiff's counsel along with a copy of the
☐ Domestic Relations Procedural Order  ☐ Civil Pre-Trial Order
to serve on the defendant with the summons.
Deputy Clerk  _____

* The State or a state officer or agency named as a defendant has 40 days to file its answer.

CIV-100 ANCH (9/02)(st.3)
SUMMONS

Civil Rules 4, 5, 12, 42(c), 55

IN THE ~~DISTRICT~~/SUPERIOR COURT FOR THE STATE OF ALASKA
AT ANCHORAGE

J.H. BACHMANN GmbH and UTC
BACHMANN, INC.

_____
                       Plaintiff(s),
  vs.
BRAGG INVESTMENT COMPANY, INC.
successor-in-interest by merger to
HEAVY TRANSPORT, INC., NORTHSTAR
TRUCKING, INC., NORTH STAR TERMINAL
AND STEVEDORE COMPANY, Defendant(s).
LLC, NORTH STAR TERMINAL AND STEVEDORE
COMPANY, LLC OF DELAWARE AND
SHANE D. CROWSON dba ALASKA HEAVY
HAUL TRANSPORT

CASE NO. 3AN- 06-7840 CI

SUMMONS
AND
NOTICE TO BOTH PARTIES
OF JUDICIAL ASSIGNMENT

To Defendant: Northstar Trucking, Inc.

You are hereby summoned and required to file with the court a written answer to the complaint
which accompanies this summons. Your answer must be filed with the court at 825 W. 4th Ave.,
Anchorage, Alaska 99501 within 20 days* after the day you receive this summons. In addition,
a copy of your answer must be sent to the plaintiff's attorney, Frank A. Pfiffner
whose address is: Hughes Bauman Pfiffner Gorski & Seedorf, LLC, 3900 C Street
Suite 1001, Anchorage, AK 99503
If you fail to file your answer within the required time, a default judgment may be entered
against you for the relief demanded in the complaint.

NOTICE OF JUDICIAL ASSIGNMENT

TO: Plaintiff and Defendant

You are hereby given notice that:

[X] This case has been assigned to Superior Court Judge Michalski
and Master _____

[ ] This case has been assigned to District Court Judge _____

CLERK OF COURT

5/10/06
Date

By: _A. Harley_
Deputy Clerk

I certify that on 5/10/06 a copy of this Summons was [ ] mailed [X] given to
[ ] plaintiff [X] plaintiff's counsel along with a copy of the
[ ] Domestic Relations Procedural Order [ ] Civil Pre-Trial Order
to serve on the defendant with the summons.
Deputy Clerk _____

* The State or a state officer or agency named as a defendant has 40 days to file its answer.

CIV-100 ANCH (9/02)(st.3)
SUMMONS

Civil Rules 4, 5, 12, 42(c), 55