IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

THIRD JUDICIAL DISTRICT AT ANCHORAGE

| | |
|---|---|
| J.H. BACHMANN GmbH and UTC BACHMANN, INC.,<br><br>             Plaintiffs,<br><br>vs.<br><br>BRAGG INVESTMENT COMPANY, INC. successor-in-interest by merger to HEAVY TRANSPORT, INC., NORTHSTAR TRUCKING, INC., NORTH STAR TERMINAL AND STEVEDORE COMPANY, LLC, NORTH STAR TERMINAL AND STEVEDORE COMPANY, LLC OF DELAWARE and SHANE D. CROWSON dba ALASKA HEAVY HAUL TRANSPORT,<br><br>             Defendants. | |

Case No. 3AN-06-7840 Civil

## COMPLAINT

COMES NOW the Plaintiffs J. H. BACHMANN GmbH and UTC BACHMANN, INC. ("Bachmann"), by and through counsel of record, Hughes Bauman Pfiffner Gorski & Seedorf, LLC, and complains and alleges as follows:

HUGHES BAUMAN PFIFFNER
GORSKI & SEEDORF, LLC
ATTORNEYS AT LAW
3900 C STREET
SUITE 1001
ANCHORAGE, ALASKA 99503
(907) 274-7522
(907) 263-8320 FAX

Complaint
*J. H. Bachmann GmbH and UTC Bachmann, Inc. v. Bragg Investment Company, Inc., et al.*
Case No.:
(9010-1/243150)

## GENERAL ALLEGATIONS AS TO ALL CLAIMS FOR RELIEF

1. Plaintiff J. H. Bachmann GmbH is, and was at all relevant times, a German company not authorized to transact business in the State of Alaska.

2. Plaintiff UTC Bachmann, Inc. is, and was at all relevant times, an agent of J. H. Bachmann GmbH in the United States and is also not authorized to transact business in the State of Alaska.

3. Defendant Bragg Investment Company, Inc. ("Bragg") is the successor-in-interest by merger to Heavy Transport, Inc. ("Heavy Transport") Bragg is therefore liable for the debts, contractual obligations, and liabilities of Heavy Transport which was at all relevant times a California corporation not authorized to transact business in the State of Alaska.

4. Defendant Northstar Trucking, Inc. is, and was at all relevant times, an Alaska corporation authorized to transact business in the State of Alaska.

5. Defendant North Star Terminal and Stevedore Company, LLC is, and was at all relevant times, a registered trade name in the State of Alaska for Defendant North Star Terminal and Stevedore Company, LLC of Delaware (both defendants are referred to hereinafter as "North Star"). North Star is, and was at all relevant times, an Alaska limited liability company authorized to transact business in the State of Alaska.

'GHES BAUMAN PFIFFNER
ORSKI & SEEDORF, LLC
ATTORNEYS AT LAW
3900 C STREET
SUITE 1001
CHORAGE, ALASKA 99503
(907) 274-7522
(907) 263-8320 FAX

Complaint
*J. H. Bachmann GmbH and UTC Bachmann, Inc. v. Bragg Investment Company, Inc., et al.*
Case No.:
(9010-1/243150)

North Star is, and was at all relevant times, authorized to transact business in the State of Alaska.

6. Defendant Shane D. Crowson is, and was at all relevant times, a citizen of the State of Alaska and operated an unincorporated business known as Alaska Heavy Haul Transport.

7. Plaintiffs are not required to have a certificate of authority to transact business and the State of Alaska and are not barred from maintaining this action pursuant to AS 10.06.713 in that Plaintiffs' actions in the State of Alaska in maintaining this suit and transacting business in interstate commerce do not constitute transacting business in the State of Alaska pursuant to AS 10.06.718(1) and (9).

8. Starkstrom Gerätebau GmbH ("SGB") manufactured two electrical transformers that were sold to Chugach Electric Association, Inc. in Anchorage, Alaska, through Smit Transformatoren B.V., the parent company of SGB.

9. Gericke & Co. GmbH ("Gericke") agreed to ship the two electrical transformers from Regensburg, Germany, the point of manufacture, to a construction site in Anchorage, Alaska.

HUGHES BAUMAN PFIFFNER
GORSKI & SEEDORF, LLC
ATTORNEYS AT LAW
3900 C STREET
SUITE 1001
ANCHORAGE, ALASKA 99503
(907) 274-7522
(907) 263-8320 FAX

Complaint
J. H. Bachmann GmbH and UTC Bachmann, Inc. v. Bragg Investment Company, Inc., et al.
Case No.:
(9010-1/243150)

10. Plaintiff J. H. Bachmann GmbH contracted with Gericke to transport the two electrical transformers from the port of Bremerhaven, Germany, to the construction site in Anchorage, Alaska.

11. Plaintiff J. H. Bachman GmbH arranged with Plaintiff UTC Bachmann, Inc. for shipment of the two electrical transformers from the port of Tacoma to the construction site in Anchorage, Alaska.

12. Plaintiff UTC Bachmann, Inc. entered into an original contract of carriage dated September 1, 2004, and contracted with Heavy Transport for shipment of the two electrical transformers from the port of Tacoma to the construction site in Anchorage, Alaska. The contract of carriage was modified by a writing dated September 22, 2004. The contract of carriage contained no limitation of Heavy Transport's liability for damage to the electrical transformers during shipment.

13. Heavy Transport contracted with Defendants North Star and/or Northstar Trucking, Inc. for shipment of the two electrical transformers from the port of Anchorage to the construction site in Anchorage, Alaska.

14. Heavy Transport, North Star and/or Northstar Trucking, Inc. contracted with Defendant Shane D. Crowson dba Alaska Heavy Haul Transport for

JGHES BAUMAN PFIFFNER
;ORSKI & SEEDORF, LLC
ATTORNEYS AT LAW
3900 C STREET
SUITE 1001
ANCHORAGE, ALASKA 99503
(907) 274-7522
(907) 263-8320 FAX

Complaint
*J. H. Bachmann GmbH and UTC Bachmann, Inc. v. Bragg Investment Company, Inc., et al.*
Case No.:
(9010-1/243150)

shipment of the two electrical transformers from the port of Anchorage to the construction site in Anchorage, Alaska.

15. The electrical transformers were loaded on a trailer at the port of Anchorage and transported from the port of Anchorage to the construction site by trucks and trailers.

16. On December 2, 2004, while one of the electrical transformers was being transported from the port of Anchorage to the Anchorage construction site by Defendant Shane D. Crowson, the transformer tipped off the trailer carrying it.

17. The electrical transformer that fell off the trailer was declared a total constructive loss.

18. Cargo underwriters have paid and/or are claiming €807,255.29 for the net loss of the electrical transformer and related expenses including, but not limited to, storage costs, surveyor fees, salvage costs, the cost for returning non-used parts, repair costs, Chugach Electric costs assisting with removal of the damaged transformer, cost increases for replacement of the transformer, lost profits and tax burden, and air freight for the replacement transformer. The cargo underwriters have commenced litigation against Gericke in Germany for recovery of the loss plus costs, interests, and attorneys' fees.

GHES BAUMAN PFIFFNER
ORSKI & SEEDORF, LLC
ATTORNEYS AT LAW
3900 C STREET
SUITE 1001
ANCHORAGE, ALASKA 99503
(907) 274-7522
(907) 263-8320 FAX

Complaint
J. H. Bachmann GmbH and UTC Bachmann, Inc. v. Bragg Investment Company, Inc., et al.
Case No.:
(9010-1/243150)

19. In the German litigation, Gericke has filed a third-party claim against Bachmann for recovery of the loss for the electrical transformer.

### FIRST CLAIM FOR RELIEF

(Strict Liability against Defendant Bragg)
(Carmack Amendment 49. U.S.C. §14706)

20. Bachmann incorporates the allegations set forth in paragraphs one through 19 of the Complaint.

21. The electrical transformer was delivered to Heavy Transport in good condition. The electrical transformer was damaged during shipment by Heavy Transport.

22. As an interstate shipper of the electrical transformer, Heavy Transport is strictly liable under federal law for any damages to the electrical transformer during shipment.

23. The electrical transformer was a total constructive loss as a result of damage to the electrical transformer while it was in the possession of Heavy Transport.

24. Bachmann provided Heavy Transport with written notice of loss on December 3, 2004, when the loss was estimated at $821,246.33. A subsequent written notice of loss on August 29, 2005 amended the damage claim to $1,003,973.80.

25. The damages for which Bragg as successor-in-interest by merger to Heavy Transport is liable are the claimed loss of € 807,255.29 sought in the German

IGHES BAUMAN PFIFFNER
ORSKI & SEEDORF, LLC
ATTORNEYS AT LAW
3900 C STREET
SUITE 1001
HORAGE, ALASKA 99503
(907) 274-7522
(907) 263-8320 FAX

Complaint
*J. H. Bachmann GmbH and UTC Bachmann, Inc. v. Bragg Investment Company, Inc., et al.*
Case No.:
(9010-1/243150)

litigation plus cost, interest, and attorneys' fees claimed in that litigation; cargo insurance for the electrical transformer shipment in the amount of $4,927.84; ocean freight for the electrical transformer shipment in the amount of $94,750.00; U.S. assembly of the electrical transformer in the amount of $24,721.00; U.S. transportation costs in the amount of $103,650; pre-judgment interest from and after December 3, 2004, the date that Heavy Transport received a written demand from Bachmann for damages relating to the loss of the electrical transformer.

## SECOND CLAIM FOR RELIEF

(Breach of Contract and Breach of the Obligation of Good Faith
and Fair Dealing against Bragg)

26. Bachmann incorporates the allegations set forth in paragraphs one through 25 of the Complaint.

27. The contract of carriage between Bachmann and Heavy Transport expressly and impliedly required Heavy Transport to safely transport the electrical transformer to the Anchorage construction site.

28. Heavy Transport breached its contract and its implied obligation of good faith and fair dealing with Bachmann when the electrical transformer was destroyed during transport to the Anchorage construction site.

JGHES BAUMAN PFIFFNER
ORSKI & SEEDORF, LLC
ATTORNEYS AT LAW
3900 C STREET
SUITE 1001
CHORAGE, ALASKA 99503
(907) 274-7522
(907) 263-8320 FAX

Complaint
*J. H. Bachmann GmbH and UTC Bachmann, Inc. v. Bragg Investment Company, Inc., et al.*
Case No.:
(9010-1/243150)

29. Bragg as successor-in-interest by merger to Heavy Transport is liable to Bachmann for the damages alleged hereinabove.

## THIRD CLAIM FOR RELIEF

(Negligence against Defendant Bragg)

30. Bachmann incorporates the allegations set forth in paragraphs one through 29 of the Complaint.

31. Heavy Transport was negligent in the transportation of the electrical transformer to the Anchorage construction site in that it hired unqualified personnel and equipment to complete the shipment; it failed to provide documented information concerning the construction, characteristics, and CG of the electrical transformer to the personnel involved in the loading, unloading, and transportation of the electrical transformer to the Anchorage construction site; its employee failed to supervise properly the unloading and loading of the electrical transformer in the Anchorage port; and it failed to have any personnel monitor the shipment of the electrical transformer from the port of Anchorage to the Anchorage construction site.

32. Bachmann was damaged as set forth hereinabove as a proximate result of the negligence of Heavy Transport for which Bragg is responsible as the successor-in-interest by way of merger to Heavy Transport.

JGHES BAUMAN PFIFFNER
ORSKI & SEEDORF, LLC
ATTORNEYS AT LAW
3900 C STREET
SUITE 1001
CHORAGE, ALASKA 99503
(907) 274-7522
(907) 263-8320 FAX

Complaint
J. H. Bachmann GmbH and UTC Bachmann, Inc. v. Bragg Investment Company, Inc., et al.
Case No.:
(9010-1/243150)

## FOURTH CLAIM FOR RELIEF

(Negligence against Defendant North Star)

33. Bachmann incorporates the allegations set forth in paragraphs one through 32 of the Complaint.

34. North Star was negligent in the unloading of the electrical transformer in the port of Anchorage and loading the electrical transformer on the trailer that was used to carry the transformer to the Anchorage construction site in that North Star did not balance and center the load properly on the trailer; pressured Defendant Shane D. Crowson into moving the electrical transformer to the construction site before the load was centered and balanced in order to save the cost of crane time for the cranes used to lift the electrical transformer onto the trailer; and/or hired Shane D. Crowson to transport the electrical transformer with a trailer that was not adequate for the load and was improperly loaded.

35. Bachmann was damaged as set forth hereinabove as a proximate result of the negligence of Defendant North Star.

GHES BAUMAN PFIFFNER
ORSKI & SEEDORF, LLC
ATTORNEYS AT LAW
3900 C STREET
SUITE 1001
HORAGE, ALASKA 99503
(907) 274-7522
(907) 263-8320 FAX

Complaint
*J. H. Bachmann GmbH and UTC Bachmann, Inc. v. Bragg Investment Company, Inc., et al.*
Case No.:
(9010-1/243150)

## FIFTH CLAIM FOR RELIEF

(Negligence against Defendant Northstar Trucking, Inc.)

36. Bachmann incorporates the allegations set forth in paragraphs one through 35 of the Complaint.

37. Defendant Northstar Trucking, Inc. was negligent in the transport of the electrical transformer from the port of Anchorage to the Anchorage construction site and negligently breached its express and implied contract with Heavy Transport to transport safely the electrical transformer from the port of Anchorage to the Anchorage construction site.

38. Defendant Northstar Trucking, Inc. obtained the overload permit from the State of Alaska, Department of Transportation & Public Facilities for the transport of the electrical transformer from the port of Anchorage to the construction site. The overload permit was an essential requirement for the transport of the electrical transformer from the port of Anchorage to the construction site.

39. Defendant Northstar Trucking, Inc. was negligent in that it allowed its permit to be used for the loading and transport of the electrical transformer in a negligent manner and it failed to supervise the loading and transport of the transformer.

JGHES BAUMAN PFIFFNER
ORSKI & SEEDORF, LLC
ATTORNEYS AT LAW
3900 C STREET
SUITE 1001
CHORAGE, ALASKA 99503
(907) 274-7522
(907) 263-8320 FAX

Complaint
J. H. Bachmann GmbH and UTC Bachmann, Inc. v. Bragg Investment Company, Inc., et al.
Case No.:
(9010-1/243150)

40. Bachmann was damaged as set forth hereinabove as a proximate result of the negligence of Defendant Northstar Trucking, Inc.

### SIXTH CLAIM FOR RELIEF

(Negligence against Shane D. Crowson dba Alaska Heavy Haul Trucking)

41. Bachmann incorporates the allegations set forth in paragraphs one through 40 of the Complaint.

42. Defendant Shane D. Crowson was negligent in loading and transporting the electrical transformer from the port of Anchorage to the construction site in a manner such that the electrical transformer tipped off the trailer during the transport and was destroyed.

43. Bachmann was damaged as set forth hereinabove as a proximate result of the negligence of Defendant Shane D. Crowson.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for the following relief:

1. Judgment against each of the Defendants for damages as set forth hereinabove;

2. For costs, interest, and attorneys' fees against each of the Defendants; and

HUGHES BAUMAN PFIFFNER
GORSKI & SEEDORF, LLC
ATTORNEYS AT LAW
3900 C STREET
SUITE 1001
ANCHORAGE, ALASKA 99503
(907) 274-7522
(907) 263-8320 FAX

Complaint
*J. H. Bachmann GmbH and UTC Bachmann, Inc. v. Bragg Investment Company, Inc., et al.*
Case No.:
(9010-1/243150)

3.  For such other and further relief as the Court may deem just and proper.

DATED at Anchorage, Alaska, this 10th day of May, 2006.

> HUGHES BAUMAN PFIFFNER
> GORSKI & SEEDORF, LLC
> Attorneys for Plaintiff
> J. H. Bachmann GmbH and UTC
> Bachmann, Inc.
>
> By: *Frank A. Pfiffner*
> Frank A. Pfiffner
> ABA No. 7505032

HUGHES BAUMAN PFIFFNER
GORSKI & SEEDORF, LLC
ATTORNEYS AT LAW
3900 C STREET
SUITE 1001
ANCHORAGE, ALASKA 99503
(907) 274-7522
(907) 263-8320 FAX

Complaint
*J. H. Bachmann GmbH and UTC Bachmann, Inc. v. Bragg Investment Company, Inc., et al.*
Case No.:
(9010-1/243150)