Roy L. Longacre, Esq.
Longacre Law Offices, Ltd.
425 G Street, Suite 910
Anchorage, Alaska 99501
Phone: (907) 276-6354
Fax:   (907) 279-4685
longacre@alaska.com

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

THIRD JUDICIAL DISTRICT AT ANCHORAGE

```
J.H. BACHMANN GmbH and              )
UTC BACHMANN, INC.,                 )
                                    )
        Plaintiff,                  )
                                    )
vs.                                 )
                                    )
BRAGG INVESTMENT COMPANY, INC.      )
successor-in-interest by            )
merger to HEAVY TRANSPORT,          )
INC., NORTHSTAR TRUCKING, INC.      )
NORTH STAR TERMINAL AND             )
STEVEDORE COMPANY, LLC, NORTH       )
STAR TERMINAL AND STEVEDORE         )
COMPANY, LLC OF DELAWARE and        )
SHANE D. CROWSON dba ALASKA         )
HEAVY HAUL TRANSPORT                )
                                    )Case No. 3:06:cv:00145TMB
        Defendants.                 )
_____)
```

**ANSWER of BRAGG INVESTMENT COMPANY, INC.
successor-in-interest by merger to HEAVY TRANSPORT, INC. TO
COMPLAINT, COUNTERCLAIM,and CROSSCLAIM AGAINST NORTHSTAR
TRUCKING, INC. and CROSSCLAIM AGAINST SHANE D. CROWSON
dba ALASKA HEAVY HAUL TRANSPORT**

COMES NOW, Defendant, BRAGG INVESTMENT COMPANY, INC.

successor-in-interest by merger to HEAVY TRANSPORT, INC.

*Answer to Bachmann Complaint*                         Page 1 of 8
Bachmann v. Bragg et. al.                    Case No. 3:06:cv:00145 TMB
[/Answer (lined)]

(hereinafter BRAGG), and for its answer states and defends as follows:

1. BRAGG admits the allegations in Paragraphs 3, 4, 6, 8, 9, 10, 11, 13, 15, 24, 37, 38, 39, 40, 42, and 43 of the plaintiff's complaint.

2. BRAGG admits the allegations in Paragraph 12 of plaintiff' complaint except that BRAGG is not aware of the modification of contract referenced by plaintiff and BRAGG denies the contract of carriage contained no limitation of BRAGG's liability for damage to the electrical transformers during shipment.

3. BRAGG, in response to the allegations in Paragraph 16, admits that the transformer and trailer tipped over while it was being transported from the port of Anchorage to the Anchorage construction site by Defendant Crowson.

4. BRAGG denies that it contracted with Defendant Shane D. Crowson dba Alaska Heavy Haul Transport for shipment of the two electrical transformers from the port of Anchorage to the construction site in Anchorage, Alaska. On information and belief, Defendant Northstar Trucking, Inc. ("NTI") contracted with Defendant Shane D. Crowson dba Alaska Heavy Haul Transport for shipment of the two

*Answer to Bachmann Complaint*  Page 2 of 8
Bachmann v. Bragg et. al.  Case No. 3:06:cv:00145 TMB
[/Answer (lined)]

electrical transformers from the port of Anchorage to the construction site in Anchorage, Alaska.  BRAGG denies any remaining allegations in Paragraph 14 of the complaint.

5. BRAGG agrees, in response to Paragraph 21 of the complaint, that the subject electrical transformer was delivered to it in good condition, but denies that the electrical transformer was damaged during shipment by it. BRAGG denies any remaining allegations in Paragraph 21 of the complaint.

6. BRAGG denies the allegations in Paragraphs 25, 28, 29, 31, and 32 of the plaintiff's complaint.

7. BRAGG is without knowledge as to the truth or falsity of the allegations in Paragraphs 1, 2, 5, 17, 18, 19, 23, 34, 35, of the plaintiff's complaint and therefore denies any and all allegations.

8. The contents of Paragraphs 7, 22, and 27 of the plaintiff's complaint calls for a legal conclusion for which no response is required.  To the extent a response is required any and all allegations of said paragraphs are denied.

9. No additional response is required to Paragraphs 20, 26, 30, 33, 36, or 41 of plaintiff's complaint.  To the

*Answer to Bachmann Complaint*     Page 3 of 8
Bachmann v. Bragg et. al.     Case No. 3:06:cv:00145 TMB
[/Answer (lined)]

extent a response is required any and all allegations of said paragraphs are denied.

### COUNTERCLAIMS AGAINST UTC BACHMANN, INC.

10. Bragg Investment Company, Inc. ("BRAGG") is the successor-in-interest by merger to Heavy Transport, Inc. and is qualified in all respects to bring this counterclaim.

### FIRST COUNTERCLAIM

11. At the request of UTC Bachmann, Inc. ("UTC"), BRAGG provided freight services to UTC Bachmann, Inc.

12. Despite demand, UTC has failed and refused to pay what is owned to BRAGG in breach of the parties agreement.

13. The amount of freight charges presently due and owing to BRAGG from UTC is $45,900.00, plus interest.

### SECOND COUNTERCLAIM

14. BRAGG incorporates the allegations set forth in Paragraphs 6 – 13 of its counterclaims.

15. UTC and/or manufacturer Starkstrom Geratebau GmbH ("SGB") agreed to be responsible for any damage to the electrical transformers during the transport from SGB to Chugach Electric in Anchorage, Alaska.

*Answer to Bachmann Complaint*        Page 4 of 8
Bachmann v. Bragg et. al.        Case No. 3:06:cv:00145 TMB

[/Answer (lined)]

16. To the extent BRAGG is found liable in this action, UTC and/or SGB is responsible to BRAGG for such liability by indemnification or contribution.

### **CROSSCLAIM AGAINST NORTHSTAR TRUCKING, INC.**

17. Bragg Investment Company, Inc. ("BRAGG") is the successor-in-interest by merger to Heavy Transport, Inc. and is qualified in all respects to bring this crossclaim.

18. BRAGG contracted with Defendant NTI for shipment of the two electrical transformers from the port of Anchorage to a construction site in Anchorage, Alaska.

19. NTI, on information and belief, contracted with Defendant Shane d. Crowson dba Alaska Heavy Haul Transport ("CROWSON") for movement of the two electrical transformers from the port of Anchorage to a construction site in Anchorage, Alaska.

20. NTI, on information and belief, was negligent in its handling of the electrical transformer and in its use of CROWSON.

21. NTI breached its contract with BRAGG

22. NTI is liable to BRAGG for a) the unpaid $45,900 from UTC and b) any judgment entered against BRAGG and for BRAGG's costs and attorney fees incurred in defending

*Answer to Bachmann Complaint*   Page 5 of 8
Bachmann v. Bragg et. al.   Case No. 3:06:cv:00145 TMB
[/Answer (lined)]

against any and all claims in this action either by indemnification or contribution.

### CROSSCLAIM AGAINST SHANE D. CROWSON dba ALASKA HEAVY HAUL TRUCKING

23. Bragg Investment Company, Inc. ("BRAGG") incorporates the allegations set forth above in Paragraphs 6 through 10.

24. Defendant CROWSON, was negligent in the handling and transport of the electrical transformer.

25. CROWSON is liable to BRAGG for a) the unpaid $45,900 from UTC and b) any judgment entered against BRAGG and for BRAGG's costs and attorney fees incurred in defending against any and all claims in this action either by indemnification or contribution.

### AFFIRMATIVE DEFENSES

1. Plaintiff fails to state a cause of action upon which relief can be granted.

2. Defendant reserves the right to add additional affirmative defenses as they become known through investigation and trial.

*Answer to Bachmann Complaint*  Page 6 of 8
Bachmann v. Bragg et. al.  Case No. 3:06:cv:00145 TMB

[/Answer (lined)]

**PRAYER**

Therefore, Defendant BRAGG prays for the following relief:

1. Plaintiff's claim be dismissed with prejudice;

2. Defendant BRAGG be awarded its counterclaims against UTC Bachmann, Inc. in an amount to be proven at trial.

3. Defendant BRAGG be awarded its crossclaims against Northstar Trucking, Inc. and against Shane D. Crowson dba Alaska Heavy Haul Transport in an amount to be proven at trial;

4. Defendant BRAGG be awarded its costs and attorney fees; and

5. Defendant BRAGG be awarded such other and further relief as the court deems just under the circumstances.

DATED July 25, 2006.   Longacre Law Offices, Ltd.
Attorney for BRAGG INVESTMENT COMPANY, INC. successor-in-interest by merger to HEAVY TRANSPORT, INC.

Roy Longacre_____
Roy Longacre, ABA # 8211124

*Answer to Bachmann Complaint*                                  Page 7 of 8
Bachmann v. Bragg et. al.                              Case No. 3:06:cv:00145 TMB
[/Answer (lined)]

CERTIFICATE OF SERVICE

I hereby certify that on
July 25, 2006, I served a true
copy of the foregoing by mail on:

Frank A. Pfiffner, Esq.            Thomas G. Johnson, Esq.
Hughes Thorsness Powell            Bauer, Moynihan & Johnson LLP
Huddleston & Bauman LLC             tgjohnson@bmilaw.com
fap@hbplaw.net

Bruce E. Falconer, Esq.            Thomas A. Matthews, Esq.
Boyd Chandler & Falconer, LLP      Matthews & Zahare, P.C.
bflaconer@bcf.us.com               Tom.matthews@matthewszahare.com

and by mail on:

Shane Crowson
1900 McKinley
Anchorage, Alaska 99517-2659


Roy Longacre_____
Roy Longacre

*Answer to Bachmann Complaint*                                Page 8 of 8
Bachmann v. Bragg et. al.                         Case No. 3:06:cv:00145 TMB
[/Answer (lined)]