LIBBEY LAW OFFICES, LLC
Robert M. Libbey
Colleen A. Libbey
604 W. Second Avenue
Anchorage, AK 99501
(907) 258-1815
(907) 258-1822 Fax
boblibbey@alaska.net
clibbey@alaska.net

Attorneys for Defendant
Shane D. Crowson dba Alaska
Heavy Haul Transport

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA AT ANCHORAGE

| | |
|---|---|
| J.H. BACHMANN GmbH and UTC BACHMANN, INC., <br><br> Plaintiffs, <br><br> v. <br> BRAGG INVESTMENT COMPANY, INC. successor-in-interest by merger to HEAVY TRANSPORT, INC., NORTHSTAR TRUCKING, INC., NORTH STAR TERMINAL AND STEVEDORE COMPANY, LLC, NORTH STAR TERMINAL AND STEVEDORE COMPANY LLC OF DELAWARE AND SHANE D. CROWSON dba ALASKA HEAVY HAUL TRANSPORT, <br><br> Defendants. | No. 3:06:CV 00145(TMB) |

**ANSWER TO COMPLAINT AND CROSS CLAIMS OF DEFENDANT SHANE CROWSON**

COMES NOW, defendant Shane D. Crowson d/b/a Alaska Heavy Haul Transport, and in its answer states and alleges as follows:

1. Defendant admits paragraph 1.

Answer to Complaint
Bachmann v. Bragg et al.
3:06-cv-00145-TMB                                             Page 1 of 12

PDF created with pdfFactory trial version www.pdffactory.com

2. Defendant admits paragraph 2.

3. Defendant admits paragraph 3.

4. Defendant admits paragraph 4.

5. Defendant admits paragraph 5.

6. Defendant admits paragraph 6.

7. Paragraph 7 asserts a legal conclusion, and thus requires no answer. To the extent an answer is required, it is denied.

8. Defendant admits paragraph 8.

9. Defendant admits paragraph 9.

10. Defendant admits paragraph 10.

11. Defendant admits paragraph 11.

12. Paragraph 7 asserts a legal conclusion, and thus requires no answer. To the extent an answer is required, it is denied.

13. Defendant lacks information sufficient to form a belief as to the allegations of paragraph 13, and therefore denies them.

14. Defendant admits Northstar Trucking, Inc. contracted with defendant for shipment of the two transformers from the port to the construction site in Anchorage, Alaska.  Defendant denies all additional allegations.

15. Defendant admits paragraph 15.

16. Defendant admits that at the time and place alleged, the transformer tipped the trailer carrying it severely to the right, broke seven of the eight chains that secured it to the trailer, and then fell from the trailer.  Defendant denies all additional

Answer to Complaint
Bachmann v. Bragg et al.
3:06-cv-00145-TMB                                          Page 2 of 12

PDF created with pdfFactory trial version www.pdffactory.com

allegations.

17. Defendant lacks information sufficient to form a belief as to the allegations of paragraph 17, and therefore denies them.

18. Defendant lacks information sufficient to form a belief as to the allegations of paragraph 18, and therefore denies them.

19. Defendant lacks information sufficient to form a belief as to the allegations of paragraph 19, and therefore denies them.

20. Defendant incorporates foregoing responses.

21. Defendant denies the transformer was properly prepared for transport when delivered to Heavy Transport. Defendant admits some damage to the transformer occurred during shipment by Heavy Transport. Defendant denies all additional allegations.

22. Paragraph 22 asserts a legal conclusion, and thus requires no answer. To the extent an answer is required, it is denied.

23. Defendant lacks information sufficient to form a belief as to the allegations of paragraph 23, and therefore denies them.

24. Defendant lacks information sufficient to form a belief as to the allegations of paragraph 24, and therefore denies them.

25. To the extent paragraph 25 asserts legal conclusions, it requires no answer. To the extent it asserts facts, or requires an answer, Defendant lacks information sufficient to form a belief as to the allegations, and therefore denies them..

26. Defendant incorporates foregoing responses.

Answer to Complaint
Bachmann v. Bragg et al.
3:06-cv-00145-TMB                                                    Page 3 of 12

PDF created with pdfFactory trial version www.pdffactory.com

27. To the extent paragraph 27 asserts legal conclusions, it requires no answer. To the extent it asserts facts, or requires an answer, Defendant lacks information sufficient to form a belief as to the allegations, and therefore denies them.

28. To the extent paragraph 28 asserts legal conclusions, it requires no answer. To the extent it asserts facts, or requires an answer, Defendant lacks information sufficient to form a belief as to the allegations, and therefore denies them.

29. To the extent paragraph 29 asserts legal conclusions, it requires no answer. To the extent it asserts facts, or requires an answer, Defendant lacks information sufficient to form a belief as to the allegations, and therefore denies them.

30. Defendant incorporates foregoing responses.

31. To the extent paragraph 31 asserts legal conclusions, it requires no answer. To the extent it asserts facts, or requires an answer, Defendant admits that Heavy Transport failed to provide documented information it may have had concerning the construction, characteristics, and CG of the transformer to Defendant, and that its representative at the site of loading failed to properly locate and identify the lateral CG, and failed to pass to Defendant any information he may have had respecting the extent of instability of the transformer. Defendant admits that Heavy Transport failed to have anyone monitor the shipment. Defendant denies all other allegations.

Answer to Complaint
Bachmann v. Bragg et al.
3:06-cv-00145-TMB                                                Page 4 of 12

PDF created with pdfFactory trial version www.pdffactory.com

32. Paragraph 32 asserts legal conclusions, and thus requires no answer.

33. Defendant incorporates foregoing responses.

34. To the extent paragraph 34 asserts legal conclusions, it requires no answer. To the extent it asserts facts, or requires an answer, Defendant admits that the load was not balanced properly at the time of loading, and that he was pressured to accept the status of his load because other parties, including North Star, wanted to begin moving the cranes that had loaded the transformers. Defendant denies all other allegations.

35. Paragraph 35 asserts legal conclusions, and thus requires no answer.

36. Defendant incorporates foregoing responses.

37. To the extent paragraph 37 asserts legal conclusions, it requires no answer. To the extent it asserts facts, or requires an answer, Defendant admits that Northstar Trucking, Inc. had a contract with Heavy Transport for transporting the transformers safely from the port to the construction site, and that Northstar Trucking, Inc. failed to provide documented information it may have had concerning the construction, characteristics, and CG of the transformer to Defendant, and that its representative failed to pass to Defendant any information he may have had respecting the extent of instability of the transformer. Defendant admits that

Answer to Complaint
Bachmann v. Bragg et al.
3:06-cv-00145-TMB                                                    Page 5 of 12

PDF created with pdfFactory trial version www.pdffactory.com

Northstar Trucking, Inc. failed to have anyone assist in loading the transformers, or monitor the shipment. Defendant denies all other allegations.

38. Defendant admits paragraph 38, and alleges that Northstar Trucking, Inc. declared itself the "carrier" on such permit.

39. To the extent paragraph 39 asserts legal conclusions, it requires no answer. To the extent it asserts facts, or requires an answer, Defendant denies that it was negligent to have utilized his services and equipment to move the transformer from the port to the construction site, provided that he would be furnished with appropriate information to assess and address balance issues in the loading and movement of the transformer, and warned of the high degree of instability of the transformer.

40. Paragraph 40 asserts legal conclusions, and thus requires no answer.

### FIRST AFFIRMATIVE DEFENSE

41. The claims herein are not brought in the name of the real parties in interest.

### SECOND AFFIRMATIVE DEFENSE

42. This case is governed by general maritime law of the United States, including the United States Carriage Of Goods By Sea

Answer to Complaint
Bachmann v. Bragg et al.
3:06-cv-00145-TMB                                                    Page 6 of 12

PDF created with pdfFactory trial version www.pdffactory.com

Act(COGSA) 46 U.S.C. App. 1301 *et seq.*

### THIRD AFFIRMATIVE DEFENSE

43.  Laches bars the claims herein.

### FOURTH AFFIRMATIVE DEFENSE

44.  The claims herein are barred or limited by the contracts of carriage, including all bills of lading, and COGSA.

### FIFTH AFFIRMATIVE DEFENSE

45.  The claims herein are barred by the time limitation provisions of the contracts of carriage and COGSA.

### SIXTH AFFIRMATIVE DEFENSE

46.  The claimants have failed to join indispensable parties. Pursuant to Rule 19, the Plaintiffs have failed to join a party needed for just adjudication.  Plaintiffs have failed to join the following indispensable parties: Starkstrom Gerätebau GmbH ("SGB") and Gericke & Co. GmbH ("Gericke").  SGB manufactured the transformers that were sold to Chugach Electric Association, Inc. in Anchorage, Alaska, and Gericke agreed to ship the transformers to Anchorage, Alaska.  Pursuant to *Norfolk Southern Railway Co. v.*

Answer to Complaint
Bachmann v. Bragg et al.
3:06-cv-00145-TMB                                                   Page 7 of 12

PDF created with pdfFactory trial version www.pdffactory.com

*Kirby*, 543 U.S. 14 (2004), the liability, if any, of the land carrier is limited and dictated by the bill of lading issued by the ocean carrier. Furthermore, packaging responsibility, instructions for safe shipment and warning of the high degree of instability of the transformers fell on the above mentioned companies that were not named in the law suit. Because liability could lie solely with those entities, or a high percentage of contribution could be assigned to them, they are needed for just adjudication.

## SEVENTH AFFIRMATIVE DEFENSE

47. Any damage to the transformer was caused by insufficient packaging and marking, for which Crowson is not liable under the contracts of carriage and COGSA.

## EIGHTH AFFIRMATIVE DEFENSE

48. In the event Shane D. Crowson is held liable herein, all parties, including parties not presently named herein, are liable in contribution to Shane D. Crowson.

## NINTH AFFIRMATIVE DEFENSE

Answer to Complaint
Bachmann v. Bragg et al.
3:06-cv-00145-TMB                                                    Page 8 of 12

PDF created with pdfFactory trial version www.pdffactory.com

49. Those parties herein who are responsible for recovery and salvage of the transformer have failed to take reasonable action to mitigate the loss, and recovery must therefore be reduced.

TENTH AFFIRMATIVE DEFENSE

50. Those parties to whom the claims ultimately belong are barred from or limited in recovery by their own contributory fault, or that of those parties from whom they derive their claims.

**CROSS CLAIM AGAINST NORTHSTAR TRUCKING, INC. - INDEMNITY**

51. Shane D. Crowson adopts the allegations and admissions made by him in response to the Complaint.

52. Northstar Trucking, Inc. (NTI) hired Shane D. Crowson to truck the transformer from the port to a Chugach Electric Company site in Anchorage.

53. NTI agreed to accept all liability arising out of trucking project, and to relieve Shane D. Crowson of all such liability.

Answer to Complaint
Bachmann v. Bragg et al.
3:06-cv-00145-TMB                                                    Page 9 of 12

PDF created with pdfFactory trial version www.pdffactory.com

54. NTI agreed to furnish all necessary cargo insurance on the transformer.

55. Shane D. Crowson is entitled to full indemnity from NTI, including all costs and expenses incurred herein.

## CROSS CLAIM AGAINST ALL PARTIES - CONTRIBUTION

56. Shane D. Crowson adopts the allegations and admissions made by him in response to the Complaint and in his Cross Claims.

57. A suitable trucking plan was either omitted by the parties, of if one was developed, it was not forwarded to Shane D. Crowson.

58. The transformer was not prepared properly for safe shipping by any of the persons responsible for delivering it to the Chugach Electric Company site.

59. The parties who loaded the transformer on the truck were provided neither center of gravity marks for vertical nor lateral center of gravity, nor were they given anything with which they could reliably estimate the center of gravity of the transformer.

60. The parties who loaded the transformer on the truck were given no warnings of the high center of gravity of the transformer, and its high propensity to tip over.

Answer to Complaint
Bachmann v. Bragg et al.
3:06-cv-00145-TMB                                                    Page 10 of 12

PDF created with pdfFactory trial version www.pdffactory.com

61.  In the event Shane D. Crowson is held liable herein, all parties, including NTI and parties not presently named herein, are liable in contribution to Shane D. Crowson.

**CROSS CLAIM AGAINST NORTHSTAR TRUCKING, INC. - DAMAGES**

62.  Shane D. Crowson adopts the allegations and admissions made by him in response to the Complaint, and in his Cross Claims.

63.  Shane D. Crowson is owed $4,000 for the work and equipment he furnished to NTI, has made demand therefore, and has received nothing to date.

WHEREFORE, Defendant Shane D. Crowson requests judgment as follows:

1.  That the Complaint be dismissed with prejudice;

2.  That Shane D. Crowson be awarded his costs and attorneys' fees;

3.  That Northstar Trucking, Inc. be held liable to Shane D. Crowson in full indemnity for any liability incurred by Crowson herein, including all costs and attorney fees.

4.  That Shane D. Crowson recover judgment from Northstar Trucking, Inc. for damages in the amount of $4,000.

Answer to Complaint
Bachmann v. Bragg et al.
3:06-cv-00145-TMB                                           Page 11 of 12

PDF created with pdfFactory trial version www.pdffactory.com

5.  That all the parties be held liable to Shane D. Crowson in contribution, including parties not presently named herein.

6.  For such further relief as may be just.

Dated at Anchorage, Alaska this 16th day of October, 2006.

                                      LIBBEY LAW OFFICES, LLC
                                      Counsel for Shane Crowson dba
                                      Alaska Heavy Haul Transport

                            By:  s/Robert M. Libbey
                                      Robert M. Libbey ABA 6404014
                                      604 West 2nd Ave.
                                      Anchorage, AK 99501
                                      Phone: (907) 258-1815
                                      Fax: (907) 258-1822
                                      boblibbey@alaska.net

This is to certify that the foregoing Answer to Complaint
is being served by electronically to:

Frank Pfiffner (electronically)
fap@hbplaw.net
Attorney for Plaintiffs

Thomas A. Matthews, Esq.
tom.matthews@matthewszahare.com
Attorney for Defendant Northstar Trucking, Inc.

Bruce E. Falconer, Esq.
bfalconer@bcf.us.com
Attorney for Defendant Northstar Trucking, Inc.

Thomas G. Johnson
tgjohnson@bmjlaw.com
Attorney for Defendant North Star Terminal And
Stevedore, LLC and North Star Terminal And
Stevedore, LLC Of Deleware

Roy L. Longacre, Esq.
longacre@alaska.com
Attorney for Defendant Bragg Investment Company, Inc.
successor-in-interest by merger to Heavy Transport, Inc.


On: October 16, 2006 By: s/Robert M.Libbey


Answer to Complaint
Bachmann v. Bragg et al.
3:06-cv-00145-TMB                                                Page 12 of 12

PDF created with pdfFactory trial version www.pdffactory.com