Roy L. Longacre, Esq.
Longacre Law Offices, Ltd.
425 G Street, Suite 910
Anchorage, Alaska 99501
Phone: (907) 276-6354
Fax:   (907) 279-4685
longacre@alaska.com

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

THIRD JUDICIAL DISTRICT AT ANCHORAGE

| | |
|---|---|
| J.H. BACHMANN GmbH and UTC BACHMANN, INC., <br><br>　　　　Plaintiff, <br><br>vs. <br><br>BRAGG INVESTMENT COMPANY, INC. successor-in-interest by merger to HEAVY TRANSPORT, INC., NORTHSTAR TRUCKING, INC. NORTH STAR TERMINAL AND STEVEDORE COMPANY, LLC, NORTH STAR TERMINAL AND STEVEDORE COMPANY, LLC OF DELAWARE and SHANE D. CROWSON dba ALASKA HEAVY HAUL TRANSPORT <br><br>　　　　Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) Case No. 3:06:cv:00145TMB<br>)<br>) |

**ANSWER of BRAGG INVESTMENT COMPANY, INC. successor-in-interest by merger to HEAVY TRANSPORT, INC. TO CROSS-CLAIM OF DEFENDANT SHANE D. CROWSON**

COMES NOW, Defendant, BRAGG INVESTMENT COMPANY, INC. successor-in-interest by merger to HEAVY TRANSPORT, INC. (hereinafter BRAGG), and for its answer to Defendant Shane

*Answer to CROWSON's Cross-claim*　　　　　　　　　　　　　　　　Page 1 of 4
Bachmann v. Bragg et. al.　　　　　　　　　　　　　　　　Case No. 3:06:cv:00145 TMB
[/Answer (lined) to Crowson's XClaim]

D. Crowson's (hereinafter CROWSON) cross-claim states and alleges as follows:

    1. No response is required by BRAGG to the content of Paragraph 56 of CROWSON's Cross Claim Against All Parties – Contribution.  To the extent a response is required BRAGG denies the allegations in Paragraph 56 of CROWSON's Cross Claim Against All Parties – Contribution.

    2.  BRAGG is without knowledge of what was received by CROWSON and therefore denies the allegations of Paragraph 57 of CROWSON's Cross Claim Against All Parties – Contribution.

    3.  BRAGG denies that legally actionable conduct of BRAGG resulted in the transformer not being properly prepared for safe shipping as alleged in Paragraph 58 of CROWSON's Cross Claim Against All Parties – Contribution.

    4.  BRAGG denies that legally actionable conduct of BRAGG resulted in the parties who loaded the transformer not being provided neither center of gravity marks for vertical nor lateral center of gravity, nor anything with which they could reliably estimate the center of gravity of the transformer as alleged in Paragraph 59 of CROWSON's Cross Claim Against All Parties – Contribution.

*Answer to CROWSON's Cross-claim*     Page 2 of 4
Bachmann v. Bragg et. al.     Case No. 3:06:cv:00145 TMB
[/Answer (lined) to Crowson's XClaim]

5.   BRAGG denies that legally actionable conduct of BRAGG resulted in the parties who loaded the transformer not being given warnings of the high center of gravity of the transformer and its high propensity to tip over as alleged in Paragraph 60 of CROWSON's Cross Claim Against All Parties – Contribution.

6.   BRAGG denies that it is liable in contribution to CROWSON as alleged in Paragraph 61 of CROWSON's Cross Claim Against All Parties – Contribution.

## AFFIRMATIVE DEFENSES

1. Defendant CROWSON fails to state a cause of action upon which relief can be granted.

2. BRAGG reserves the right to add additional affirmative defenses as they become known through investigation and trial.

## PRAYER

Defendant BRAGG prays for the following relief:

1. Shane D. Crowson's cross-claim against BRAGG be dismissed with prejudice;

2. Defendant BRAGG be awarded its costs and attorney fees; and

*Answer to CROWSON's Cross-claim*  Page 3 of 4
Bachmann v. Bragg et. al.  Case No. 3:06:cv:00145 TMB
[/Answer (lined) to Crowson's XClaim]

     3.   Defendant BRAGG be awarded such other and further relief as the court deems just under the circumstances.

DATED: October 20, 2006.         By:   /s/ Roy Longacre\_\_\_  
                                           Roy Longacre  
                                           Longacre Law Offices, Ltd.  
                                           425 G Street, Suite 910  
                                           Anchorage, AK 99501  
                                           longacre@alaska.com

CERTIFICATE OF SERVICE

I hereby certify that on October 20, 2006,  
I electronically filed the foregoing document  
with the Clerk of the Court using the CM/ECF  
system which will send notification to the following:

Frank A. Pfiffner, Esq.             Thomas G. Johnson, Esq.  
Hughes Thorsness Powell           Bauer, Moynihan & Johnson LLP  
Huddleston & Bauman LLC           tgjohnson@bmilaw.com  
fap@hbplaw.net

Bruce E. Falconer, Esq.           Thomas A. Matthews, Esq.  
Boyd Chandler & Falconer, LLP     Matthews & Zahare, P.C.  
bflaconer@bcf.us.com              Tom.matthews@matthewszahare.com

Robert M. Libbey, Esq.  
Libbey Law Offices, LLC  
boblibbey@alaska.net

LONGACRE LAW OFFICES, LTD.

/s/ Roy Longacre_____  
BY: Roy Longacre

*Answer to CROWSON's Cross-claim*                                                Page 4 of 4  
*Bachmann v. Bragg et. al.*                                                  Case No. 3:06:cv:00145 TMB  
                                                                           [/Answer (lined) to Crowson's XClaim]