LIBBEY LAW OFFICES, LLC
Robert M. Libbey
Colleen A. Libbey
604 W. Second Avenue
Anchorage, AK 99501
(907) 258-1815
(907) 258-1822 Fax
boblibbey@alaska.net
clibbey@alaska.net

Attorneys for Defendant
Shane D. Crowson dba Alaska
Heavy Haul Transport

IN THE  UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| J.H. BACHMANN GmbH and UTC BACHMANN, INC.,<br><br>　　　　Plaintiffs,<br><br>　v.<br>BRAGG INVESTMENT COMPANY, INC. successor-in-interest by merger to HEAVY TRANSPORT, INC., NORTHSTAR TRUCKING, INC., NORTH STAR TERMINAL AND STEVEDORE COMPANY, LLC, NORTH STAR TERMINAL AND STEVEDORE COMPANY LLC OF DELAWARE AND SHANE D. CROWSON dba ALASKA HEAVY HAUL TRANSPORT,<br><br>　　　　Defendants. | No. 3:06:CV 00145(TMB) |

**MOTION TO DISMISS FOR FAILURE TO JOIN INDISPENSABLE PARTIES AND**

**FOR LACK OF DISPUTE IN CONTROVERSY**

　　　Defendant Shane D. Crowson by and through counsel, pursuant to

Federal Civil Procedure Rules 12(b)(6), 12(b)(7) and 19, hereby

Motion to Dismiss
Bachmann v. Bragg et al.
3:06-cv-00145-TMB                                                   Page 1 of 9

PDF created with pdfFactory trial version www.pdffactory.com

moves to dismiss this action for failure to join a party needed for just adjudication. Plaintiffs have failed to join the following indispensable parties: Starkstrom Gerätebau GmbH ("SGB") and Gericke & Co. GmbH ("Gericke").  As explained below, liability could lie entirely with the above parties. Plaintiff J.H. Bachmann GmbH and UTC Bachman (collectively referred to as "Bachman"), Inc.'s failure to include those parties as defendants requires joinder, and if joinder is not possible, then dismissal. Furthermore, dismissal is required because Bachman's filing of this lawsuit is premature.

**FACTUAL BACKGROUND**

Chugach Electric purchased two electrical transformers manufactured by SGB, a German company. Complaint at ¶ 8.  Gericke agreed to ship the two electrical transformers from Germany to Alaska. Complaint at ¶ 9. Plaintiff J.H. Bachmann contracted with Gericke to transport the transformers from Germany to Anchorage, Alaska. Complaint at ¶ 10. Plaintiff J.H. Bachman contacted Plaintiff UTC Bachman to arrange for transport from Tacoma to Anchorage Alaska. Complaint at ¶ 11.  UTC Bachman then contracted with Bragg for transport from Tacoma to Anchorage. Complaint at ¶ 12.

While in Anchorage, one of the transformers tipped off a trailer being driven by defendant Shane D. Crowson and was declared

Motion to Dismiss
Bachmann v. Bragg et al.
3:06-cv-00145-TMB                                                Page 2 of 9

PDF created with pdfFactory trial version www.pdffactory.com

a total loss. Complaint at ¶¶ 16-17. The cargo underwriters commenced litigation against Gericke in Germany and claimed a loss in excess of more than one-million dollars. Complaint at ¶¶ 18, 25. In that same foreign action, Gericke filed a third party claim against Bachman. Complaint at ¶ 19. Bachman, proceeded to file this action in Alaska.

**ARGUMENT**

> **A. THE ACTION MUST BE DISMISSED FOR FAILURE TO JOIN AN INDISPENSABLE PARTY.**

Pursuant to Rule 19, all persons needed for just adjudication should be joined in a single action.[1] Fed. Civ. Proc. R. 19(a). The party raising the defense of lack of joinder, in this case, Crowson, needs to show that the absent party is needed for just adjudication. *See Rivera Rojas v. Loewen Group Int'l, Inc.*, 178 F.R.D. 356, 360-361 (U.S. D. Ct. Puerto Rico 1998). But where an initial review of the facts reveals the possibility that an unjoined party whose joinder is required under Rule 19 exists, the burden is then placed on the party whose interests are adverse to the unjoined party to negate the conclusion. *See Boles v. Greeneville Housing Authority*, 468 F.2d 476, 478 (9th Cir. 1972);

---

[1] Pursuant to Federal Civil Rule 12(b)(7), (h), failure to join a party indispensable under Rule 19 can be raised at any time.

Motion to Dismiss
Bachmann v. Bragg et al.
3:06-cv-00145-TMB                                                    Page 3 of 9

PDF created with pdfFactory trial version www.pdffactory.com

*see also* Wright & Miller § 1609 at 130 (explaining the burden to prove or disprove the existence of an indispensable party). Failure to meet the burden will result in joinder of the party or dismissal of the action. *See id.*

Pursuant to Rule 19, the first issue is whether the absent party is "necessary." *See Rojas*, 178 F.R.D. 356, 361. Rule 19(a)(1) provides that, a party is necessary if, among other things, "in the person's absence complete relief cannot be accorded among those already parties." Fed. Civ. R. 19(a)(1). That Gericke and SGB are necessary parties is easily established.

The original bill of lading between the manufacturer of the transformer, SGB, and the shipper, Gericke is critical to the defense of Crowson and any other defendants involved in the shipment of the transformers, for the original bill of lading could completely absolve defendants in this case of liability. Pursuant to *Norfolk Southern Railway Co. v. Kirby*, 543 U.S. 14, 125 S.Ct. 385 (2004), the liability, if any, of the land carrier is limited and dictated by the bill of lading issued by the ocean carrier. The *Norfolk* case explains that bills of lading between a cargo owner and the intermediary it contracted with for shipping from another country to the United States are maritime contracts that can limit liability not only between the cargo owner and initial shipper of the cargo but can also limit liability between the land

Motion to Dismiss
Bachmann v. Bragg et al.
3:06-cv-00145-TMB                                              Page 4 of 9

PDF created with pdfFactory trial version www.pdffactory.com

leg portions of a maritime shipment.  *See* 543 U.S. at 15-17, 125 S.Ct. at 387-390.

The facts of *Norfolk* are not unlike this case.  In *Norfolk* machinery shipped from Australia to Alabama was damaged on the final leg of a train shipment when the train derailed.  *Id*. at 18, 125 S.Ct. at 390.  The railroad shipper sought to limit its liability based on a contract that the upstream carriers negotiated for delivery. The manufacturer, Kirby, in negotiating the initial bill of lading had accepted a contractual liability limitation. *See id*. at 543 U.S. at 19, 125 S.Ct. at 390.  Kirby hired another entity to actually ship the cargo, and that entity limited liability to $500 in its bill of lading. *See* 543 U.S. at 21, 125 S.Ct. at 392.  Norfolk was eventually hired to transport the equipment on land.  Norfolk argued its liability was limited to that in the initial bills of lading of $500 and the U.S. District court agreed. *See* 543 U.S. at 21, 22; 125 S.Ct. at 391, 392.  The U.S. Supreme Court ultimately treated the contract as a maritime contract and affirmed the finding of limited liability.  In the present case, the billing of lading between Gericke and SGB likewise could dictate the liability of all defendants.  To that end, the parties are necessary because the current defendants cannot obtain "complete relief" without the presence of Gericke and SGB.  Thus, Rule 19(a) is satisfied.

Motion to Dismiss
Bachmann v. Bragg et al.
3:06-cv-00145-TMB                                                Page 5 of 9

PDF created with pdfFactory trial version www.pdffactory.com

Perhaps even more importantly, Gericke and SGB are necessary because their conduct in packaging the transformer, and providing instructions and warnings for its safe transport, could be the reason the transformer was ultimately damaged, thereby making them liable for the more than one million dollar loss.  The transformer was a 235,000 pound unit that  tipped off a trailer due to load in-balance.   SGB, the manufacturer for the transformer would know, better than anyone else the degree of stability of the transfer.

As the manufacturer, it should have properly marked the transformer, and instructed and warned, regarding affected weight distribution so it could be properly loaded for shipping. Furthermore, Gericke should have ensured that the transformer was properly loaded, marked and labeled for shipping by other carriers in the carrier train.  Because these German companies could have independent liability for the entire loss of the transformer, or at a minimum, at least a significant portion of any contribution, they must be parties to this lawsuit, otherwise the current defendants cannot obtain "complete relief" in accordance with Rule 19(a).

Where a necessary party has not been joined the issue then becomes whether the party is truly "indispensable," and the Court must conduct an inquiry under Rule 19(b) as to whether dismissal of the entire action is required. *See* Fed. Civ. R. 19(b).  The Court must therefore determine if "in the interests of efficiency and

Motion to Dismiss
Bachmann v. Bragg et al.
3:06-cv-00145-TMB                                                    Page 6 of 9

PDF created with pdfFactory trial version www.pdffactory.com

fairness, it is so important to join the absent party that the case should not proceed at all." *Rojos*, 178 F.R.D. at 362-363 (finding dismissal appropriate where plaintiff failed to join a person that was a party to the contract at issue); *H&H International Corp. v. J. Pillechia Trucking, Inc.* 119 F.R.D. 352, 354-55 (U.S. D. N.Y. 1988) (affirming dismissal of action brought by shipper against carrier, where shipper failed to join a party hired to assist in delivery of the goods). The facts that make the joinder of Gericke and SGB necessary also make the parties indispensable, for if the German companies could be liable for the loss, the action cannot proceed against Crowson or any other defendants.

### B. THE ACTION MUST BE DISMISSED FOR LACK OF RIPENESS.

More importantly though, Bachman's filing of the current law suit is not ripe. Bachman, the plaintiff in this case is already a defendant in the related German action. If that lawsuit determines that Bachman is not liable for any damages, but rather that the German companies are liable, this action would be moot. There must be an "injury in fact" to have standing. *Takhar v. Kessler*, 76 F.3d 995, 999-1000 (9th Cr. 1996) (citations omitted). The Plaintiffs claimed injury is premised on a speculative result in the German suit. Bachman's filing of this law suit is essentially an indemnity action by Bachman, who is a target of the subrogation action in Germany. Bachman has not been found liable

Motion to Dismiss
Bachmann v. Bragg et al.
3:06-cv-00145-TMB                                                    Page 7 of 9

PDF created with pdfFactory trial version www.pdffactory.com

yet in the German case, and until it is found liable, this cause of action is not ripe.

**CONCLUSION**

For the foregoing, the motion should be granted and the action dismissed.

Dated at Anchorage, Alaska this 12th day of January, 2007.

> LIBBEY LAW OFFICES, LLC
> Counsel for Shane Crowson dba
> Alaska Heavy Haul Transport
>
> By:  s/Colleen A. Libbey
> Colleen A. Libbey ABA 0012104
> 604 West 2nd Ave.
> Anchorage, AK 99501
> Phone: (907) 258-1815
> Fax: (907) 258-1822
> clibbey@alaska.net
>
> By:  s/Robert M. Libbey
> Robert M. Libbey ABA 6404014
> 604 West 2nd Ave.
> Anchorage, AK 99501
> Phone: (907) 258-1815
> Fax: (907) 258-1822
> boblibbey@alaska.net

This is to certify that the foregoing
is being served electronically to:

Frank Pfiffner, Esq.
fap@hbplaw.net
Attorney for Plaintiffs

Thomas A. Matthews, Esq.
tom.matthews@matthewszahare.com
Attorney for Defendant Northstar Trucking, Inc.

Bruce E. Falconer, Esq.
bfalconer@bcf.us.com
Attorney for Defendant Northstar Trucking, Inc.

Thomas G. Johnson

Motion to Dismiss
Bachmann v. Bragg et al.
3:06-cv-00145-TMB                                          Page 8 of 9

PDF created with pdfFactory trial version www.pdffactory.com

tgjohnson@bmjlaw.com
Attorney for Defendant North Star Terminal And
Stevedore, LLC and North Star Terminal And
Stevedore, LLC Of Delaware

Roy L. Longacre, Esq.
longacre@alaska.com
Attorney for Defendant Bragg Investment Company, Inc.
successor-in-interest by merger to Heavy Transport, Inc.


On: January 12, 2007   By: s/Colleen A. Libbey

N:\DATA\Colleen\Civil Cases\Crowson, Bachman v\pldg\MOTION DISMISS.wpd

Motion to Dismiss
Bachmann v. Bragg et al.
3:06-cv-00145-TMB                                        Page 9 of 9

PDF created with pdfFactory trial version www.pdffactory.com