Frank A. Pfiffner
Hughes Bauman Pfiffner
Gorski & Seedorf, LLC
3900 C Street, Suite 1001
Anchorage, Alaska  99503
Telephone Number:    (907) 263-8241
Facsimile Number:    (907) 263-8320
FAP@hbplaw.net
ABA No. 7505032

Attorneys for Plaintiff J.H. Bachmann GmbH and
UTC Bachmann, Inc.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| J.H. BACHMANN GmbH and UTC BACHMANN, INC.,<br><br>              Plaintiffs,<br><br>vs.<br><br>BRAGG INVESTMENT COMPANY, INC. successor-in-interest by merger to HEAVY TRANSPORT, INC., NORTHSTAR TRUCKING, INC., NORTH STAR TERMINAL AND STEVEDORE COMPANY, LLC, NORTH STAR TERMINAL AND STEVEDORE COMPANY, LLC OF DELAWARE and SHANE D. CROWSON dba ALASKA HEAVY HAUL TRANSPORT,<br><br>              Defendants. | Case No. 3:06:cv:00145 TMB |

### BACHMANN'S OPPOSITION TO CROWSON'S MOTION TO DISMISS

*Bachmann v. Bragg Inv., et al.*
Bachmann's Opposition to Crowson's Motion to Dismiss
Case No.: 3:06:cv:00145 TMB
 (9010-1/255852)

## INTRODUCTION

The motion to dismiss is mooted by litigation developments not cited in the motion. All defendants necessary for complete adjudication of the dispute are present in litigation pending in the United States District Court for the District of Alaska. The ripeness argument is without merit because there is a real dispute over money that has already been paid. The motion to dismiss should be denied.

## FACTS

Shane Crowson ("Crowson") was the driver of the truck with an attached trailer that tipped over on December 2, 2004, and resulted in a constructive total of an electrical transformer.[1] Crowson has now filed a motion to dismiss based on a Fed. R. Civ. P. 19 argument that Starkstrom Geratebau GmbH ("SGB"), the manufacturer of the transformer, and Gericke & Co. GmbH ("Gericke"), the original carrier of the goods, should have been named as parties.[2] Crowson also complains that the claims of J.H. Bachmann and UTC Bachmann, Inc. ("Bachmann") are not yet ripe.[3]

Crowson was apparently unaware of litigation developments that moot the SGB joinder and mootness arguments. Prior to the time that Crowson filed its motion, Delta

---

[1] Complaint at ¶¶ 15-17.

[2] Complaint at ¶¶ 8-9 and Motion to Dismiss at 2.

[3] Motion to Dismiss at 2.

*Bachmann v. Bragg Inv., et al.*
Bachmann's Opposition to Crowson's Motion to Dismiss
Case No.: 3:06:cv:00145 TMB
(9010-1/255852)

Page 2 of 11

Lloyd Schadeverzekering N.V. ("Delta") commenced litigation in the United States District Court for the District of Alaska, Case No.: 3:06-cv-00274 TMB, against the defendants in this litigation. Delta is the lead Dutch insurer that paid SGB for the transformer loss and was assigned and is subrogated to SGB's right to recover for the loss.[4]

The parties in this litigation recently had a scheduling conference on January 23, 2007.[5] At that conference, Bachmann's counsel proposed that the Delta litigation be consolidated with the Bachmann litigation pursuant to Fed.R.Civ.P. 42(a).[6] The parties are considering a stipulation for consolidation.[7] If a consolidation stipulation cannot be reached, Bachmann will file a motion to consolidate.[8]

---

[4] *See* Ex. A, Delta Complaint at ¶¶ 2 and 23-24.

[5] *See* Ex. B, Aff. of Frank A. Pfiffner. Although this case has been at issue for some time, the court did not issue a scheduling order. Counsel decided to proceed with a scheduling conference in the absence of a court order. *Id.*

[6] *See* Ex. B, Aff. of Frank A. Pfiffner.

[7] *Id.*

[8] *Id.*

*Bachmann v. Bragg Inv., et al.*
Bachmann's Opposition to Crowson's Motion to Dismiss
Case No.: 3:06:cv:00145 TMB
(9010-1/255852)

Several other salient facts were omitted from the motion to dismiss or misperceived in it. There is German litigation pending among Delta, Gericke, and Bachmann in the Court of Hamburg. A judgment has been rendered in favor of Delta.[9]

Contrary to Crowson's assumption of an original bill of lading for the transport,[10] the German court found that the agreement for the transport was oral.[11] The German court also found that there were no limitations of liability to minimize the amount of the damages.[12] The German judgment has been appealed, the appeal is pending, and the judgment has not yet been paid.[13]

Crowson also erroneously assumes that the transformer was packaged.[14] In fact, as evidenced by a photograph of the damaged transformer, there was no packaging.[15] Finally, Crowson erroneously assumes that Bachmann has not sustained a loss yet. In

---

[9] See Ex. C, a copy of the judgment in German. Attached hereto as Ex. D is an English translation of the judgment from the office Bachmann's German counsel. See Ex. B, Aff. of Frank A. Pfiffner.

[10] Motion to Dismiss at 4.

[11] See Ex. D at 4, ¶ 2a.

[12] See Ex. D. 5-7, and 11.

[13] See Aff. of Frank A. Pfiffner.

[14] Motion to Dismiss at 6.

[15] See Ex. E.

*Bachmann v. Bragg Inv., et al.*
Bachmann's Opposition to Crowson's Motion to Dismiss
Case No.: 3:06:cv:00145 TMB
(9010-1/255852)
Page 4 of 11

fact, Bachmann has allegedly well over $200,000 in losses that have already been incurred by it.[16]

## ARGUMENT

### A. All Persons Who Arguably Should Be Joined As Parties Have Been Or Will Be Joined As Parties When the Delta Suit Is Consolidated With The Bachmann Litigation.

Bachmann has presented factual information to support its opposition to the motion to dismiss. When considering a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(7), it is appropriate for the court to consider the facts presented.[17]

Crowson misperceives SGB as a party who should be joined. Delta, SGB's insurer, has paid for the loss and has been assigned SGB's rights.[18] An assignor of rights and liabilities is generally not needed for a just adjudication of a suit brought by the assignee.[19] Indeed, in most cases, the assignor would not even be a proper party inasmuch as the assignor may have lost the right to bring an independent action by virtue

---

[16] *See* Complaint at 7. The claimed losses are cargo insurance for the electrical transformer shipment in the amount of $4,927.84; ocean freight for the electrical transformer shipment in the amount of $94,750.00; and U.S. assembly of the electrical transformer in the amount of $24,721.00; U.S. transportation costs in the amount of $103,650.

[17] *Albahary v. City and Town of Bristol*, 963 F. Supp. 150, 156 n.2 (D. Conn. 1997).

[18] *See* n. 4 *supra*.

[19] 7 C. Wright, A. Miller, and M. Kane, Federal Practice and Procedure § 1613 at 185 (2001).

*Bachmann v. Bragg Inv., et al.*
Bachmann's Opposition to Crowson's Motion to Dismiss
Case No.: 3:06:cv:00145 TMB
(9010-1/255852)

Page 5 of 11

of the assignment.[20]  Any defenses or claimed fault allocation that Crowson might have as a result of the conduct of SGB can be raised with the proposed consolidation of the Delta litigation in that Delta will be subject to those defenses and fault allocation.  Simply put, SGB no longer has an interest in the litigation.

Crowson thinks that he may have a litigation defense based on a Himalaya Clause in a bill of lading.[21]  The problem with that argument is that the bill of lading does not exist according to the German judgment.[22]  If there were such a clause, Bachmann would have had every incentive to uncover it and assert the defense, which would have been equally applicable to it.  Even if somehow there were such a bill of lading with such a clause, Crowson could find the defense through discovery and assert it.  Additional parties are not needed for the defense.

COGSA limitations of liability,[23] applicable in *Norfolk Southern Railway Co. v. Kirby, Pty Ltd.*,[24] are not available here because there is no Himalaya Clause making the

---

[20] *Id.*

[21]  A bill of lading extending liability limitations to downstream parties is known as a "Himalaya Clause" based on an English case involving a steamship called *Himalaya*. *Norfolk Southern Railway Co. v. Kirby, Pty Ltd.*, 543 U.S. 14, 20 n.2 (2004), citing *Adler v. Dickson*, [1955] 1 Q.B. 158 (C.A.).

[22] *See* Ex. D at 4.

[23]  *See* 46 U.S.C. § 1303-04.

[24]  543 U.S. 14 (2004).

*Bachmann v. Bragg Inv., et al.*
Bachmann's Opposition to Crowson's Motion to Dismiss
Case No.: 3:06:cv:00145 TMB
(9010-1/255852)

limitations of liability applicable to the land portion of the shipment. Unless there is an agreement of the parties to the contrary, COGSA does not apply after cargo is discharged from a ship.[25]

The lack of a bill of lading destroys one of the main arguments for the need to add Gericke as well. Gericke simply is not a necessary party. If the judgment against Gericke is upheld and there are no applicable defenses, the judgment will eventually have to be paid by Bachmann, who, as between Gericke and Bachmann, was responsible for the transformer at the time of the loss. In other words, there will be no impairment of Gericke's interest by its absence from the case.[26] Thus Bachmann's claim against each of the defendants and/or the claim of Delta will cover the entire loss and not subject the defendants to the possibility of inconsistent or multiple liability. In summary, there will be no Fed R. Civ. P. 19(a)(2)(ii) in the pending litigation.

Crowson's claim that Gericke might have some failure to warn liability is without merit. First, as to Bragg, which assumed responsibility for transport of the transformer from the port of Tacoma to the Anchorage construction site, it has absolute or strict

---

[25] 46 U.S.C. § 1301(e); *Eutectic Corp. v. M/V Gudmundra*, 367 F. Supp. 681 (S.D.N.Y. 1973), and *Remington Rand, Inc. v. American Export Lines*, 132 F. Supp. 129 (S.D.N.Y. 1955).

[26] *See* Fed. R. Civ. P. 19(a)(2)(i).

*Bachmann v. Bragg Inv., et al.*
Bachmann's Opposition to Crowson's Motion to Dismiss
Case No.: 3:06:cv:00145 TMB
(9010-1/255852)

liability for "actual loss or injury to property" under the Carmack Amendment.[27] As to the remaining defendants who are subject to potential tort liability for the loss, any Gericke liability in terms of percentage of fault is something that Bachmann as claimant would be responsible for. Other courts have held that joinder of a shipper such as Gericke is not dictated by Fed. R. Civ. P. 19.[28] Thus there is no reason to add Gericke. In short, in accordance with the dictates of Fed. R. Civ. P. 19(a)(1), complete relief can be accorded among the parties who are present in the United States District Court for the District of Alaska.

Besides the attempted addition of Gericke would raise *in personam* jurisdiction issues by Gericke, a foreign company that likely did not do business in Alaska. Given the relationship of the present parties, there is no need to require the presence of a superfluous party that might result in dismissal of the claim and no remedy anywhere for the loss. Certainly the defendants in the Alaska action would claim that they are not subject to jurisdiction in Germany. Thus Bachmann had no choice but to bring this action in Alaska without Gericke as a party and in fairness and equity that choice should not be impaired.

---

[27] 49 U.S.C. § 14706. See *Missouri Pacific R.R. Co. v. Elmore & Stahl*, 377 U.S. 134, 137 (1964).

[28] *Southern Ry. Sys. v. Leyden Shipping Corp.*, 290 F. Supp. 742, 744 (S.D.N.Y. 1968).

*Bachmann v. Bragg Inv., et al.*
Bachmann's Opposition to Crowson's Motion to Dismiss
Case No.: 3:06:cv:00145 TMB
(9010-1/255852)

### B. The Dispute is Ripe.

The basic rationale of the ripeness doctrine is to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements.[29] The ripeness inquiry requires the examination of both the fitness of the issue for judicial decision and the hardship to the parties of withholding court consideration.[30] Whether a case is "fit" depends on whether it could benefit from further factual development.[31] Regarding the hardship prong, plaintiff must allege that it has sustained or is immediately in danger of sustaining some direct injury.[32]

With the addition of the Delta claim by consolidation, there can be no doubt that there is a "fit" case with a present dispute over damages. Delta paid the transformer loss and is entitled to seek recovery of that loss from claimed responsible parties.

In addition, Bachmann has incurred real losses of over $200,000 from the destruction of the transformer. Besides it faces the imminent prospect of substantial greater losses as a result of the German judgment. Bachmann's lawsuit is not simply an inchoate assertion of an indemnity claim. There are real losses that Bachmann seeks to recover and has no other available forum for seeking those damages. Bachmann would

---

[29] *Pub. Water Supply Dist. No. 10 of Cass County, Mo. v. City of Peculiar*, 345 F.3d 570, 572-73 (8th Cir. 2003).

[30] *Id.*

[31] *Id.*

[32] *Id.*

*Bachmann v. Bragg Inv., et al.*
Bachmann's Opposition to Crowson's Motion to Dismiss
Case No.: 3:06:cv:00145 TMB
(9010-1/255852)
Page 9 of 11

endure extreme hardship if it could not assert its claim against the potentially responsible defendants in the present forum as it would have no other place to assert those claims.

## CONCLUSION

The present lawsuit when combined with the Delta litigation represents a collection of all necessary parties who have real losses.  The motion to dismiss should be denied.

DATED at Anchorage, Alaska, this 29th day of January, 2007.

> HUGHES BAUMAN PFIFFNER
> GORSKI & SEEDORF, LLC
> Attorneys for Plaintiff J.H. Bachmann GmbH and UTC Bachmann, Inc.
>
> By:  s/ Frank A. Pfiffner
> Frank A. Pfiffner
> 3900 C Street, Suite 1001
> Anchorage, Alaska  99503
> Telephone: 907-274-7522
> Facsimile: 907-263-8320
> FAP@hbplaw.net
> ABA No. 7505032

*Bachmann v. Bragg Inv., et al.*
Bachmann's Opposition to Crowson's Motion to Dismiss
Case No.: 3:06:cv:00145 TMB
 (9010-1/255852)

Page 10 of 11

<u>Certificate of Service</u>

   I hereby certify that on the 29th day of January, 2007, a copy of the foregoing Bachmann's Opposition to Crowson's Motion to Dismiss was served electronically on:


Thomas G. Johnson
Bauer Moynihan & Johnson LLP
2101 4th Avenue, 24th Floor
Seattle, WA  98121

Thomas A. Matthews
Matthews & Zahare, PC
430 W. 7th Avenue, Suite 207
Anchorage, AK  99501

Bruce E. Falconer
Boyd, Chandler & Falconer, LLP
911 W. 8th Avenue, Suite 302
Anchorage, AK  99501

Roy L. Longacre
Longacre Law Offices, Ltd.
425 G Street, Suite 910
Anchorage, AK  99501

Robert M. Libbey
Libbey Law Offices
604 West 2nd Avenue
Anchorage, AK  99501


<u>s/Frank A. Pfiffner</u>



*Bachmann v. Bragg Inv., et al.*
Bachmann's Opposition to Crowson's Motion to Dismiss
Case No.: 3:06:cv:00145 TMB
 (9010-1/255852)