Marc G. Wilhelm (8406054)
RICHMOND & QUINN, PC
360 "K" Street, Suite 200
Anchorage, Alaska 99501
PH:  (907) 276-5727
FAX: (907) 276-2953

Attorneys For Plaintiff
Delta Lloyd Schadeverzekering N.V.

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| DELTA LLOYD SCHADEVERZEKERING N.V., | )<br>)<br>) |
| Plaintiff, | )<br>)<br>) |
| v. | )<br>) |
| UTC BACHMANN, INC., HEAVY TRANSPORT, INC., BRAGG INVESTMENT COMPANY, INC., NORTHSTAR TRUCKING, INC., ALASKA HEAVY HAUL TRANSPORT, SHANE D. CROWSON, NORTH STAR TERMINAL AND STEVEDORE COMPANY LLC, and NORTH STAR TERMINAL AND STEVEDORE COMPANY LLC OF DELAWARE, | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| Defendants. | ) Case 3:06-cv-_____<br>)<br>) |

**COMPLAINT**

COMES NOW plaintiff, DELTA LLOYD SCHADEVERZEKERING N.V., by and through counsel, Richmond & Quinn, and for its complaint in this matter complains and alleges as follows.

**Ex. A, p. 1 of 17**

1.  This lawsuit arises out of damage to a transformer that was manufactured by Starkstrom-Gerätebau GmbH, a German corporation (hereinafter SGB), and that was sold through Smit Transformatoren B.V., a Dutch corporation (hereinafter Smit), to Chugach Electric Association, Inc., an Alaska corporation headquartered in Anchorage, Alaska (hereinafter Chugach Electric).  The transformer, weighing approximately 234,000 pounds, was being transported to Chugach Electric when, on or about December 2, 2004, the transformer fell off the trailer on which it was being transported in the vicinity of 94th Avenue and Old Seward Highway in Anchorage, Alaska.  The transformer was a total loss.

## PARTIES

2.  Plaintiff Delta Lloyd Schadeverzekering N.V. is a foreign corporation incorporated in and with its principal place of business in the Netherlands (hereinafter DLS).  DLS is authorized to bring this lawsuit.

3.  Upon information and belief, defendant UTC Bachmann, Inc. is a New York corporation with its principal place of business in New York, New York.

LAW OFFICES
RICHMOND & QUINN
A PROFESSIONAL CORPORATION
360 K STREET, SUITE 200
ANCHORAGE, ALASKA 99501-2038
(907) 276-5727
FAX (907) 276-2953

4.  Defendant Heavy Transport, Inc. is a California corporation with its principal place of business in California.

5.  Defendant Bragg Investment Company, Inc. is the successor in interest by merger to Heavy Transport, Inc. Bragg Investment Company, Inc. is liable for the debts, contractual obligations and liabilities of Heavy Transport, Inc.  Bragg Investment Co. was at all relative times a California corporation with its principal place of business in California.  (Bragg Investment Company, Inc. and Heavy Transport, Inc. will hereinafter jointly be referred to as Heavy Transport).

6.  Defendant Northstar Trucking, Inc. is an Alaska corporation with its principal place of business in Anchorage, Alaska.

7.  Defendant Alaska Heavy Haul Transport is an unincorporated business located in Anchorage, Alaska.  Upon information and belief, Alaska Heavy Haul Transport is a sole proprietorship owned by defendant Shane Crowson.

8.  Defendant North Star Terminal and Stevedore Company, LLC of Delaware is a Delaware limited Liability Company with its principal place of business in Alaska, and

does business in Alaska as North Star Terminal and Stevedore, LCC, an Alaska Limited Liability Company with its principal place of business in Alaska (hereinafter jointly referred to as North Star Terminal).

9. Defendant Shane D. Crowson is, and was at all relevant times, a citizen of the State of Alaska and owns Alaska Heavy Haul Transport (hereinafter Shane Crowson).

### JURIDICTION AND VENUE

10. This court has original jurisdiction over this matter because the amount in controversy exceeds the value of $75,000 exclusive of interest and costs and is between citizens of a state and citizens or subjects of a foreign state. See 28 U.S.C. § 1332(a)(2).

11. In addition, this court has original jurisdiction on the grounds the complaint raises a federal question. See 28 U.S.C. § 1331.

12. Venue is proper in this district under 28 U.S.C. § 1391 on the grounds that a substantial part of the events or omissions giving rise to the claim occurred within this judicial district.

LAW OFFICES
RICHMOND & QUINN
A PROFESSIONAL CORPORATION
350 K STREET, SUITE 200
ANCHORAGE, ALASKA 99501-2038
(907) 276-5727
FAX (907) 276-2953

## GENERAL ALLEGATIONS AS TO CLAIMS FOR RELIEF

13. SGB, through Smit, sold a transformer to Chugach Electric for the approximate price of $840,972.

14. SGB contracted with Gericke & Co. GmbH Internationale Spedition and/or Gericke GmbH Internationale Spedition), both German Corporations (hereinafter jointly referred to as Gericke), for Gericke to provide shipping for the electrical transformer from Regensburg, Germany, the point of manufacture, to the South Anchorage Substation of Chugach Electric in Anchorage, Alaska (hereinafter the destination in Anchorage, Alaska will be referred to as the South Anchorage Substation).

15. Gericke in turn requested J.H. Bachmann GmbH, a German corporation situated in Bremen, Germany, to assist it in transporting or obtaining transportation for the electrical transformer from the port of Bremerhaven, Germany to the South Anchorage Substation.

16. J.H. Bachmann GmbH, contracted with defendant UTC Bachmann, Inc. for UTC Bachmann, Inc. to arrange for the carriage of the transformer for that portion of the route from Tacoma, Washington to the South Anchorage Substation (the final delivery point for the transformer).

COMPLAINT
DELTA LLOYD SCHADEVERZEKERING N.V. v. UTC BACHMANN, ET AL.,
PAGE 5 OF 17

Ex. A, p. 5 of 17

17. Defendant UTC Bachmann, Inc. and/or J.H. Bachmann GmbH entered into a contract with Heavy Transport, dated September 1, 2004 for shipment of the electrical transformer from the Port of Tacoma to the South Anchorage Substation.

18. Heavy Transport in turn entered into a contract with Northstar Trucking, Inc. to transport the transformer from the port of entry in Anchorage, Alaska to the South Anchorage Substation.

19. Heavy Transport entered into a contract with North Star Terminal dated 20 October 2004 for North Star Terminal to provide services, including loading and unloading services, to transfer the transformer from a railcar to a truck at the Port of Anchorage.

20. Northstar Trucking, Inc. subcontracted with Alaska Heavy Haul Transport, a business owned by Shane Crowson, and situated in Alaska, to supply vehicles and drivers to carry the transformer from the Port of Anchorage to the South Anchorage Substation.

21. On or around December 2, 2004, while the electrical transformer was being transported from the Port of Anchorage to the South Anchorage Substation on a truck driven

by Shane Crowson, the transformer fell off of the trailer carrying it.

22. The damage to the transformer was so extensive that it was declared a total constructive loss.

23. Plaintiff DLS paid 720,240.24 Euro to Smit, which was the value of the damage to the transformer, less recovered costs. Plaintiff also paid 11,339.15 Euro and 9,722.30 Euro for survey and other costs related to investigating and responding to the loss.

24. Plaintiff DLS has by assignment and operation of law, received from Smit (its insured) and from SGB assignment of the claims against persons or parties who may be responsible for the loss to the transformer. In addition, DLS, as lead insurer is authorized by other insurers on the risk to pursue claims against persons or parties who may be responsible for the loss to the transformer.[1]

---

[1] The other insurers on the risk are Fortis Corporate Insurance N.V., HDI Verzekeringen N.V., Generali Schadeverzekering Maatschappij N.V., Nieuwe Hollandse Lloyd Schadeverzekeringmaatschappij N.V., Nateus N.V., AEGON Schadeverzekering N.V., and ACE European Group Limited.

**COMPLAINT**
DELTA LLOYD SCHADEVERZEKERING N.V. v. UTC BACHMANN, ET AL.,
PAGE 7 OF 17

## COUNT I
**STRICT LIABILITY AGAINST UTC BACHMANN, INC.**

25. Plaintiff realleges and incorporates by reference all of its allegations in paragraphs 1 through 24 as if fully restated herein.

26. UTC Bachmann, Inc. contracted and/or undertook to arrange for the carriage of the transformer from Tacoma, Washington to the South Anchorage Substation. UTC Bachmann, Inc. is strictly liable to plaintiff for all damages occurring during shipment under 49 U.S.C. § 14706(a).

## COUNT II
**NEGLIGENCE AGAINST UTC BACHMANN, INC.**

27. Plaintiff realleges and incorporates by reference all of its allegations in paragraphs 1 through 26 as if fully restated herein.

28. UTC Bachmann, Inc. was negligent in transporting and/or arranging for the transportation for the electrical transformer. It failed to assure that qualified personnel and equipment were used to complete the shipment. Moreover, it failed to provide information relating to the center of gravity and other documents that would have assisted others in the loading of the transformer onto the Alaska Heavy Haul Transport truck in Anchorage, Alaska, or otherwise failed

LAW OFFICES
RICHMOND & QUINN
A PROFESSIONAL CORPORATION
360 K STREET, SUITE 200
ANCHORAGE, ALASKA 99501-2038
(907) 276-5727
FAX (907) 276-2953

to assure that the persons loading the transformer had access to this information. It further failed to supervise and assure that the transformer was transported to its final destination safely and within the standards of the industry.

29. UTC Bachmann, Inc.'s negligence was a proximate cause of the damage to the electrical transformer.

## COUNT III
### BREACH OF CONTRACT AGAINST UTC BACHMANN, INC.

30. Plaintiff realleges and incorporates by reference all of its allegations in paragraphs 1 through 29 as if fully restated herein.

31. The contract of carriage entered into by UTC Bachmann, Inc. required it to perform duties with respect to the transport of the transformer in a workman-like manner. The contract further expressly or impliedly required it to assure the safe transport of the electrical transformer, without damage.

32. UTC Bachmann, Inc. has breached its express and implied contractual obligations, and its breaches proximately caused the damage to plaintiff.

## COUNT IV
### STRICT LIABILITY CLAIMS AGAINST BRAGG INVESTMENT COMPANY, INC./HEAVY TRANSPORT, INC.

33. Plaintiff realleges and incorporates by reference all of its allegations in paragraphs 1 through 32 as if fully restated herein.

34. Heavy Transport contracted and undertook to arrange for the carriage of the transformer from Tacoma, Washington to the South Anchorage Substation. Heavy Transport is strictly liable to plaintiff for damage occurring during shipment under 49 U.S.C. § 14706(A).

## COUNT V
### NEGLIGENCE CLAIM AGAINST BRAGG INVESTMENT COMPANY, INC. /HEAVY TRANSPORT, INC.

35. Plaintiff realleges and incorporates by reference all of its allegations in paragraphs 1 through 34 as if fully restated herein.

36. Heavy Transport was negligent in its failure to obtain and/or supply drawings and information relating to the load characteristics of the transformer, including but not limited to the center of gravity, from and/or to others involved in the shipping of the transformer, including Northstar Trucking, Inc., North Star Terminal, Alaska Heavy Haul Transport, and Shane Crowson. As a result, the

COMPLAINT
DELTA LLOYD SCHADEVERZEKERING N.V. v. UTC BACHMANN, ET AL.,
PAGE 10 OF 17

Ex. A, p. 10 of 17

transformer was loaded improperly on the Alaska Heavy Haul Transport truck and trailer.

37. Heavy Transport was also negligent in its selection of Northstar Trucking, Inc. and/or Alaska Heavy Haul Transport and/or Shane Crowson to transport the transformer from the Port of Anchorage to the South Anchorage Substation. Heavy Transport knew or should have known that Northstar Trucking, Alaska Heavy Haul Transport and Shane Crowson did not have adequate or appropriate equipment for the hauling of the transformer.

38. Heavy Transport was further negligent in supervising the loading of the transformer from the rail car at the Port of Anchorage onto the trailer. Despite having an agent or employee at the scene, Heavy Transport allowed the transformer to be loaded onto the trailer without having a copy of the transformer drawing present. Heavy Transport further failed to assure that the transformer was properly loaded and secured onto the trailer.

39. Defendant Heavy Transport's negligence proximately caused the damage to the transformer and the resulting losses to plaintiff.

## COUNT VI
### BREACH OF CONTRACT AGAINST BRAGG INVESTMENT COMPANY, INC. /HEAVY TRANSPORT, INC.

40. Plaintiff realleges and incorporates by reference all of its allegations in paragraphs 1 through 39 as if fully restated herein.

41. The contract of carriage entered into by Heavy Transport required it to perform duties with respect to the transport of the transformer in a workman-like manner. The contract further expressly or impliedly required it to assure the safe transport of the electrical transformer, without damage.

42. Heavy Transport breached its express and implied contractual obligations, and its breaches proximately caused damage to plaintiff.

## COUNT VII
### NEGLIGENCE CLAIM AGAINST NORTHSTAR TRUCKING, INC.

43. Plaintiff realleges and incorporates by reference all of its allegations in paragraphs 1 through 42 as if fully restated herein.

44. Northstar Trucking, Inc. contracted and agreed to provide transportation for the transformer from the Port of Anchorage to the South Anchorage Substation.

45. Northstar Trucking, Inc. negligently failed to supervise or assist in the loading of the transformer on the truck and trailer that was to carry it to the South Anchorage Substation. It further failed to assure that others with responsibility for the loading and carriage of the truck had adequate and sufficient information needed to assure that the transformer was loaded correctly and safely. Northstar Trucking, Inc. failed to assure that Alaska Heavy Haul Transport and Shane Crowson had sufficient information and drawings that would show the center of gravity of the transformer or allow the proper loading of the transformer.

46. Northstar Trucking, Inc. failed to select a truck and trailer that were adequate and appropriate for carrying the transformer from the Port of Anchorage to the Chugach substation. Northstar Trucking, Inc. was further negligent in its selection and hiring of Alaska Heavy Haul Transport and/or Shane Crowson.

47. Northstar Trucking, Inc. was otherwise negligent in its failure to assure that the transformer was properly loaded and secured, and transported from the Port of Anchorage to the South Anchorage Substation.

COMPLAINT
DELTA LLOYD SCHADEVERZEKERING N.V. v. UTC BACHMANN, ET AL.,
PAGE 13 OF 17

Ex. A, p. 13 of 17

48. Northstar Trucking, Inc.'s negligence was a proximate cause of the damage to plaintiff.

### COUNT VIII
### NEGLIGENCE CLAIM AGAINST ALASKA HEAVY HAUL TRANSPORT /SHANE CROWSON

49. Plaintiff realleges and incorporates by reference all of its allegations in paragraphs 1 through 48 as if fully restated herein.

50. Shane Crowson, doing business as Alaska Heavy Haul Transport, contracted and agreed to supply a truck and trailer to transport the transformer from the Port of Anchorage to the South Anchorage Substation.

51. While Shane Crowson was transporting the transformer the transformer fell off of the trailer and was severely damaged.

52. Alaska Heavy Haul Transport and/or Shane Crowson were negligent in

(a) Failing to provide a trailer with sufficient capacity to haul a transformer that weighed 234,000 pounds;

(b) Failing to assure that the transformer was safely and properly loaded onto its trailer prior to beginning the transport of the transformer;

(c) Failing to assure that the transformer was adequately secured and lashed to the trailer; and

(d) Driving the truck and trailer so as to cause the transformer to fall off of the trailer.

53. In addition, Alaska Heavy Haul Transport and/or Shane Crowson failed to abide by the conditions attached to the load permit issued to Northstar Trucking, Inc., failed to maintain a log regarding the transport of the transformer, and negligently operated a vehicle that had not had its annual vehicle inspection as required by Alaska law.

54. In addition, Alaska Heavy Haul Transport and/or Shane Crowson negligently failed to report to the Anchorage Police Department that the accident had occurred.

55. Alaska Heavy Haul Transport's and/or Shane Crowson's negligence were a proximate cause of the damage to the transformer and to plaintiff.

**COUNT IX**
**NEGLIGENCE CLAIM AGAINST NORTH STAR TERMINAL AND STEVEDORE COMPANY LLC AND NORTH STAR TERMINAL AND STEVELORE COMPANY LLC OF DELAWARE**

56. Plaintiff realleges and incorporates by reference all of its allegations in paragraphs 1 through 55 as if fully restated herein.

LAW OFFICES
RICHMOND & QUINN
A PROFESSIONAL CORPORATION
360 K STREET, SUITE 200
ANCHORAGE, ALASKA 99501-2038
(907) 276-5727
FAX (907) 276-2953

57. North Star Terminal supplies cranes at the Port of Anchorage to move goods from rail cars to flatbed truck trailers.

58. North Star Terminal negligently failed to assure that the trailer provided by Alaska Heavy Haul Transport and/or Shane Crowson was properly leveled prior to loading the transformer onto the trailer.

59. North Star Terminal negligently failed to prepare a work plan that assured that the transformer was loaded safely and properly on the trailer provided by Alaska Heavy Haul Transport and/or Shane Crowson, or assure that a work plan was in place before loading the transformer on the trailer.

60. North Star Terminal negligently failed to perform its duties in a competent manner by rushing the job of loading the transformer onto the trailer so that it could use its cranes elsewhere.

### PRAYER FOR RELIEF

WHEREFORE, the plaintiff prays for an award from the court as follows:

A. An award of monetary damages in the amount of Euro 741,301.69 (approximately USD $977,961.54);

B. Allowable interest, costs, and attorney fees; and

C. Any other equitable or monetary relief as the Court deems appropriate.

DATED this 30th day of November, 2006 Anchorage, Alaska.

          RICHMOND & QUINN
          Attorneys for Plaintiff

       By: _____
          Marc G. Wilhelm
          Alaska Bar No. 8406054

2259\003\PLD\COMPLAINT

LAW OFFICES
RICHMOND & QUINN
A PROFESSIONAL CORPORATION
360 K STREET, SUITE 200
ANCHORAGE, ALASKA 99501-2038
(907) 276-5727
FAX (907) 276-2953

COMPLAINT
DELTA LLOYD SCHADEVERZEKERING N.V. v. UTC BACHMANN, ET AL.,
PAGE 17 OF 17

Ex. A, p. 17 of 17