Thomas A. Matthews, Esq.
Matthews & Zahare, P.C.
431 W. 7th Ave., Suite 207
Anchorage, AK 99501
Phone: (907) 276-1516
Fax: (907) 276-8955
tom.matthews@matthewszahare.com

Bruce E. Falconer, Esq.
Boyd, Chandler & Falconer, LLP
911 W. 8th Ave., Suite 302
Anchorage, Alaska  99507
(907) 272-8401
bfalconer@bcf.us.com

Counsel for Defendant Northstar Trucking, Inc.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA AT ANCHORAGE

| | |
|---|---|
| J.H. BACHMANN GmbH and UTC BACHMANN, INC., <br><br> Plaintiffs, <br> vs. <br><br> BRAGG INVESTMENT COMPANY, INC. successor-in-interest by merger to HEAVY TRANSPORT, INC., NORTHSTAR TRUCKING, INC., NORTH STAR TERMINAL and STEVEDORE COMPANY, LLC, NORTH STAR TERMINAL and STEVEDORE COMPANY, LLC OF DELAWARE and SHANE D. CROWSON dba ALASKA HEAVY HAUL TRANSPORT, <br><br> Defendants. | Case No. 3:06:cv 00145 TMB |

**SCHEDULING AND PLANNING
CONFERENCE REPORT**

Scheduling and Planning Conference Report
*Bachmann v. Bragg Inv., et al.* / 3:06:cv 00145 TMB
TAM:jlw/1442-1/SchPlanningRpt3-5-07                                    Page 1 of 10

1. **Meeting**. In accordance with Fed. R. Civ. P. 26(f), a meeting was held on **January 23, 2007** and was attended by:

**Frank Pfiffner, Counsel for Plaintiffs
Tom Johnson, Counsel for North Star Terminal & Stevedore LLC
Roy L. Longacre, Counsel for Bragg Investment Co.
Thomas A. Matthews, Counsel for Northstar Trucking, Inc.
Robert Libbey, Counsel for Shane Crowson**

In addition, various e-mails and phone calls were exchanged, along with draft Planning Reports. A further meeting of all counsel was held on **March 2, 2007** and was attended by:

**Frank Pfiffner, Counsel for Plaintiffs
Tom Johnson, Counsel for North Star Terminal & Stevedore LLC
Roy L. Longacre, Counsel for Bragg Investment Co.
Bruce Falconer, Counsel for Northstar Trucking, Inc.
Thomas A. Matthews, Counsel for Northstar Trucking, Inc.
Robert Libbey, Counsel for Shane Crowson
Marc Wilhelm, Counsel for Delta Lloyd Schadeverzekering N.V.**

Based upon the various meetings, and discussions of counsel, the parties submit the following report to the court and recommend the following deadlines.

2. **Preliminary Matters**

a. **Consolidation.** A companion case arising out of the same accident has been filed by subrogated insurers against all but one of the parties to the present case. (*Delta Lloyd Schadeverzekering N.V. vs. UTC Bachmann, Inc., et al.,* Case No. 3:06-cv-00274 TMB.*)* Delta Lloyd is represented by attorney Marc Wilhelm of Richmond & Quinn. Mr. Wilhelm has been afforded an opportunity to review this report and discovery plan, has provided input, and agrees with the content.

Because of the parallel cases, all parties have agreed that consolidation of the two cases is appropriate. Except for UTC Bachmann, Inc., all parties have either been served, or consented to service through counsel. Accordingly, counsel will present the court with a stipulation for consolidation of the two cases shortly.

The parties expect that this Scheduling and Planning Report will govern the consolidated action. The parties further agree that Answers or other responsive

Scheduling and Planning Conference Report
*Bachmann v. Bragg Inv., et al.* / 3:06:cv 00145 TMB
TAM:jlw/1442-1/SchPlanningRpt3-5-07                                                                 Page 2 of 10

pleadings in the Delta Lloyd matter will be due twenty (20) days after the court enters an order for consolidation, or 20 days after service of the summons and complaint as to UTC Bachmann, Inc.

      b. **Crowson's Motion to Dismiss.**  Defendant Shane Crowson d/b/a Alaska Heavy Haul Transport has filed a motion to dismiss for failure to add indispensable parties.  Crowson's motion is not yet ripe for decision.  Delta Lloyd shall have fifteen (15) days from consolidation to respond to Crowson's Motion.  The parties recognize that there is a possibility of duplicate discovery if additional parties are joined in response to Crowson's motion.  Accordingly, the parties agree to cooperate to the greatest extent possible in order to avoid discovery which may be duplicated later.

     3. **Pre-Discovery Disclosures**. The information required by Fed. R. Civ. P. 26(a)(1):

> ■ have been exchanged by the parties to this action.
> ■ will be provided by Delta Lloyd by April 16, 2007.
> ☐ will be exchanged by the parties by _____.

Proposed changes to disclosure requirements:

    Preliminary witness lists

> ☐ have been exchanged by the parties
> ■ will be exchanged by the parties by **June 1, 2007**

     4. **Contested Issues of Fact and Law**. Preliminarily, the parties expect the following issues of fact and/or law to be presented to the court at trial in this matter: (Various claims, counterclaims, and cross-claims have been asserted in this matter. The issues outlined below do not necessarily apply between each of the parties. The pleadings govern who has asserted what claims against whom and which issues apply between the various parties.)

**I. Liability**

> a. strict liability under the Carmack Amendment;
> b. the existence or not of express contractual duties;
> c. the existence or not of implied contractual duties;

Scheduling and Planning Conference Report
*Bachmann v. Bragg Inv., et al.* / 3:06:cv 00145 TMB
TAM:jlw/1442-1/SchPlanningRpt3-5-07                                                                              Page 3 of 10

    d. the existence or not of contracts, including contracts of carriage and bills of lading;

    e. the existence of breaches or not of the various contractual duties;

    f. legal causation of damages arising from any breaches of any contractual duties;

    g. indemnity obligations or not and legal causation of damages arising from breaches of any indemnity obligations.

**II. Tort**

    a. the existence or not of tort duties;

    b. breaches or not of tort duties;

    c. legal causation of damages arising from any breaches of any tort duties;

    d. vicarious liability for acts of independent contractors;

    e. liability or not for contribution.

**III. Damages**

    a. the extent of any legally caused damages arising from any breaches of contract or tort duties, or under indemnity or contribution theories.

**IV. Defenses**

    a. laches;

    b. statutes of limitation;

    c. set off;

    d. detrimental reliance;

    e. contract, contract of carriage, bill of lading, or COGSA exemptions, bars, limitations, and benefits;

    f. package limitations;

    g. the application of COGSA and associated defenses;

    h. comparative negligence;

    i. failure to mitigate;

Scheduling and Planning Conference Report
*Bachmann v. Bragg Inv., et al.* / 3:06:cv 00145 TMB
TAM:jlw/1442-1/SchPlanningRpt3-5-07    Page 4 of 10

      j. failure to mitigate damages;

      k. federal law preemption;

      l. failure to join indispensable parties;

      m. application of forum selections clauses;

      n. assumption of the risk.

   5. **Discovery Plan**. The parties jointly propose to the court the following discovery plan.

      A. Discovery will be needed on the following issues:

         1. liability of Defendants and Counterclaim and Cross-Claim Defendants (duty, breach, causation, indemnity, contribution);

         2. application of any defenses;

         3. Plaintiffs' damages;

      B. All discovery commenced in time to be completed by: **May 2, 2008.** ("discovery close date").

      C. Limitations on Discovery.

         1. Interrogatories

            ■ No change from FED. R. CIV. P. 33(a)

            ☐ Maximum of _____ by each party to any other party.

            Responses due in _____ days.

         2. Requests for Admissions.

            ■ No change from FED. R. CIV. P. 36(a).

            ☐ Maximum of _____ requests.

            Responses due in _____ days.

         3. Depositions.

            ☐ No change from FED. R. CIV. P. 30(a), (d).

            ☐ Maximum of ____ depositions by each party.

            ☐ Depositions not to exceed ____ hours unless agreed to by all parties.

Scheduling and Planning Conference Report
*Bachmann v. Bragg Inv., et al.* / 3:06:cv 00145 TMB
TAM:jlw/1442-1/SchPlanningRpt3-5-07      Page 5 of 10

■ **The parties agree there shall be no particular limit on the number of depositions, but agree that any party may seek to limit depositions if it appears another party is abusing the process by taking unnecessary depositions.**

D. Reports from retained experts.

☐ Not later than 90 days before the close of discovery subject to FED. R. CIV. P. 26(a)(2)(C).

■ Reports due:

From plaintiffs:  **2/01/08**    From defendants:  **03/07/08**

E. Supplementation of disclosures and discovery responses are to be made:

☐ Periodically at 60-day intervals from the entry of scheduling and planning order.

■ As new information is acquired, but not later than 60 days before the close of discovery.

F. A final witness list, disclosing all lay and expert witnesses whom a party  may wish to call at trial, will be due:

■ 45 days prior to the close of discovery.

☐ Not later than _____

6. **Pretrial Motions**.

☐ No change from D.AK. LR 16.1(c).

■ The following changes to D.AK. LR 16.1(c). [Check and complete all that apply]

☐ Motions to amend pleadings or add parties to be filed no later than _____.

☐ Motions under the discovery rules must be filed not later than ___.

■ Motions in limine and dispositive motions must be filed no later than **sixty (60) days from close of discovery.**

Scheduling and Planning Conference Report
*Bachmann v. Bragg Inv., et al.* / 3:06:cv 00145 TMB
TAM:jlw/1442-1/SchPlanningRpt3-5-07                                                     Page 6 of 10

7. **Other Provisions**:

 A. ■ The parties do not request a conference with the court before the entry of the scheduling order.

 ☐ The parties request a scheduling conference with the court on the following issue(s):

 B. Alternative Dispute Resolution. [D.AK. LR 16.2]

 ☐ This matter is not considered a candidate for court-annexed alternative dispute resolution.

 ■ The parties will file a request for alternative dispute resolution not later than **30 days after the deadline for dispositive motions.**

 ■ Mediation  ☐ Early Neutral Evaluation

 C. The parties ☐ do ■ not consent to trial before a magistrate judge.

 D. Compliance with the Disclosure Requirements of FED. R. CIV. P. 7.1.

 ■ All parties have complied

 ☐ Compliance not required by any party

8. **Trial**.

 A. The matter will be ready for trial:

  ■ 45 days after the discovery close date.

  ☐ not later than _____.

 B. This matter is expected to take 15 days for trial (5 days for Plaintiff and 10 days for defendants).

 C. Jury Demanded ■ Yes ☐ No

  Right to jury trial disputed? ☐ Yes ■ No

/ / /
/ / /

Scheduling and Planning Conference Report
*Bachmann v. Bragg Inv., et al.* / 3:06:cv 00145 TMB
TAM:jlw/1442-1/SchPlanningRpt3-5-07   Page 7 of 10

                    HUGHES BAUMAN PFIFFNER GORSKI & SEEDORF
                    Counsel for Plaintiffs

Date __3/5/07_____     By __s/Frank A. Pfiffner_ (consent)_____
                                   Frank A. Pfiffner, ABA #7505032
                                   3900 C Street, Suite 1001
                                   Anchorage, AK 99503
                                   Phone: (907) 274-7522
                                   Fax:  (907) 263-8320
                                   Email:  fap@hbplaw.net

                                   MATTHEWS & ZAHARE, P.C.
                                   Counsel for Northstar Trucking, Inc.

Date __3/5/07_____     By: s/Thomas A. Matthews_____
                                    Thomas A. Matthews ABA 8511179
                                    431 W. 7th Ave., Suite 207
                                    Anchorage, AK 99501
                                    Phone:  (907) 276-1516
                                    Fax:  (907) 276-8955
                                    Tom.matthews@matthewszahare.com

                                   BOYD, CHANDLER & FALCONER, LLP
                                   Counsel for Northstar Trucking, Inc.

Date _3/5/07_____     By: s/Bruce E. Falconer_(consent)____
                                  Bruce E. Falconer, ABA 8707062
                                  911 W. 8th Ave., Suite 302
                                  Anchorage, Alaska  99501
                                  Phone: (907) 272-8401
                                  Fax: (907) 274-3698
                                  bfalconer@bcf.us.com

Scheduling and Planning Conference Report
*Bachmann v. Bragg Inv., et al.* / 3:06:cv 00145 TMB
TAM:jlw/1442-1/SchPlanningRpt3-5-07                                      Page 8 of 10

                                  BAUER MOYNIHAN & JOHNSON LLP
                                  Counsel for North Star Terminal & Stevedore LLC

Date   3/5/07           By:  s/Thomas G. Johnson (consent)
                                  Thomas G. Johnson
                                  2101 Fourth Ave., 24th Floor
                                  Seattle, WA 98121
                                  Phone: (206) 443-3400
                                  Fax: (206) 448-0976
                                  Email: tgjohnson@bmjlaw.com

                                  LONGACRE LAW OFFICES, LTD.
                                  Counsel for Bragg Investment Co.

Date    3/5/07         By:  s/Roy L. Longacre_(consent)
                                  Roy L. Longacre, ABA #8211124
                                  426 G Street, Suite 910
                                  Anchorage, AK 99501
                                  Phone: (907) 276-6354
                                  Fax: (907) 279-4685
                                  Email: longacre@alaska.com


                                  LIBBEY LAW OFFICES, LLC
                                  Counsel for Shane Crowson dba Alaska Heavy Haul
                                  Transport

Date   3/5/07           By  s/Robert M. Libbey (consent)
                                  Robert M. Libbey, ABA #6404014
                                  604 West 2nd Ave.
                                  Anchorage, AK 99501
                                  Phone: (907) 258-1815
                                  Fax: (907) 258-1822
                                  Email: boblibbey@alaska.net

Scheduling and Planning Conference Report
*Bachmann v. Bragg Inv., et al.* / 3:06:cv 00145 TMB
TAM:jlw/1442-1/SchPlanningRpt3-5-07                                                                 Page 9 of 10

CERTIFICATE OF SERVICE
I certify that on 5th day of March 2007
I caused to be served by electronic mail to:

Frank A. Pfiffner, Esq.
Hughes Bauman Pfiffner
Gorski & Seedorf, LLC
3900 C Street, Suite 1001
Anchorage, AK 99503
*Counsel for Plaintiffs*

Thomas G. Johnson, Esq.
Bauer Moynihan & Johnson LLP
2101 Fourth Ave., 24th Floor
Seattle, WA 98121
*Counsel for Def. North Star Terminal &
   Stevedore LLC of Delaware*

Bruce E. Falconer, Esq.
Boyd, Chandler & Falconer, LLP
911 W. 8th Ave., Suite 302
Anchorage, AK 99501
*Counsel for Northstar Trucking, Inc.*

Roy L. Longacre, Esq.
Longacre Law Offices, Ltd
425 G. Street, Suite 910
Anchorage, AK 99501
*Counsel for Def. Bragg Investment Co.*

Robert M. Libbey, Esq.
Colleen A. Libbey, Esq.
Libbey Law Offices, LLC
604 West 2nd Ave.
Anchorage, AK 99501
*Counsel for Shane Crowson d/b/a Alaska Heavy
   Haul Transport*

      Courtesy Copy by e-mail to:
         Marc Wilhelm, Esq.
         Richmond & Quinn
         360 K Street, Suite 200
         Anchorage, AK 99501
         Counsel for Delta Lloyd

s/Thomas A. Matthews_____

Scheduling and Planning Conference Report
*Bachmann v. Bragg Inv., et al.* / 3:06:cv 00145 TMB
TAM:jlw/1442-1/SchPlanningRpt3-5-07                               Page 10 of 10