Frank A. Pfiffner
Hughes Bauman Pfiffner
Gorski & Seedorf, LLC
3900 C Street, Suite 1001
Anchorage, Alaska  99503
Telephone Number:    (907) 263-8241
Facsimile Number:     (907) 263-8320
FAP@hbplaw.net
ABA No. 7505032

Attorneys for Plaintiff J.H. Bachmann GmbH and
UTC Bachmann, Inc.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| J.H. BACHMANN GmbH and UTC BACHMANN, INC., <br><br> Plaintiffs, <br><br> vs. <br><br> BRAGG INVESTMENT COMPANY, INC. successor-in-interest by merger to HEAVY TRANSPORT, INC., NORTHSTAR TRUCKING, INC., NORTH STAR TERMINAL AND STEVEDORE COMPANY, LLC, NORTH STAR TERMINAL AND STEVEDORE COMPANY, LLC OF DELAWARE and SHANE D. CROWSON dba ALASKA HEAVY HAUL TRANSPORT, <br><br> Defendants. | <br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br> Case No. 3:06:cv:00145 TMB |

## BACHMANN'S RESPONSE TO CROWSON'S MOTION TO STAY

*Bachmann v. Bragg Inv., et al.*
Bachmann's Response to Crowson's Motion to Stay
Case No.: 3:06:cv:00145 TMB
 (9010-1/257198)

Defendant Crowson has made the unusual motion to stay his own motion to dismiss claiming that additional time will permit discovery of the terms and conditions of an original bill of lading, which in turn will assist in the resolution of his pending motion. Crowson argues that the bill of lading is "critical" to the defense of Crowson and other defendants, and states that he has a copy of a "waybill" in his possession that is difficult to read. Crowson asks the court to extend the time for response to the motion until ten days after it has received a better copy of the waybill. Plaintiffs J.H. Bachmann GmbH and UTC Bachmann, Inc. ("Bachmann") have obtained an extension of time until today to respond to the motion to stay.

While Bachmann has no opposition to the additional ten days requested by Crowson for his reply, Crowson's motion should be denied because the *oral* contract that commenced the shipment in Germany did not involve an "original" bill of lading.[1] Since the original bill of lading referenced by Crowson does not exist, the requested delay in response to the pending motion cannot and will not add to the arguments already presented.

The manner in which the shipment originated was examined by the German court in initial litigation in Germany. Contrary to Crowson's assumption that there is an original bill of lading for the transport, the German court found that the agreement for the

---

[1] *See* Bachmann's Opposition to Crowson's Motion to Dismiss at 4.

*Bachmann v. Bragg Inv., et al.*
Bachmann's Response to Crowson's Motion to Stay
Case No.: 3:06:cv:00145 TMB
(9010-1/257198)
Page 2 of 6

transport was oral.[2]  The German court also found that there were no limitations of liability that might minimize the amount of the damages.[3]  The German judgment has been appealed, the appeal is pending, and the judgment has not yet been paid.[4]

In a confused fashion, Crowson makes reference to a "waybill" produced in the litigation, and argues that it may contain limitation language that could be useful to the

---

[2]  *See* Ex. D to Bachman's Opposition to the Motion to Dismiss, dated January 29, 2007, at 4, ¶ 2a ["A written agreement for this transport does not exist and the contents of the oral agreement are in dispute."]

[3]  *See* Ex. D to Bachmann's Opposition to the Motion to Dismiss at 5-7, and 11, ¶¶ 2(c), 2(d), 2(e).  The defendants in the German appeal proceedings dispute the Hamburg court's determination that there is no limitation of liability.  In accordance with the shipping advice copy between SGB (the manufacturer of the transformers) and Bachman and attached hereto as Exhibit A and otherwise, Bachmann maintains that the following limitation of liability is applicable:  "Business is undertaken subject to the German Forwarders Standard Terms and Conditions (ADSp) latest edition.  A copy of these Terms is available upon request and as download from www.jhbachmann.com.  According to article 23 ADSp the freight forwarders liability for loss of or damage to the goods is limited to € 5,00 per kg of the consignments gross weight.  On multi-modal transport contracts or in the event of major damages liability is limited to 2,0 SDR per kg."  The transport in question from Germany to Anchorage was by its very nature multi-modal (ship, train, and truck) so defendants in the German proceeding claim a limitation of liability of two SDR per kilogram of the transformer's weight.  An SDR is a special drawing right, an International Monetary Fund ("IMF") reserve asset and unit of account.  *See* http://www.imf.org/external/np/exr/facts/sdr.htm.  The U. S. dollar value of the SDR, which is posted daily on the IMF's website, is calculated as the sum of specific amounts of the euro, Japanese yen, pound sterling, and U. S. dollar valued in U S. dollars on the basis of exchange rates quoted at noon each day in the London market.  *Id.*  The problem with the defendants' limitation of liability argument is that it was not accepted by the Hamburg court.

[4]  *See* Affidavit of Frank A. Pfiffner, dated January 29, 2007, submitted together with Bachmann's Opposition to the Motion to Dismiss.

*Bachmann v. Bragg Inv., et al.*
Bachmann's Response to Crowson's Motion to Stay
Case No.: 3:06:cv:00145 TMB
(9010-1/257198)

defense.[5]  The short answer to Crowson's request for more discovery related to the waybill is that the waybill on its face is not applicable to this case.  Crowson references Bachmann disclosure document BMB000373 in his motion for stay.[6]  The referenced waybill is for a port to port shipment of the transformers from Bremerhaven, Germany, to Tacoma, Washington.[7]  The terms and conditions of the Wallenius Wilhelmsen Lines waybill for transport between Bremerhaven, Germany and Tacoma, Washington will not alter the responsibility of the defendants because it is not a "through bill of lading," and applies only to the segment of the shipment for which it was issued.[8]  The terms and conditions on the reverse side of the way bill are not relevant to the pending motion.

The longer answer is that Bachmann has now obtained a partially legible copy of the terms and conditions of the waybill.[9]  The scope of the waybill is noted in Section 3.  It provides that "[t]his sea waybill evidences the contract of carriage from the time the Carrier accepts complete custody and control of the Goods at the Place of receipt or the

---

[5] Motion to Stay at 2.

[6] A copy of BMN000373 is attached hereto as Ex. B.  A better copy of Ex. B, also produced already as BMN000078 is attached hereto as Ex. C.

[7] *See* Exs. B and C.

[8] *Id.*

[9] *See* Ex. D.  In fairness to Crowson and the other parties, Bachmann would like to point out that Ex. D and Ex. A have just recently been received by counsel for Bachmann and have not been produced previously in the litigation.  As the press of other business permits, Bachmann intends to do a supplemental disclosure with these and many other documents that have recently been received from Germany.

Bachmann v. Bragg Inv., et al.
Bachmann's Response to Crowson's Motion to Stay
Case No.: 3:06:cv:00145 TMB
(9010-1/257198)
Page 4 of 6

Port of loading described on the face of the sea waybill until the Carrier delivers custody of control of the Goods at the Port of discharge or the Place of delivery described on the face of the sea waybill."[10]  The port of discharge on the waybill is Tacoma, Washington. No place of delivery is listed in the place of delivery block.[11]  Thus the applicability of the waybill ends in Tacoma.

Crowson apparently seeks to interpose a litigation defense based on a Himalaya Clause in the bill of lading.  However, since there is no original bill of lading, and since the waybill does not extend to the segment of the transport in which Crowson was involved, the motion to stay the motion to dismiss should be denied.

DATED at Anchorage, Alaska, this 14th day of March, 2007.

HUGHES BAUMAN PFIFFNER
GORSKI & SEEDORF, LLC
Attorneys for Plaintiff J.H.
Bachmann GmbH and UTC
Bachmann, Inc.


By:    s/ Frank A. Pfiffner
       Frank A. Pfiffner
       3900 C Street, Suite 1001
       Anchorage, Alaska  99503
       Telephone: 907-274-7522
       Facsimile: 907-263-8320
       FAP@hbplaw.net
       ABA No. 7505032

---

[10] *See* Ex. D.
[11] *See* Exs. B and C.
*Bachmann v. Bragg Inv., et al.*
Bachmann's Response to Crowson's Motion to Stay
Case No.: 3:06:cv:00145 TMB
(9010-1/257198)

<u>Certificate of Service</u>

I hereby certify that on the 14th day of March, 2007, a copy of the foregoing Bachmann's Response to Crowson's Motion to Stay Motion to Dismiss was served electronically on:

Thomas G. Johnson
Bauer Moynihan & Johnson LLP
2101 4th Avenue, 24th Floor
Seattle, WA  98121

Thomas A. Matthews
Matthews & Zahare, PC
430 W. 7th Avenue, Suite 207
Anchorage, AK  99501

Bruce E. Falconer
Boyd, Chandler & Falconer, LLP
911 W. 8th Avenue, Suite 302
Anchorage, AK  99501

Roy L. Longacre
Longacre Law Offices, Ltd.
425 G Street, Suite 910
Anchorage, AK  99501

Robert M. Libbey
Libbey Law Offices
604 West 2nd Avenue
Anchorage, AK  99501


<u>s/Frank A. Pfiffner</u>




*Bachmann v. Bragg Inv., et al.*
Bachmann's Response to Crowson's Motion to Stay
Case No.: 3:06:cv:00145 TMB
 (9010-1/257198)