LIBBEY LAW OFFICES, LLC
Robert M. Libbey
Colleen A. Libbey
604 W. Second Avenue
Anchorage, AK 99501
(907) 258-1815
(907) 258-1822 Fax
boblibbey@alaska.net
clibbey@alaska.net

Attorneys for Defendant
Shane D. Crowson dba Alaska
Heavy Haul Transport

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| J.H. BACHMANN GmbH and UTC BACHMANN, INC., <br><br>         Plaintiffs, <br><br>    v. <br>BRAGG INVESTMENT COMPANY, INC. successor-in-interest by merger to HEAVY TRANSPORT, INC., NORTHSTAR TRUCKING, INC., NORTH STAR TERMINAL AND STEVEDORE COMPANY, LLC, NORTH STAR TERMINAL AND STEVEDORE COMPANY LLC OF DELAWARE AND SHANE D. CROWSON dba ALASKA HEAVY HAUL TRANSPORT, <br><br>         Defendants. | No. 3:06:CV 00145(TMB) |

**REPLY TO PLAINTIFFS' OPPOSITION TO MOTION TO DISMISS FOR FAILURE TO JOIN INDISPENSABLE PARTIES**

Defendant Shane D. Crowson by and through counsel, hereby replies to Plaintiffs' (hereafter referred to as "Bachmann") opposition to motion to dismiss this action for failure to join a

Reply Re Motion to Dismiss
Bachmann v. Bragg et al.
3:06-cv-00145-TMB                                                    Page 1 of 10

PDF created with pdfFactory trial version www.pdffactory.com

party needed for just adjudication. Plaintiffs have failed to join the following indispensable parties: Starkstrom Gerätebau GmbH ("SGB") and Gericke & Co. GmbH ("Gericke"). Plaintiff J.H. Bachmann GmbH and UTC Bachman (collectively referred to as "Bachman"), Inc.'s failure to include those parties as defendants requires joinder, and if joinder is not possible, then dismissal.

A.  **LACK OF DISPUTE IN CONTROVERSY**

In Crowson's motion to dismiss he raised a lack of dispute in controversy. Based on information disclosed in the opposition, this issue is waived.

B.  **FAILURE TO JOIN THE MANUFACTURER, SGB, AND FIRST PARTY SHIPPER, GERICKE REQUIRES DISMISSAL.**

The manufacturer of the transformer, SGB, and the party that agreed to ship the transformer from Germany to Alaska, Gericke, are necessary parties under 19(a). Rule 19(a) is not complicated; a person is "necessary" if the absence of the party prohibits "complete relief" among those already parties. Fed. Civ. R. 19(a)(1). Bachman overlooks Rule 19(a) in its opposition and important facts of this case.

The nature of the claims against Crowson and other defendants make SGB and Gericke critical to this litigation. The only claims raised against Crowson are based on theories of negligence. Therefore, under prevailing law, all parties must be factored in for purposes of comparative fault. [Complaint at 11] Bachman wants

Reply Re Motion to Dismiss
Bachmann v. Bragg et al.
3:06-cv-00145-TMB                                              Page 2 of 10

PDF created with pdfFactory trial version www.pdffactory.com

to blame Crowson, who was involved in the very last leg of the shipment, for the loss of the transformer. It is Crowson's theory that the negligence started with the manufacturer, SGB, and the first party shipper, Gericke. These theories of exposure on SGB and Gericke are based on the following: (1) their failure to accurately mark the longitudinal and vertical centers of gravity, (2) their failure to warn about the high center of gravity, (3) their failure to instruct concerning safety precautions necessary to safe road movement, and (4) subjection of the transformer to one or more destructive impacts in the earlier leg of the shipment, prior to arriving in Alaska. As explained, these issues of comparative fault cannot be established, however, without necessary discovery power over SGB and Gericke.

   Bachman argues that another party, Delta, the insurer that paid for the manufacturer's loss of the transformer, can stand in the shoes of SGB and Gericke and therefore SGB and Gericke do not need to be joined [Opp. At 5-6], but this argument lacks merit because Bachman has already acknowledged that they cannot get discovery Crowson needs from SGB and Gericke. For example, in Crowson's first interrogatories to Bachmann, he requested photographs depicting the configuration of lashing of the transformers as they left the manufacturer's premises. [Exhibit A Request 3] This interrogatory related to whether or not the transformer was properly tied down for shipment at the onset and

Reply Re Motion to Dismiss
Bachmann v. Bragg et al.
3:06-cv-00145-TMB                                              Page 3 of 10

PDF created with pdfFactory trial version www.pdffactory.com

throughout the journey, and what standards for lashing were satisfactory to the manufacturer. The response from Bachman was that it did not have information concerning road transport "as that transport was arranged by Gericke." [Exhibit A Response 3] Crowson therefore needs discovery power over Gericke and the manufacturer to defend himself.[1]

Moreover, Crowson needs more than just documents to defend himself; he needs access to witnesses of SGB and Gericke. Bachman suggests that Delta can answers all of Crowson's questions, but Delta is not a fact witness in any way as to whether or not the manufacturer or first party shipper were negligent in the marking and loading of the transformer, among other things. The U. S. Department of Transportation (DOT) investigator that investigated this incident determined that

> [a]fter carefully reviewing all available documentation and interviewing several parties involved with the transformer incident, there is <u>insufficient documentation to determine the motor carrier responsible</u> for transporting the load of transformers.

[Exhibit B (emphasis added)] The need for SGB and Gericke is obvious from the fact that a DOT investigator could not resolve the issue of primary responsibility for damage to the transformer based

---

[1] Bachman tries to downplay any manufacturer liability by saying there was "no packaging" for the transformer, and thus no negligence by SGB in its packaging. [Opp. at 4] Bachman overlooks the fact that the transformer would have to be secured and restrained appropriately during its transport.

Reply Re Motion to Dismiss
Bachmann v. Bragg et al.
3:06-cv-00145-TMB                                          Page 4 of 10

PDF created with pdfFactory trial version www.pdffactory.com

on documentary evidence. SGB and Gericke are the parties that have the factual information to determine that issue, and other central issues of comparative fault.

That the fault may lie entirely with the manufacturer or the first shipper is supported by documentation already produced in discovery indicating that there was a heavy impact to the transformer before it even reached Alaska. The incident giving rise to this case occurred in Anchorage on December 2, 2004. The agreement between the manufacturer and purchaser of the transformer, Chugach Electric, required that the transformer be equipped with an "impact recorder." [Exhibit C Para. 13.G.] On November 4, 2004, one of the two impact recorders in the transformers recorded a "heavy impact." [Exhibit D] The evidence relating to the impact recorder documentation would be in the hands of the manufacturer, for as the contract with Chugach indicates, the manufacturer was required to produce impact recorder printouts to Chugach. [Exhibit C para. 13.G.] However, Chugach never received any such printouts for the subject transformer. [Exhibit E] Crowson needs access to SGB otherwise it will not be able to get answers critical to his defense.

Bachman argues that the shipper, Gericke, does not need to be joined based on *Southern Ry. Sys. V. Leyden Shipping Corp.*, 290 F.Supp. 742, 744 (S.D.N.Y. 1968). *Leyden Shipping* does not apply

Reply Re Motion to Dismiss
Bachmann v. Bragg et al.
3:06-cv-00145-TMB                                             Page 5 of 10

PDF created with pdfFactory trial version www.pdffactory.com

to Crowson's case because the issue in *Leyden* had nothing to do with comparative fault in a negligence setting. The case dealt with recovery of transportation freight charges for the delay of a shipment. *See id*. at 744. The freight charges at issue in *Leyden* were governed by federal law unrelated to the negligence issues in Crowson's case.

In Crowson's opening motion to dismiss, he argued that SGB and Gericke could be indispensable because the original bill of lading could absolve defendant in this case of liability. [Mtn. Dismiss at 4] After filing the motion to dismiss, Crowson received discovery which included what appears to be the initial bill of lading between SGB, the manufacturer, and the shipping line Wallenius Wilhelmsen Lines, A.S. [Exhibit F at 1] The bill of lading provides for a Himalaya Clause which could limit liability to only $500.00. [Exhibit F at 2 para. 10, 15] In Bachman's response it indicates that no such clause exists but Bachman acknowledges that Crowson could raise this Himalaya clause defense and assert it without additional parties. [Opp. At 6] To that end, if the case is not dismissed Crowson will file a motion for summary judgment on the bill of lading limitation of liability issue.

Bachman, in effort to oppose dismissal, states that Crowson's claims related to limitations of liability are not founded because (1) no bill of lading exists according to the German court and (2)

Reply Re Motion to Dismiss
Bachmann v. Bragg et al.
3:06-cv-00145-TMB Page 6 of 10

PDF created with pdfFactory trial version www.pdffactory.com

the German court found the agreement for transport was only oral, and (3) the German court found that there were no limitations of liability to minimize damages. [Opp. at 4] As noted above, there is a bill of lading with a limitation of liability.  In addition, there was a written agreement for transport.  The transport is based on a bid of July 27, 2004 which provided options of shipment to Alaska via Tacoma, Washington or Houston, Texas. [Exhibit G, H] The bid that was accepted August 19, 2004 expressly incorporated written German Forwarders Standard Terms and Conditions. [Exhibit I] These standard conditions provided for a limitation of liability of 2,0 SDR per kg for intermodal transportation. [Exhibit G, H] The fact that documents exist and defenses exist that were overlooked by the German court in Bachman's case supports Crowson's motion to dismiss because these issues were not adequately addressed in Germany; to that end, Crowson should not be forced to rely on German litigants Bachman and/or Delta, the insurer, to get discovery.

    Moreover, Crowson is in no way bound by the German judgment, as Crowson was not a party to that matter, nor was Crowson ever given the opportunity to be a party in that matter. *See Troutt v. Colorado Western Insurance*, 246 F.3d 1150, 1156-1157 (9th Cir. 2001) (finding a prior judgment non-binding; explaining res judicata and collateral estoppel).

    Bachmann ignores that the burden of proof is on the plaintiff

Reply Re Motion to Dismiss
Bachmann v. Bragg et al.
3:06-cv-00145-TMB                     Page 7 of 10

PDF created with pdfFactory trial version www.pdffactory.com

to disprove joinder. [Mtn. Dismiss at 3] Where an initial review of the facts reveals the possibility that an unjoined party whose joinder is required under Rule 19 exists, the burden is then placed on the party whose interests are adverse to the unjoined party to negate the conclusion. *See Boles v. Greeneville Housing Authority*, 468 F.2d 476, 478 (9th Cir. 1972) Failure to meet the burden will result in joinder of the party or dismissal of the action. *See id.* Bachman cannot disprove joinder because it overlooks the facts and evidence discussed above.

The court should force Bachman to join SGB and Gericke. If they cannot be joined, then the Court should conducts its analysis under Rule 19(b) to determine if the parties are truly indispensable. In the opening motion, Crowson cited a number of cases regarding 19(b) and argued that dismissal would be appropriate if SGB and Gericke cannot be joined. [Mtn. Dismiss at 6-7] Bachman ignores these cases and the Rule 19(b) analysis. For example, in *H&H International Corp. v. J. Pillechia Trucking, Inc*, the court affirmed dismissal of an action brought by the shipper against a carrier, where the shipper failed to join a party hired to assist in delivery of the goods. 119 F.R.D. 352, 354-55 (U.S.D. N.Y. 1988). In dismissing, the court explained that issues to resolve in the case were "so entangled with the authority and liability of the middleman . . .that adequate and just relief cannot be granted in its absence." *Id*. at 354 (citations omitted).

Reply Re Motion to Dismiss
Bachmann v. Bragg et al.
3:06-cv-00145-TMB                                                     Page 8 of 10

PDF created with pdfFactory trial version www.pdffactory.com

As explained above, the comparative fault issues cannot be resolved without Gericke and SGB.[2]

**CONCLUSION**

For the foregoing, the motion to dismiss for failure to join indispensable parties should be granted.  The court should order Bachman to join SGB and Gericke and if Bachman refuses to join them or they cannot be joined, then the action should be dismissed.

Dated at Anchorage, Alaska this 11th day of April, 2007.

                         LIBBEY LAW OFFICES, LLC
                         Counsel for Shane Crowson dba
                         Alaska Heavy Haul Transport

By: s/Colleen A. Libbey
Colleen A. Libbey ABA 0012104
604 West 2nd Ave.
Anchorage, AK 99501
Phone: (907) 258-1815
Fax: (907) 258-1822
clibbey@alaska.net

By: s/Robert M. Libbey
Robert M. Libbey ABA 6404014
604 West 2nd Ave.
Anchorage, AK 99501
Phone: (907) 258-1815
Fax: (907) 258-1822
boblibbey@alaska.net

This is to certify that the foregoing
is being served electronically to:

Frank Pfiffner, Esq.
fap@hbplaw.net
Attorney for Plaintiffs

---

[2] Bachman does not make clear whether or not SGB and Gericke cannot be joined.  If they cannot be joined, Crowson is willing to submit additional briefing on the Rule 19(b) issue.

Reply Re Motion to Dismiss
Bachmann v. Bragg et al.
3:06-cv-00145-TMB                                 Page 9 of 10

PDF created with pdfFactory trial version www.pdffactory.com

Thomas A. Matthews, Esq.
tom.matthews@matthewszahare.com
Attorney for Defendant Northstar Trucking, Inc.

Bruce E. Falconer, Esq.
bfalconer@bcf.us.com
Attorney for Defendant Northstar Trucking, Inc.

Thomas G. Johnson
tgjohnson@bmjlaw.com
Attorney for Defendant North Star Terminal And
Stevedore, LLC and North Star Terminal And
Stevedore, LLC Of Delaware

Roy L. Longacre, Esq.
longacre@alaska.com
Attorney for Defendant Bragg Investment Company, Inc.
successor-in-interest by merger to Heavy Transport, Inc.


Marc Wilhelm, Esq.
marchwilhelm@richmondquinn.com
Attorney for Delta

On: April 11, 2007 By: s/Colleen A. Libbey

N:\DATA\Colleen\Civil Cases\Crowson, Bachman v\pldg\reply dismiss.wpd

Reply Re Motion to Dismiss
Bachmann v. Bragg et al.
3:06-cv-00145-TMB                                                Page 10 of 10

PDF created with pdfFactory trial version www.pdffactory.com