Marc G. Wilhelm (ABA 8406054)
RICHMOND & QUINN, PC
360 "K" Street, Suite 200
Anchorage, Alaska 99501
PH: (907) 276-5727
FAX: (907) 276-2953

Attorneys For Plaintiff
Delta Lloyd Schadeverzekering N.V.

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| J.H. BACHMANN, GmbH and UTC BACHMANN, INC., <br><br> Plaintiff, <br><br> v. <br><br> BRAGG INVESTMENT COMPANY, INC. successor-in-interest by merger to HEAVY TRANSPORT, INC., NORTHSTAR TRUCKING, INC., NORTH STAR TERMINAL AND STEVEDORE COMPANY LLC, NORTH STAR TERMINAL AND STEVEDORE COMPANY LLC OF DELAWARE, and SHANE D. CROWSON dba ALASKA HEAVY HAUL TRANSPORT, <br><br> Defendants. | Consolidated Case <br> 3:06-cv-00145 TMB |

**DELTA LLOYD'S RESPONSE TO SHANE CROWSON'S MOTION TO DISMISS
FOR FAILURE TO JOIN INDISPENSABLE PARTIES**

Shane Crowson invokes Federal Rule of Civil Procedure 19 in its motion to dismiss Bachmann's complaint. The parties that Crowson would join in this lawsuit are

neither necessary nor indispensable parties and their joinder is not required by Civil Rule 19. Accordingly, Crowson's Motion to Dismiss should be denied.

In his opening motion, Crowson argues that Gericke & Co. GmbH ("Gericke") and Starkstrom Gerätebau GmbH ("SGB") are indispensable parties under Rule 19 based on speculation that a bill of lading may exist between SGB and Gericke that would provide Crowson a defense. Motion to Dismiss at 3-5. He further argues that they are indispensable because their conduct may have contributed to the loss. Id. at 6. In his reply brief, Crowson again argues that joinder is required because their conduct could have contributed to the loss. The reply also argues, however, that joinder is required so that Crowson can use these entities party status to obtain discovery from them. None of Crowson's grounds for joinder either allow or require joinder under Rule 19.

Crowson relies on Rule 19(a)(1), which requires joinder of parties if "(1) in the person's absence complete relief cannot be accorded among those already parties." Here, there is no doubt that complete relief can be accorded to the current parties. Rule 19 simply does not require that all possible parties or claims be joined in a single action.

LAW OFFICES RICHMOND & QUINN A PROFESSIONAL CORPORATION 360 K STREET, SUITE 200 ANCHORAGE, ALASKA 99501-2038 (907) 276-5727 FAX (907) 276 2953

Rather, Rule 19(a)(1) only requires joinder where complete relief cannot be had as between parties already before the court, and should not be used to drag other parties (particularly foreign parties) unwillingly into this action. See <u>Northrop Corp. v. McDonnell Douglas Corp.</u>, 705 F.2d 1030, 1043 (9th Cir. 1983); <u>Bevan v. Columbia Broadcasting System, Inc.</u>, 293 F. Supp. 1366 (S.D.N.Y. 1968).[1]

Crowson's first issue, the bill of lading issue, does not require joinder of any additional parties, or preclude complete relief among parties. If there were an applicable bill of lading with a *Himalaya* clause, Crowson could raise that clause as a defense. It is not a basis for a Rule 19 motion to dismiss. Crowson's reference to the Wallenius Wilhelmsen Lines non-negotiable sea bill is, in any event, irrelevant.[2] By its terms, the sea bill only applies from Bremerhaven, the port of loading, to Tacoma, the port of

---

[1] The <u>Northrop</u> court held: "To fit within the first category, it must appear that "complete relief" cannot be accorded between Northrop and McDonnell [the existing parties] absent the Government's joinder. . . . This factor is concerned with consummate rather than partial or hollow relief as to those already parties, and with precluding multiple lawsuits on the same cause of action. *Advisory Committee's Note,* 39 F.R.D. 89, 91 (1966). 705 F.2d at 1043.

[2] <u>See</u> Bachmann's Notice of Filing, Docket No. 65, Exhibit B.

**DELTA LLOYD'S RESPONSE TO SHANE CROWSON'S MOTION TO DISMISS FOR FAILURE TO JOIN INDISPENSABLE PARTIES**
J.H. BACHMANN ET AL. v. BRAGG INVESTMENT COMPANY, ET AL.
CASE NO. 3:06-cv-00145 TMB                                                    PAGE 3 OF 12

discharge. The sea bill is simply not applicable to the shipment from Tacoma to the construction site in Anchorage, Alaska.

Crowson cites to <u>Norfolk Southern Railway Co. v. Kirby</u>, 125 S. Ct. 385 (2004), in support of its argument that the bill of lading somehow requires yet more parties to be brought into this lawsuit. <u>Kirby</u>, however, did not involve Rule 19; it involved the interpretation of a bill of lading. And, tellingly, the <u>Kirby</u> court proceeded to do so without shippers, such as International Cargo Control, being before the court.

Second, that a party may have contributed to a loss does not make it a necessary party under Rule 19(a), let alone an indispensable party under Rule 19(b). It is a well established rule that a person being a possible joint tortfeasor does not make that party a necessary party. <u>Union Paving Co. v. Downer Corp.</u>, 276 F.2d 468, 471 (9th Cir. 1960)(holding it is well established that a joint tortfeasor is not an indispensable party); <u>August v. Boyd Gaming Corp.</u>, 135 Fed. Appx. 731, 734 (5th Cir. 2005)(joint tortfeasor not necessary party under Rule 19(a) as matter of law); <u>Oculus Innovative Sciences, Inc. v. Nofil Corp.</u>, 2007 WL 205068, 3

(N.D. Cal. 2007)(joint tortfeasor as a matter of law is not a necessary or indispensable party).

The United States Supreme court definitively determined that Rule 19 does not require joinder of absent joint tortfeasors in Temple v. Synthes Corporation, 498 U.S. 315, 111 S. Ct. 315 (1990). In Temple, the plaintiff brought suit in the U.S. District Court against the manufacturer of a plate and screw device implanted in plaintiff's lower back, after the devices screws broke off inside his back. At the same time he brought a state administrative proceeding against the doctor and hospital involved, and then filed a suit against them in state court. The manufacturer argued that the interest of the court in complete and consistent settlement of controversies required joinder of the doctor and hospital in the federal court action. The trial court agreed and dismissed the action. Id. at 315-16. The Supreme Court reversed in a per curiam decision, holding that it was error to label joint tortfeasors indispensable parties, explaining "[i]t has long been the rule that it is not necessary to name all joint tortfeasors in a single lawsuit. Id. at 316. The court held that such co-tortfeasors were merely permissive parties, and not necessary ones. Id.

The Temple case controls here. As in Temple, it was the right of J.H. Bachmann, as master of its complaint, to choose which potential tortfeasors to sue. J.H. Bachmann had no obligation to sue Gericke or SGB, whose liability is speculative at best or non-existent. There is no requirement in Alaska law (or elsewhere) that all possible tortfeasors be joined in a single lawsuit. See McLaughlin v. Lougee, 137 P.3d 267 (Alaska 2006); Universal Motors, Inc. v. Neary, 984 P.2d 515 (Alaska 1999).[3]

Crowson's argument that he is prejudiced by the failure of all potential tortfeasors to be joined does not bear scrutiny. A joint tortfeasor need not be joined because, even in his absence, complete relief can be accorded among the parties to the action. To the extent there is a judgment against a tortfeasor before the court, the defendant may always bring a contribution action against the missing tortfeasor.[4] James v. Valvoline, Inc., 159 F.Supp.2d 544, 551 (S.D. Tex. 2001)(addressing joinder under several liability

---

[3] Indeed, Bachmann may not be able to bring in additional parties, even if it wanted to, due to statute of limitation issues.

[4] Alaska allows such contribution actions. McLaughlin v. Lougee, 137 P.3d 267 (Alaska 2006).

DELTA LLOYD'S RESPONSE TO SHANE CROWSON'S MOTION TO DISMISS FOR FAILURE TO JOIN INDISPENSABLE PARTIES
J.H. BACHMANN ET AL. v. BRAGG INVESTMENT COMPANY, ET AL.
CASE NO. 3:06-cv-00145 TMB                                         PAGE 6 OF 12