scheme for non-economic damages under Ohio law); Barnsco, Inc. v. Continental Cas. Co., 2005 WL 1869650, *2 (N.D. Tex. 2005)(defendant who may be entitled to contribution or indemnity cannot be subjected to double or multiple obligations since his liability is several for the entire amount).

Moreover, a joint tortfeasor who can be joined permissively by defendant as a third-party defendant is not an party that a plaintiff must join as a defendant under Rule 19. Timbrook v. Metzeler Automotive Profile Systems Iowa, Inc., 209 F.R.D. 154 (S.D. Iowa 2002). And under Alaska law, where parties cannot be joined, fault can still be allocated to them under AS 09.17.080, or indemnity sought for their share of fault by way of contribution.

Here, the potential liability of SGB and Gericke is speculative at best. The documents produced to date show that SGB in fact did forward center of gravity information to parties in the shipping chain; it was not SGB's obligation, but the obligation of the intermediate shippers who were directly arranging for trucking in Alaska, to assure that the information was passed down the line. Bachmann simply should not be required to pursue speculative or non-existent claims

against absent, persons, particularly those with tenuous liability at best, and this court should not require it to do so.

Finally, Crowson's reference to a quote from a U. S. Department of Transportation letter is disingenuous.[5] The letter references an inquiry into potential motor carrier responsibility as among Heavy Transport (Bragg), Northstar Trucking, and Crowson. The DOT did not conduct an investigation into the involvement, if any, of SGB and Gericke.

Third, a desire to obtain discovery from a person does not require or even allow their joinder. Crowson cites no authority for his proposition, because subjecting a person to discovery is not a purpose of Rule 19.

Moreover, Crowson's arguments regarding the need for discovery are factually flawed. For example, in his reply brief Crowson seeks to rely on the presence of an impact recorder, and the need to obtain discovery regarding recordings. Exhibit D to Crowson's reply brief establishes, however, that the impact Crowson refers to relates to a

---

[5] See Crowson's Reply to Opposition to Motion to Dismiss at 4 and Ex. B.

second, undamaged transformer, and not the transformer that was damaged in the accident. The e-mail specifically states that "this [impact] is concerning the 2nd transformer which made it to the pad," language that Crowson overlooks.

In summary, Crowson's reply demonstrates a lack of understanding of Fed R. Civ. P. 19(a) and the rule's lack of applicability to this case. SGB, the manufacturer of the transformer, and Gericke, the original carrier of the goods, are not persons who should be joined in the litigation. Complete relief can be accorded to the present parties without SGB and Gericke, and their absence will not impair or impede the parties' ability to protect their interests. No present party is subject to any risk of double, multiple, or otherwise inconsistent obligations without the presence of SGB and Gericke. Moreover, Fed R. Civ. P. 19(b) only comes into if Rule 19(a) is applicable and the parties sought to be added cannot be made parties. And since Fed. R. Civ. P. 19(a) is not applicable, there is no need to discuss Rule 19(b).[6]

---

[6] In order to obtain dismissal, Crowson would need to show that the absent parties cannot be joined under Rule 19(b). Crowson has made no showing that joinder is not possible. However, such joinder may require service of process abroad, which would effectively delay and stay this lawsuit until such process was accomplished.

LAW OFFICES
RICHMOND & QUINN
A PROFESSIONAL CORPORATION
360 K STREET, SUITE 200
ANCHORAGE, ALASKA 99501-2038
(907) 276-5727
FAX (907) 276-2953

SGB and Gericke do not have interests that need to be asserted or protected in this litigation. SGB has been paid for the loss by Delta Lloyd and has no claim to assert. Gericke's rights and liabilities are being determined in the Hamburg litigation. Moreover, it would be unfair to Gericke be subject to multiple litigation, and unfair to both defendants to be pulled unwillingly into this foreign litigation, with the attendant expense and inconvenience. In particular, the court should not force joinder of claimed joint tortfeasors where liability is speculative at best, and likely non-existent.

Rule 19 does not require mandatory joinder of SGB and Gericke. They are at best joint tortfeasors, who are at permissive parties. Their joinder is not required, and would only cause delay and additional costs. Accordingly, Crowson's motion should be denied.

LAW OFFICES
RICHMOND & QUINN
A PROFESSIONAL CORPORATION
360 K STREET, SUITE 200
ANCHORAGE, ALASKA 99501-2038
(907) 276-5727
FAX (907) 276-2953

DELTA LLOYD'S RESPONSE TO SHANE CROWSON'S MOTION TO DISMISS FOR FAILURE TO JOIN INDISPENSABLE PARTIES
J.H. BACHMANN ET AL. v. BRAGG INVESTMENT COMPANY, ET AL.
CASE NO. 3:06-cv-00145 TMB                                    PAGE 10 OF 12

DATED this 25th day of April, 2007, Anchorage, Alaska.

>RICHMOND & QUINN
>Attorneys for Plaintiff
>DELTA LLOYD SCHADEVERZEKERING N.V.
>
>By: ___/s/ Marc G. Wilhelm___
>RICHMOND & QUINN, PC
>360 "K" Street, Suite 200
>Anchorage, Alaska 99501
>Ph: (907) 276-5727
>Fax: (907) 276-2953
>mwilhelm@richmondquinn.com
>Alaska Bar No. 8406054

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on April 25, 2007, a true and correct copy of the foregoing was served electronically served on:

Frank A. Pfiffner
James M. Seedorf
HUGHES BAUMAN PFIFFNER GORSKI & SEEDORF, LLC
3900 C Street, Suite 1001
Anchorage, AK 99503
Counsel for J.H. Bachmann GmnH & UTC Bachmann, Inc.
fap@hbplaw.net
jms@hbplaw.net

Marc C. Manning
MARC C. MANNING, P.C.
431 W. 7th Ave., Suite 204
Anchorage, AK 99501
Counsel for UTC Bachmann, Inc.
manning@alaska.net

LAW OFFICES
RICHMOND & QUINN
A PROFESSIONAL CORPORATION
360 K STREET, SUITE 200
ANCHORAGE, ALASKA 99501-2038
(907) 276-5727
FAX (907) 276-2953

**DELTA LLOYD'S RESPONSE TO SHANE CROWSON'S MOTION TO DISMISS FOR FAILURE TO JOIN INDISPENSABLE PARTIES**
J.H. BACHMANN ET AL. v. BRAGG INVESTMENT COMPANY, ET AL.
CASE NO. 3:06-cv-00145 TMB                                          PAGE 11 OF 12

Thomas A. Matthews
MATTHEWS & ZAHARE, P.C.
431 W. 7th Ave., Suite 207
Anchorage, AK 99501
Counsel for Northstar Trucking, Inc.
tom.matthews@matthewszahare.com

Bruce E. Falconer
BOYD CHANDLER & FALCONER, LLP
911 W. 8th Ave., Suite 302
Anchorage, AK 99501
Counsel for Northstar Trucking, Inc.
bfalconer@bcf.us.com

Thomas G. Johnson
BAUER MOYNIHAN & JOHNSON LLP
2101 Fourth Ave., 24th Floor
Seattle, WA 98121
Counsel for North Star Terminal & Stevedore LLC/North Star Terminal Delaware
tgjohnson@bmjlaw.com

Roy L. Longacre
LONGACRE LAW OFFICES, LTD.
425 G Street, Suite 910
Anchorage, AK 99501
Counsel for Bragg Investment Co.
longacre@alaska.com

Robert M. Libbey
Colleen Ann Libbey
LIBBEY LAW OFFICES, LLC
604 W. 2nd Ave.
Anchorage, AK 99501
Counsel for Shane Crowson dba Alaska Heavy Haul Transport
clibbey@alaska.net
boblibbey@alaska.net

        /s/ Marc G. Wilhelm
        RICHMOND & QUINN

2259\003\PLD\FAILURE TO JOIN (OPPOSITION)