Thomas A. Matthews, Esq.
Matthews & Zahare, P.C.
431 W. 7th Ave., Suite 207
Anchorage, AK 99501
Phone: (907) 276-1516
Fax: (907) 276-8955
tom.matthews@matthewszahare.com

Bruce E. Falconer, Esq.
Boyd, Chandler & Falconer, LLP
911 W. 8th Ave., Suite 302
Anchorage, Alaska 99507
(907) 272-8401
bfalconer@bcf.us.com

  Counsel for Defendant Northstar Trucking, Inc.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA AT ANCHORAGE

| | |
|---|---|
| J.H. BACHMANN GmbH and UTC BACHMANN, INC.,<br><br>            Plaintiffs,<br>     vs.<br><br>BRAGG INVESTMENT COMPANY, INC., et al.,<br><br>            Defendants. | |
| DELTA LLOYD SCHADEVERZEKERING N.V.<br><br>            Plaintiff,<br>     vs.<br><br>UTC BACHMANN, INC., et al.<br><br>            Defendants. | Case No. 3:06:cv 00145 TMB<br><br>(Consolidated with Case No. 3:06-cv-274 TMB)<br><br>**NORTHSTAR TRUCKING, INC.'S ANSWER TO CROSS-CLAIM OF NORTH STAR TERMINAL AND STEVEDORE COMPANY, LLC** |

Answer to North Star Terminal & Stevedore's Cross-Claims
*Bachmann v. Bragg Inv., et al.* / 3:06:cv 00145 TMB
TAM:jlw:sk/1442-1/Answer Stevedore XClaim                                                                 1 of 6

North Star Trucking, Inc. ("NTI"), through counsel, answers and alleges as follows in response to North Star Terminal and Stevedore Company, LLC's ("North Star Terminal") Cross-Claim.

1. Responding to paragraph 1, NTI admits the allegations in the first sentence of paragraph 1. NTI is without information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 1, and therefore denies same.

2. Responding to paragraph 2, NTI admits the allegations contained therein.

3. Responding to paragraph 3, NTI admits it is an Alaska Corporation with its principal place of business in the Third Judicial District. Except as admitted, NTI denies the allegations of paragraph 3.

4. Responding to paragraph 4, NTI admits the allegations contained therein.

5. Responding to paragraph 5, NTI admits Bragg hired Defendant Crowson to provide the trucks for hauling the transformers from North Star Terminal's facility to the construction site. NTI denies it hired Defendant Crowson to provide the truck for hauling the transformers. Except as admitted, NTI is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 5.

6. Responding to paragraph 6, the allegations in the second sentence of paragraph 6 are admitted. NTI denies the remaining allegations in paragraph 6.

Answer to North Star Terminal & Stevedore's Cross-Claims
*Bachmann v. Bragg Inv., et al.* / 3:06:cv 00145 TMB
TAM:jlw:sk/1442-1/Answer Stevedore XClaim                                    2 of 6

7. Responding to paragraph 7, NTI admits the second sentence of paragraph 7. NTI denies the remaining allegations in paragraph 7.

8. Responding to paragraph 8, NTI admits that the Heavy Lift Agreement speaks for itself. To the extent any allegations in paragraph 8 are inconsistent with the Heavy Lift Agreement, those allegations are denied.

9. Responding to paragraph 9, NTI is without information or knowledge sufficient to form a belief as to the truth of the allegations contained therein, and therefore denies same.

10. Responding to paragraph 10, NTI is without information or knowledge sufficient to form a belief as to the truth of the allegations contained therein, and therefore denies same.

11. Responding to paragraph 11, NTI admits that the Heavy Lift Agreement speaks for itself. To the extent any allegations in paragraph 11 are inconsistent with the Heavy Lift Agreement, those allegations are denied.

12. Responding to paragraph 12, NTI admits that the Heavy Lift Agreement speaks for itself. To the extent any allegations in paragraph 12 are inconsistent with the Heavy Lift Agreement, those allegations are denied. NTI is without information or knowledge sufficient to form a belief as to the truth of the allegations in the second, third, and fourth sentences in paragraph 12, and therefore denies same.

13. Responding to paragraph 13, NTI denies the allegations directed to Northstar Trucking. NTI is without information or knowledge sufficient to form a

Answer to North Star Terminal & Stevedore's Cross-Claims
*Bachmann v. Bragg Inv., et al.* / 3:06:cv 00145 TMB
TAM:jlw:sk/1442-1/Answer Stevedore XClaim                                 3 of 6

belief as to the truth of the remaining allegations in paragraph 13, and therefore denies same.

14. Responding to paragraph 14, NTI denies the allegations directed to Northstar Trucking. NTI is without information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 14, and therefore denies same.

15. Responding to paragraph 15, NTI denies the allegations directed to Northstar Trucking. NTI is without information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 15, and therefore denies same.

**AFFIRMATIVE DEFENSES**

1. Plaintiff's Complaint fails to state a claim or claims upon which relief may be granted against Defendant Northstar Trucking, Inc.

2. Plaintiff's damages, if any, were caused by the negligence of cross-claim Plaintiff or independent third parties over whom Northstar Trucking had no control.

3. Defendant Northstar Trucking may not be held vicariously liable for the actions of other independent contractors, including the other defendants on any legal theory.

4. One or more of cross-claim Plaintiff's claims are preempted by federal law, including the Carmack Amendment.

Answer to North Star Terminal & Stevedore's Cross-Claims
*Bachmann v. Bragg Inv., et al.* / 3:06:cv 00145 TMB
TAM:jlw:sk/1442-1/Answer Stevedore XClaim                                                    4 of 6

5.   NTI reserves the right to plead including additional affirmative defenses as may be revealed in discovery.

Dated this 30th day of April 2007 at Anchorage Alaska.

>MATTHEWS & ZAHARE, P.C.
>Counsel for Northstar Trucking, Inc.
>
>By: s/Thomas A. Matthews
>Thomas A. Matthews ABA 8511179
>431 W. 7th Ave., Suite 207
>Anchorage, AK 99501
>Phone: (907) 276-1516
>Fax: (907) 276-8955
>tom.matthews@matthewszahare.com
>
>BOYD, CHANDLER & FALCONER, LLP
>Counsel for Northstar Trucking, Inc.
>
>By: s/Bruce E. Falconer (consent)
>Bruce E. Falconer, ABA 8707062
>911 W. 8th Ave., Suite 302
>Anchorage, Alaska 99501
>Phone: (907) 272-8401
>Fax: (907) 274-3698
>bfalconer@bcf.us.com

Answer to North Star Terminal & Stevedore's Cross-Claims
*Bachmann v. Bragg Inv., et al.* / 3:06:cv 00145 TMB
TAM:jlw:sk/1442-1/Answer Stevedore XClaim                    5 of 6

CERTIFICATE OF SERVICE

I certify that on 30th day of April, 2007
I caused to be served by electronic mail to:

Frank A. Pfiffner, Esq.
fap@hbplaw.net
*Counsel for Plaintiffs*

Thomas G. Johnson, Esq.
tgjohnson@bmjlaw.com
*Counsel for Def. North Star Terminal & Stevedore LLC of Delaware*

Bruce E. Falconer, Esq.
bfalconer@bcf.us.com
*Counsel for Northstar Trucking, Inc.*

Roy L. Longacre, Esq.
longacare@alaska.com
*Counsel for Def. Bragg Investment Co.*

Robert M. Libbey, Esq.
Colleen A. Libbey, Esq.
boblibbey@alaska.net & clibbey@alaska.net
*Counsel for Shane Crowson d/b/a Alaska Heavy Haul Transport*

Marc G. Wilhelm, Esq.
mwilhelm@richmondquinn.com
*Counsel for Delta Lloyd Schadeverzekering N.V.*


s/Thomas A. Matthews

Answer to North Star Terminal & Stevedore's Cross-Claims
*Bachmann v. Bragg Inv., et al.* / 3:06:cv 00145 TMB
TAM:jlw:sk/1442-1/Answer Stevedore XClaim                                      6 of 6