Thomas A. Matthews, Esq.
Matthews & Zahare, P.C.
431 W. 7th Ave., Suite 207
Anchorage, AK 99501
Phone: (907) 276-1516
Fax: (907) 276-8955
tom.matthews@matthewszahare.com

Bruce E. Falconer, Esq.
Boyd, Chandler & Falconer, LLP
911 W. 8th Ave., Suite 302
Anchorage, Alaska  99507
(907) 272-8401
bfalconer@bcf.us.com

Counsel for Defendant Northstar Trucking, Inc.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA AT ANCHORAGE

| | |
|---|---|
| J.H. BACHMANN GmbH and UTC BACHMANN, INC., <br><br> Plaintiffs, <br> vs. <br><br> BRAGG INVESTMENT COMPANY, INC., et al., <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) Case No. 3:06:cv 00145 TMB <br> ) <br> ) (Consolidated with Case No. <br> ) 3:06-cv-274 TMB) <br> ) <br> ) |
| DELTA LLOYD SCHADEVERZEKERING N.V. <br><br> Plaintiff, <br> vs. <br><br> UTC BACHMANN, INC., et al. <br><br> Defendants. | ) **NORTHSTAR TRUCKING, INC.'S** <br> ) **ANSWER TO COMPLAINT OF** <br> ) **DELTA LLOYD** <br> ) **SCHADEVERZEKERING N.V. &** <br> ) **CROSS-CLAIMS AGAINST** <br> ) **DEFENDANTS HEAVY** <br> ) **TRANSPORT, SHANE D.** <br> ) **CROWSON AND NORTH STAR** <br> ) **TERMINAL AND STEVEDORE** <br> ) **CO.** <br> ) |

Answer to Delta Lloyd's Complaint & Cross-Claims
*Bachmann v. Bragg Inv., et al.* / 3:06:cv 00145 TMB
TAM:jlw:sk/1442-1/Answer Delta XClaim                                       1 of 16

**NORTHSTAR TRUCKING, INC.'S ANSWER TO COMPLAINT OF DELTA LLOYD SCHADEVERZEKERING N.V. & CROSS-CLAIMS AGAINST DEFENDANTS HEAVY TRANSPORT, SHANE D. CROWSON, AND NORTH STAR TERMINAL AND STEVEDORE CO.**

Defendant Northstar Trucking, Inc. ("NTI"), through counsel, answers and alleges as follows in response to the Complaint of Delta Lloyd Schadeverzekering N.V. ("Delta Lloyd").

1. Responding to paragraph 1, NTI is without information or knowledge sufficient to form a belief as to the truth of the allegations contained therein, and therefore denies same.

## PARTIES

2. Responding to paragraph 2, NTI is without information or knowledge sufficient to form a belief as to the truth of the allegations contained therein, and therefore denies same.

3. Responding to paragraph 3, NTI states that it appears that the name of Defendant UTC Bachmann, Inc. has been changed to UTC Overseas, Inc., which is a New York corporation. NTI is without information or knowledge sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 3, and therefore denies same.

4. Responding to paragraph 4, NTI is without information or knowledge sufficient to form a belief as to the truth of the allegations contained therein, and therefore denies same.

5. Responding to paragraph 5, NTI admits the allegations contained therein.

Answer to Delta Lloyd's Complaint & Cross-Claims
*Bachmann v. Bragg Inv., et al.* / 3:06:cv 00145 TMB
TAM:jlw:sk/1442-1/Answer Delta XClaim                                                   2 of 16

6. Responding to paragraph 6, NTI admits it is an Alaska Corporation with its principal place of business in the Third Judicial District. Except as admitted, NTI denies the allegations contained in paragraph 6.

7. Responding to paragraph 7, NTI is without information or knowledge sufficient to form a belief as to the truth of the allegations contained therein, and therefore denies same.

8. Responding to paragraph 8, NTI is without information or knowledge sufficient to form a belief as to the truth of the allegations contained therein, and therefore denies same.

9. Responding to paragraph 9, NTI admits that Defendant Shane D. Crowson is, and was at all relevant times, a citizen of the state of Alaska and operates Alaska Heavy Haul Transport (hereinafter "Shane Crowson"). Except as specifically admitted, NTI denies the allegations contained in paragraph 9.

## JURISDICTION AND VENUE

10. Responding to paragraph 10, the allegations present questions of law for the court and require no response. To the extent paragraph 10 is construed to include allegations of fact, NTI is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 10, and therefore denies same.

11. Responding to paragraph 11, the allegations present questions of law for the court and require no response. To the extent paragraph 11 is construed to include allegations of fact, NTI is without information or knowledge sufficient to form

Answer to Delta Lloyd's Complaint & Cross-Claims
*Bachmann v. Bragg Inv., et al.* / 3:06:cv 00145 TMB
TAM:jlw:sk/1442-1/Answer Delta XClaim                3 of 16

a belief as to the truth of the allegations contained in paragraph 11, and therefore denies same.

12. Responding to paragraph 12, the allegations present questions of law for the court and require no response. To the extent paragraph 12 is construed to include allegations of fact, NTI admits that venue is proper in the Third Judicial District as to NTI. NTI is without information or knowledge sufficient to form a belief as to whether venue is proper as to the other defendants.

**GENERAL ALLEGATIONS AS TO CLAIMS FOR RELIEF**

13. Responding to paragraph 13, NTI is without information or knowledge sufficient to form a belief as to the truth of the allegations contained therein, and therefore denies same.

14. Responding to paragraph 14, NTI is without information or knowledge sufficient to form a belief as to the truth of the allegations contained therein, and therefore denies same.

15. Responding to paragraph 15, NTI is without information or knowledge sufficient to form a belief as to the truth of the allegations contained therein, and therefore denies same.

16. Responding to paragraph 16, NTI is without information or knowledge sufficient to form a belief as to the truth of the allegations contained therein, and therefore denies same.

Answer to Delta Lloyd's Complaint & Cross-Claims
*Bachmann v. Bragg Inv., et al.* / 3:06:cv 00145 TMB
TAM:jlw:sk/1442-1/Answer Delta XClaim         4 of 16

17. Responding to paragraph 17, NTI is without information or knowledge sufficient to form a belief as to the truth of the allegations contained therein, and therefore denies same.

18. Responding to paragraph 18, NTI denies the allegations contained therein.

19. Responding to paragraph 19, NTI admits that Heavy Transport entered into a contract with North Star Terminal dated 20 October 2004 for North Star Terminal to provide services. NTI is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 19, and therefore denies same.

20. Responding to paragraph 20, NTI denies the allegations contained therein.

21. Responding to paragraph 21, NTI admits the allegations contained therein.

22. Responding to paragraph 22, NTI is without knowledge or information or knowledge sufficient to form a belief as to the truth of the allegations contained therein and therefore denies same.

23. Responding to paragraph 23, NTI is without knowledge or information or knowledge sufficient to form a belief as to the truth of the allegations contained therein and therefore denies same.

Answer to Delta Lloyd's Complaint & Cross-Claims
*Bachmann v. Bragg Inv., et al.* / 3:06:cv 00145 TMB
TAM:jlw:sk/1442-1/Answer Delta XClaim                                                                 5 of 16

24. Responding to paragraph 24, NTI is without knowledge or information or knowledge sufficient to form a belief as to the truth of the allegations contained therein and therefore denies same.

## COUNT I
## STRICT LIABILITY AGAINST UTC BACHMANN, INC.

25. Responding to paragraph 25, NTI re-alleges and incorporates by reference paragraphs 1-24 above.

26. Responding to paragraph 26, the allegations in the second sentence present questions of law and require no response by NTI. If a response is required, NTI denies the allegations in the second sentence of paragraph 26. NTI is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 26, and therefore denies same.

## COUNT II
## NEGLIGENCE AGAINST UTC BACHMANN, INC.

27. Responding to paragraph 27, NTI re-alleges and incorporates by reference paragraphs 1-26 above.

28. Responding to paragraph 28, NTI is without information or knowledge sufficient to form a belief as to the truth of the allegations contained therein and therefore denies same.

29. Responding to paragraph 29, NTI is without information or knowledge sufficient to form a belief as to the truth of the allegations contained therein and therefore denies same.

Answer to Delta Lloyd's Complaint & Cross-Claims
*Bachmann v. Bragg Inv., et al.* / 3:06:cv 00145 TMB
TAM:jlw:sk/1442-1/Answer Delta XClaim                                    6 of 16

## COUNT III
## BREACH OF CONTRACT AGAINST UTC BACHMANN, INC.

30.     Responding to paragraph 30, NTI re-alleges and incorporates by reference paragraphs 1-29 above.

31.     Responding to paragraph 31, NTI is without information or knowledge sufficient to form a belief as to the truth of the allegations contained therein and therefore denies same.

32.     Responding to paragraph 32, NTI is without information or knowledge sufficient to form a belief as to the truth of the allegations contained therein and therefore denies same.

## COUNT IV
## STRICT LIABILITY CLAIMS AGAINST BRAGG INVESTMENT COMPANY, INC. / HEAVY TRANSPORT, INC.

33.     Responding to paragraph 33, NTI re-alleges and incorporates by reference paragraphs 1-32 above.

34.     Responding to paragraph 34, the allegations in the second sentence present questions of law and require no response by NTI.  If a response is required, NTI denies the allegations in the second sentence of paragraph 34.  NTI is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 34, and therefore denies same.

## COUNT V
## NEGLIGENCE CLAIM AGAINST BRAGG INVESTMENT COMPANYM, INC. / HEAVY TRANSPORT, INC.

35.     Responding to paragraph 35, NTI re-alleges and incorporates by reference paragraphs 1-34 above.

Answer to Delta Lloyd's Complaint & Cross-Claims
*Bachmann v. Bragg Inv., et al.* / 3:06:cv 00145 TMB
TAM:jlw:sk/1442-1/Answer Delta XClaim                                              7 of 16

36. Responding to paragraph 36, NTI is without information or knowledge sufficient to form a belief as to the truth of the allegations contained therein, and therefore denies same.

37. Responding to paragraph 37, NTI denies it contracted to or agreed to or did transport the Transformer. NTI is without information or knowledge sufficient to form a belief as to the truth of the remaining allegations of paragraph 37, and therefore denies same.

38. Responding to paragraph 38, NTI is without information or knowledge sufficient to form a belief as to the truth of the allegations contained therein, and therefore denies same.

39. Responding to paragraph 39, NTI is without information or knowledge sufficient to form a belief as to the truth of the allegations contained therein, and therefore denies same.

### COUNT VI
### BREACH OF CONTRACT AGAINST BRAGG INVESTMENT COMPANY, INC. / HEAVY TRANSPORT, INC.

40. Responding to paragraph 40, NTI re-alleges and incorporates by reference paragraphs 1-39 above.

41. Responding to paragraph 41, the allegations contained in the first sentence of paragraph 41 present questions of law and require no response by NTI. If a response is required, NTI denies these allegations. NTI is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second sentence of paragraph 41, and therefore denies same.

Answer to Delta Lloyd's Complaint & Cross-Claims
*Bachmann v. Bragg Inv., et al.* / 3:06:cv 00145 TMB
TAM:jlw:sk/1442-1/Answer Delta XClaim                                    8 of 16

42. Responding to paragraph 42, NTI is without information or knowledge sufficient to form a belief as to the truth of the allegations contained therein, and therefore denies same.

## COUNT VII
## NEGLIGENCE CLAIM AGAINST NORTHSTAR TRUCKING, INC.

43. Responding to paragraph 43, NTI re-alleges and incorporates by reference paragraphs 1-42 above.

44. Responding to paragraph 44, NTI denies the allegations contained therein.

45. Responding to paragraph 45, NTI denies the allegations contained therein.

46. Responding to paragraph 46, NTI denies the allegations contained therein.

47. Responding to paragraph 47, NTI denies the allegations contained therein.

48. Responding to paragraph 48, NTI denies the allegations contained therein.

## COUNT VIII
## NEGLIGENCE CLAIM AGAINST ALASKA HEAVY HAUL TRANSPORT / SHANE CROWSON

49. Responding to paragraph 49, NTI re-alleges and incorporates by reference paragraphs 1-48 above.

50. Responding to paragraph 50, NTI admits Shane Crowson, d/b/a Alaska Heavy Haul Transport, contracted with Bragg/Heavy Transport and agreed to supply

Answer to Delta Lloyd's Complaint & Cross-Claims
*Bachmann v. Bragg Inv., et al.* / 3:06:cv 00145 TMB
TAM:jlw:sk/1442-1/Answer Delta XClaim                                                          9 of 16

a truck and trailer to transport the transformer from the Port of Anchorage to the South Anchorage Substation.

51. Responding to paragraph 51, NTI admits the allegations contained therein.

52. Responding to paragraph 52, NTI is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore denies same.

53. Responding to paragraph 53, NTI is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore denies same.

54. Responding to paragraph 54, NTI is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore denies same.

55. Responding to paragraph 55, NTI is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore denies same.

## COUNT IX
## NEGLIGENCE CLAIM AGAINST NORTH STAR TERMINAL AND STEVEDORE COMPANY LLC AND NORTH STAR TERMINAL AND STEVEDORE COMPANY LLC OF DELAWARE

56. Responding to paragraph 56, NTI re-alleges and incorporates by reference paragraphs 1-55 above.

Answer to Delta Lloyd's Complaint & Cross-Claims
*Bachmann v. Bragg Inv., et al.* / 3:06:cv 00145 TMB
TAM:jlw:sk/1442-1/Answer Delta XClaim                                    10 of 16

57. Responding to paragraph 57, NTI is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore denies same.

58. Responding to paragraph 58, NTI is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore denies same.

59. Responding to paragraph 59, NTI is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore denies same.

60. Responding to paragraph 60, NTI is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore denies same.

## AFFIRMATIVE DEFENSES

1. Delta Lloyd's Complaint fails to state a claim or claims upon which relief may be granted against Defendant Northstar Trucking, Inc.

2. Delta Lloyd's damages, if any, were caused by the negligence of Delta Lloyd's insured or assignor or independent third parties over whom Northstar Trucking had no control.

3. Defendant Northstar Trucking may not be held vicariously liable for the actions of other independent contractors, including the other defendants on any legal theory.

Answer to Delta Lloyd's Complaint & Cross-Claims
*Bachmann v. Bragg Inv., et al.* / 3:06:cv 00145 TMB
TAM:jlw:sk/1442-1/Answer Delta XClaim                    11 of 16

4. One or more of Delta Lloyd's claims are preempted by federal law, including the Carmack Amendment.

5. Upon information and belief, Delta Lloyd's insured and assignor has failed to mitigate its damages.

6. Some or all of Delta Lloyd's claims may be barred and/or limited by terms or provisions expressly or implied included in the contract(s) of carriage entered into by Delta Lloyd's insured and assignor and/or by other parties, and, as an alleged subcontractor to Heavy Transport, NTI is entitled to all of the benefits, protections and/or limitations of same.

7. NTI reserves the right to plead such additional affirmative defenses as may be revealed in discovery.

### CROSS-CLAIMS AGAINST DEFENDANTS HEAVY TRANSPORT, SHANE D. CROWSON AND NORTH STAR TERMINAL AND STEVEDORE COMPANY, LLC

1. Defendant/Cross-Claimant Northstar Trucking, Inc. ("NTI") is an Alaska corporation with its principal place of business in the Third Judicial District and is in all respects qualified to bring and maintain these Cross-Claims.

2. Defendant Bragg Investment Company, Inc., successor-in-interest by merger to Heavy Transport, Inc. (hereafter "Heavy Transport") is a California corporation with its principal place of business in California.

3. Defendant Shane D. Crowson dba Alaska Heavy Haul Transport (hereafter "Crowson") is a resident of Alaska and resides within the Third Judicial District.

Answer to Delta Lloyd's Complaint & Cross-Claims
*Bachmann v. Bragg Inv., et al.* / 3:06:cv 00145 TMB
TAM:jlw:sk/1442-1/Answer Delta XClaim                                                                 12 of 16

4.  Defendant North Star Terminal and Stevedore Company, LLC of Delaware ("North Star Terminal") is a Delaware Limited Liability Company doing business in Alaska as North Star Terminal and Stevedore, LLC with its principal place of business in Anchorage, Alaska.  Defendant North Star Terminal is authorized to transact business in the State of Alaska.

5.  The Complaint filed by Delta Lloyd alleges that Heavy Transport contracted with NTI to move two transformers from the port of entry in Anchorage, Alaska, to the Chugach Electric Association South Anchorage Substation, and that NTI in turn subcontracted the transformer move to Alaska Heavy Haul Transport. The Complaint further alleges that NTI is liable for whatever damage Plaintiffs sustained as a result of one of the transformers tipping off of the trailer being pulled by a truck driven by Crowson on or about December 2, 2004.

6.  NTI denies that it contracted with Heavy Transport to move either transformer, contends that its work in connection with the project was limited to moving a crane and associated gear to be used to lift the transformers from the trucks onto the foundations/platforms where they were to be placed at the Chugach Electric Association South Anchorage Substation, and contends that Crowson contracted directly with Heavy Transport to move the transformers from the Anchorage port to the construction site.

7.  NTI is informed and believes, and on that basis alleges, that Heavy Transport supervised and directed the loading of the transformer that was allegedly damaged from the rail car onto the trailer being pulled by Crowson, and that Heavy

Answer to Delta Lloyd's Complaint & Cross-Claims
*Bachmann v. Bragg Inv., et al.* / 3:06:cv 00145 TMB
TAM:jlw:sk/1442-1/Answer Delta XClaim                    13 of 16

Transport also supervised, directed and/or participated in securing the load, along with Crowson.

8.   In the event that NTI is found liable to Delta Lloyd, NTI is entitled to be indemnified by, or obtain contribution from, Crowson and/or Heavy Transport, or both, based on their respective negligence in the loading, securing and/or transport of the transformer that was allegedly damaged.

9.   The Complaint filed by Delta Lloyd further alleges that Heavy Transport entered into a contract with North Star Terminal dated 20 October 2004 for North Star Terminal to provide services, including loading and unloading services, to transfer the transformer from a railcar to a truck at the Port of Anchorage. The Complaint further alleges that North Star Terminal was negligent in failing to assure that the trailer provided by Alaska Heavy Haul Transport was properly leveled prior to loading, failed to prepare a proper work plan, and otherwise failed to perform its duties in a competent manner.

10.   In the event that NTI is found liable to Delta Lloyd, NTI is entitled to be indemnified by, or obtain contribution from North Star Terminal based upon its negligence.

WHEREFORE, having fully answered Delta Lloyd's Complaint, and stated its Cross-Claims against Defendants, NTI prays for the following relief:

1. That Delta Lloyd take nothing by way of its Complaint;

2. That NTI be awarded judgment against Delta Lloyd for its costs and attorney's fees incurred in the defense of this action;

Answer to Delta Lloyd's Complaint & Cross-Claims
*Bachmann v. Bragg Inv., et al.* / 3:06:cv 00145 TMB
TAM:jlw:sk/1442-1/Answer Delta XClaim                                                                                14 of 16

    3. That Delta Lloyd's Complaint be dismissed with prejudice;

    4. That in the event that NTI is found liable to Delta Lloyd, that NTI have judgment over against Crowson, Heavy Transport, and North Star Terminal for indemnity and/or contribution;

    5. That NTI be awarded its attorney's fees and costs incurred in connection with the prosecution of its Cross-Claims; and

    6. That the Court grant NTI such other and further relief as is just or equitable in the circumstances.

    Dated this 30th day of April 2007 at Anchorage Alaska.

    MATTHEWS & ZAHARE, P.C.
Counsel for Northstar Trucking, Inc.

By: s/Thomas A. Matthews
Thomas A. Matthews ABA 8511179
431 W. 7th Ave., Suite 207
Anchorage, AK 99501
Phone: (907) 276-1516
Fax: (907) 276-8955
tom.matthews@matthewszahare.com

BOYD, CHANDLER & FALCONER, LLP
Counsel for Northstar Trucking, Inc.

By: s/Bruce E. Falconer (consent)
Bruce E. Falconer, ABA 8707062
911 W. 8th Ave., Suite 302
Anchorage, Alaska 99501
Phone: (907) 272-8401
Fax: (907) 274-3698
bfalconer@bcf.us.com

Answer to Delta Lloyd's Complaint & Cross-Claims
*Bachmann v. Bragg Inv., et al.* / 3:06:cv 00145 TMB
TAM:jlw:sk/1442-1/Answer Delta XClaim    15 of 16

<u>CERTIFICATE OF SERVICE</u>
I certify that on 30th day of April, 2007
I caused to be served by electronic mail to:

Frank A. Pfiffner, Esq.
fap@hbplaw.net
*Counsel for Plaintiffs*

Thomas G. Johnson, Esq.
tgjohnson@bmjlaw.com
*Counsel for Def. North Star Terminal & Stevedore LLC of Delaware*

Bruce E. Falconer, Esq.
bfalconer@bcf.us.com
*Counsel for Northstar Trucking, Inc.*

Roy L. Longacre, Esq.
longacare@alaska.com
*Counsel for Def. Bragg Investment Co.*

Robert M. Libbey, Esq.
Colleen A. Libbey, Esq.
boblibbey@alaska.net & clibbey@alaska.net
*Counsel for Shane Crowson d/b/a Alaska Heavy Haul Transport*

Marc G. Wilhelm, Esq.
mwilhelm@richmondquinn.com
*Counsel for Delta Lloyd Schadeverzekering N.V.*


<u>s/Thomas A. Matthews</u>

Answer to Delta Lloyd's Complaint & Cross-Claims
*Bachmann v. Bragg Inv., et al.* / 3:06:cv 00145 TMB
TAM:jlw:sk/1442-1/Answer Delta XClaim                                                         16 of 16