LIBBEY LAW OFFICES, LLC
Robert M. Libbey
Colleen A. Libbey
604 W. Second Avenue
Anchorage, AK 99501
(907) 258-1815
(907) 258-1822 Fax
boblibbey@alaska.net
clibbey@alaska.net

Attorneys for Defendant
Shane D. Crowson dba Alaska
Heavy Haul Transport

UNITED STATES DISTRICT COURT
FOR THE STATE OF ALASKA AT ANCHORAGE

| | |
|---|---|
| J.H. BACHMANN GmbH and UTC BACHMANN, INC., <br><br> Plaintiffs, <br><br> v. <br> BRAGG INVESTMENT COMPANY, INC. successor-in-interest by merger to HEAVY TRANSPORT, INC., NORTHSTAR TRUCKING, INC., NORTH STAR TERMINAL AND STEVEDORE COMPANY, LLC, NORTH STAR TERMINAL AND STEVEDORE COMPANY LLC OF DELAWARE AND SHANE D. CROWSON dba ALASKA HEAVY HAUL TRANSPORT, <br><br> Defendants. | No. 3:06:CV 00145(TMB) <br> No. 3:06:CV-00274(TMB) <br> Consolidated |

**ANSWER TO COMPLAINT OF DELTA LLOYD SCHADEVERZEKERING N.V. AND CROSS CLAIMS OF DEFENDANT SHANE CROWSON AND DEMAND FOR JURY TRIAL**

COMES NOW, defendant Shane D. Crowson and Alaska Heavy Haul Transport, demands a jury trial pursuant to Local Rule 38.1, and

Answer to Delta Complaint
Bachmann v. Bragg et al.
3:06-CV-00145-TMB & 3:06:CV-00274-TMB
Consolidated                                                        Page 1 of 15

PDF created with pdfFactory trial version www.pdffactory.com

in his answer states and alleges as follows:

1.  Defendant admits that on December 2, 2004, at the intersection of Old Seward Highway and 94th Avenue, and as Defendant was slowly making a left turn into 94th Avenue, a partially dismantled, vertically unstable and inaccurately marked transformer, weighing over 200,000 pounds, nearly tipped over the trailer hauling it, thus breaking its chain tie downs and falling off the trailer, causing some damage.  Defendant denies all other allegations for lack of information sufficient to for a belief.

2. Defendant denies all allegations for lack of information sufficient to form a belief.

3. Defendant denies all allegations for lack of information sufficient to form a belief.

4. Defendant denies all allegations for lack of information sufficient to form a belief.

5. Defendant denies all allegations for lack of information sufficient to form a belief.

6. Defendant admits paragraph 6.

Answer to Delta Complaint
Bachmann v. Bragg et al.
3:06-CV-00145-TMB & 3:06:CV-00274-TMB
Consolidated                                                     Page 2 of 15

PDF created with pdfFactory trial version www.pdffactory.com

7. Defendant admits paragraph 7.

8. Defendant admits paragraph 8.

9. Defendant admits paragraph 9.

10. Paragraph 10 asserts a legal conclusion, and thus requires no answer. To the extent an answer is required, it is denied.

11. Paragraph 11 asserts a legal conclusion, and thus requires no answer.  To the extent an answer is required, it is denied.

12. Defendant admits paragraph 12.

13. Defendant admits that SGB, through Smit, sold two transformers to Chugach Electric Association, FOB the foundations at the south Anchorage substation, subject to the fulfillment of other obligations of the manufacturer and seller, for $1,678,848, U.S. currency.  Defendant denies all other allegations, for lack of information sufficient to form a belief.

14.  Defendant denies all allegations for lack of information sufficient to form a belief.

PDF created with pdfFactory trial version www.pdffactory.com

15. Defendant denies all allegations for lack of information sufficient to form a belief.

16. Defendant denies all allegations for lack of information sufficient to form a belief.

17. Defendant denies all allegations for lack of information sufficient to form a belief.

18. Defendant admits that Northstar Trucking, Inc. entered into a contract with some party to provide the transfer of the transformers from railroad cars at the Port of Anchorage to the Chugach Electric Association substation in south Anchorage. Defendant denies all other allegations, for lack of information sufficient to form a belief.

19. Defendant admits paragraph 19.

20. Defendant admits Northstar Trucking, Inc. contracted with defendant to supply a truck, two trailers and a driver to assist in transporting two transformers from the port to the construction site in Anchorage, Alaska, conditioned upon certain additional obligations on the part of Northstar Trucking. Defendant denies

PDF created with pdfFactory trial version www.pdffactory.com

all other allegations, for lack of information sufficient to form a belief.

21. Defendant adopts and incorporates his response to paragraph 1, above. Defendant denies all additional allegations.

22. Defendant lacks information sufficient to form a belief as to the allegations of paragraph 22, and therefore denies them.

23. Defendant lacks information sufficient to form a belief as to the allegations of paragraph 23, and therefore denies them.

24. Defendant lacks information sufficient to form a belief as to the allegations of paragraph 24, and therefore denies them.

## COUNT I

25-26. Count I is not directed against this defendant, and thus does not call for a response.

## COUNT II

27-29. Count II is not directed against this defendant, and thus does not call for a response.

## COUNT III

30-32. Count III is not directed against this defendant, and thus does not call for a response.

PDF created with pdfFactory trial version www.pdffactory.com

## COUNT IV

33-34. Count IV is not directed against this defendant, and thus does not call for a response.

## COUNT V

35-39. Count V is not directed against this defendant, and thus does not call for a response.

## COUNT VI

40-42. Count VI is not directed against this defendant, and thus does not call for a response.

## COUNT VII

43-48. Count VII is not directed against this defendant, and thus does not call for a response.

## COUNT VIII

49. Defendant incorporates all foregoing responses.

50. Defendant admits he agreed to supply to Northstar Trucking, Inc. a truck, two trailers and a driver to assist in transporting two transformers from the port to the south Anchorage substation, conditioned upon certain additional obligations on the part of

PDF created with pdfFactory trial version www.pdffactory.com

Northstar Trucking.  Defendant denies all other allegations, for lack of information sufficient to form a belief.

51.  Defendant adopts and incorporates his response to paragraph 1, above.  Defendant denies all additional allegations.

52.  Defendant denies paragraph 52.

53.  Defendant denies paragraph 53.  Defendant asserts that the allegations of paragraph 53 do not constitute the basis for recovery against defendant relative to any damage to a transformer, under the circumstances at issue in this action, and therefore violate Rule 11(b)(1) and (2) of the Federal Rules Of Civil Procedure.

54.  Defendant denies paragraph 54.  Defendant asserts that the allegations of paragraph 54 do not constitute the basis for recovery against defendant relative to any damage to a transformer, under the circumstances at issue in this action, and therefore violate Rule 11(b)(1) and (2) of the Federal Rules Of Civil Procedure.

55.  Defendant denies paragraph 55.

PDF created with pdfFactory trial version www.pdffactory.com

## COUNT IX

56-60.  Count IX is not directed against this defendant, and thus does not call for a response.

### FIRST AFFIRMATIVE DEFENSE

61.  The claims herein are not brought in the name of the real parties in interest.

### SECOND AFFIRMATIVE DEFENSE

62.  This case is governed by general maritime law of the United States, including the United States Carriage Of Goods By Sea Act(COGSA) 46 U.S.C. App. 1301 *et seq.*

### THIRD AFFIRMATIVE DEFENSE

63.  Laches bars the claims herein.

### FOURTH AFFIRMATIVE DEFENSE

64.  The claims herein are barred or limited by the contracts of carriage, including all bills of lading, and COGSA.

PDF created with pdfFactory trial version www.pdffactory.com

FIFTH AFFIRMATIVE DEFENSE

65. The claims herein are barred by the time limitation provisions of the contracts of carriage and COGSA.

SIXTH AFFIRMATIVE DEFENSE

66. The claimant has failed to join indispensable parties. Pursuant to Rule 19, the Plaintiff has failed to join a party needed for just adjudication.  Plaintiff has failed to join the following indispensable parties: Starkstrom Gerätebau GmbH ("SGB") and Gericke & Co. GmbH ("Gericke").  SGB manufactured the transformers that were sold to Chugach Electric Association, Inc. in Anchorage, Alaska, and Gericke agreed to ship the transformers to Anchorage, Alaska.  Pursuant to *Norfolk Southern Railway Co. v. Kirby*, 543 U.S. 14 (2004), the liability, if any, of the land carrier is limited and dictated by the bill of lading issued by the ocean carrier.  Furthermore, packaging responsibility, instructions for safe shipment and warning of the high degree of instability of the transformers fell on the above mentioned companies that were not named in the law suit.  Because liability could lie solely with those entities, or a high percentage of contribution could be assigned to them, they are needed for just

PDF created with pdfFactory trial version www.pdffactory.com

adjudication.

## SEVENTH AFFIRMATIVE DEFENSE

67.  Any damage to the transformer was caused by insufficient packaging and marking, for which Crowson is not liable under the contracts of carriage and COGSA.

## EIGHTH AFFIRMATIVE DEFENSE

68.  In the event Shane D. Crowson is held liable herein, all parties, including parties not presently named herein, are liable in contribution to Shane D. Crowson.

## NINTH AFFIRMATIVE DEFENSE

69.  Those parties herein who are responsible for recovery and salvage of the transformer have failed to take reasonable action to mitigate the loss, and recovery must therefore be reduced.

## TENTH AFFIRMATIVE DEFENSE

70.  Those parties to whom the claims ultimately belong are

PDF created with pdfFactory trial version www.pdffactory.com

barred from or limited in recovery by their own contributory fault, or that of those parties from whom they derive their claims.

ELEVENTH AFFIRMATIVE DEFENSE

71.  The transformer was damaged by others over whom defendant had no control or authority, and for whom defendant has no responsibility.

**CROSS CLAIM AGAINST NORTHSTAR TRUCKING, INC. - INDEMNITY**

72.  Shane D. Crowson adopts the allegations and admissions made by him in response to the Complaint.

73.  Northstar Trucking, Inc. (NTI) hired Shane D. Crowson and his equipment as an owner/operator to truck the transformer from the port to a Chugach Electric Company site in Anchorage.

74.  NTI agreed to accept all liability arising out of trucking project, and to relieve Shane D. Crowson of all such liability.

75.  NTI agreed to furnish all necessary cargo insurance,

PDF created with pdfFactory trial version www.pdffactory.com

covering Shane D. Crowson, on the transformers.

76. Shane D. Crowson is entitled to full indemnity from NTI, including all costs and expenses incurred herein.

## CROSS CLAIM AGAINST ALL PARTIES - CONTRIBUTION

77. Shane D. Crowson adopts the allegations and admissions made by him in response to the Complaint and in his Cross Claims.

78. A suitable trucking plan was either omitted by the parties, of if one was developed, it was not forwarded to Shane D. Crowson.

79. The transformer was not prepared properly for safe shipping by any of the persons responsible for delivering it to the Chugach Electric Company site.

80. The parties who loaded the transformer on the truck were provided neither accurate center of gravity marks for vertical and lateral center of gravity, nor were they given anything with which they could reliably determine or estimate the center of gravity of the transformer.

PDF created with pdfFactory trial version www.pdffactory.com

81.  The parties who loaded the transformer on the truck were given no warnings of the high center of gravity of the transformer, and its high propensity to tip over.

82.  In the event Shane D. Crowson is held liable herein, all parties, including NTI and parties not presently named herein, are liable for the damage attributable to this negligence, in contribution to Shane D. Crowson.

## CROSS CLAIM AGAINST NORTHSTAR TRUCKING, INC. - DAMAGES

83.  Shane D. Crowson adopts the allegations and admissions made by him in response to the Complaint, and in his Cross Claims.

84.  Shane D. Crowson is owed $4,000 for the work and equipment he furnished to NTI, has made demand therefore, and has received nothing to date.

   WHEREFORE, Defendant Shane D. Crowson requests judgment as follows:

1.  That the Complaint be dismissed with prejudice;

Answer to Delta Complaint
Bachmann v. Bragg et al.
3:06-CV-00145-TMB & 3:06:CV-00274-TMB
Consolidated                                              Page 13 of 15

PDF created with pdfFactory trial version www.pdffactory.com

2.  That Shane D. Crowson be awarded his costs and attorneys' fees;

3.  That Northstar Trucking, Inc. be held liable to Shane D. Crowson in full indemnity for any liability incurred by Crowson herein, including all costs and attorney fees.

4.  That Shane D. Crowson recover judgment from Northstar Trucking, Inc. for damages in the amount of $4,000.

5.  That all the parties be held liable to Shane D. Crowson in contribution, including parties not presently named herein.

6.  For such further relief as may be just.

   Dated this 30th day of April, 2007.

>       LIBBEY LAW OFFICES, LLC
>       Counsel for Shane Crowson and
>       Alaska Heavy Haul Transport
>
>  By:  s/Robert M. Libbey
>       Robert M. Libbey ABA 6404014
>       604 West 2nd Ave.
>       Anchorage, AK 99501
>       Phone: (907) 258-1815
>       Fax: (907) 258-1822
>       boblibbey@alaska.net

This is to certify that the foregoing Answer to Complaint is being served by electronically to:

Frank Pfiffner (electronically)

Answer to Delta Complaint
Bachmann v. Bragg et al.
3:06-CV-00145-TMB & 3:06:CV-00274-TMB
Consolidated                                            Page 14 of 15

PDF created with pdfFactory trial version www.pdffactory.com

```
fap@hbplaw.net
Attorney for Defendant Plaintiffs

Thomas A. Matthews, Esq.
tom.matthews@matthewszahare.com
Attorney for Defendant Northstar Trucking, Inc.

Bruce E. Falconer, Esq.
bfalconer@bcf.us.com
Attorney for Defendant Northstar Trucking, Inc.

Thomas G. Johnson
tgjohnson@bmjlaw.com
Attorney for Defendant North Star Terminal And
Stevedore, LLC and North Star Terminal And
Stevedore, LLC Of Deleware

Roy L. Longacre, Esq.
longacre@alaska.com
Attorney for Defendant Bragg Investment Company, Inc.
successor-in-interest by merger to Heavy Transport, Inc.

Marc G. Wilhelm
Richmond & Quinn
mwilhelm@richmondquinn.com
Attorney for Plaintiff Delta Lloyd Schadeverzekering N.V.

Mark C. Manning
manning@alaska.net
Attorney for Defendant UTC Bachmann, Inc.


On: April 30, 2007   By: s/Robert M. Libbey
```

PDF created with pdfFactory trial version www.pdffactory.com