Libbey Law Offices, LLC
Robert M. Libbey
604 W. Second Avenue
Anchorage, AK 99501
(907) 258-1815
(907) 258-1822 Fax
boblibbey@alaska.net

Attorneys for Defendant
Shane D. Crowson and Alaska
Heavy Haul Transport

UNITED STATES DISTRICT COURT
FOR THE STATE OF ALASKA AT ANCHORAGE

| | |
|---|---|
| J.H. BACHMANN GmbH and UTC BACHMANN, INC., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) |
| BRAGG INVESTMENT COMPANY, INC. successor-in-interest by merger to HEAVY TRANSPORT, INC., NORTHSTAR TRUCKING, INC., NORTH STAR TERMINAL AND STEVEDORE COMPANY, LLC, NORTH STAR TERMINAL AND STEVEDORE COMPANY LLC OF DELAWARE AND SHANE D. CROWSON dba ALASKA HEAVY HAUL TRANSPORT, | ) No. 3:06:CV 00145(TMB) ) 3:06:CV-00274(TMB) )   Consolidated |
| Defendants. | ) |

**REPLY TO DELTA LLOYD'S RESPONSE TO CROWSON'S MOTION TO DISMISS FOR FAILURE TO JOIN INDISPENSABLE PARTIES**

Defendant Shane D. Crowson, by and through counsel, hereby replies to Delta Lloyd's (hereafter referred to as "Delta") response to Crowson's motion to dismiss for failure to join. Starkstrom Gerätebau GmbH, SGB, (the manufacturer of the

Reply to Delta's Response Re Motion to Dismiss
Bachmann v. Bragg
3:06-cv-00145 Consolidated                              Page 1 of  6

PDF created with pdfFactory trial version www.pdffactory.com

transformer) and Gericke & Co. GmbH, Gericke, (the first party shipper) should be joined.

**ARGUMENT**

The following is undisputed. Gericke was hired by SGB to ship the transformers. Gericke then hired Bachmann. After the transformer was destroyed, the insurer, Delta, paid the insurance on behalf of the manufacturer, SGB. A law suit was instituted by Delta, and both Gericke and Bachman were found liable for loss of the transformer. [*See* Exhibit B to Docket 60]

The nature of the relationship between the above parities requires joinder of Gericke and SGB.

As explained in *H & H International Corp.*, which is ignored by Delta, a party was found to be indispensable, where, in an action brought by the shipper against the carrier, the shipper failed to join the party hired to assist in delivery of the goods. *See H & H International Corp. v. J. Pillechia Trucking, Inc*., 119 F.R.D. 352, 354-55 (U.S.D. N.Y. 1988); *see also* Crowson's reply at Docket 76, pp. 8-9. Here, like in *H & H International,* the shipper, Bachman, now standing in the shipper's shoes, has failed to join the party hired to deliver the goods, Gericke.

Joinder of Gericke and SGB is necessary to avoid inconsistent judgments. The German judgment indicates that Gericke and Bachman were both found liable for the transformer. [German Judgment,

Reply to Delta's Response Re Motion to Dismiss
Bachmann v. Bragg
3:06-cv-00145 Consolidated                                    Page 2 of  6

PDF created with pdfFactory trial version www.pdffactory.com

attached as Exh. B to Docket 60] The  liability of Bachman is intertwined with Gericke, in light of the fact that both were found liable in the German case.  In this case, Bachman is arguing it is not at fault for the damaged transformer, but that the current named defendants are.  This assertion is inconsistent with the German case, which found Bachman at fault.  To ignore Gericke in this action would allow inconsistent judgments because Bachman could be found liable in the German suit but not liable in the U.S. suit.   A purpose of Rule 19 is to attain judicial economy "by resolving related disputes in a single lawsuit." *Rojas v. Loewen Group International, Inc.*, 178 F.R.D. 356, 361 (U.S. D. Puerto Rico 1998)(citations omitted).   Without Gericke it is impossible to determine Bachman's liability, which in turn makes it impossible for Crowson to defend himself. *See Northrop Corp. v. McDonnell Douglas Corp.* 705 F.2d 1030, 1043 (9th Cir. 1983) (citing Civ. R. 19 )( explaining that the key issue under Rule 19 is whether "complete relief" can be had).

Delta's assertion that a join tortfeasor is not a necessary party does not apply to Crowson's case.  Delta cites a number of cases to argue that a joint tortfeasor is not a necessary party [Delta's Response at 4-5] These cases do not apply because they only address the situation where a party is jointly and severally liable for the entire loss.  For example, in *Union Paving Co. v.*

Reply to Delta's Response Re Motion to Dismiss
Bachmann v. Bragg
3:06-cv-00145 Consolidated                          Page 3 of  6

PDF created with pdfFactory trial version www.pdffactory.com

*Downer Corp*, relied on by Delta, the court cites the general assertion that a joint tortfeasor is not a necessary party, but in coming to this conclusion the court relied on *Pioche Mines Consol. Inc. v. Fidelity-Philadelphia Trust Co.*, 206 F.2d 336, 337 (9th Cir. 1953) (noting that where joint and several liability is at issue not all tortfeasors are necessary). In *Temple v. Synthes Corp.*, the Supreme Court acknowledged that a tortfeasor "with the usual joint-and-several liability is merely a permissive party to an action." 498 U.S. 5, 7, 111 S.Ct. 315, 316 (1990) (citations omitted).    In Crowson's case, liability between the defendants is under a pure comparative fault analysis; the parties are not jointly and severally liable.[1]    Besides, Crowson is not arguing that all joint tortfeasors be joined.  He is arguing that the most critical parties to the transaction, the manufacturer and the first party shipper, should be joined.

The liability of SGB and Gericke is not speculative.    As

---

[1]

Similarly, Delta argues that Crowson is not prejudiced by failing to join SGB and Gericke because Crowson could bring a contribution action against those parties. [Delta's Response at 6-7] But the cases relied upon by Delta address a joint a several liability scheme. Related to this argument of Delta is the conclusion that Delta wants to subject Crowson to possible multiple litigation.  Interestingly, Delta asserts that it would be unfair to subject Gericke and SGB to multiple litigation [Delta's Response at 10]

Furthermore, Delta claims it might not be able to join Gericke and SGB as parties because of statute of limitation problems. Crowson should not lose the opportunity to defend himself because of Delta's failure to properly join parties.

Reply to Delta's Response Re Motion to Dismiss
Bachmann v. Bragg
3:06-cv-00145 Consolidated                        Page 4 of  6

PDF created with pdfFactory trial version www.pdffactory.com

detailed in Crowson's reply to Bachman's opposition there are a number of theories of liability against SGB and Gericke. *See* Docket 76 at 3-5.   Without SGB and Gericke Crowson cannot prove his defense.  For example, Bachman has already conceded that it cannot respond to interrogatories of Crowson's because the information lies with Gericke. [*see* Exhibit A, Response 3, attached at Docket 76]   Technically, Delta stands in the shoes of SGB, but this does not mean Crowson can adequately defend against Bachman's claims. Witnesses of SGB are critical to Crowson's defense. Whether or not Delta can adequately make SGB available is unclear.   Crowson has proposed a number of interrogatories to Delta that address liability of SGB.  Those interrogatories are not yet due. [Exhibit A, attached] If Delta cannot even respond to Crowson's requests, SGB will obviously be a necessary party.

**Conclusion**

For the foregoing, and the reasons asserted in Crowson's opening motion to dismiss and Crowson's reply at docket 76,  SGB and Gericke should be joined, and if joinder is not possible, the case dismissed.

Dated at Anchorage, Alaska this 1st day of May, 2007.

Reply to Delta's Response Re Motion to Dismiss
Bachmann v. Bragg
3:06-cv-00145 Consolidated                         Page 5 of  6

PDF created with pdfFactory trial version www.pdffactory.com

LIBBEY LAW OFFICES, LLC

Counsel for Shane Crowson dba
Alaska Heavy Hall Transport

By: _____
Colleen A. Libbey ABA 0012104
604 West 2nd Ave.
Anchorage, AK 99501
Phone: (907) 258-1815
Fax: (907) 258-1822
clibbey@alaska.net

This is to certify that the foregoing
is being served electronically to:

Frank Pfiffner, Esq.
fap@hbplaw.net
Attorney for Plaintiffs

Thomas A. Matthews, Esq.
tom.matthews@matthewszahare.com
Attorney for Defendant Northstar Trucking, Inc.

Bruce E. Falconer, Esq.
bfalconer@bcf.us.com
Attorney for Defendant Northstar Trucking, Inc.

Thomas G. Johnson
tgjohnson@bmjlaw.com
Attorney for Defendant North Star Terminal And
Stevedore, LLC and North Star Terminal And
Stevedore, LLC Of Delaware

Roy L. Longacre, Esq.
longacre@alaska.com
Attorney for Defendant Bragg Investment Company, Inc.
successor-in-interest by merger to Heavy Transport, Inc.

Marc G. Wilhelm
Richmond & Quinn
mwilhelm@richmondquinn.com
Attorney for Plaintiff Delta Lloyd Schadeverzekering N.V.


Mark C. Manning
manning@alaska.net
Attorney for Defendant UTC Bachmann, Inc.

On: May 29, 2007 By: s/Colleen A. Libbey



Reply to Delta's Response Re Motion to Dismiss
Bachmann v. Bragg
3:06-cv-00145 Consolidated                          Page 6 of  6

PDF created with pdfFactory trial version www.pdffactory.com