Roy L. Longacre, Esq.
Longacre Law Offices, Ltd.
425 G Street, Suite 910
Anchorage, Alaska 99501
Phone: (907) 276-6354
Fax:   (907) 279-4685
longacre@alaska.com

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

THIRD JUDICIAL DISTRICT AT ANCHORAGE

| | |
|---|---|
| J.H. BACHMANN GmbH and UTC BACHMANN, INC., | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) |
| BRAGG INVESTMENT COMPANY, INC. Et. al. | ) ) ) |
| Defendants. _____ | ) Case No. 3:06:cv:00145TMB ) Case No. 3:06:CV-00274TMB )     (Consolidated) |
| DELTA LLOYD SCHADEVERZEKERING N.V. | ) ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) |
| UTC BACHMANN, INC. et. al. | ) ) |
| Defendants _____ | ) ) ) |

**ANSWER of BRAGG INVESTMENT COMPANY, INC. successor-in-interest by merger to HEAVY TRANSPORT, INC. TO COMPLAINT OF DELTA SCHADEVERZEKERING N.V. AND CROSS-CLAIMS OF DEFENDANT SHANE CROWSON**

*Answer to Delta Complaint and Cross-claims*     Page 1 of 11
Bachmann v. Bragg et. al.     Case No. 3:06:cv:00145 TMB

[/Answer (lined)]

COMES NOW, Defendant, BRAGG INVESTMENT COMPANY, INC. successor-in-interest by merger to HEAVY TRANSPORT, INC. (hereinafter BRAGG), and for its answer states and defends as follows:

1. BRAGG admits that on December 2, 2004, at the intersection of Old Seward Highway and 94th Avenue, a transformer and the trailer hauling it tipped over causing damage. BRAGG denies all other allegations in Paragraph 1, for lack of knowledge sufficient to form a belief.

2. BRAGG denies all allegations in Paragraph 2 for lack of knowledge sufficient to form a belief.

3. BRAGG denies all allegations in Paragraph 3 for lack of knowledge sufficient to form a belief.

4. BRAGG admits the allegations in Paragraph 4.

5. BRAGG admits the allegations in Paragraph 5.

6. BRAGG denies all allegations in Paragraph 6 for lack of knowledge sufficient to form a belief.

7. BRAGG denies all allegations in Paragraph 7 for lack of knowledge sufficient to form a belief.

8. BRAGG denies all allegations in Paragraph 8 for lack of knowledge sufficient to form a belief.

*Answer to Delta Complaint and Cross-claims*  Page 2 of 11
*Bachmann v. Bragg et. al.*  Case No. 3:06:cv:00145 TMB
[/Answer (lined)]

9. BRAGG denies all allegations in Paragraph 9 for lack of knowledge sufficient to form a belief.

10. Paragraph 10 asserts a legal conclusion, and thus requires no answer. To the extent an answer is required, all allegations are denied.

11. Paragraph 11 asserts a legal conclusion, and thus requires no answer. To the extent an answer is required, all allegations are denied.

12. BRAGG admits the allegations in Paragraph 12.

13. BRAGG denies all allegations in Paragraph 13 for lack of knowledge sufficient to form a belief.

14. BRAGG denies all allegations in Paragraph 14 for lack of knowledge sufficient to form a belief.

15. BRAGG denies all allegations in Paragraph 15 for lack of knowledge sufficient to form a belief.

16. BRAGG denies all allegations in Paragraph 16 for lack of knowledge sufficient to form a belief.

17. BRAGG, in response to the allegations in Paragraph 17, admits that it entered into a contract with UTC Bachmann, Inc. and/or J.H. Bachmann GmbH for transport of the transformer, but said contract speaks for itself and BRAGG denies all remaining allegations in Paragraph 17.

*Answer to Delta Complaint and Cross-claims*  Page 3 of 11
Bachmann v. Bragg et. al.  Case No. 3:06:cv:00145 TMB
[/Answer (lined)]

18. BRAGG admits the allegations in Paragraph 18.

19. BRAGG denies all allegations in Paragraph 19 for lack of knowledge sufficient to form a belief.

20. BRAGG denies all allegations in Paragraph 20 for lack of knowledge sufficient to form a belief.

21. BRAGG admits the allegations in Paragraph 21.

22. BRAGG denies all allegations in Paragraph 22 for lack of knowledge sufficient to form a belief.

23. BRAGG denies all allegations in Paragraph 23 for lack of knowledge sufficient to form a belief.

24. BRAGG denies all allegations in Paragraph 24 for lack of knowledge sufficient to form a belief.

### COUNT I

25-26. Count I is not directed against BRAGG, and thus does not call for a response.

### COUNT II

27-29. Count II is not directed against BRAGG, and thus does not call for a response.

### COUNT III

30-32. Count III is not directed against BRAGG, and thus does not call for a response.

*Answer to Delta Complaint and Cross-claims*     Page 4 of 11
Bachmann v. Bragg et. al.     Case No. 3:06:cv:00145 TMB

[/Answer (lined)]

## COUNT IV

33. BRAGG incorporates all foregoing responses.

34. BRAGG adopts and incorporates its response to Paragraph 18 above.  The second sentence of Paragraph 34 asserts a legal conclusion, and thus requires no answer.  To the extent an answer is further required to Paragraph 34, all allegations are denied.

## COUNT V

35. BRAGG incorporates all foregoing responses.

36-39. Paragraphs 36-39 assert legal conclusions, and thus require no answer.  To the extent an answer is required, all allegations are denied.

## COUNT VI

40. BRAGG incorporates all foregoing responses.

41. BRAGG asserts that the contract of carriage speaks for itself and thus no response is required to Paragraph 41.  To the extent an answer is required, all allegations are denied.

42. Paragraph 42 asserts legal conclusions, and thus requires no answer.  To the extent an answer is required, all allegations are denied.

*Answer to Delta Complaint and Cross-claims*  Page 5 of 11
Bachmann v. Bragg et. al.  Case No. 3:06:cv:00145 TMB
[/Answer (lined)]

### COUNT VII

43-48. Count VII is not directed against BRAGG, and thus does not call for a response.

### COUNT VIII

49-55. Count VIII is not directed against BRAGG, and thus does not call for a response.

### COUNT IX

56-60. Count IX is not directed against BRAGG, and thus does not call for a response.

### **AFFIRMATIVE DEFENSES**

61. Plaintiff fails to state a cause of action upon which relief can be granted.

62. Waiver bars Plaintiff's claims.

63. Latches bars Plaintiff's claims.

64. Estoppel bars Plaintiff's claims.

65. In the event that BRAGG is held liable herein, all other parties, including parties not presently named herein, are liable in contribution to BRAGG.

66. Those parties responsible for recovery and salvage of the transformer have failed to take reasonable

*Answer to Delta Complaint and Cross-claims*  Page 6 of 11
Bachmann v. Bragg et. al.   Case No. 3:06:cv:00145 TMB
[/Answer (lined)]

action to mitigate the loss, and any recovery must therefore be reduced.

67. BRAGG reserves the right to add additional affirmative defenses as they become known through investigation and trial.

## CROSS CLAIMS AGAINST UTC BACHMANN, INC.

68. Bragg Investment Company, Inc. ("BRAGG") is the successor-in-interest by merger to Heavy Transport, Inc. and is qualified in all respects to bring these crossclaims.

## FIRST CROSSCLAIM

69. At the request of UTC Bachmann, Inc. ("UTC"), BRAGG provided freight services to UTC Bachmann, Inc.

70. Despite demand, UTC has failed and refused to pay what is owned to BRAGG in breach of the parties agreement.

71. The amount of freight charges presently due and owing to BRAGG from UTC is $45,900.00, plus interest.

## SECOND CROSSCLAIM

72. BRAGG incorporates the allegations set forth in Paragraphs 6 – 13 of its counterclaims.

*Answer to Delta Complaint and Cross-claims*   Page 7 of 11
Bachmann v. Bragg et. al.   Case No. 3:06:cv:00145 TMB
[/Answer (lined)]

73. UTC and/or manufacturer Starkstrom Geratebau GmbH ("SGB") agreed to be responsible for any damage to the electrical transformers during the transport from SGB to Chugach Electric in Anchorage, Alaska.

74. To the extent BRAGG is found liable in this action, UTC and/or SGB is responsible to BRAGG for such liability by indemnification or contribution.

### CROSSCLAIM AGAINST NORTHSTAR TRUCKING, INC.

75. Bragg Investment Company, Inc. ("BRAGG") is the successor-in-interest by merger to Heavy Transport, Inc. and is qualified in all respects to bring this crossclaim.

76. BRAGG contracted with Defendant NTI for shipment of the two electrical transformers from the port of Anchorage to a construction site in Anchorage, Alaska.

77. NTI, on information and belief, contracted with Defendant Shane d. Crowson dba Alaska Heavy Haul Transport ("CROWSON") for movement of the two electrical transformers from the port of Anchorage to a construction site in Anchorage, Alaska.

*Answer to Delta Complaint and Cross-claims*  Page 8 of 11
Bachmann v. Bragg et. al.  Case No. 3:06:cv:00145 TMB

[/Answer (lined)]

78. NTI, on information and belief, was negligent in its handling of the electrical transformer and in its use of CROWSON.

79. NTI breached its contract with BRAGG

80. NTI is liable to BRAGG for a) the unpaid $45,900 from UTC and b) any judgment entered against BRAGG and for BRAGG's costs and attorney fees incurred in defending against any and all claims in this action either by indemnification or contribution.

### CROSSCLAIM AGAINST SHANE D. CROWSON dba ALASKA HEAVY HAUL TRUCKING

81. Bragg Investment Company, Inc. ("BRAGG") incorporates the allegations set forth above in Paragraphs 6 through 10.

82. Defendant CROWSON, was negligent in the handling and transport of the electrical transformer.

83. CROWSON is liable to BRAGG for a) the unpaid $45,900 from UTC and b) any judgment entered against BRAGG and for BRAGG's costs and attorney fees incurred in defending against any and all claims in this action either by indemnification or contribution.

### PRAYER

*Answer to Delta Complaint and Cross-claims* Page 9 of 11
Bachmann v. Bragg et. al.   Case No. 3:06:cv:00145 TMB
[/Answer (lined)]

Therefore, Defendant BRAGG prays for the following relief:

1. Plaintiff's claim be dismissed with prejudice;

2. Defendant BRAGG be awarded its crossclaims against UTC Bachmann, Inc., Northstar Trucking, Inc. and against Shane D. Crowson dba Alaska Heavy Haul Transport in an amount to be proven at trial;

3  Defendant BRAGG be awarded its costs and attorney fees; and

4  Defendant BRAGG be awarded such other and further relief as the court deems just under the circumstances.

DATED June 3, 2007.   Longacre Law Offices, Ltd.
Attorney for BRAGG INVESTMENT COMPANY, INC. successor-in-interest by merger to HEAVY TRANSPORT, INC.

Roy Longacre_____
Roy Longacre, ABA # 8211124

CERTIFICATE OF SERVICE

I hereby certify that on
June 3, 2007, I served a true
copy of the foregoing electronically on:

Frank A. Pfiffner, Esq.              Thomas G. Johnson, Esq.
Hughes Thorsness Powell              Bauer, Moynihan & Johnson LLP
Huddleston & Bauman LLC               tgjohnson@bmilaw.com
fap@hbplaw.net

Bruce E. Falconer, Esq.              Thomas A. Matthews, Esq.
Boyd Chandler & Falconer, LLP         Matthews & Zahare, P.C.
bflaconer@bcf.us.com                  Tom.matthews@matthewszahare.com

*Answer to Delta Complaint and Cross-claims*                             Page 10 of 11
Bachmann v. Bragg et. al.                                    Case No. 3:06:cv:00145 TMB
[/Answer (lined)]

[/Answer (lined)]

| | |
|---|---|
| RobertM. Libbey, Esq.<br>604 W. Second Avenue<br>Anchorage, Alaska 99501<br>boblibbey@alaska.net | Marc G. Wilhelm, Esq.<br>Richmond & Quinn<br>360 K Street, Suite 200<br>Anchorage, Alaska 99501<br>mwilhelm@richmondquinn.com |

Roy Longacre_____
Roy Longacre

*Answer to Delta Complaint and Cross-claims*       Page 11 of 11
Bachmann v. Bragg et. al.                         Case No. 3:06:cv:00145 TMB

[/Answer (lined)]