Roy L. Longacre, Esq.
Longacre Law Offices, Ltd.
425 G Street, Suite 910
Anchorage, Alaska 99501
Phone: (907) 276-6354
Fax:   (907) 279-4685
longacre@alaska.com

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

THIRD JUDICIAL DISTRICT AT ANCHORAGE

| | |
|---|---|
| J.H. BACHMANN GmbH and UTC BACHMANN, INC., | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) |
| BRAGG INVESTMENT COMPANY, INC. successor-in-interest by merger to HEAVY TRANSPORT, INC., NORTHSTAR TRUCKING, INC. NORTH STAR TERMINAL AND STEVEDORE COMPANY, LLC, NORTH STAR TERMINAL AND STEVEDORE COMPANY, LLC OF DELAWARE and SHANE D. CROWSON dba ALASKA HEAVY HAUL TRANSPORT | ) ) ) ) ) ) ) ) ) ) ) |
| Defendants. | )Case No. 3:06:cv:00145TMB ) ) |

**ANSWER of BRAGG INVESTMENT COMPANY, INC.successor-in-interest by merger to HEAVY TRANSPORT, INC. TO CROSS-CLAIM OF DEFENDANT NORTH STAR TERMINAL & STEVEDORE COMPANY, LLC ASSERTED IN RESPONSE TO DELTA LLOYD COMPLAINT**

COMES NOW, Defendant, BRAGG INVESTMENT COMPANY, INC. successor-in-interest by merger to HEAVY TRANSPORT, INC. (hereinafter BRAGG), through counsel, and for its answer to

*Answer to NSTS's Cross-claim*                                           Page 1 of 5
Bachmann v. Bragg et. al.                                Case No. 3:06:cv:00145 TMB
[/Answer (BRAGG) to NSTS's XClaim In Response To Delta Complaint]

Defendant North Star Terminal & Stevedore Company, LLC's (hereinafter NSTS) cross-claim asserted in response to the Delta Lloyd Complaint, states and defends as follows:

1. BRAGG admits the allegations in Paragraphs 1, 2, 3 and 4 of NSTS's cross-claim.

2. The Heavy Lift Agreement referenced in Paragraphs 5, 6, 7, 8, 11, and 12 speaks for itself and therefore no additional response is required. To the extent an additional response is required BRAGG denies the allegations in Paragraphs 5, 6, 7, 8, 11, and 12 of NSTS's cross-claim.

3. By way of further answer to the allegations in Paragraph 5, BRAGG admits that in entered into a Heavy Haul Agreement with defendant NSTS, but denies that it hired defendant Crowson to provide the trucks for hauling the transformers from NSTS's terminal to the construction site.

4. BRAGG is without sufficient information to know whether Shane D. Crowson was satisfied with the position of the transformers on the truck. BRAGG denies the remaining allegations in Paragraph 9.

*Answer to NSTS's Cross-claim*  Page 2 of 5
Bachmann v. Bragg et. al.  Case No. 3:06:cv:00145 TMB
[/Answer (BRAGG) to NSTS's XClaim In Response To Delta Complaint]

5. BRAGG is without personal knowledge as to what caused the accident referenced in Paragraph 10 and therefore denies any and all allegations in Paragraph 10.

6. BRAGG denies that its actions caused the damage to the transformer. BRAGG admits the balance of the allegations in Paragraph 13.

7. Paragraphs 14 and 15 assert a legal conclusion, and thus require no answer. To the extent an answer is required BRAGG denies the allegations in Paragraphs 14 and 15 of NSTS's cross-claim.

## **AFFIRMATIVE DEFENSES**

1. Defendant NTI fails to state a cause of action upon which relief can be granted.

2. Waiver bars the claims herein.

3. Latches bars the claims herein.

4. Estoppel bars the claims herein.

5. In the event that BRAGG is held liable herein, all other parties, including parties not presently named herein, are liable in contribution to BRAGG.

6. Those parties responsible for recovery and salvage of the transformer have failed to take reasonable

*Answer to NSTS's Cross-claim*  Page 3 of 5
Bachmann v. Bragg et. al.   Case No. 3:06:cv:00145 TMB
[/Answer (BRAGG) to NSTS's XClaim In Response To Delta Complaint]

action to mitigate the loss, and any recovery must therefore be reduced.

7. BRAGG reserves the right to add additional affirmative defenses as they become known through investigation and trial.

## PRAYER

Defendant BRAGG prays for the following relief:

1. Northstar Terminal & Stevedore Company, LLC's cross-claim against BRAGG be dismissed with prejudice;

2. Defendant BRAGG be awarded its costs and attorney fees; and

3. Defendant BRAGG be awarded such other and further relief as the court deems just under the circumstances.

DATED June 3, 2007.          By: __/s/ Roy Longacre___
                                  Roy Longacre
                                  Longacre Law Offices, Ltd.
                                  425 G Street, Suite 910
                                  Anchorage, AK 99501
                                  longacre@alaska.com

CERTIFICATE OF SERVICE

I hereby certify that on
June 3, 2007, I served a true
copy of the foregoing electronically on:

Frank A. Pfiffner, Esq.              Thomas G. Johnson, Esq.
Hughes Thorsness Powell              Bauer, Moynihan & Johnson LLP
Huddleston & Bauman LLC              tgjohnson@bmilaw.com

*Answer to NSTS's Cross-claim*                                       Page 4 of 5
Bachmann v. Bragg et. al.                                Case No. 3:06:cv:00145 TMB
                                        [/Answer (BRAGG) to NSTS's XClaim In Response To Delta Complaint]

fap@hbplaw.net

Bruce E. Falconer, Esq.                    Thomas A. Matthews, Esq.
Boyd Chandler & Falconer, LLP               Matthews & Zahare, P.C.
bflaconer@bcf.us.com                       Tom.matthews@matthewszahare.com

RobertM. Libbey, Esq.                      Marc G. Wilhelm, Esq.
604 W. Second Avenue                       Richmond & Quinn
Anchorage, Alaska 99501                    360 K Street, Suite 200
boblibbey@alaska.net                       Anchorage, Alaska 99501
                                           mwilhelm@richmondquinn.com


Roy Longacre_____
Roy Longacre

*Answer to NSTS's Cross-claim*                                                        Page 5 of 5
Bachmann v. Bragg et. al.                                                    Case No. 3:06:cv:00145 TMB
                                         [/Answer (BRAGG) to NSTS's XClaim In Response To Delta Complaint]