Libbey Law Offices, LLC
Robert M. Libbey
604 W. Second Avenue
Anchorage, AK 99501
(907) 258-1815
(907) 258-1822 Fax
boblibbey@alaska.net

Attorneys for Defendant
Shane D. Crowson and Alaska
Heavy Haul Transport

UNITED STATES DISTRICT COURT
FOR THE STATE OF ALASKA AT ANCHORAGE

| | |
|---|---|
| J.H. BACHMANN GmbH and UTC BACHMANN, INC., <br><br>    Plaintiffs, <br><br>  v. <br> BRAGG INVESTMENT COMPANY, INC. successor-in-interest by merger to HEAVY TRANSPORT, INC., NORTHSTAR TRUCKING, INC., NORTH STAR TERMINAL AND STEVEDORE COMPANY, LLC, NORTH STAR TERMINAL AND STEVEDORE COMPANY LLC OF DELAWARE AND SHANE D. CROWSON dba ALASKA HEAVY HAUL TRANSPORT, <br><br>    Defendants. | <br><br><br><br><br><br><br><br> No. 3:06:CV 00145(TMB) <br> No. 3:06:CV-00274(TMB) <br>    Consolidated |

**MOTION OF SHANE CROWSON TO COMPEL RESPONSES TO**
**DISCOVERY REQUESTS TO DEFENDANT NORTHSTAR TRUCKING, INC.**

   Defendant Shane D. Crowson by and through counsel, pursuant to Federal Civil Procedure Rules 37, hereby moves to compel responses to the designated requests of his First Interrogatories

Motion of Shane Crowson to Compel
Responses to First Discovery Requests
to Defendant Northstar Trucking, Inc.
Bachmann v. Bragg, et al.
3:06-CV-00274-TMB                                          Page 1 of  10

PDF created with pdfFactory trial version www.pdffactory.com

And Requests For Production To Northstar Trucking, Inc. Specifically involved are Interrogatories No. 4 and No. 5, and Request For Production No. 3 and No. 8.  Northstar Trucking has objected to these requests, and Shane Crowson has attempted in good faith to obtain responses by conferring with its attorney. Attached hereto as Exhibit 1 are copies of the pertinent discovery requests and responses of Northstar Trucking, Inc.  Two subjects of the request are in contest in this motion, certain dispatch records, and weight and length details of certain Northstar Trucking vehicles.  They are explained below.

1.  <u>Dispatch Records</u>

The first contested request is for the dispatch records of Northstar Trucking for November 26 through December 2, 2004; Crowson's Request For Production No. 8.  These records relate to what vehicles, and drivers, Northstar Trucking dispatched to the Anchorage port area during the period while the transformers remained at the port, before and while being loaded from rail cars to trucks, to be moved to the South Anchorage Substation of Chugach Electric.

The relevant issues between Shane Crowson and Northstar Trucking are explained by the pleadings, and the accompanying affidavit of Shane Crowson.  Simply summarized, they are as follows.

Motion of Shane Crowson to Compel
Responses to First Discovery Requests
to Defendant Northstar Trucking, Inc.
Bachmann v. Bragg, et al.
3:06-CV-00274-TMB                                          Page 2 of  10

Shane Crowson, the moving party, has been charged with negligence, in the tip over of a transformer he was hauling from the Anchorage port to a site near 94th Avenue, the night of December 1-2, 2004. Crowson has claimed he was working for Defendant Northstar Trucking, Inc., as an owner/operator under lease to Northstar Trucking, at the time. He has claimed that the lease agreement provided that Northstar Trucking would accept all the liability arising out of the transaction, and provide any necessary cargo insurance. Northstar Trucking has denied any connection with Crowson's involvement in the transformer move.

Crowson has claimed that Northstar Trucking also agreed to have one of its truck and trailer units present during transformer loading, as a back-up trailer. He has stated that this arrangement was made in case the smaller of his two trailers proved too small to support the weight of the transformers. Crowson has claimed that on the day the transformers were loaded, November 29, 2004, one of Northstar Trucking's truck and trailer units was provided at the loading site, for this purpose. The Northstar's dispatch records for that date, or a day or two earlier, ought to confirm this.

The records sought by this motion should identify the driver and vehicle dispatched in connection with transformer loading. Such records have not been produced. Northstar Trucking has

Motion of Shane Crowson to Compel
Responses to First Discovery Requests
to Defendant Northstar Trucking, Inc.
Bachmann v. Bragg, et al.
3:06-CV-00274-TMB                                         Page 3 of 10

PDF created with pdfFactory trial version www.pdffactory.com

refused to provide them, objecting to the request as "overly broad, unduly burdensome and [seeking information] neither relevant nor reasonably calculated to lead to the discovery of admissible evidence."

As noted, Northstar Trucking denies that it had anything whatsoever to do with loading or transporting the transformers. It has claimed that Crowson was working solely for Heavy Transport, Inc., of Long Beach, California, respecting the transformers. In its Answer herein, Paragraph 14, filed June 19, 2006, Northstar Trucking has stated:

> Responding to paragraph 14, NTI denies that it contracted with Defendant Shane Crowson dba Alaska Heavy Haul Transport for shipment or movement of either transformer. NTI is informed and believes, and therefore affirmatively alleges, that Heavy Transport contracted with Crowson to move the transformer that was allegedly damaged.

Crowson, however, has claimed he had never had any contact with Heavy Transport, Inc., prior to the November 29, 2004, loading day, and had no information as to how to contact them. He has stated that he had dealt only with Northstar Trucking, and with North Star Terminal & Stevedoring, in making arrangements for moving of the transformers. The information contained in the dispatch records will, therefore, bear directly on the issue of the relationship between Crowson and Northstar Trucking respecting the transformer move.

Motion of Shane Crowson to Compel
Responses to First Discovery Requests
to Defendant Northstar Trucking, Inc.
Bachmann v. Bragg, et al.
3:06-CV-00274-TMB                                          Page 4 of 10

PDF created with pdfFactory trial version www.pdffactory.com

2.  <u>Overweight Permit Information</u>

The second Discovery Request in contest respects information Northstar Trucking provided to the State of Alaska, Department of Highways and Public Facilities, to obtain certain overweight and oversize permits for highway transport of the transformers, in the course of the transformer project.  Crowson stated that his owner/operator lease agreement with Northstar Trucking provided that Northstar Trucking would obtain any necessary overweight and oversize hauling permits for the transformers.  Northstar Trucking in fact applied for the permits in its own name, and paid for them; and they were issued to Northstar Trucking.  Northstar Trucking claims it did so only as a favor to Crowson.

Crowson, however, has claimed that Northstar Trucking obtained the permits on its own behalf.  He states that an employee of Northstar Trucking, Rod Huysman, called his father, Al Crowson, and asked him to provide unit weight and length information on Crowson's trucks and two trailers, to assist Northstar Trucking in its application to the State of Alaska for overweight and oversize permits for the transformer move. Crowson claims that after his father had furnished this information, Northstar Trucking filed permit applications that seriously understated the combined weight of the transformer, truck and trailer, by nearly 60,000#.  He has claimed that by examining

Motion of Shane Crowson to Compel
Responses to First Discovery Requests
to Defendant Northstar Trucking, Inc.
Bachmann v. Bragg, et al.
3:06-CV-00274-TMB                                              Page 5 of  10

PDF created with pdfFactory trial version www.pdffactory.com

other such permit applications of Northstar Trucking, made in the course of this project, it can be shown that Northstar Trucking had similarly understated the combined load weight.

One such example is an earlier permit application by Northstar Trucking, for hauling this transformer on its own truck and trailer unit.  Crowson also claims that when Northstar Trucking applied for a related permit, for hauling one of the cranes associated with the transformer move, it had likewise seriously understated the combined load weight.  He has claimed that Northstar Trucking was deliberately understating the combined weight of vehicles used in this transformer movement project, to advance its own interests in the project.

Evidence supporting a finding that Northstar Trucking has employed a pattern of understating combined vehicle weight, in seeking permits, will help Crowson impeach Northstar Trucking's claim that it was not involved with Crowson's activities, not exercising any control of the transformer movement, and that Crowson acted independently and had sole control.  It will also impeach Northstar Trucking's claim that it obtained the permits to move the transformers, in its own name, only as a favor to Crowson.

With Interrogatories 4 and 5, Crowson requested that Northstar Trucking produce the weight and length data on the

Motion of Shane Crowson to Compel
Responses to First Discovery Requests
to Defendant Northstar Trucking, Inc.
Bachmann v. Bragg, et al.
3:06-CV-00274-TMB                                      Page 6 of  10

PDF created with pdfFactory trial version www.pdffactory.com

vehicles used by Northstar Trucking in applying for the permits obtained for this project that appear to have seriously understated combined vehicle weight.  Request For Production No. 3 requests the vehicle registration documentation with respect to these vehicles, which will confirm actual vehicle weights.

The cargo weights, that is, the weight of the transformer and the crawler crane that are also subject to these permits, are already known.  Thus, with the vehicle weight and length data sought by Crowson, the actual combined load weight can be determined, and this can be compared to the combined weight claimed by Northstar Trucking in its permit applications. Thus, the degree of weight understating can be demonstrated.  It can then be determined whether Northstar Trucking misstated the vehicle weight information it had been given by Crowson, as a part of a pattern of understating vehicle weights, to advance its own interests in the project.

The information sought will also help prepare for the depositions of Northstar Trucking's Rod Huysman [who signed all the permit applications] and Mitch Hatfield [who managed Northstar Trucking's interests in the project].  Those depositions are scheduled to be taken in August of this year.

Northstar Trucking has also refused to produce this information.  Again, it alleges that response would be "unduly

Motion of Shane Crowson to Compel
Responses to First Discovery Requests
to Defendant Northstar Trucking, Inc.
Bachmann v. Bragg, et al.
3:06-CV-00274-TMB                                            Page 7 of  10

PDF created with pdfFactory trial version www.pdffactory.com

burdensome" and the information sought is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Generally, issues of undue burden [or overly broad] are raised and resolved by motion for protective order, under Federal Civil Rule 26(c).  This places the burden of establishment of specific examples of undue burden clearly on the party asserting it.  In contrast, here Northstar Trucking has simply refused to respond, stating only a general objection of undue burden and immateriality.  This, however, does not relieve the objecting party of the burden of justifying its objection.  *See Pressley v. Boehlke*, 33 F.R.D. 316 (W.D.N.C. 1963)

Moreover, even specific claims of undue burden must be resolved in light of the liberal scope of discovery envisioned under *Hickman v. Taylor*, 329 U.S. 495, 67 S.Ct. 385 (1947).  This liberality encompasses more than the facts intrinsic to the claims and defenses, extending to materials and information useful for impeachment.  *Id*. at 394, 67 S.Ct. at 511.  *And see Kerr v. U.S. Dist. Court for Northern Dist. of California*, 511 F.2d 192, 196-97 (9th Cir. 1975); affirmed 426 U.S. 394, 96 S.Ct. 2119 (1976).

This information is not sought to annoy Northstar Trucking,

Motion of Shane Crowson to Compel
Responses to First Discovery Requests
to Defendant Northstar Trucking, Inc.
Bachmann v. Bragg, et al.
3:06-CV-00274-TMB                                                   Page 8 of  10

PDF created with pdfFactory trial version www.pdffactory.com

nor to delay proceeding, but solely to prepare for discovery and to defend the claims against Crowson.  Factual support for the motion is provided by the accompanying affidavit of Shane Crowson.  The burden of producing the information sought will be slight, and its value to Crowson will be significant.  The court should order production.

Dated at Anchorage, Alaska this 14th day of June, 2007.

>                   LIBBEY LAW OFFICES, LLC
>                   Counsel for Shane Crowson dba
>                   Alaska Heavy Hall Transport
>
> By:   s/Robert M. Libbey
>       Robert M. Libbey ABA 6404014
>       604 West 2nd Ave.
>       Anchorage, AK 99501
>       Phone: (907) 258-1815
>       Fax: (907) 258-1822
>       boblibbey@alaska.net

This is to certify that the foregoing
is being served electronically to:

Frank Pfiffner, Esq.
fap@hbplaw.net
Attorney for Plaintiffs

Thomas A. Matthews, Esq.
tom.matthews@matthewszahare.com
Attorney for Defendant Northstar Trucking, Inc.

Bruce E. Falconer, Esq.
bfalconer@bcf.us.com
Attorney for Defendant Northstar Trucking, Inc.

Thomas G. Johnson
tgjohnson@bmjlaw.com
Attorney for Defendant North Star Terminal And
Stevedore, LLC and North Star Terminal And
Stevedore, LLC Of Delaware

Motion of Shane Crowson to Compel
Responses to First Discovery Requests
to Defendant Northstar Trucking, Inc.
Bachmann v. Bragg, et al.
3:06-CV-00274-TMB                                       Page 9 of  10

PDF created with pdfFactory trial version www.pdffactory.com

Roy L. Longacre, Esq.
longacre@alaska.com
Attorney for Defendant Bragg Investment Company, Inc.
successor-in-interest by merger to Heavy Transport, Inc.

Marc G. Wilhelm
Richmond & Quinn
mwilhelm@richmondquinn.com
Attorney for Plaintiff Delta Lloyd Schadeverzekering N.V.

On: June 14, 2007  By: s/Robert M. Libbey

Motion of Shane Crowson to Compel
Responses to First Discovery Requests
to Defendant Northstar Trucking, Inc.
Bachmann v. Bragg, et al.
3:06-CV-00274-TMB                                                     Page 10 of  10

PDF created with pdfFactory trial version www.pdffactory.com