LIBBEY LAW OFFICES, LLC
Robert M. Libbey
Colleen A. Libbey
604 W. Second Avenue
Anchorage, AK 99501
(907) 258-1815
(907) 258-1822 Fax
boblibbey@alaska.net
clibbey@alaska.net

Attorneys for Defendant
Shane D. Crowson dba Alaska
Heavy Haul Transport

| | |
|---|---|
| J.H. BACHMANN GmbH and UTC BACHMANN, INC., | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) |
| BRAGG INVESTMENT COMPANY, INC. successor-in-interest by merger to HEAVY TRANSPORT, INC., NORTHSTAR TRUCKING, INC., NORTH STAR TERMINAL AND STEVEDORE COMPANY, LLC, NORTH STAR TERMINAL AND STEVEDORE COMPANY LLC OF DELAWARE AND SHANE D. CROWSON dba ALASKA HEAVY HAUL TRANSPORT, | ) ) )No. 3:06:CV 00145(TMB) )No. 3:06:CV-00274(TMB) )    Consolidated ) ) ) ) ) |
| Defendants. | ) ) |

**ANSWER TO CROSS CLAIM OF
BRAGG INVESTMENT COMPANY, INC.
AND DEMAND FOR JURY TRIAL**

Defendant Shane D. Crowson demands a jury trial pursuant to Local Rule 38.1, and answers the Cross Claim of Bragg Investment Company, Inc. as follows:

1.  Defendant admits paragraph 81.

Answer to Cross-Claim of Bragg Investment Company, Inc.
Bachmann v. Bragg et al.
3:06-CV-00145-TMB & 3:06:CV-00274-TMB
Consolidated                                                Page 1 of 6

PDF created with pdfFactory trial version www.pdffactory.com

2. Defendant denies paragraph 82.

3. Paragraph 83 sets forth a legal assertion, and thus does not require answer. To the extent an answer is required, Defendant denies paragraph 83.

### FIRST AFFIRMATIVE DEFENSE

In the event Shane D. Crowson is held liable herein, all parties, including Bragg Investment Company, Inc., and parties not presently named herein, are liable in contribution to Shane D. Crowson.

### SECOND AFFIRMATIVE DEFENSE

In the event Shane D. Crowson is held liable herein, Bragg Investment Company, Inc. is liable in indemnity to Shane D. Crowson.

### THIRD AFFIRMATIVE DEFENSE

In the event Shane D. Crowson is held liable herein, his liability is to be reduced by the percent of fault of all parties found liable, including Bragg Investment Company, Inc., and parties liable but not presently named herein.

### FOURTH AFFIRMATIVE DEFENSE

This case is governed by general maritime law of the United States, including the United States Carriage Of Goods By Sea Act(COGSA) 46 U.S.C. App. 1301 *et seq.*

Answer to Cross-Claim of Bragg Investment Company, Inc.
Bachmann v. Bragg et al.
3:06-CV-00145-TMB & 3:06:CV-00274-TMB
Consolidated                                                    Page 2 of 6

PDF created with pdfFactory trial version www.pdffactory.com

FIFTH AFFIRMATIVE DEFENSE

Laches bars the claims herein.

SIXTH AFFIRMATIVE DEFENSE

The claims herein are barred or limited by the contracts of carriage, including all bills of lading, and COGSA.

SEVENTH AFFIRMATIVE DEFENSE

The claims herein are barred by the time limitation provisions of the contracts of carriage and COGSA.

EIGHTH AFFIRMATIVE DEFENSE

The claimant has failed to join indispensable parties. Pursuant to Rule 19, the Plaintiff has failed to join a party needed for just adjudication. Plaintiff has failed to join the following indispensable parties: Starkstrom Gerätebau GmbH ("SGB") and Gericke & Co. GmbH ("Gericke"). SGB manufactured the transformers that were sold to Chugach Electric Association, Inc. in Anchorage, Alaska, and Gericke agreed to ship the transformers to Anchorage, Alaska. Pursuant to *Norfolk Southern Railway Co. v. Kirby*, 543 U.S. 14 (2004), the liability, if any, of the land carrier is limited and dictated by the bill of lading issued by the ocean carrier. Furthermore, packaging responsibility, instructions for safe shipment and warning of the high degree of instability of the transformers fell on the above mentioned companies that were not named in the law suit. Because liability could lie solely with

Answer to Cross-Claim of Bragg Investment Company, Inc.
Bachmann v. Bragg et al.
3:06-CV-00145-TMB & 3:06:CV-00274-TMB
Consolidated                                                   Page 3 of 6

PDF created with pdfFactory trial version www.pdffactory.com

those entities, or a high percentage of contribution could be assigned to them, they are needed for just adjudication.

## NINTH AFFIRMATIVE DEFENSE

The transformer was damaged by others over whom defendant had no control or authority, and for whom defendant has no responsibility.

## TENTH AFFIRMATIVE DEFENSE

Assumption of risk bars the claims herein.

WHEREFORE, Defendant Shane D. Crowson requests judgment as follows:

1. That Bragg Investment Company, Inc.'s Cross Claim be dismissed with prejudice;

2. That Shane D. Crowson be awarded his costs and attorneys' fees with respect thereto;

3. That all the liable parties be assessed a percent of liability herein, including Bragg Investment Company, Inc., and parties not presently named herein, and that Shane D. Crowson's liability be limited to the percent of liability assessed to him.

4. That all the parties be held liable to Shane D. Crowson in contribution, including Bragg Investment Company, Inc. and parties not presently named herein.

5. That Bragg Investment Company, Inc. be held liable to Shane D. Crowson in indemnity.

Answer to Cross-Claim of Bragg Investment Company, Inc.
Bachmann v. Bragg et al.
3:06-CV-00145-TMB & 3:06:CV-00274-TMB
Consolidated                                        Page 4 of 6

PDF created with pdfFactory trial version www.pdffactory.com

6.  For such further relief as may be just.


Dated at Anchorage, Alaska this 19th  day of June, 2007.

                                     LIBBEY LAW OFFICES, LLC
                                     Counsel for Shane Crowson dba
                                     Alaska Heavy Haul Transport

                           By:  s/Robert M. Libbey
                                   Robert M. Libbey ABA 6404014
                                   604 West 2nd Ave.
                                   Anchorage, AK 99501
                                   Phone: (907) 258-1815
                                   Fax: (907) 258-1822
                                   boblibbey@alaska.net

This is to certify that the foregoing
is being served by electronically to:

Frank Pfiffner, Esq.
fap@hbplaw.net
Attorney for Plaintiffs

Thomas A. Matthews, Esq.
tom.matthews@matthewszahare.com
Attorney for Defendant Northstar Trucking, Inc.

Bruce E. Falconer, Esq.
bfalconer@bcf.us.com
Attorney for Defendant Northstar Trucking, Inc.

Thomas G. Johnson
tgjohnson@bmjlaw.com
Attorney for Defendant North Star Terminal And
Stevedore, LLC and North Star Terminal And
Stevedore, LLC Of Deleware

Roy L. Longacre, Esq.
longacre@alaska.com
Attorney for Defendant Bragg Investment Company, Inc.
successor-in-interest by merger to Heavy Transport, Inc.

Marc G. Wilhelm
Richmond & Quinn
mwilhelm@richmondquinn.com
Attorney for Plaintiff Delta Lloyd Schadeverzekering N.V.



Answer to Cross-Claim of Bragg Investment Company, Inc.
Bachmann v. Bragg et al.
3:06-CV-00145-TMB & 3:06:CV-00274-TMB
Consolidated                                                    Page 5 of 6

PDF created with pdfFactory trial version www.pdffactory.com

Mark C. Manning
manning@alaska.net
Attorney for Defendant UTC Bachmann, Inc.

On: June 19, 2007   By: s/Robert M. Libbey

Answer to Cross-Claim of Bragg Investment Company, Inc.
Bachmann v. Bragg et al.
3:06-CV-00145-TMB & 3:06:CV-00274-TMB
Consolidated                                              Page 6 of 6

PDF created with pdfFactory trial version www.pdffactory.com