Libbey Law Offices, LLC
Robert M. Libbey
Colleen A. Libbey
604 W. Second Avenue
Anchorage, AK 99501
(907) 258-1815
(907) 258-1822 Fax
boblibbey@alaska.net

Attorneys for Defendant
Shane D. Crowson and Alaska
Heavy Haul Transport

UNITED STATES DISTRICT COURT
FOR THE STATE OF ALASKA AT ANCHORAGE

| | |
|---|---|
| J.H. BACHMANN GmbH and UTC BACHMANN, INC., <br><br>          Plaintiffs, <br><br>     v. <br><br> BRAGG INVESTMENT COMPANY, INC. successor-in-interest by merger to HEAVY TRANSPORT, INC., NORTHSTAR TRUCKING, INC., NORTH STAR TERMINAL AND STEVEDORE COMPANY, LLC, NORTH STAR TERMINAL AND STEVEDORE COMPANY LLC OF DELAWARE AND SHANE D. CROWSON dba ALASKA HEAVY HAUL TRANSPORT, <br><br>          Defendants. | <br><br><br><br><br><br><br><br><br> No. 3:06:CV 00145(TMB) <br> No. 3:06:CV-00274(TMB) <br>      Consolidated |

**<u>MOTION TO SUPPLEMENT REPLY TO DELTA LLOYD'S RESPONSE TO CROWSON'S MOTION TO DISMISS FOR FAILURE TO JOIN INDISPENSABLE PARTIES</u>**

Defendant Shane D. Crowson, by and through counsel, hereby moves to supplement his reply to Delta Lloyd's (hereafter referred to as "Delta") response to Crowson's motion to dismiss for failure

PDF created with pdfFactory trial version www.pdffactory.com

to join.  After the filing of Crowson's reply, he received documentation from the plaintiff relevant to his motion to dismiss. As explained below, the Court should allow this supplement and consider it when deciding the motion to dismiss.

**ARGUMENT**

Crowson argued that critical parties to the transaction, the manufacturer (SGB) and the first party shipper (Gericke), should be joined.  Without SGB and Gericke Crowson cannot prove his defense.  Since filing Crowson's reply, Crowson has received a response from Bachmann on miscellaneous interrogatories.

Crowson proposed an interrogatory requesting who created the "Shipping dimension" drawings. [Exhibit A, Interrog. No. 4] The drawings are relevant to Crowson's assertion that the transformer tipped over because the drawings provide faulty center of gravity information.  Bachmann's response is "does not know who at SGB was involved in the creation, alteration, and/or review of the shipping dimension drawing." [Exhibit A, Answer to No. 4]

Crowson asked Bachmann to identify fluid present in the transformer. [Exhibit A, Interrog. No. 5] This is relevant to Crowson's argument that improper fluid amounts left in the transformer contributed to the tip over.  Bachmann responded it "does not have knowledge of whether any fluid was contained in the transformer. . . ." [Exhibit A, Answer No. 5]

PDF created with pdfFactory trial version www.pdffactory.com

Crowson asked for Bachmann to produce copies of "impact recorders" in both transformers. [Exhibit A, Request No. 15] Documents produced indicate the transformers traveled together to Tacoma; they also indicate that while at Tacoma one impact recorder recorded a heavy impact to a transformer.  There has been no disclosure as to whether the other recorder likewise recorded that impact.  The impact could have damaged or destabilized the internal fixtures of the transformers, complicating the transportation of them.  Bachmann responded it "does not posses the requested information." [Exhibit A, Answer No. 15] The manufacturer, SGB, should have these.

The above exhibit that the Plaintiff in this case, Bachmann, cannot produce critical information regarding the manufacturer and first shipper; the information can apparently only be provided if SGB and Gericke are made parties.

**Conclusion**

For the foregoing, Crowson asks the Court accept this motion to supplement and consider the above information in deciding the motion to dismiss.  SGB and Gericke should be joined, and if joinder is not possible, the case dismissed.

Dated at Anchorage, Alaska this 20th day of June, 2007.

> LIBBEY LAW OFFICES, LLC
> Counsel for Shane Crowson dba
> Alaska Heavy Haul Transport

PDF created with pdfFactory trial version www.pdffactory.com

```
                              By:   s/Colleen A. Libbey
                                    Colleen A. Libbey ABA 0012104
                                    604 West 2nd Ave.
                                    Anchorage, AK 99501
                                    Phone: (907) 258-1815
                                    Fax: (907) 258-1822
                                    clibbey@alaska.net
```

This is to certify that the foregoing
is being served electronically to:

Frank Pfiffner, Esq.
fap@hbplaw.net
Attorney for Plaintiffs

Thomas A. Matthews, Esq.
tom.matthews@matthewszahare.com
Attorney for Defendant Northstar Trucking, Inc.

Bruce E. Falconer, Esq.
bfalconer@bcf.us.com
Attorney for Defendant Northstar Trucking, Inc.

Thomas G. Johnson
tgjohnson@bmjlaw.com
Attorney for Defendant North Star Terminal And
Stevedore, LLC and North Star Terminal And
Stevedore, LLC Of Delaware

Roy L. Longacre, Esq.
longacre@alaska.com
Attorney for Defendant Bragg Investment Company, Inc.
successor-in-interest by merger to Heavy Transport, Inc.

Marc G. Wilhelm
Richmond & Quinn
mwilhelm@richmondquinn.com
Attorney for Plaintiff Delta Lloyd Schadeverzekering N.V.


On: June 20, 2007 By: s/Colleen A. Libbey

PDF created with pdfFactory trial version www.pdffactory.com