Bruce E. Falconer (ABA No. 8707062)
BOYD, CHANDLER & FALCONER, LLP
911 W. 8th Avenue, Suite 302
Anchorage, Alaska 99501
(907) 272-8401
(907) 274-3698 Fax
bfalconer@bcf.us.com

Thomas A. Matthews, Esq. (ABA No. 8511179)
MATTHEWS & ZAHARE, PC
431 W. 7th Avenue, Suite 207
Anchorage, Alaska 99501
(907) 276-1516
(907) 276-8955 Fax
tom.matthews@matthewszahare.com

Attorneys for Defendant Northstar Trucking, Inc.

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF ALASKA

| | |
|---|---|
| J. H. BACHMANN GmbH and UTC BACHMANN, INC., <br><br> Plaintiffs, <br><br> vs. <br><br> BRAGG INVESTMENT COMPANY, INC., Successor-in-interest by merger to HEAVY TRANSPORT, INC., NORTHSTAR TRUCKING, INC., NORTH STAR TERMINAL AND STEVEDORE COMPANY, LLC, NORTH STAR TERMINAL AND STEVEDORE COMPANY LLC OF DELAWARE AND SHANE D. CROWSON dba ALASKA HEAVY HAUL TRANSPORT, <br><br> Defendants. | Case No. 3:06-cv-00145-TMB <br> Case No. 3:06-cv-00274-TMB <br> Consolidated |

**NORTHSTAR TRUCKING, INC.'S RESPONSE TO
CROWSON'S MOTION TO COMPEL**

Defendant Northstar Trucking, Inc. ("NTI"), through its undersigned counsel, responds to the motion to compel filed by defendant Shane Crowson, as follows:

1. <u>Dispatch Records</u>.

There is no dispute here, and a motion to compel was not needed, as NTI's counsel had already advised Crowson's counsel, well before the motion to compel was filed, that the dispatch records sought would be produced. See Exhibit A at p. 1. What those records show, however, is that NTI staged equipment and dispatched drivers to move the crane and associated gear, not to "back up" Crowson should one of his trailers prove too small to support the weight of the transformers, as his motion falsely contends. NTI will make production of these records on or before July 16, 2007. There is no dispute for the court to resolve with respect to Crowson's Request for Production No. 8.

2. <u>Overweight Permit Information</u>.

NTI will also provide responsive answers to Interrogatory Nos. 4 and 5, and produce the registration documents that are the subject of Crowson's Request for Production No. 3, and will do so on or before July 16, 2007. It will voluntarily do so not because it agrees that the information sought is relevant or likely to lead to the discovery of admissible evidence, but rather to put an end to Crowson's fanciful and false contentions that NTI engaged in some nefarious "pattern and practice" of understating combined vehicle/load weights in applying for oversize/overweight permits "to advance its own interests in the project." See Crowson's Motion at p. 6.

The truth is that the axle configuration and load figures that appear on page 2 of the permit NTI procured for Crowson to move the transformer that he dumped (Permit #W06160, Crowson Motion Exhibit 2 at p. 2) were supplied by Crowson's father, Al, who instructed NTI to insert the numbers from an earlier permit (#W05468) Crowson had obtained in connection with moving a Komatsu PC 1000 Excavator, a copy of which he supplied to NTI (and which NTI will produce along with the transmittal note from Al Crowson).  The weight information NTI supplied in connection with the two permits that are the subject of Crowson's discovery (which, incidentally, have nothing whatever to do with the permit NTI procured for Crowson in late November 2004 based on the information Crowson's father supplied) are actually *overstated* in the case of the permit for the crane that NTI did move (Permit #W06161, Exhibit 5 to Crowson's Motion), and are accurate to within a thousand pounds as to the *dummy* permit NTI applied for in August 2004 (Permit #W03875, Exhibit 4 to Crowson's Motion), when NTI thought it would be the entity moving the transformer (but which Crowson instead ended up moving, and dumped, in early December 2004).

In short, NTI will provide the requested information, if for no other reason than to establish that Crowson's accusations regarding the weights listed by NTI on its permit applications are baseless.[1]

---

[1] Similarly baseless are Crowson's claims that NTI entered into a owner/operator lease agreement with Crowson which "provided that Northstar Trucking would accept all liability."  See Crowson Affidavit at ¶ 4.  No such agreement was ever executed, nor can Crowson point to a single piece of paper as evidence of this non-existent agreement.

Dated this 6th day of July, 2007.

s/Bruce E. Falconer
BRUCE E. FALCONER
Boyd, Chandler & Falconer, LLP
911 W. 8th Avenue, Suite 302
Anchorage, Alaska 99501
Telephone: (907) 272-8401
Fax: (907) 274-3698
bfalconer@bcf.us.com
Attorneys for Defendant Northstar Trucking, Inc.

**CERTIFICATE OF SERVICE**

This is to certify that on July 6, 2007,
I electronically filed the foregoing document
with the clerk of the Court using the CM/ECF
system which will send notification to the following:

Frank Pfiffner, Esq.
Hughes Bauman Pfiffner Gorski & Seedorf
3900 C Street, Suite 1001
Anchorage, Alaska 99503
fap@hbplaw.net
Attorney for Plaintiffs J.H. Bachmann GmbH and UTC Bachmann, Inc.

Thomas A. Matthews, Esq.
Matthews & Zahare, PC
431 W. 7th Avenue, Suite 207
Anchorage, Alaska 99501
Tom.matthews@matthewszahare.com
Co-Counsel for Defendant Northstar Trucking, Inc.

Thomas G. Johnson, Esq.
Bauer Moynihan & Johnson LLP
2101 4th Avenue - 24th Floor
Seattle, WA 98121
tgjohnson@bmjlaw.com
Attorney for Defendants North Star Terminal and Stevedore, LLC and North Star Terminal and Stevedore, LLC of Delaware

Roy L. Longacre, Esq.
Longacre Law Offices, Ltd.
425 G Street, Suite 910
Anchorage, Alaska 99501
longacre@alaska.com
Attorney for Defendant Bragg Investment Company, Inc.
successor-in-interest by merger to Heavy Transport, Inc.

Marc Wilhelm, Esq.
Richmond & Quinn
360 K Street, Suite 200
Anchorage, Alaska 99501
Marcwilhelm@richmondquinn.com
Attorney for Delta Lloyd Schadeverzekering N.V.

Robert M. Libbey, Esq.
Libbey Law Offices, LLC
604 W. 2nd Avenue
Anchorage, Alaska 99501
boblibbey@alaska.net
Attorney for Defendant Shane D. Crowson dba Alaska Heavy Haul Transport


s/ Bruce E. Falconer