FILE COPY

Thomas A. Matthews, Esq.
Matthews & Zahare, P.C.
431 W. 7th Ave., Suite 207
Anchorage, AK 99501
Phone: (907) 276-1516
Fax: (907) 276-8955
tom.matthews@matthewszahare.com

Bruce E. Falconer, Esq.
Boyd, Chandler & Falconer, LLP
911 W. 8th Ave., Suite 302
Anchorage, Alaska  99507
(907) 272-8401
bfalconer@bcf.us.com

Counsel for Defendant Northstar Trucking, Inc.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA AT ANCHORAGE

| | |
|---|---|
| J.H. BACHMANN GmbH and UTC BACHMANN, INC.,<br><br>Plaintiffs,<br>vs.<br><br>BRAGG INVESTMENT COMPANY, INC. successor-in-interest by merger to HEAVY TRANSPORT, INC., NORTHSTAR TRUCKING, INC., NORTH STAR TERMINAL and STEVEDORE COMPANY, LLC, NORTH STAR TERMINAL and STEVEDORE COMPANY, LLC OF DELAWARE and SHANE D. CROWSON dba ALASKA HEAVY HAUL TRANSPORT,<br><br>Defendants. | Case No. 3:06:cv 00145 TMB<br><br>**DEFENDANT NORTHSTAR TRUCKING, INC.'S FIRST REQUESTS FOR PRODUCTION TO BRAGG INVESTMENT, INC.** |

Defendant Northstar Trucking, Inc. ("NTI"), through counsel, pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, submits the following discovery

Exhibit A
Page 1 of 12

requests to be answered in writing under oath, within thirty (30) days from the date of service thereof.

These discovery requests are deemed to be continuing and in the event new information covered by these requests for production becomes known to **Bragg Investment, Inc., Successor In Interest by Merger to Heavy Transport, Inc.,** on a date subsequent to the time answers are posed, additional information must be supplied forthwith. These requests for production seek information known to their attorney, or any other person consulted in conjunction with the prosecution of this litigation. NTI further gives notice that **Bragg Investment, Inc., Successor In Interest by Merger to Heavy Transport, Inc.,** shall be required to make reasonable inquiry and set forth all the information as is available to them in answering each request for production separately and fully unless objected to, in which event they shall set forth a specific reason for their objection.

### INTRODUCTION AND EXPLANATION

1. Whenever you are asked to identify a natural person, state his or her name, last known home and business addresses, phone numbers, business or professional affiliation, title and job description.

2. The term "document" as used herein includes all manner of written, typed, printed, reproduced, filed or recorded material, and all photographs, pictures, videotapes, films, plans or other representations of any kind of anything pertaining in any way, directly or indirectly, in whole or in part, to the subject matter of each interrogatory, and the terms include, but are not limited to, the following:

(a) All papers, books, journals, ledgers, statements, memoranda, reports, studies, invoices, worksheets, work papers, notes, transcriptions of notes, letters, correspondence, abstracts, checks, diagrams, plans, blueprints, specifications, pictures, drawings, tapes, films, photographs, graphic representations, diaries, calendars, lists, logs, publications, instruments, minutes, orders, purchase orders, messages, resumes, summaries, agreements, contracts, telegrams, telexes, cables, facsimiles, recordings, electronic mail, or any other form of communications no matter how recorded or reproduced, as well as all notations on any of the foregoing;

MATTHEWS & ZAHARE, P.C.
ATTORNEYS AT LAW
431 WEST 7TH AVENUE, SUITE 207
ANCHORAGE, ALASKA 99501
TEL (907) 276-1516 • FAX (907) 276-8955
E-MAIL: mzlaw@matthewszahare.com

Northstar Trucking Inc's 1st Set of Discovery to Bragg Investment
*Bachmann v. Bragg Inv., et al. / 3:06:cv 00145 TMB*
TAM:jlw/1442-1/1stDiscReqBragg

2 of 12

Exhibit _A_
Page _2_ of _12_

(b) Originals, all file copies, and all other copies of any of the foregoing; and

(c) All drafts and notes (whether typed, handwritten, or otherwise) made or prepared in connection with such documents, whether used or not.

3. When you are asked to identify a document or when an answer to an interrogatory refers to a document, state with respect to each such document:

(a) The identity of the person or persons who signed it;

(b) His or her address or addresses;

(c) The nature of the document with sufficient particularity to enable the same to be identified;

(d) The date of the document; and

(e) Identity of each person who has custody of the document or a copy thereof.

4. Documents to be produced shall include all documents wherever located in the possession, custody, or control of you, your agents, your attorneys, consultants, accountants, or other persons retained by or representing you.

5. If any document is withheld under claim of privilege or exemption, furnish a list identifying each document for which the privilege or exemption is claimed, together with the following information:

(a) Its title, and if it has no title, its subject matter;

(b) the date of origin;

(c) the author or addressors;

(d) the addressees;

(e) the recipients of all copies;

(f) the basis upon which the privilege or exemption is claimed; and

(g) the name, address and telephone number of the custodian of the document and/or copies thereof.

6. If any document was, but is no longer in your possession, custody or control, state:

(a) The disposition of the document;

(b) the date upon which such disposition was made;

MATTHEWS & ZAHARE, P.C.
ATTORNEYS AT LAW
431 WEST 7TH AVENUE, SUITE 207
ANCHORAGE, ALASKA 99501
TEL (907) 276-1516 • FAX (907) 276-8955
E-MAIL: mzlaw@matthewszahare.com

Northstar Trucking Inc's 1st Set of Discovery to Bragg Investment
*Bachmann v. Bragg Inv., et al.* / 3:06:cv 00145 TMB
TAM:jlw/1442-1/1stDiscReqBragg

Exhibit ___A___ 3 of 12
Page _3_ of _12_

(c) the identity and address of the present custodian of the document or, if it no longer exists, so state;

(d) the person(s) who made the decision to dispose of the document;

(e) the reason for the disposition; and

(f) a description of the document and disposition of the contents of the document.

7. The following term applies to this request for production:

"Person" means any individual, public or private corporation, political subdivision, government agency, municipality, industry, partnership, association, firm, trust, estate, or any other entity or organization.

8. As to the manner of production, Defendant specifies that the documents shall be produced separately for each numbered item or category listed below and that the documents produced shall be labeled with exhibit numbers which correspond to this request such that said response will accurately show the production of documents or absence thereof for each numbered item or category.

9. These discovery requests shall be continuing in nature up to and including the time of trial. Any information or documents not now known or not now in the control of the responding party must be produced as soon as such information or documents become known or come within the control of **Bragg Investment, Inc., Successor In Interest by Merger to Heavy Transport, Inc.**

10. "Transformers" means the transformers manufactured in Germany and intended for delivery to Chugach Electric Association on or about December 2, 2004.

11. "Delivered Transformer" means that Transformer that was delivered to Chugach Electric Association on or about December 2, 2004.

12. "Undelivered Transformer" means that Transformer that was intended for delivery, but not delivered, to Chugach Electric Association, but, instead, fell from a trailer and was damaged while being transported on or about December 2, 2004.

13. "Incident" means that incident in which the Undelivered Transformer fell from a trailer and was damaged while being transported on or about December 2, 2004.

MATTHEWS & ZAHARE, P.C.
ATTORNEYS AT LAW
431 WEST 7TH AVENUE, SUITE 207
ANCHORAGE, ALASKA 99501
TEL (907) 276-1516 • FAX (907) 276-8955
E-MAIL: mzlaw@matthewszahare.com

Northstar Trucking Inc's 1st Set of Discovery to Bragg Investment
*Bachmann v. Bragg Inv., et al. / 3:06:cv 00145 TMB*
TAM:jlw/1442-1/1stDiscReqBragg

4 of 12

Exhibit A
Page 4 of 12

14. "Communication" means any written, electronic, or verbal communication of every type.

## REQUEST FOR PRODUCTION

REQUEST FOR PRODUCTION NO. 1: Please produce any documents evidencing the agreement Bragg alleges NTI made "for shipment of the two electric transformers from the port of Anchorage to a construction site in Anchorage, Alaska." (Bragg cross-claim against NTI at paragraph 18)

RESPONSE:

REQUEST FOR PRODUCTION NO. 2: Please produce the document(s) that Bragg contends constitutes the contract between it and UTC Bachmann, Inc. to move the transformers from the Port of Tacoma to the Chugach Electric construction site in Anchorage.

RESPONSE:

REQUEST FOR PRODUCTION NO. 3: Please produce any documents evidencing the agreement Bragg alleges UTC Bachmann and/or SGB made "to be responsible for any damage to the electrical transformers during the transport from SGB to Chugach Electric in Anchorage, Alaska." (Bragg second counterclaim against UTC at paragraph 15).

RESPONSE:

REQUEST FOR PRODUCTION NO. 4: Please produce any and all phone and fax records that evidence telephone calls made or faxes sent by Bragg (or any of its employees) to Shane Crowson or telephone calls or faxes sent by Shane Crowson to Bragg (or any of its employees) from 9/1/04 to the present.

RESPONSE:

MATTHEWS & ZAHARE, P.C.
ATTORNEYS AT LAW
431 WEST 7TH AVENUE, SUITE 207
ANCHORAGE, ALASKA 99501
TEL (907) 276-1516 • FAX (907) 276-8955
E-MAIL: mzlaw@matthewszahare.com

Northstar Trucking Inc's 1st Set of Discovery to Bragg Investment
*Bachmann v. Bragg Inv., et al.* / 3:06:cv 00145 TMB
TAM:jlw/1442-1/1stDiscReqBragg

5 of 12

Exhibit A
Page 5 of 12

REQUEST FOR PRODUCTION NO. 5: Please produce any and all notes or other documents evidencing or relating to any telephone calls made by Bragg (or any of its employees) to Shane Crowson or by Shane Crowson to Bragg (or any of its employees) from 9/1/04 to the present.

RESPONSE:

REQUEST FOR PRODUCTION NO. 6: Please produce any and all other documents evidencing communications between Bragg (or any of its employees) and Shane Crowson or Curt Nielsen relating to the transformers, whether before or after the accident.

RESPONSE:

REQUEST FOR PRODUCTION NO. 7: Please produce any and all documents evidencing any communications between Bragg (or any of its employees) and UTC Bachmann, Inc. (or any of its employees) relating to the transformers, whether before or after the accident.

RESPONSE:

REQUEST FOR PRODUCTION NO. 8: Please produce any and all documents evidencing any communications between Bragg (or any of its employees) and J.H. Bachmann, GmbH (or any of its employees) relating to the transformers, whether before or after the accident.

RESPONSE:

REQUEST FOR PRODUCTION NO. 9: Please produce any and all documents evidencing any communications between Bragg (or any of its employees) and Chugach Electric Association (or any of its employees) relating to the transformers, whether before or after the accident.

RESPONSE:

Northstar Trucking Inc's 1st Set of Discovery to Bragg Investment
*Bachmann v. Bragg Inv., et al.* / 3:06:cv 00145 TMB
TAM:jlw/1442-1/1stDiscReqBragg

6 of 12

Exhibit A
Page 6 of 12

MATTHEWS & ZAHARE, P.C.
ATTORNEYS AT LAW
431 West 7th Avenue, Suite 207
Anchorage, Alaska 99501
Tel (907) 276-1516 • Fax (907) 276-8955
E-Mail: mzlaw@matthewszahare.com

REQUEST FOR PRODUCTION NO. 10: Please produce all documents evidencing any communications between or among any employees of Bragg relating to the transformers, the move, or the accident, including but not limited to, Justin Gilmet, Kirk Martin, Chris Bragg and/or Sheila Archuleta.

RESPONSE:

REQUEST FOR PRODUCTION NO. 11: Please produce Bragg's business records or "file" relating to the transformer move.

RESPONSE:

REQUEST FOR PRODUCTION NO. 12: Please produce copies of any bills of lading covering either of the two transformers.

RESPONSE:

REQUEST FOR PRODUCTION NO. 13: Please produce all documents evidencing any communication between Bragg (or any of its employees) and any insurer relating to the transformers or the accident, including but not limited to any letters tendering Bragg's defense and any reservations of rights letters.

RESPONSE:

REQUEST FOR PRODUCTION NO. 14: Please produce all documents provided by Bragg to any insurer or adjuster relating to the transformers, the accident, and/or the agreement(s) pursuant to which Bragg claims the transformers were being moved.

RESPONSE:

REQUEST FOR PRODUCTION NO. 15: Please produce all documents evidencing any communications between Bragg (or any of its employees) and the U.S.

MATTHEWS & ZAHARE, P.C.
ATTORNEYS AT LAW
431 WEST 7TH AVENUE, SUITE 207
ANCHORAGE, ALASKA 99501
TEL (907) 276-1516 • FAX (907) 276-8955
E-MAIL: mzlaw@matthewszahare.com

Northstar Trucking Inc's 1st Set of Discovery to Bragg Investment
Bachmann v. Bragg Inv., et al. / 3:06:cv 00145 TMB
TAM:jlw/1442-1/1stDiscReqBragg

7 of 12

Exhibit A
Page 7 of 12

Department of Transportation relating to the transformers, the accident, and/or the agreement(s) pursuant to which Bragg claims the transformers were being moved.
RESPONSE:

REQUEST FOR PRODUCTION NO. 16: Please produce all documents evidencing any communications between Bragg (or any of its employees) and North Star Terminal and Stevedore Company (or any of its employees) relating to the transformers, their movement from the Port of Anchorage to the Chugach Electric construction site, or the accident.
RESPONSE:

REQUEST FOR PRODUCTION NO. 17: Please produce all documents evidencing any communications between Bragg and Burlington Northern Santa Fe relating to the transformers or their transport. (See Bragg document 0028).
RESPONSE:

REQUEST FOR PRODUCTION NO. 18: Please produce all documents evidencing any communications between Bragg (or any of its employees) and any other person or entity relating to the transformers, the move, or the accident, including but not limited to SGB, Smit or Gericke, or any of their insurers.
RESPONSE:

REQUEST FOR PRODUCTION NO. 19: Please produce all documents, including without limitation contracts, agreements, contract of carriage, bills of lading, shipping documents, packing lists, shipping lists, insurance agreements, payment records and receipts, correspondence, notes, memos, and emails, related to the transportation of the Transformers, as defined in paragraph 10 above, from the port of Bremerhaven, Germany, to their intended destination at the Chugach Electric substation in Anchorage, Alaska.
RESPONSE:

Northstar Trucking Inc's 1st Set of Discovery to Bragg Investment
*Bachmann v. Bragg Inv., et al.* / 3:06:cv 00145 TMB
TAM:jlw/1442-1/1stDiscReqBragg

8 of 12

Exhibit A
Page 8 of 12

REQUEST FOR PRODUCTION NO. 20: Please produce all documents which were sent to or received from or generated by any other party to this suit or their representatives related to the Incident.

RESPONSE:

REQUEST FOR PRODUCTION NO. 21: Please produce all documents, including without limitation survey reports, damage reports, adjuster reports, notices of loss, photographs, videos, correspondence, notes, memos, and emails, related to the Incident.

RESPONSE:

REQUEST FOR PRODUCTION NO. 22: Please produce all documents, including without limitation pleadings (except those filed in this litigation), survey reports, damage reports, adjuster reports, notices of loss, invoices, billings, receipts, payment records, insurance records, correspondence, notes, memos, and emails, related to any damages you allegedly sustained as a result of the Incident.

RESPONSE:

REQUEST FOR PRODUCTION NO: 23: Please produce the entire claim file, related to the Incident, of any person or entity carrying on an insurance business that may be liable to satisfy all or part of a judgment which may be entered on this action or to indemnify or reimburse payments made to satisfy the judgment.

RESPONSE:

REQUEST FOR PRODUCTION NO. 24: Please produce all documents related to the salvage, sale, or other disposition of the Undelivered Transformer after the Incident.

RESPONSE:

MATTHEWS & ZAHARE, P.C.
ATTORNEYS AT LAW
431 WEST 7TH AVENUE, SUITE 207
ANCHORAGE, ALASKA 99501
TEL (907) 276-1516 • FAX (907) 276-8955
E-MAIL: mzlaw@matthewszahare.com

Northstar Trucking Inc's 1st Set of Discovery to Bragg Investment
*Bachmann v. Bragg Inv., et al.* / 3:06:cv 00145 TMB
TAM:jlw/1442-1/1stDiscReqBragg

9 of 12

Exhibit A
Page 9 of 10

REQUEST FOR PRODUCTION NO. 25: Please produce all documents related to the sale, loading, unloading, movement, transportation, or handling of any transformer sold to Chugach Electric Association after the Incident, including without limitation any transformer sold as a replacement for the Undelivered Transformer.

RESPONSE:

REQUEST FOR PRODUCTION NO. 26: For any former employee of you that are identified in your Initial Disclosures, any supplemental disclosure, response to interrogatory, or through discovery, please produce all documents, including without limitation employment records, identifying that former employee's last known address, phone number, social security number, current employer, or other contact information.

RESPONSE:

REQUEST FOR PRODUCTION NO. 27: Please produce the front and reverse of the Sea Waybill previously produced as Document No. BMN 7000078.

RESPONSE:

REQUEST FOR PRODUCTION NO. 28: Please produce all documents, including correspondence, e-mails, notes, and memos, responding or relating to the October 13, 2004 e-mail from L. Rudolf, produced as Document No. BMN 000083.

RESPONSE:

REQUEST FOR PRODUCTION NO. 29: Please produce the "delivery schedule from Fergus" referenced in Nagengast's e-mail of October 13, 2004. (Document No. BMN 000083-84).

RESPONSE:

REQUEST FOR PRODUCTION NO. 30: Please produce the "engineer's rigging drawing" referred to on page two (Document No. BMN 000088) of Ewig Int'l Marine Corp.'s Final Report.

Northstar Trucking Inc's 1st Set of Discovery to Bragg Investment
*Bachmann v. Bragg Inv., et al.* / 3:06:cv 00145 TMB
TAM:jlw/1442-1/1stDiscReqBragg

10 of 12


Exhibit A
Page 10 of 12

RESPONSE:

REQUEST FOR PRODUCTION NO. 31: Please produce any and all purchase orders submitted to any person or entity related to the loading, unloading, movement, transportation, or other handling of the Transformers.
RESPONSE:

REQUEST FOR PRODUCTION NO. 32: Please produce all photographs and videos of or related to the Transformers.
RESPONSE:

Dated this 20 day of March 2007, at Anchorage Alaska.

       MATTHEWS & ZAHARE, P.C.
       Counsel for Northstar Trucking, Inc.

       By: _____
         Thomas A. Matthews, ABA 8511179

       BOYD, CHANDLER & FALCONER, LLP
       Counsel for Northstar Trucking, Inc.

       By: s/Bruce E. Falconer
         Bruce E. Falconer, ABA 8707062
         Boyd, Chandler & Falconer, LLP
         911 W. 8th Ave., Suite 302
         Anchorage, Alaska  99501
         Phone: (907) 272-8401
         Fax: (907) 274-3698
         bfalconer@bcf.us.com

MATTHEWS & ZAHARE, P.C.
ATTORNEYS AT LAW
431 WEST 7TH AVENUE, SUITE 207
ANCHORAGE, ALASKA 99501
TEL (907) 276-1516 • FAX (907) 276-8955
E-MAIL: mzlaw@matthewszahare.com

Northstar Trucking Inc's 1st Set of Discovery to Bragg Investment
Bachmann v. Bragg Inv., et al. / 3:06:cv 00145 TMB
TAM:jlw/1442-1/1stDiscReqBragg

11 of 12

Exhibit A
Page 11 of 12

CERTIFICATE OF SERVICE

I certify that on 21st day of March 2007
I caused to be served by mail to:

Frank A. Pfiffner, Esq.
Hughes Bauman Pfiffner
Gorski & Seedorf, LLC
3900 C Street, Suite 1001
Anchorage, AK 99503
*Counsel for Plaintiffs*

Thomas G. Johnson, Esq.
Bauer Moynihan & Johnson LLP
2101 Fourth Ave., 24th Floor
Seattle, WA 98121
*Counsel for Def. North Star Terminal & Stevedore LLC of Delaware*

Bruce E. Falconer, Esq.
Boyd, Chandler & Falconer, LLP
911 W. 8th Ave., Suite 302
Anchorage, AK 99501
*Co-Counsel for Northstar Trucking, Inc.*

Roy L. Longacre, Esq.
Longacre Law Offices, Ltd
425 G. Street, Suite 910
Anchorage, AK 99501
*Counsel for Def. Bragg Investment Co.*

Robert M. Libbey, Esq.
Colleen A. Libbey, Esq.
Libbey Law Offices, LLC
604 West 2nd Ave.
Anchorage, AK 99501
*Counsel for Shane Crowson d/b/a Alaska Heavy
   Haul Transport*

_____
Joyce L. Wylie

MATTHEWS & ZAHARE, P.C.
ATTORNEYS AT LAW
431 WEST 7TH AVENUE, SUITE 207
ANCHORAGE, ALASKA 99501
TEL (907) 276-1516 • FAX (907) 276-8955
E-MAIL: mzlaw@matthewszahare.com

Northstar Trucking Inc's 1st Set of Discovery to Bragg Investment
*Bachmann v. Bragg Inv., et al. / 3:06:cv 00145 TMB*
TAM:jlw/1442-1/1stDiscReqBragg

12 of 12

Exhibit A
Page 12 of 12