

Marc G. Wilhelm (ABA 8406054)
RICHMOND & QUINN, PC
360 "K" Street, Suite 200
Anchorage, Alaska 99501
PH:  (907) 276-5727
FAX: (907) 276-2953

Attorneys For Plaintiff
Delta Lloyd Schadeverzekering N.V.



UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| J.H. BACHMANN, GmbH and UTC BACHMANN, INC.,<br><br>    Plaintiff,<br><br> v.<br><br>BRAGG INVESTMENT COMPANY, INC. successor-in-interest by merger to HEAVY TRANSPORT, INC., NORTHSTAR TRUCKING, INC., NORTH STAR TERMINAL AND STEVEDORE COMPANY LLC, NORTH STAR TERMINAL AND STEVEDORE COMPANY LLC OF DELAWARE, and SHANE D. CROWSON dba ALASKA HEAVY HAUL TRANSPORT,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) Consolidated Case<br>) 3:06-cv-00145 TMB<br>) |

<u>**DELTA LLOYD SCHADEVERZEKERING'S RESPONSES TO DEFENDANT**</u>
<u>**CROWSON'S FIRST DISCOVERY REQUESTS**</u>

Plaintiff Delta Lloyd Schadeverzekering ("DLS"), by and through counsel, Richmond & Quinn, hereby responds to

request. DLS will review its records regarding loss claims by Gericke, Smit and Starkstrom, to determine whether there were previous claims since 2000 involving the tip over of a transformer similar to the transformer at issue. DLS cannot otherwise respond to this request for production because the information requested is not in the custody or control of DLS.

2. Please describe in detail all alterations to the transformers made to prepare the transformers for transport to the Chugach Electric Association substation, once testing was completed at the factory in Regensburg, Germany, including any temporary bracing or supporting structures added.

ANSWER: This information in not in the custody or control of Delta Lloyd Schadeverzekering N.V. (DLS). DLS will request its insured, Smit, voluntarily provide documents relating to the subject of this request and regarding the preparation of this transformer for shipment, and such other information it is able to provide regarding the subject of this request.

It should be noted that its insured, Smit, although the exporter of the transformers to Chugach, was not the

DELTA LLOYD SCHADEVERZEKERING'S RESPONSES TO DEFENDANT CROWSON'S FIRST DISCOVERY REQUESTS
J.H. BACHMANN ET AL. v. BRAGG INVESTMENT COMPANY, ET AL.
CASE NO. 3:06-cv-00145 TMB
PAGE 3 OF 22

Exhibit No. 1   000002

manufacturer of the transformers. Answering defendant, DLS, understands that Starkstrom sold the transformers through Smit because Smit had a license to sell the transformers within the United States, whereas Starkstrom did not. Starkstrom then directed Gericke to arrange for the shipping of the transformers.

3. Please describe the method and reference materials used to determine each center of gravity presented in the drawings identified herein as BMN 853 and NTI 00083, including the identity of the individuals who participated in this activity.

ANSWER: This information in not in the custody or control of Delta Lloyd Schadeverzekering N.V. (DLS). DLS will request its insured, Smit, voluntarily provide documents relating to the subject of this request, and such other information it is able to provide regarding the subject of this request.

4. Please describe the method and reference materials used in placing the center of gravity marks on the two transformers, including the identity of the individuals who participated in this activity.

**DELTA LLOYD SCHADEVERZEKERING'S RESPONSES TO DEFENDANT CROWSON'S FIRST DISCOVERY REQUESTS**
J.H. BACHMANN ET AL. v. BRAGG INVESTMENT COMPANY, ET AL.
CASE NO. 3:06-cv-00145 TMB
PAGE 4 OF 22

Exhibit No. 1   000003

ANSWER: See response to Interrogatory No. 3.

5. Please describe why two center of gravity marks were placed on each end of the transformer case, specifically explaining what difference in conditions of the transformer required the two marks, and which of the two was intended for centering the load during the transportation involved in this case.

ANSWER: This information in not in the custody or control of Delta Lloyd Schadeverzekering N.V. (DLS). DLS will request its insured, Smit, voluntarily provide documents in its possession of relating to the subject of this request, and such other information it is able to provide regarding the subject of this request.

6. Please state the source, and attendant circumstances, of the acquisition by Expertisebureau Binnendijk-Bree B.V., of all the information supporting it statement in its report, page BMN000121, to the effect, "We understand that the only trucking company in Alaska that has a trailer that is specifically suitable for transport of this type of transformers is Carlile Transportation Systems."

DELTA LLOYD SCHADEVERZEKERING'S RESPONSES TO DEFENDANT CROWSON'S FIRST DISCOVERY REQUESTS
J.H. BACHMANN ET AL. v. BRAGG INVESTMENT COMPANY, ET AL.
CASE NO. 3:06-cv-00145 TMB
PAGE 5 OF 22

Exhibit No. 1   000004

LAW OFFICES
RICHMOND & QUINN
A PROFESSIONAL CORPORATION
360 K STREET, SUITE 200
ANCHORAGE, ALASKA 99501-2038
(907) 276-5727
FAX (907) 276-2953

ANSWER: This information came from the report of Michael Ballinger of Crawford & Co., dated December 18, 2004. A copy of this report was included with DLS's initial disclosures.

7. Please identify the most senior persons at Starkstrom Geratebau GmbH, Smit Transformatoren B.V., Gericke & Co. GmbH who were involved in the planning and execution of the transportation of the transformers from Regensburg, Germany to the Chugach Electric Association substation.

ANSWER: This information in not in the custody or control of Delta Lloyd Schadeverzekering N.V. (DLS). DLS will request its insured, Smit, voluntarily provide documents in its possession of relating to the subject of this request, and such other information it is able to provide regarding the subject of this request.

It should be noted, with respect to this and other discovery requests, that Smit, although the exporter of the transformers to Chugach, was not the manufacturer of the transformers. DLS, understands that Starkstrom sold the transformers through Smit because Smit had a license to sell the transformers within the United States, whereas Starkstrom

**DELTA LLOYD SCHADEVERZEKERING'S RESPONSES TO DEFENDANT CROWSON'S FIRST DISCOVERY REQUESTS**
J.H. BACHMANN ET AL. v. BRAGG INVESTMENT COMPANY, ET AL.
CASE NO. 3:06-cv-00145 TMB
PAGE 6 OF 22

Exhibit No. 1   000005

LAW OFFICES
RICHMOND & QUINN
A PROFESSIONAL CORPORATION
360 K STREET, SUITE 200
ANCHORAGE, ALASKA 99501-2038
(907) 276-5727
FAX (907) 276-2953

did not. Starkstrom then directed Gericke to arrange for the shipping of the transformers, and DLS believes that Smit was not involved in the planning and execution of the transformer.

8. Please identify every person in the employ of Starkstrom Geratebau GmbH, Smit Transformatoren B.V., Gericke & Co. GmbH or Delta Lloyd Schadeverzekering N.V. who was in Anchorage, Alaska, between November 15, 2004 and December 31, 2004, identifying for each, the time actually in Anchorage, and explaining the activities of the individual while in Anchorage.

ANSWER: DSL understands this request relates to employees who were in Anchorage for the purpose of arranging for the shipping of the transformer involved in the accident, or for the purpose of responding to or investigating this accident. So limited, there were no DLS employees in Anchorage during this time period.

9. Please identify the fluid which was present in transformer SGB 53026-G807579-EN, as of December 2, 2004, state the approximate weight of that fluid, and state why it was present in the transformer on that date, and such other

LAW OFFICES
RICHMOND & QUINN
A PROFESSIONAL CORPORATION
360 K STREET, SUITE 200
ANCHORAGE, ALASKA 99501-2038
(907) 276-5727
FAX (907) 276-2953

DELTA LLOYD SCHADEVERZEKERING'S RESPONSES TO DEFENDANT CROWSON'S FIRST DISCOVERY REQUESTS
J.H. BACHMANN ET AL. v. BRAGG INVESTMENT COMPANY, ET AL.
CASE NO. 3:06-cv-00145 TMB
PAGE 7 OF 22

information it is able to provide regarding the subject of this request.

ANSWER: This information in not in the custody or control of Delta Lloyd Schadeverzekering N.V. (DLS). DLS will request its insured, Smit, voluntarily provide documents in its possession of relating to the subject of this request, and such other information it is able to provide regarding the subject of this request.

10. In your complaint herein, you allege that the equipment employed by Shane Crowson to transport the transformer that tipped off the trailer was not "adequate or appropriate." For each such item of equipment, please describe in detail why such equipment was not "adequate," and why such equipment was not "appropriate," for the transport, and how each such defect or deficiency contributed to the transformer tipping off the trailer.

ANSWER: Please see the documents previously produced in this litigation for the details supporting this request. Defendant is referred to the report of the Commercial Vehicle Enforcement division of the Alaska Department of Transportation. Among other items, the vehicle

DELTA LLOYD SCHADEVERZEKERING'S RESPONSES TO DEFENDANT CROWSON'S FIRST DISCOVERY REQUESTS
J.H. BACHMANN ET AL. v. BRAGG INVESTMENT COMPANY, ET AL.
CASE NO. 3:06-cv-00145 TMB
PAGE 8 OF 22

Exhibit No. 1    000007

had not had numerous mechanical deficiencies and had not had required periodic inspections. Moreover, the transformer exceeded the weight limit of the trailer used to transport it and it appears the rail trailer did not provide adequate stability. This answer will be further supplemented when the time comes for expert reports.

**B.    REQUESTS FOR PRODUCTION**

1. With respect to communication between individuals at Starkstrom Geratebau GmbH, Smit Transformatoren B.V., Gericke & Co. GmbH or Delta Lloyd Schadeverzekering N.V.; and between those parties and anyone at J.J. Bachmann GmbH, UTC Bachmann, Inc., Northstar Trucking, Inc., North Star Terminal and Stevedore Company, Heavy Transport, Inc. and/or any of the affiliated Bragg Companies, Chugach Electric Association, HEES Enterprises, Inc., Sherman & Associates, Inc., Carlile Transportation Systems, Shaughnessy & Co. and/or Bigge Crane and Rigging Co., Lynden Transport, Inc., Shane Crowson, the State of Alaska, Starkstrom Geratebau GmbH, Smit Transformatoren B.V., Gericke & Co. GmbH or Delta Lloyd Schadeverzekering N.V. or any of their affiliate companies, insurers, investigators or underwriters, and any firm that

DELTA LLOYD SCHADEVERZEKERING'S RESPONSES TO DEFENDANT CROWSON'S FIRST DISCOVERY REQUESTS
J.H. BACHMANN ET AL. v. BRAGG INVESTMENT COMPANY, ET AL.
CASE NO. 3:06-cv-00145 TMB
PAGE 9 OF 22

Exhibit No. 1    000008

LAW OFFICES
RICHMOND & QUINN
A PROFESSIONAL CORPORATION
360 K STREET, SUITE 200
ANCHORAGE, ALASKA 99501-2038
(907) 276-5727
FAX (907) 276-2953

submitted a bid on any portion of the transportation project which is at issue in this lawsuit, please produce:

a) All e-mails and other mail or faces sent and received between 7/01/04 and present, having any relationship to the transportation of, unloading or loading of, transformers destined for a Chugach Electric Association substation, the incident involving damage to such a transformer on 12/02/04, and any salvage, storage, maintenance, repair or service with respect to such damaged transformer, or any component thereof, including any transformer oil, or other fluid; or to bidding on any such activities.

b) All notes and memoranda of any telephone conversation or meeting between 7/01/04 and present, having any relationship to the transportation of, unloading or loading of, transformers destined for a Chugach Electric Association substation, the incident involving damage to such a transformer on 12/02/04, and any salvage, storage, maintenance, repair or service with respect to such damaged transformer, or any component thereof, including any transformer oil, or other fluid; or to bidding on any such activities.

**DELTA LLOYD SCHADEVERZEKERING'S RESPONSES TO DEFENDANT CROWSON'S FIRST DISCOVERY REQUESTS**
J.H. BACHMANN ET AL. v. BRAGG INVESTMENT COMPANY, ET AL.
CASE NO. 3:06-cv-00145 TMB
PAGE 10 OF 22

Exhibit No. 1    000009

RESPONSE:   Objection, overbroad and unduly burdensome.  All documents in the possession of answering defendant, DLS, relating to the transportation and accident involving the subject have been produced.  As to documents in the possession of other entities, this information in not in the custody or control of Delta Lloyd Schadeverzekering N.V. (DLS).   DLS will request its insured, Smit, voluntarily provide documents in its possession of relating to the transportation of the transformer in question, including documents related to its accident, any investigation, and salvage.

2.   Please produce all internal memoranda, reports, statements, diary entries or notes pertaining to the accident of 12/02/04, or the bidding, planning or execution of the project to transport the two transformers from the factory at Regensburg, Germany to the Chugach Electric Association substation near 94th Avenue and Old Seward Highway.

RESPONSE:  See response to RFP No. 1.

3.   Please produce copies of all bid requests issued, and all responding bids received, by Starkstrom Geratebau GmbH, Smit Transformatoren B.V., or Gericke & Co.

**DELTA LLOYD SCHADEVERZEKERING'S RESPONSES TO DEFENDANT CROWSON'S FIRST DISCOVERY REQUESTS**
J.H. BACHMANN ET AL. v. BRAGG INVESTMENT COMPANY, ET AL.
CASE NO. 3:06-cv-00145 TMB
PAGE 11 OF 22

Exhibit No. 1   000010

GmbH, for the transloading, transport and delivery of the transformers from the manufacturer to the Chugach Electric Association installation site.

RESPONSE: See response to RFP No. 1.

4. Please produce clear copies of all photos taken by or at the request of Starkstrom Geratebau GmbH, Smit Transformatoren B.V., Gericke & Co. GmbH, or Delta Lloyd Schadeverzekering N.V. relating to the condition or the appearance, from the time they were ready for loading at Regensburg, Germany to present, of the transformers, or components thereof, including any transformer oil or other fluid remaining in the transformer after the accident, and of the transfer of the transformers from the mode to mode of transportation, the transportation, unloading, loading, storage, maintenance, salvage, repair or service of said transformers.

RESPONSE: See response to RFP No. 1.

5. Please produce clear copies of all photographs in your possession or control depicting the "road trailers," and the configuration of placement and lashing of the

LAW OFFICES
RICHMOND & QUINN
A PROFESSIONAL CORPORATION
360 K STREET, SUITE 200
ANCHORAGE, ALASKA 99501-2038
(907) 276-5727
FAX (907) 276-2953

DELTA LLOYD SCHADEVERZEKERING'S RESPONSES TO DEFENDANT CROWSON'S FIRST DISCOVERY REQUESTS
J.H. BACHMANN ET AL. v. BRAGG INVESTMENT COMPANY, ET AL.
CASE NO. 3:06-cv-00145 TMB
PAGE 12 OF 22

Exhibit No. 1    000011

transformers on the "road trailers," to which they were transferred for ocean shipment.

RESPONSE: DSL understands that this request relates to the shipment of the two transformers in question. So limited, see response to RFP No. 1.

6. Please produce all instructions, cautionary notices, drawings, or information prepared by Starkstrom Geratebau GmbH, Smit Transformatoren B.V., or Gericke & Co. GmbH, and intended for persons handling transport of the transformers, with respect to the unloading, loading, lashing, transportation, dimensions, weight, balance or center of gravity of the two transformers.

RESPONSE: See response to RFP No. 1.

7. Please produce all invoices, issued or received by Starkstrom Geratebau GmbH, Smit Transformatoren B.V., or Gericke & Co. GmbH and all supporting financial records, reflecting charges to or by any party between 7/01/04 and present, having any relationship to the transportation, unloading or loading of a transformer destined for a Chugach Electric Association substation, or to an incident involving damage to such a transformer on 12/02/04; including, without

**DELTA LLOYD SCHADEVERZEKERING'S RESPONSES TO DEFENDANT CROWSON'S FIRST DISCOVERY REQUESTS**
J.H. BACHMANN ET AL. v. BRAGG INVESTMENT COMPANY, ET AL.
CASE NO. 3:06-cv-00145 TMB
PAGE 13 OF 22

Exhibit No. 1   000012

limitation, any storage, maintenance, salvage, repair or service with respect to such damaged transformer, or component thereof, including removal and or disposal of any transformer oil or other fluid.

RESPONSE:  See response to RFP No. 1.

8.  Please produce all invoices and other financial records relating to any business transactions between Starkstrom Geratebau GmbH, Smit Transformatoren B.V., or Gericke & Co. GmbH and <u>Shane Crowson, Curt Nielsen or Alaska Heavy Haul Transport</u>, between January 1, 2000 and November 1, 2004.

RESPONSE:  DSL believes there were no direct business transactions between Crowson, et al., and the entities in question.  Answering defendant will conduct further inquiries if Mr. Crowson provides further information on any such transaction.

9.  Please produce all invoices and other financial records relating to any business transactions between Starkstrom Geratebau GmbH, Smit Transformatoren B.V., or Gericke & Co. GmbH and <u>North Star Terminal and Stevedoring Company</u>, between January 1, 2000 and present.

LAW OFFICES
RICHMOND & QUINN
A PROFESSIONAL CORPORATION
360 K STREET, SUITE 200
ANCHORAGE, ALASKA 99501-2038
(907) 276-5727
FAX (907) 276-2953

**DELTA LLOYD SCHADEVERZEKERING'S RESPONSES TO DEFENDANT CROWSON'S FIRST DISCOVERY REQUESTS**
<u>J.H. BACHMANN ET AL.</u> v. <u>BRAGG INVESTMENT COMPANY, ET AL.</u>
CASE NO. 3:06-cv-00145 TMB
PAGE 14 OF 22

RESPONSE: See response to RFP No. 1.

10. Please produce all invoices and other financial records relating to any business transactions between Starkstrom Geratebau GmbH, Smit Transformatoren B.V., or Gericke & Co. GmbH and <u>Northstar Trucking, Inc.</u>, between January 1, 2000 and present.

RESPONSE: See response to RFP No. 1.

11. Please produce all invoices and other financial records relating to any business transactions between Starkstrom Geratebau GmbH, Smit Transformatoren B.V., or Gericke & Co. GmbH and <u>Heavy Transport, Inc. and/or any of the affiliated Bragg Companies</u>, between January 1, 2000 and present.

RESPONSE: See response to RFP No. 1.

12. Please produce all invoices and other financial records relating to any business transactions between Starkstrom Geratebau GmbH, Smit Transformatoren B.V., or Gericke & Co. GmbH and <u>J. H. Bachmann GmbH and/or UTC Bachmann, Inc.</u>, between January 1, 2000 and present.

RESPONSE: See response to RFP No. 1.

**DELTA LLOYD SCHADEVERZEKERING'S RESPONSES TO DEFENDANT CROWSON'S FIRST DISCOVERY REQUESTS**
J.H. BACHMANN ET AL. v. BRAGG INVESTMENT COMPANY, ET AL.
CASE NO. 3:06-cv-00145 TMB
PAGE 15 OF 22

Exhibit No. 1    000014

13. Please produce all invoices and other financial records relating to any business transactions between Starkstrom Geratebau GmbH, Smit Transformatoren B.V., or Gericke & Co. GmbH and <u>Carlile Transportation System</u>, between January 1, 2000 and present.

<u>RESPONSE</u>: See response to RFP No. 1.

14. Please produce all documents which you contend create, define and limit the scope of the contractual rights and obligations of and between Starkstrom Geratebau GmbH, Smit Transformatoren B.V., or Gericke & Co. GmbH in the overall project to transfer the two transformers from North Star Terminal to the Chugach Electric Association substation in south Anchorage.

<u>RESPONSE</u>: Objection, relevance; overbroad and unduly burdensome. Moreover, a contention interrogatory is not appropriate regarding this subject.

15. Please produce all documents which you contend create, define and limit the scope of the contractual rights and obligations of J. H. Bachmann GmbH and/or UTC Bachmann, Inc., with respect to Starkstrom Geratebau GmbH, Smit Transformatoren B.V., and/or Gericke & Co. GmbH in the overall

**DELTA LLOYD SCHADEVERZEKERING'S RESPONSES TO DEFENDANT CROWSON'S FIRST DISCOVERY REQUESTS**
J.H. BACHMANN ET AL. v. BRAGG INVESTMENT COMPANY, ET AL.
CASE NO. 3:06-cv-00145 TMB
PAGE 16 OF 22

Exhibit No. 1   000015

LAW OFFICES
RICHMOND & QUINN
A PROFESSIONAL CORPORATION
360 K STREET, SUITE 200
ANCHORAGE, ALASKA 99501-2038
(907) 276-5727
FAX (907) 276-2953

project to transfer the two transformers from North Star Terminal to the Chugach Electric Association substation in south Anchorage.

RESPONSE: Objection, relevance; overbroad and unduly burdensome. Moreover, a contention interrogatory is not appropriate regarding this subject. Notwithstanding this objection, DLS is currently unaware of any documents relating to the relationship between Starkstrom, Smit, or Gericke, and JH Bachmann or UTC Bachmann that have not been produced.

16. Please produce all documents which you contend create, define and limit the scope of the contractual rights and obligations of Bragg Investment Company, Inc. or any of its affiliate companies, with respect to Starkstrom Geratebau GmbH, Smit Transformatoren B.V., and/or Gericke & Co. GmbH in the overall project to transfer the two transformers from North Star Terminal to the Chugach Electric Association substation in south Anchorage.

RESPONSE: Objection, relevance; overbroad and unduly burdensome. Moreover, a contention interrogatory is not appropriate regarding this subject. Notwithstanding this objection, DLS is currently unaware of any documents relating

LAW OFFICES
RICHMOND & QUINN
A PROFESSIONAL CORPORATION
360 K STREET, SUITE 200
ANCHORAGE, ALASKA 99501-2038
(907) 276-5727
FAX (907) 276-2953

DELTA LLOYD SCHADEVERZEKERING'S RESPONSES TO DEFENDANT CROWSON'S FIRST DISCOVERY REQUESTS
J.H. BACHMANN ET AL. v. BRAGG INVESTMENT COMPANY, ET AL.
CASE NO. 3:06-cv-00145 TMB
PAGE 17 OF 22

Exhibit No. 1   000016

to the scope of the contractual rights of Bragg Investment Company that have not been produced.

17. Please produce all documents which you contend create, define and limit the scope of the contractual rights and obligations of Northstar Trucking, Inc., with respect to Starkstrom Geratebau GmbH, Smit Transformatoren B.V., Gericke & Co. GmbH, Bragg Investment Company, Inc. or any of its affiliated companies, in relation to the overall project to transfer the two transformers from North Star Terminal to the Chugach Electric Association substation in south Anchorage.

RESPONSE: Objection, relevance; overbroad and unduly burdensome. Moreover, a contention interrogatory is not appropriate regarding this subject. Notwithstanding this objection, DLS is currently unaware of any documents relating to the scope of the contractual rights of Northstar Trucking, Inc. that have not been produced.

18. Please produce all documents which you contend create, define and limit the scope of the contractual rights and obligations of Shane D. Crowson with respect to Starkstrom Geratebau GmbH, Smit Transformatoren B.V., Gericke & Co. GmbH, Bragg Investment Company, Inc. or any of its affiliated

DELTA LLOYD SCHADEVERZEKERING'S RESPONSES TO DEFENDANT CROWSON'S FIRST DISCOVERY REQUESTS
J.H. BACHMANN ET AL. v. BRAGG INVESTMENT COMPANY, ET AL.
CASE NO. 3:06-cv-00145 TMB
PAGE 18 OF 22

Exhibit No. 1    000017

companies, in relation to the overall project to transfer the two transformers from North Star Terminal to the Chugach Electric Association substation in south Anchorage.

RESPONSE:   Objection, relevance; overbroad and unduly burdensome. Moreover, a contention interrogatory is not appropriate regarding this subject. Notwithstanding this objection, DLS is currently unaware of any documents relating to the scope of the contractual rights of Shone Crowson that have not been produced.

19. Please produce clear, full scale copies of both the "shipping dimension" drawing represented by UTC Bachmann, Inc.'s document No. 853, and that represented by Northstar Trucking, Inc.'s document no. NTI 00083, both of which appear upon their face to have originated with SGB.

RESPONSE:   See response to RFP NO. 1.

20. Please produce clear copies of computer print-outs of the data recorded by the impact recorders in both transformers involved in this project, including the entire period from loading in Regensburg until the termination of all road transportation in Anchorage, Alaska, for each transformer.

**DELTA LLOYD SCHADEVERZEKERING'S RESPONSES TO DEFENDANT CROWSON'S FIRST DISCOVERY REQUESTS**
J.H. BACHMANN ET AL. v. BRAGG INVESTMENT COMPANY, ET AL.
CASE NO. 3:06-cv-00145 TMB
PAGE 19 OF 22

Exhibit No. 1   000018