Marc G. Wilhelm (ABA 8406054)
RICHMOND & QUINN, PC
360 "K" Street, Suite 200
Anchorage, Alaska 99501
PH:  (907) 276-5727
FAX: (907) 276-2953

Attorneys For Plaintiff
Delta Lloyd Schadeverzekering N.V.

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| J.H. BACHMANN, GmbH and UTC BACHMANN, INC.,<br><br>             Plaintiff,<br><br>   v.<br><br>BRAGG INVESTMENT COMPANY, INC. successor-in-interest by merger to HEAVY TRANSPORT, INC., NORTHSTAR TRUCKING, INC., NORTH STAR TERMINAL AND STEVEDORE COMPANY LLC, NORTH STAR TERMINAL AND STEVEDORE COMPANY LLC OF DELAWARE, and SHANE D. CROWSON dba ALASKA HEAVY HAUL TRANSPORT,<br><br>             Defendants. | **MOTION OF PLAINTIFF DELTA LLOYD TO STAY PROCEEDINGS AND DISCOVERY**<br><br><br><br><br><br>Consolidated Case<br>3:06-cv-00145 TMB |

Plaintiff Delta Lloyd Schadeverzekering (Delta Lloyd) hereby moves for a stay of discovery and all further proceedings in this matter for the following reasons: (1) defendants have exceeded the number of depositions normally

permitted by court rules without leave of court, and have expressed their intention to take up to 27 more in the U.S. and Germany; (2) a motion now pending before the court may result in the addition of new parties in this litigation; and (3) the parties in this consolidated action are involved, to one degree or another, in current litigation in Germany that is expected to resolve or simplify some if not all the issues in this litigation.

I. **Some Defendants are Abusing Discovery by Deposition**

In their joint planning agreement of March 5, 2007 (docket 55), the parties agreed not to "pre-limit" the number of discovery depositions, but reserved to each party the right to ask the court to limit depositions at the appropriate time.[1] That time has come. By letter dated December 14, 2007 (copy attached hereto as Exhibit A), Delta Lloyd has notified all parties that it does not consent to any further discovery depositions by the defendants. Thus, under the terms of the

---

[1] "The parties agree there shall be no particular limit on the number of depositions, but agree that any party may seek to limit depositions if it appears another party is abusing the process by taking unnecessary depositions." Scheduling and Planning Conference Report of March 5, 2007, docket 55, at 6.

LAW OFFICES
RICHMOND & QUINN
A PROFESSIONAL CORPORATION
360 K STREET, SUITE 200
ANCHORAGE, ALASKA 99501-2038
(907) 276-5727
FAX (907) 276-2953

scheduling order, no further depositions may be scheduled without leave of court.

Civil Rule 30(a)(2)(A) provides that leave of the court must be sought and granted to any party to take a deposition if it would "result in more than ten depositions being taken under this rule or Rule 31 by the plaintiffs, or by the defendants, or by third-party defendants." In this case, there are no third-party defendants. The term "defendants" in the rule is plural, not singular; it means ten depositions per side, not per party. See, e.g., Lockheed Martin Corp. v. The Boeing Company, 2003 WL 22962782 at *2 (M.D. Fla. 2003). In other words, the rule would permit all defendants collectively to take up to ten depositions without leave of court or mutual agreement of all parties.

To date, the Bachmann entities[2] have taken one deposition. Because the Bachmann entities are plaintiffs in one of the consolidated actions, it can reasonably be counted as a plaintiffs deposition (the only one so far). Defendant Shane Crowson has taken ten depositions. North Star Terminal

---

[2] UTC Bachmann, now known as Bachmann Overseas, Inc., and J.H. Bachmann, now known as DSV Air & Sea GmbH. Both entities are plaintiffs in one of the consolidated actions; UTC Bachmann is a defendant in the other.

**MOTION OF PLAINTIFF DELTA LLOYD TO STAY PROCEEDINGS AND DISCOVERY**
J.H. BACHMANN ET AL. v. BRAGG INVESTMENT COMPANY, ET AL.
CASE NO. 3:06-cv-00145 TMB
PAGE 3 OF 11

has taken four. North Star Trucking has taken three. That is a total of 17 depositions taken by the defendants collectively.

It is time for the court to take control. Counsel for North Star Trucking has sent an email to all counsel dated November 20, 2007 (copy attached as Exhibit B), that anticipates at least 27 additional depositions between early January and early May 2008: seven in Anchorage, one in Fairbanks, five in California, four in Florida, eight in Europe, one in Nevada, and one in New York. These include at least five Rule 30(b)(6) depositions, each of which may involve more than a single witness. The cost of these deposition is disproportionate to the complexity of the issues at stake in this litigation, particularly given the number of parties involved.

A party seeking leave to exceed the limit on depositions must make a particularized showing of why the discovery is necessary. Finazzo v. Hawaiian Airlines, 2007 WL 1425241 at *3 (D. Hawaii 2007), and cases there cited. Once that has been provided to the court, the court then applies the criteria of Civil Rule 26(b)(2) to determine whether the requested deposition is reasonable. Delta Lloyd asks the

MOTION OF PLAINTIFF DELTA LLOYD TO STAY PROCEEDINGS AND DISCOVERY
J.H. BACHMANN ET AL. v. BRAGG INVESTMENT COMPANY, ET AL.
CASE NO. 3:06-cv-00145 TMB
PAGE 4 OF 11

court to suspend all further depositions by the defendants (that is, all deposition discovery after December 12, 2007), unless all parties have agreed to the depositions, or in the case of a disagreement, the court has allowed the depositions to go forward.

## II. Crowson's Pending Motion May Add Parties to the Litigation

Defendant Shane Crowson has filed a Motion to Dismiss for Failure to Join Indispensible Party (docket 43) against the Bachmann entities; that motion is still pending. Crowson seeks either dismissal of the Bachmann plaintiffs' claims against him, or the joinder of SGB, the manufacturer of the transformer at issue, and Gericke & Co. GmbH, the primary shipper of the transformer. Even if Crowson's request for mandatory joinder is rejected, Crowson could still join SGB and Gericke as third-party defendants. And as discussed below, Gericke recently joined Crowson to the parallel German litigation regarding the transformers.

So long as there is the possibility of new parties being forced into the litigation, discovery -- and indeed all proceedings of substance -- should be held in abeyance. Any new parties to the litigation will surely demand the right to

conduct their own discovery, and will argue that no discovery preceding their involvement can be used against them.[3]  New parties would be entitled to conduct their own discovery. None of the parties should be forced to bear the expense of duplicating discovery because of the addition of new parties.

### III. Parallel Proceedings in Germany May Substantially Affect This Action

Filed herewith is the affidavit of Delta Lloyd counsel Marc G. Wilhelm, describing parallel legal proceedings currently pending in Germany.

In addition to this litigation, Delta Lloyd commenced a legal action in Germany for damages against the primary shipper of the transformer, the German corporation Gericke GmbH; J.H. Bachmann was joined in that litigation as well.  The German trial court awarded Delta Lloyd damages against Gericke in the amount of Euros 652,017.03 plus interest and costs – close to the full amount of Delta Lloyd's claim.  Gericke has filed an appeal to assert a liability limitation that Gericke contends is applicable to it under German law.  J.H. Bachmann has intervened in that appeal on

---

[3] Delta Lloyd's concern on this point was mentioned in the parties' joint request for a status conference filed November 21, 2007 (docket 146).

**MOTION OF PLAINTIFF DELTA LLOYD TO STAY PROCEEDINGS AND DISCOVERY**
J.H. BACHMANN ET AL. v. BRAGG INVESTMENT COMPANY, ET AL.
CASE NO. 3:06-cv-00145 TMB
PAGE 6 OF 11

the side of Gericke;[4] it is expected that J.H. Bachmann will have to reimburse Gericke for whatever damages Gericke eventually is required to pay to Delta Lloyd. The issue of whether the German liability limitation applies is now pending, and a ruling is expected within six months.

Recently, the German court issued papers on Gericke's behalf addressed to Bragg, Northstar Trucking, North Star Terminal, and Shane Crowson. A portion of those papers had been translated into English, and that portion is attached to Mr. Wilhelm's affidavit as Exhibit A. According to the English translation, these papers "request [these companies and Mr. Crowson] to join the lawsuit on the part of the Defendant/Intervenor." Delta Lloyd's undersigned counsel understands that, as a result of this procedure, the defendants in this litigation will be bound by the results of the German litigation under German law.

Frank Pfiffner, counsel for the Bachmann entities in this litigation, sent an email to all counsel (copy attached

LAW OFFICES
RICHMOND & QUINN
A PROFESSIONAL CORPORATION
360 K STREET, SUITE 200
ANCHORAGE, ALASKA 99501-2038
(907) 276-5727
FAX (907) 276-2953

---

[4]  The issue in the German appeal is whether a limitation of liability of 5 SDR/Kilo applies (as was concluded by the trial court), or whether a lower limitation of liability of 2 SDR/Kilo applies.

**MOTION OF PLAINTIFF DELTA LLOYD TO STAY PROCEEDINGS AND DISCOVERY**
J.H. BACHMANN ET AL. v. BRAGG INVESTMENT COMPANY, ET AL.
CASE NO. 3:06-cv-00145 TMB
PAGE 7 OF 11

to Mr. Wilhelm's affidavit as Exhibit B) with the following explanation:

> My German colleagues have informed me that Bachmann (DSV Air & Sea GmbH) has issued third-party proceedings ("Streitverundung") in the German court proceedings inviting the defendants in the US proceedings to assist DSV in defending the case against Delta. Under German procedural law such "Streitverundung" has the effect that the third party having been summoned may not claim in later recourse proceedings against it that the original matter (here: Delta vs. Gericke and DSV) had been wrongly decided by the court on the facts found. The aim of the "Streitverundung" is to have the third party bound by the decision of the first court for later proceedings against the third party. It is up to each party to decide whether or not to assist DSV.
>
> Regarding the status of the German proceedings at the Court of Appeal, please note that the court has decided to appoint an expert to investigate whether the securing of the transformer on the trailer had been done properly for the intended transport and whether the trailer used had been appropriate and fit for such transport.

Delta Lloyd understands that if the appeal currently pending in Germany is resolved in Delta Lloyd's favor and it is paid by Gericke, then Delta Lloyd's claims in this lawsuit will be largely or entirely mooted, leaving Bachmann's subrogation claims against the other defendants in this litigation, and the cross-claims that have been asserted among various defendants. In other words, the outcome of the German

MOTION OF PLAINTIFF DELTA LLOYD TO STAY PROCEEDINGS AND DISCOVERY
J.H. BACHMANN ET AL. v. BRAGG INVESTMENT COMPANY, ET AL.
CASE NO. 3:06-cv-00145 TMB
PAGE 8 OF 11

LAW OFFICES
RICHMOND & QUINN
A PROFESSIONAL CORPORATION
360 K STREET, SUITE 200
ANCHORAGE, ALASKA 99501-2038
(907) 276-5727
FAX (907) 276-2953

appeal will determine whether Delta Lloyd or Bachmann is the real party in interest as to the claims Delta Lloyd is now asserting.

It would be inequitable to force Delta Lloyd to bear the costs of further discovery in this lawsuit, which was filed to preserve the statute of limitations, if it is able to withdraw from this litigation because of a favorable result in the German proceedings. For that reason, it is in the interests of the party and judicial economy to stay proceedings in this court, pending the outcome of the German appeal.

Even if Delta Lloyd does not prevail in the pending appeal in Germany, it still expects to recover a substantial portion of its damages from Gericke. That is expected to reduce Delta Lloyd's damages claim in this litigation. That reduction may well create a more favorable environment for an out of court resolution that would result in substantial savings for the litigants and the court.

## CONCLUSION

For the foregoing reasons, Plaintiff Delta Lloyd requests the court to stay all further proceedings and discovery in this matter pending the decision on the motion to

MOTION OF PLAINTIFF DELTA LLOYD TO STAY PROCEEDINGS AND DISCOVERY
J.H. BACHMANN ET AL. v. BRAGG INVESTMENT COMPANY, ET AL.
CASE NO. 3:06-cv-00145 TMB
PAGE 9 OF 11

join parties, and the outcome of the German appeal. In addition, Delta Lloyd requests the court enforce the ten deposition per side limitation and that defendants not be allowed to take additional depositions absent agreement of the parties, or approval of the court.

DATED this January 7, 2008, Anchorage, Alaska.

>RICHMOND & QUINN
>Attorneys for Plaintiff
>DELTA LLOYD SCHADEVERZEKERING
>N.V.
>
>By:   /s/ Marc G. Wilhelm
>RICHMOND & QUINN, PC
>360 "K" Street, Suite 200
>Anchorage, Alaska 99501
>Ph:  (907) 276-5727
>Fax: (907) 276-2953
>mwilhelm@richmondquinn.com
>Alaska Bar No. 8406054

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on January 7, 2008, a true and correct copy of the foregoing was served electronically served on:

Frank A. Pfiffner
James M. Seedorf
HUGHES BAUMAN PFIFFNER GORSKI & SEEDORF, LLC
3900 C Street, Suite 1001
Anchorage, AK 99503
Counsel for J.H. Bachmann GmnH & UTC Bachmann, Inc.
fap@hbplaw.net
jms@hbplaw.net

LAW OFFICES
RICHMOND & QUINN
A PROFESSIONAL CORPORATION
360 K STREET, SUITE 200
ANCHORAGE, ALASKA 99501-2038
(907) 276-5727
FAX (907) 276-2953

**MOTION OF PLAINTIFF DELTA LLOYD TO STAY PROCEEDINGS AND DISCOVERY**
J.H. BACHMANN ET AL. v. BRAGG INVESTMENT COMPANY, ET AL.
CASE NO. 3:06-cv-00145 TMB
PAGE 10 OF 11

Thomas A. Matthews
MATTHEWS & ZAHARE, P.C.
431 W. 7th Ave., Suite 207
Anchorage, AK 99501
Counsel for Northstar Trucking, Inc.
tom.matthews@matthewszahare.com

Bruce E. Falconer
BOYD CHANDLER & FALCONER, LLP
911 W. 8th Ave., Suite 302
Anchorage, AK 99501
Counsel for Northstar Trucking, Inc.
bfalconer@bcf.us.com

Thomas G. Johnson
BAUER MOYNIHAN & JOHNSON LLP
2101 Fourth Ave., 24th Floor
Seattle, WA 98121
Counsel for North Star Terminal & Stevedore LLC/North Star Terminal Delaware
tgjohnson@bmjlaw.com

Roy L. Longacre
LONGACRE LAW OFFICES, LTD.
425 G Street, Suite 910
Anchorage, AK 99501
Counsel for Bragg Investment Co.
longacre@alaska.com

Robert M. Libbey
Colleen Ann Libbey
LIBBEY LAW OFFICES, LLC
604 W. 2nd Ave.
Anchorage, AK 99501
Counsel for Shane Crowson dba Alaska Heavy Haul Transport
clibbey@alaska.net
boblibbey@alaska.net


    /s/ Marc G. Wilhelm
    RICHMOND & QUINN

2259\003\pld\MTN FOR STAY

LAW OFFICES
RICHMOND & QUINN
A PROFESSIONAL CORPORATION
360 K STREET, SUITE 200
ANCHORAGE, ALASKA 99501-2038
(907) 276-5727
FAX (907) 276-2953