LAW OFFICES
# Richmond & Quinn
A PROFESSIONAL CORPORATION

WILLIAM A. EARNHART
KENNETH M. GUTSCH
CRAIG S. HOWARD

360 K STREET, SUITE 200
ANCHORAGE, ALASKA 99501-2038
TELEPHONE (907) 276-5727
FACSIMILE (907) 276-2953

DANIEL T. QUINN
ROBERT L. RICHMOND
MARC G. WILHELM

AIMEE A. ORAVEC
(OF COUNSEL)

e-mail: info@richmondquinn.com
www.richmondquinn.com

December 14, 2007

All Counsel of Record

Re: Delta Lloyd v. UTC Bachmann, et al.
    Our File No. 2259.003

Gentlemen:

In our Scheduling and Planning Conference Report of March 5, 2007, we agreed not to pre-limit the number of depositions, but each party reserved the right to seek a limit on depositions if it appeared that another party is abusing the process by taking unnecessary depositions.

Delta Lloyd concludes that that time has come, and therefore puts all parties on notice that Delta Lloyd does not consent to any further discovery depositions. Any party seeking to schedule a deposition thereafter must seek leave of the court, unless Delta Lloyd is persuaded to consent to it.

Civil Rule 30(a)(2)(A) imposes a limit of ten depositions per side (not per party) in the absence of either consent by all parties or a court order. So far, twelve depositions have been taken, one by Bachmann (Shane Crowson), which counts as a plaintiffs' deposition. In addition, Mr. Matthews has sent an email identifying at least 27 additional persons to be deposed, including several Rule 30(b)(6) depositions for which multiple witnesses may eventually be designated.

Delta Lloyd did not seek to quash the depositions of Messrs. Saulnier and McCallister that were taken this week, which were set over Delta Lloyd's objections and despite Delta Lloyd's expressed concern that the deposition discovery being promoted primarily by Northstar Trucking is

Exhibit A
Page 1 of 3 Pages

All Counsel of Record
December 14, 2007
Page 2


unreasonable, both because of the scope of discovery, and because of the timing of discovery while a motion to add parties is pending. Therefore, Delta Lloyd invokes its right under the Scheduling Conference Report to involve the court in approving any future depositions.

Delta Lloyd therefore requires that one of three things occurs prior to scheduling any further depositions:

1. all parties, including Delta Lloyd, must consent in advance to the deposition; or

2. every other party in this consolidated action must stipulate in advance that no testimony taken in any deposition to which Delta Lloyd does not consent may be used in defense of Delta Lloyd's claims (in other words, such testimony is limited to the claims among all the other parties) unless Delta Lloyd expressly agrees otherwise; or

3. consent of the court upon proper application by the party seeking to notice each new deposition.

A party seeking leave from the court to exceed the limit on depositions must make a particularized showing of why the discovery is necessary. <u>Finazzo v. Hawaiian Airlines</u>, 2007 WL 1425241 at *3 (D. Hawaii 2007). Once that has been provided to the court, the court then applies the criteria of Civil Rule 26(b)(2) to determine whether the requested deposition is reasonable.

The parties here must satisfy a "meet and confer" obligation before taking a dispute to the court. We therefore ask that any defendant seeking to schedule additional depositions provide to Delta Lloyd, in writing, its particularized explanation of why the deposition is needed, with sufficient detail so that Delta Lloyd can make its own assessment of the request in light of the Rule 26(b)(2) criteria. If Delta Lloyd concludes that the deposition is reasonable, it likely will consent to it. If not, we will have complied with the "meet and confer" requirement before the party seeking the deposition applies to the court for leave to take it. In particular, Delta

Exhibit A
Page 2 of 3 Pages

All Counsel of Record
December 14, 2007
Page 3


Lloyd has concerns about significant additional depositions when there is a threat that new parties may be added to this litigation.

         Sincerely,

         RICHMOND & QUINN

         Marc G. Wilhelm

MGW/ky
Encls.
2259\003\CORR\MATTHEWS

cc: Bruce Falconer (FAX 274-3698)

Exhibit A
Page 3 of 3 Pages