Marc G. Wilhelm (ABA 8406054)
RICHMOND & QUINN, PC
360 "K" Street, Suite 200
Anchorage, Alaska 99501
PH: (907) 276-5727
FAX: (907) 276-2953

Attorneys For Plaintiff
Delta Lloyd Schadeverzekering N.V.

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| J.H. BACHMANN, GmbH and UTC BACHMANN, INC., <br><br>        Plaintiff,<br><br>   v.<br><br>BRAGG INVESTMENT COMPANY, INC. successor-in-interest by merger to HEAVY TRANSPORT, INC., NORTHSTAR TRUCKING, INC., NORTH STAR TERMINAL AND STEVEDORE COMPANY LLC, NORTH STAR TERMINAL AND STEVEDORE COMPANY LLC OF DELAWARE, and SHANE D. CROWSON dba ALASKA HEAVY HAUL TRANSPORT,<br><br>        Defendants. | **AFFIDAVIT OF MARC G. WILHELM**<br><br><br><br><br><br><br><br><br><br>Consolidated Case<br>3:06-cv-00145 TMB |

STATE OF ALASKA        )
                       )ss.
THIRD JUDICIAL DISTRICT )

      Marc G. Wilhelm, being first duly sworn upon oath, deposes and says:

1.  I am one of the counsel of record for plaintiff Delta Lloyd Schadeverzekering N.V. (Delta Lloyd) in this action. I make this affidavit on its behalf, being authorized and competent to do so, based either upon my personal knowledge or information conveyed to me by Delta Lloyd's representatives in Germany, unless otherwise stated.

2.  Delta Lloyd, a Dutch insurer, issued a policy of cargo insurance to a Dutch company, Smit Transformatoren B.V. ("Smit"), the exporter of the transformer at issue in this litigation. After the transformer was destroyed at Anchorage in December 2004, Delta Lloyd paid Smit and became subrogated to its statutory and common law claims against various third parties involved in the shipment and delivery of the transformer. Those included the primary German shipper, Gericke GmbH, which is not a party to this litigation, and the other parties in this litigation: UTC Bachmann (an American corporation now known as Bachmann Overseas, Inc.), J.H. Bachmann (a German corporation now known as DSV Air & Sea GmbH), Bragg Investment Co. and one of its subsidiaries Heavy Transport Inc., Shane Crowson and his sole proprietorship Alaska Heavy Haul, Northstar Trucking, and two North Star

LAW OFFICES
RICHMOND & QUINN
A PROFESSIONAL CORPORATION
360 K STREET, SUITE 200
ANCHORAGE, ALASKA 99501-2038
(907) 276-5727
FAX (907) 276-2953

Terminal entities (an Alaska corporation and a Delaware corporation).

3. On information and belief, Gericke entered into a contract with J.H. Bachmann to arrange the shipping and delivery; J.H. Bachmann, in partnership with its U.S. affiliate UTC Bachmann, retained Bragg to arrange for shipping from the port of entry (Tacoma) to the Chugach South Anchorage Substation. Bragg in turn hired Northstar Trucking and North Star Terminal. Northstar Trucking hired Alaska Heavy Haul, a sole proprietorship owned by Shane Crowson. Crowson was the driver of the truck/trailer hauling the transformer from the Port of Anchorage to the Chugach Electric South Anchorage Substation when the transformer fell from the trailer and was destroyed.

4. Delta Lloyd commenced a subrogation action in this court against UTC Bachmann, Bragg and its subsidiary Heavy Transport, Northstar Trucking, Shane Crowson and Alaska Heavy Haul, and the North Star Terminal companies. The primary purpose of this action was to preserve the statute of limitations, pending resolution of the parallel German action against Gericke. The Bachmann entities had previously commenced a separate action against most of the same

**AFFIDAVIT OF MARC G. WILHELM**
J.H. BACHMANN ET AL. v. BRAGG INVESTMENT COMPANY, ET AL.
CASE NO. 3:06-cv-00145 TMB
PAGE 3 OF 9

defendants, and the two actions are now consolidated in this action.

    5.    In the courts of Germany, Delta Lloyd commenced a legal action for damages against the primary shipper of the transformer, the German corporation Gericke GmbH; J.H. Bachmann was joined in that litigation as well. In the German proceedings, the trial court awarded Delta Lloyd damages against Gericke in the amount of Euros 652,017.03 plus interest and costs. Gericke has filed an appeal to assert a liability limitation, which Gericke contends is applicable to it under German law. If applied, this limitation would limit Delta Lloyd's damages in the German litigation to 2 SDR/Kilo (or 40% of the amount awarded by the trial court). J.H. Bachmann (now DSV Air & Sea GmbH) has intervened in that appeal on the side of Gericke; it is expected that J.H. Bachmann will have to reimburse Gericke for whatever damages Gericke eventually is required to pay to Delta Lloyd. The issue of which the German liability limitation applies is now pending, and a decision is expected within the next six months.

    6.    Recently, the German court issued papers on Gericke's behalf addressed to Bragg, Northstar Trucking, North

**AFFIDAVIT OF MARC G. WILHELM**
<u>J.H. BACHMANN ET AL. v. BRAGG INVESTMENT COMPANY, ET AL.</u>
CASE NO. 3:06-cv-00145 TMB
PAGE 4 OF 9

LAW OFFICES
RICHMOND & QUINN
A PROFESSIONAL CORPORATION
360 K STREET, SUITE 200
ANCHORAGE, ALASKA 99501-2038
(907) 276-5727
FAX (907) 276-2953

Star Terminal, and Shane Crowson. A portion of those papers had been translated into English, and that portion is attached hereto as Exhibit A. According to the English translation, these papers "request [these companies and Mr. Crowson] to join the lawsuit on the part of the Defendant/Intervenor." Although affiant counsel is not an expert in German law, counsel has been informed that, as a result of this procedure, the defendants in this litigation will be bound by the results of the German litigation under German law.

7. Frank Pfiffner, counsel for the Bachmann entities in this litigation, sent an email to all counsel (copy attached hereto as Exhibit B) with the following explanation:

> My German colleagues have informed me that Bachmann (DSV Air & Sea GmbH) has issued third-party proceedings ("Streitverundung") in the German court proceedings inviting the defendants in the US proceedings to assist DSV in defending the case against Delta. Under German procedural law such "Streitverundung" has the effect that the third party having been summoned may not claim in later recourse proceedings against it that the original matter (here: Delta vs. Gericke and DSV) had been wrongly decided by the court on the facts found. The aim of the "Streitverundung" is to have the third party bound by the decision of the first court for later proceedings against the third party. It is up to each party to decide whether or not to assist DSV.

**AFFIDAVIT OF MARC G. WILHELM**
J.H. BACHMANN ET AL. v. BRAGG INVESTMENT COMPANY, ET AL.
CASE NO. 3:06-cv-00145 TMB
PAGE 5 OF 9

>Regarding the status of the German proceedings at the Court of Appeal, please note that the court has decided to appoint an expert to investigate whether the securing of the transformer on the trailer had been done properly for the intended transport and whether the trailer used had been appropriate and fit for such transport.

8. It is my understanding that if the appeal currently pending in Germany is resolved in Delta's favor and it is fully paid by Gericke, then Delta's claims in this lawsuit will be largely or entirely mooted, and all that will remain is Bachmann's claim against all the other defendants in this litigation, and the cross-claims that have been asserted among various defendants. In other words, the outcome of the German appeal will determine whether Delta Lloyd or Bachmann is the real party in interest as to the claims Delta Lloyd is now asserting. It would be inequitable to force Delta Lloyd to bear the costs of further discovery in this lawsuit, if it is able to withdraw from this litigation because of a favorable result in the German proceedings.

9. It is further my understanding that even if Delta Lloyd does not prevail in the pending appeal, it will still recover a substantial portion of its damages from Gericke. That is expected to reduce Delta Lloyd's damages claim in this litigation. That reduction may well create a

more favorable environment for an out of court resolution that would result in substantial savings for the litigants and the court.

    Further your affiant sayeth naught.

    DATED this January 7, 2008, Anchorage, Alaska.

                                RICHMOND & QUINN
                                Attorneys for Plaintiff
                                DELTA LLOYD SCHADEVERZEKERING N.V.

By: _____
Marc G. Wilhelm
RICHMOND & QUINN, PC
360 "K" Street, Suite 200
Anchorage, Alaska 99501
Ph:  (907) 276-5727
Fax: (907) 276-2953
mwilhelm@richmondquinn.com
Alaska Bar No. 8406054

    SUBSCRIBED and SWORN TO before me this 7th day of January, 2008.

_____
Notary Public in and for Alaska
My Commission Expires: 5/18/2008

State of Alaska
**NOTARY PUBLIC**
Karol Young
My Commission Expires May 16, 2008

LAW OFFICES
**RICHMOND & QUINN**
A PROFESSIONAL CORPORATION
360 K STREET, SUITE 200
ANCHORAGE, ALASKA 99501-2038
(907) 276-5727
FAX (907) 276-2953

**AFFIDAVIT OF MARC G. WILHELM**
J.H. BACHMANN ET AL. v. BRAGG INVESTMENT COMPANY, ET AL.
CASE NO. 3:06-cv-00145 TMB
PAGE 7 OF 9

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 7, 2008, a true and correct copy of the foregoing was served electronically served on:

Frank A. Pfiffner
James M. Seedorf
HUGHES BAUMAN PFIFFNER GORSKI & SEEDORF, LLC
3900 C Street, Suite 1001
Anchorage, AK 99503
Counsel for J.H. Bachmann GmnH & UTC Bachmann, Inc.
fap@hbplaw.net
jms@hbplaw.net

Thomas A. Matthews
MATTHEWS & ZAHARE, P.C.
431 W. 7th Ave., Suite 207
Anchorage, AK 99501
Counsel for Northstar Trucking, Inc.
tom.matthews@matthewszahare.com

Bruce E. Falconer
BOYD CHANDLER & FALCONER, LLP
911 W. 8th Ave., Suite 302
Anchorage, AK 99501
Counsel for Northstar Trucking, Inc.
bfalconer@bcf.us.com

Thomas G. Johnson
BAUER MOYNIHAN & JOHNSON LLP
2101 Fourth Ave., 24th Floor
Seattle, WA 98121
Counsel for North Star Terminal & Stevedore LLC/North Star Terminal Delaware
tgjohnson@bmjlaw.com

Roy L. Longacre
LONGACRE LAW OFFICES, LTD.
425 G Street, Suite 910
Anchorage, AK 99501
Counsel for Bragg Investment Co.
longacre@alaska.com

LAW OFFICES
RICHMOND & QUINN
A PROFESSIONAL CORPORATION
360 K STREET, SUITE 200
ANCHORAGE, ALASKA 99501-2038
(907) 276-5727
FAX (907) 276-2953

**AFFIDAVIT OF MARC G. WILHELM**
J.H. BACHMANN ET AL. v. BRAGG INVESTMENT COMPANY, ET AL.
CASE NO. 3:06-cv-00145 TMB
PAGE 8 OF 9

Robert M. Libbey
Colleen Ann Libbey
LIBBEY LAW OFFICES, LLC
604 W. 2nd Ave.
Anchorage, AK 99501
Counsel for Shane Crowson dba Alaska Heavy Haul Transport
clibbey@alaska.net
boblibbey@alaska.net


    /s/ Marc G. Wilhelm
      RICHMOND & QUINN

2259\003\pld\MTN FOR STAY (AFFI MGW)

LAW OFFICES
RICHMOND & QUINN
A PROFESSIONAL CORPORATION
360 K STREET, SUITE 200
ANCHORAGE, ALASKA 99501-2038
(907) 276-5727
FAX (907) 276-2953

**AFFIDAVIT OF MARC G. WILHELM**
J.H. BACHMANN ET AL. v. BRAGG INVESTMENT COMPANY, ET AL.
CASE NO. 3:06-cv-00145 TMB
PAGE 9 OF 9