*Certified translation from the German language   page 1 of 4*

BLAUM - DETTMERS - RABSTEIN
Lawyers - Notaries

P.O.B. 10 64 40 - D- 28064 Bremen

Hanseatic Higher Regional Court
Hamburg
6th Civil Senate
P.O.B. 30 01 21

20348 Hamburg

Bremen, August 31, 2007
Our Re.: 16-1901/04 JFB/do
(Please always indicate)

**File No.: 6 U 253/06**

Bremen
Dr. Dr. Rudolf Blaum
(1951-2002)
Edzard Dettmers
(1963-2004)
Marianne Ströhmann
Dr. Klaus Rabstein
Notary Public
Prof. Dr. Lutz Weipert,
Notary Public
Dr. Friedrich Strube,
Notary Public
Dr. Joachim F. Bartels
and partners
Am Wall 153-156
28195 Bremen
Phone: +49(0)421-366010
Fax: +49(0)421-3660151
email: bremen@delaw.de

Rg.-Nr.
40888/9

**Interpleader**

in the matter

Delta Lloyd Schadeverzekering N.V. ./. Gericke GmbH Internationale Spedition

Lawyers CMS Hasche Sigle, Hamburg

Lawyers Scheer and Stahmer, Hamburg

Intervener:
DSV Air & Sea GmbH
Lawyers Blaum Dettmers Rabstein, Bremen

On behalf of the intervener we serve a

**third-party notice**

to:

1) Bragg Investment Co., Inc., represented by its Director Chris Bragg, 6251 Paramount Boulevard, Longbeach, CA 90805, USA

2) Northstar Trucking Inc., represented by its Director N. Forster, 13135 Old Glen Highway, Suite 210, Eagle River, AJ 99577, USA

Exhibit ___A___
Page __1__ of __4__ Pages

*Certified translation from the German language   page 2 of 4*

   3) North Star Stevedore and Terminal Inc., represented by its Director, 790 Ocean Dock Road, Anchorage, AK 99501, USA
   4) Shane Crowson, 1900 McKinley Avenue, Anchorage, AK 99517, USA

with the request to join the lawsuit on the part of the Defendant / Intervener.

We notify the current factual status of the lawsuit for the Third-Party Defendants as follows:

The Plaintiff, Delta Lloyd Schadeverzekering N.V., asserts out of a ceded right of the firm Starkstrom Gerätebau („SGB") a claim for damages at an amount of € 760,252.49 plus interest against the Defendant, the firm Gericke GmbH Internationale Spedition, on grounds of the accident dated 12/02/2004 in Anchorage in which the transformer transported by the Third-Party Defendant Shane Crowson and destined for the firm Chugach Electric Association suffered a total loss.

The Defendant had been entrusted by SGB with the transport of the transformer from Regensburg / Germany to Anchorage up to the setting-down on the sub-structure at the firm Chugach. The Defendant has entrusted the intervener, J.H. Bachmann GmbH (now doing business under the name: DSV Air & Sea GmbH) with the transport of the transformer from Bremerhaven to the firm Chugach.
DSV Air & Sea GmbH in turn through the firm UTC Bachmann, Inc. entrusted the Third-Party Defendant Bragg Investment Co., Inc. (at that time: Heavy Transport, Inc.) with the transport since the arrival of the transformer in Tacoma/USA up to the firm Chugach.
The firm Bragg entrusted the Third-Party Defendant Northstar Trucking, Inc. with the transport from the port Anchorage to the firm Chugach. The firm Northstar Trucking, Inc. employed for that the Third-Party Defendant Crowson.

The firm Bragg entrusted the North Star Stevedore and Terminal, Inc. with the transfer of the transformer from the delivering railway wagon in Anchorage to a low-loader of the Third-Party Defendant Crowson.

In the instant lawsuit the Defendant Gericke has served a third-party notice to the firm DSV Air & Sea GmbH. The firm DSV Air & Sea GmbH has joined the lawsuit on the part of the Defendant.

Exhibit  A
Page 2 of 4 Pages

*Certified translation from the German language    page 3 of 4*

The Regional Court Hamburg as court in the first instance has sentenced the firm Gericke to pay damages at an amount of € 652,017.03 plus interest and bearing of costs at an amount of 86 % of the incurred costs. It was of the opinion that the firm Gericke had the duties of a carrier and pursuant to § 435 German Commercial Code had to assume unlimited liability for the loss. A limitation of liability in accordance with the ADSp[1] (was rejected.

The Defendant Gericke has lodged an appeal against the judgment of the Regional Court Hamburg before the Hanseatic Higher Regional Court Hamburg and pleaded that the provisions of the ADSp with regulations for a limitation of liability relating to amount are applicable. The prerequisites of an unlimited liability pursuant to § 435 German Commercial Code would not have been proven by the Plaintiff. The Intervener DSV Air & Sea GmbH supports the Defendant in this argumentation.

The Plaintiff defends the judgment of the Regional Court Hamburg in the first instance and has lodged a counter appeal on account of an amount of € 18,890.80.

The lawsuit was heard in a first hearing before the Appellate Court. The Appellate Court has set forth as an interim result that the Plaintiff has to set forth and – if applicable – to prove a concrete sequence of events of the loss as well as qualified fault in order to meet the prerequisites of § 435 German Commercial Code. In the meantime, the Defendant / Intervener as well as the Plaintiff have stated their view on certain conditions of the Appellate Court in written statements.

The Appellate Court has set a new hearing for

    September 13, 2007, 10:00 a.m., court room 210,
before the Hanseatic Higher Regional Court Hamburg.

Apart from that, the Third-Party Defendants are referred to an inspection of the court act.

In the event that the Defendant Gericke will be unsuccessful in these proceedings, probably the Intervener DSV Air & Sea GmbH will have to reimburse the firm Gericke at the amount of the payments to the Plaintiff. Then the Intervener DSV Air & Sea GmbH would have claims for damages against the Third-Party Defendants named in

Exhibit A
Page 3 of 4 Pages

---

[1] ADSp – General German Forwarding Agents' Conditions, the transl.

<u>Certified translation from the German language   page 4 of 4</u>

this written statement out of contract (Bragg Investment Co., Inc.) as well as also out of tortious act since in the end to that extent such claims of the owner of the transporter in case of a corresponding payment by DSV Air & Sea GmbH will be passed on to the latter. Thus, in case of a negative outcome of these proceedings for the Defendant the Third-Party Defendants will be obligated to indemnify DSV Air & Sea GmbH, so that the latter can have recourse.

It is asked for it to have this interpleader translated into the English language and to have it served upon the four Third-Party Defendants respectively as soon as possible. The Undersigned will bear the incurring translation and service costs. The Intervener will still make efforts to it that the respective Attorneys of the Third-Party Defendants in the USA will declare themselves to be domestic representatives. As long as this has not taken place it is asked for it to perform the service in accordance with the addresses of the Third-Party Defendants indicated above and to speed it up.

signed: Dr. Bartels          For the correctness of the copy:
Lawyer                                    /signature/:
                                          Lawyer

HEREWITH I CERTIFY THAT THIS IS A
TRUE AND COMPLETE TRANSLATION OF
THE PRESENTED GERMAN DOCUMENT.
Berlin, September 18, 2007
Dr. Monika Zemke
Graduate Translator for German,
English and Hebrew
Generally Sworn Interpreter for
the Courts and Notaries of Berlin

Exhibit ___A___
Page __4__ of __4__ Pages