LIBBEY LAW OFFICES, LLC
Robert M. Libbey
Colleen A. Libbey
604 W. Second Avenue
Anchorage, AK 99501
(907) 258-1815
(907) 258-1822 Fax
boblibbey@alaska.net
clibbey@alaska.net

Attorneys for Defendant
Shane D. Crowson dba Alaska
Heavy Haul Transport

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| DSV Air & Sea, GmbH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| BRAGG INVESTMENT COMPANY, INC. | ) |
| successor-in-interest by merger | ) |
| to HEAVY TRANSPORT, INC., | ) No. 3:06-cv-00145(TMB) |
| NORTHSTAR TRUCKING, INC., NORTH | ) No. 3:06-cv-00274 |
| STAR TERMINAL AND STEVEDORE | ) |
| COMPANY, LLC, NORTH STAR TERMINAL | ) **Declaration of Counsel** |
| AND STEVEDORE COMPANY LLC OF | ) **Re Motion For Leave** |
| DELAWARE AND SHANE D. CROWSON dba | ) **To Add Party** |
| ALASKA HEAVY HAUL TRANSPORT, | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

State of Alaska         )
                        )ss
Third Judicial District )

    I, Robert M. Libbey, state upon oath as follows:

1.   I am co-counsel for Defendant Shane Crowson in the above captioned matter.

Affidavit of Counsel
Motion to Add Party
DSV Air & Sea v. Bragg et al.
3:06-cv-00145-TMB                                    Page 1 of  5

2. I am making this affidavit in support of Crowson's motion for leave to serve summons and third party complaint upon the German corporation Starkstrom Geratebau, GMBH, hereinafter Starkstrom.

3. Starkstrom manufactured the transformer that was sold to Chugach Electric Association, tipped off the truck during delivery in Anchorage, and forms the basis for this civil action.

4. The parties asserting subrogation claims herein derive their claims from the losses sustained by Starkstrom. Their claims against Crowson are exclusively in tort. While they have stated contract claims against the other defendants herein, they have also stated tort claims in the alternative.

5. Because the advancement of tort claims herein introduces the concept of comparative fault, any fault assignable to the manufacturer of the transformer, Starkstrom, is material to the liability of each of the defendants, even including plaintiff/defendant DSV Air & Sea GmbH. Thus, adding Starkstrom advances the judicial interest of according complete relief to the parties, envisioned by Federal Rules of Civil Procedure 19(a).

6. Starkstrom prepared the transformer for shipment from its

Affidavit of Counsel
Motion to Add Party
DSV Air & Sea v. Bragg et al.
3:06-cv-00145-TMB                                              Page 2 of  5

     German factory to the Chugach delivery site, and to some extent planned and approved the supervision and methods used in transporting the transformer.

7. Starkstrom has been compensated for its losses by Plaintiff Delta Lloyd Schadeverzekering N.V., its first party insurance provider.

8. Crowson claims that Starkstrom, itself bears fault for the transformer tipping off the trailer, because:
   - the transformer center of gravity was mis-marked by Starkstrom, contributing to the poor placement of the transformer on the trailer
   - excessive oil was left in the transformer by Starkstrom, contributing to excessive vertical instability
   - inadequate planning and supervision was provided to meet the specialized needs of the transporting by road of a transformer of this size and weight.

9. In addition, Crowson contends that the transformer had been damaged in transport before being loaded on his truck. The transformer was equipped with an impact sensor during transport. Starkstrom has exclusive control of the sensor currently, and of the electronic data recorded by the sensor.

Affidavit of Counsel
Motion to Add Party
DSV Air & Sea v. Bragg et al.
3:06-cv-00145-TMB                                                Page 3 of 5

10. The undersigned has attempted to obtain information relative to these claims made by Crowson against Starkstrom, through discover requests to Plaintiff Delta Lloyd Schadeverzekering N.V., Starkstrom's insurer.  The responses to those requests asserted that though Delta Lloyd had asked Starkstrom to voluntarily provide the information, they had in fact received nothing from Starkstrom.

11. Adding Starkstrom as a party will allow Crowson make formal discovery requests for the needed information directly to Starkstrom.

12. The other defendants herein have advised the undersigned that they will join Crowson in this motion.  Plaintiff Delta Lloyd Schadeverzekering N.V. and Plaintiff/Defendant DSV Air & Sea GmbH have informed the undersigned that they do not intend to oppose this motion.

I declare under penalty of perjury that the foregoing is true.

Dated at Anchorage, Alaska this 18th day of January, 2008.

By: s/Robert M. Libbey
Robert M. Libbey ABA 6404014
604 West 2nd Ave.
Anchorage, AK 99501
Phone: (907) 258-1815
Fax: (907) 258-1822
boblibbey@alaska.net

This is to certify that the foregoing
is being served electronically to:

Affidavit of Counsel
Motion to Add Party
DSV Air & Sea v. Bragg et al.
3:06-cv-00145-TMB                                          Page 4 of  5

Frank Pfiffner, Esq.
fap@hbplaw.net
Attorney for Plaintiffs

Thomas A. Matthews, Esq.
tom.matthews@matthewszahare.com
Attorney for Defendant Northstar Trucking, Inc.

Bruce E. Falconer, Esq.
bfalconer@bcf.us.com
Attorney for Defendant Northstar Trucking, Inc.

Thomas G. Johnson
tgjohnson@bmjlaw.com
Attorney for Defendant North Star Terminal And
Stevedore, LLC and North Star Terminal And
Stevedore, LLC Of Delaware

Roy L. Longacre, Esq.
longacre@alaska.com
Attorney for Defendant Bragg Investment Company, Inc.
successor-in-interest by merger to Heavy Transport, Inc.

Marc Wilhelm
mwilhelm@richmondquinn.com
Counsel for Delta Lloyd

On: January 18, 2008   By: s/Robert Libbey

Affidavit of Counsel
Motion to Add Party
DSV Air & Sea v. Bragg et al.
3:06-cv-00145-TMB                                         Page 5 of  5