IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA AT ANCHORAGE

| | | |
|---|---|---|
| DSV AIR & SEA GmbH and UTC OVERSEAS, INC., | ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | |
| BRAGG INVESTMENT COMPANY, INC. successor-in-interest by merger to HEAVY TRANSPORT, INC., NORTHSTAR TRUCKING, INC., NORTH STAR TERMINAL and STEVEDORE COMPANY, LLC, NORTH STAR TERMINAL and STEVEDORE COMPANY, LLC OF DELAWARE and SHANE D. CROWSON dba ALASKA HEAVY HAUL TRANSPORT, | ) ) ) ) ) ) ) ) ) ) ) | **Case No. 3:06-cv-145 TMB** Case No. 3:06-cv-274 TMB (Consolidated) |
| Defendants. | ) ) ) | |

| | | |
|---|---|---|
| DELTA LLOYD SCHADEVERZEKERING N.V., | ) ) | |
| Plaintiffs, | ) ) ) | |
| vs. | ) ) ) | |
| UTC OVERSEAS, INC., HEAVY TRANSPORT INC., BRAGG INVESTMENT CO., INC. NORTHSTAR TRUCKING, INC., ALASKA HEAVY HAUL TRANSPORT, SHANE D. CROWSON, NORTH STAR TERMINAL AND STEVEDORE CO. LLC, & NORTH STAR TERMINAL AND STEVEDORE CO. LLC OF DELAWARE, | ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

**ORDER RE: CROWSON'S MOTION TO DISMISS**  (Docket 43)

Defendant Shane D. Crowson, (d/b/a Alaska Heavy Haul Transport), moves to dismiss this matter pursuant to Federal Rules of Civil Procedure 12(b)(6), 12(b)(7) and 19 for failure to join an indispensable party, and lack of dispute in controversy.[1]  Docket 43.  Crowson alleges that Plaintiffs have failed to join the following indispensable parties: Starkstrom Gerätebau GmbH ("SGB") and Gericke & Co. GmbH ("Gericke"), and liability could lie entirely with those parties. Crowson argues that Plaintiffs' failure to include those parties as defendants requires joinder, and if joinder is not possible, then dismissal.

Defendant Northstar Trucking, Inc., joins the motion.  Docket 46. DSV Air & Sea GmbH ("DSV") and Delta Lloyd oppose the motion.  Docket nos. 44 and 82.

## Background

Chugach Electric purchased two electrical transformers manufactured by SGB, a German company.  Plaintiff DSV[2] contracted with Gericke to transport the transformers from Germany to Anchorage, Alaska.  Plaintiff DSV contacted Plaintiff UTC Overseas, Inc., ("UTC"), to arrange for transport from Tacoma to Anchorage Alaska.  UTC  then contracted with Bragg for transport from Tacoma to Anchorage.  Bragg contracted with Defendants North Star and/or Northstar Trucking, Inc., for shipment of the transformers from the port of Anchorage to the construction site in Anchorage.  These entities, in turn, contracted with Defendant Shane D Crowson to

---

[1]  Crowson subsequently waived the issue of lack of dispute in controversy.  Docket 76.

[2]  At the request of the Plaintiffs, the names of the parties J.H. Bachmann GmbH and UTC Bachmann, Inc., were changed to DSV Air & Sea GmbH and UTC Overseas, Inc., respectively, in all aspects of this case.  See Order at Docket 158.

transport the transformers from the port to the construction site.  During transport, one of the transformers tipped off a trailer being driven by Crowson and was declared a total loss.[3]  The cargo underwriters commenced litigation against Gericke in Germany and claimed a loss in excess of more than one-million dollars.  In that same foreign action, Gericke filed a third party claim against DSV.  DSV proceeded to file this action in Alaska, alleging strict liability, breach of contract, breach of the obligation of good faith and fair dealing, and negligence against Bragg; and negligence against North Star, Northstar Trucking, Inc., and Shane Crowson.  DSV  alleges over $200,000 in losses.  This matter was removed on the grounds of federal question and commerce statutes, noting that Plaintiffs have asserted a claim under the Carmack Amendment, 49 U.S.C. § 14706.

Separately, Delta Lloyd Schadeverzekering N. V. ("Delta"), the lead Dutch insurer that paid SGB for the transformer loss and was assigned and is subrogated to SGB's right to recover for the loss, commenced litigation in this Court against UTC and the defendants in this litigation on the grounds of diversity and Federal question.  Delta Lloyd alleges strict liability, negligence, and breach of contract against UTC and Bragg, and negligence against Northstar Trucking, Inc., Shane Crowson, and North Star Terminal and Stevedore Company LLC.   The two cases were consolidated.

---

[3]Chugach Electric paid approximately $841,000 for the transformer.  *See* Delta Lloyd Complaint.

3

In the German litigation pending among Delta, Gericke, and DSV, a judgment has been rendered in favor of Delta against DSV and Gericke.  However, on appeal, the German Court of Appeals reversed the judgment, and litigation is still pending.

## Discussion

Crowson alleges that Plaintiffs have failed to join two indispensable parties: SGB - the manufacturer of the transformer,  and Gericke - the company that transported the equipment from Germany to Alaska.  Crowson argues that joinder is necessary because liability could lie entirely with these parties.  If joinder is not possible, Crowson requests dismissal of the case.

Pursuant to Rule 19, all persons needed for just adjudication should be joined in a single action. Fed. Civ. Proc. R. 19(a).  The threshold issue is whether the absent party is "necessary." Rule 19(a)(1) provides that a party is necessary if "in the person's absence complete relief cannot be accorded among those already parties."[4]

Crowson submits that the parties are necessary because the current defendants cannot obtain "complete relief" without the presence of Gericke and SGB.  Specifically, Crowson argues that Gericke and SGB are necessary parties because  their conduct in packaging the transformer, and providing instructions and warnings for its safe transport, could be the reason the transformer was ultimately damaged, thereby making them liable for the more than one million dollar loss.[5]

---

[4]Fed. Civ. R. 19(a)(1)(A).  Crowson does not argue that Rule 19(a)(1)(B), requiring joinder of a person who "claims an interest relating to the subject of the action" applies.

[5]Crowson theorizes that as the manufacturer, SGB should have properly marked the transformer regarding affected weight distribution so it could be properly loaded for shipping. Furthermore, Gericke should have ensured that the transformer was properly loaded, marked and

The only claims raised against Crowson are based on theories of negligence. Therefore, Crowson argues that all parties must be factored in for purposes of comparative fault. DSV wants to blame Crowson, who was involved in the very last leg of the shipment, for the loss of the transformer. It is Crowson's theory that the negligence started with the manufacturer, SGB, and the first party shipper, Gericke.[6] Crowson complains that these issues of comparative fault cannot be established without necessary discovery power over SGB and Gericke.[7] Crowson notes that the theory that fault may lie entirely with the manufacturer or the first shipper is

---

labeled for shipping by other carriers in the carrier train. Delta Lloyd argues that SGB did forward the center of gravity information to parties in the shipping chain, and that it was not SGB's obligation, but the obligation of the intermediate shippers to assure that the information was passed down the line. Clearly, there are factual issues to be resolved.

[6] Crowson argues that Delta, the insurer, cannot stand in the shoes of SGB and Gericke because Crowson cannot get discovery he needs from SGB and Gericke through Delta. Crowson needs discovery power over Gericke and the manufacturer to defend himself. The theories of exposure on SGB and Gericke are based on: (1) their failure to accurately mark the longitudinal and vertical centers of gravity, (2) their failure to warn about the high center of gravity, (3) their failure to instruct concerning safety precautions necessary to safe road movement, and (4) subjection of the transformer to one or more destructive impacts in the earlier leg of the shipment, prior to arriving in Alaska.

[7] Crowson's supplement at Docket 132 highlights the difficulty he is having obtaining discovery that is in the hands of SGB and/or Gericke. Crowson argues that the original bill of lading between the manufacturer of the transformer, SGB, and the shipper, Gericke, is critical to the defense of Crowson and any other defendants involved in the shipment of the transformers. Crowson's position is that the original bill of lading could completely absolve the defendants in this case of liability, because the bill of lading between Gericke and SGB could dictate the liability of all defendants. See *Norfolk Southern Railway Co. v. Kirby*, 543 U.S. 14, 15-17 (2004) (holding the liability, if any, of the land carrier is limited and dictated by the bill of lading issued by the ocean carrier).

supported by documentation already produced in discovery, indicating that there was a heavy impact to the transformer before it even reached Alaska.[8]

Finally, Crowson argues that joinder of Gericke and SGB is necessary to avoid inconsistent judgments. In this case, DSV is arguing it is not at fault for the damaged transformer, but that the current named defendants are. This assertion is inconsistent with the German case, which found DSV at fault. To ignore Gericke in this action would allow inconsistent judgments because DSV could be found liable in the German suit but not liable in the U.S. suit. Without SGB and Gericke, Crowson argues he cannot prove his defense. For example, DSV already has conceded that it cannot respond to interrogatories of Crowson's because the information lies with Gericke. Even though Delta technically stands in the shoes of SGB, this does not mean Crowson can adequately defend against DSV's claims. Witnesses of SGB are critical to Crowson's defense. Whether or not Delta can adequately make SGB available is unclear.

Crowson asks that the Court force DSV to join SGB and Gericke. If they cannot be joined, Crowson requests dismissal, and is willing to submit additional briefing on the Rule 19(b) issue.

---

[8]The agreement between the manufacturer and purchaser of the transformer, Chugach Electric, required that the transformer be equipped with an "impact recorder." On November 4, 2004, one month before the transformer arrived in Anchorage, one of the two impact recorders in the transformers recorded a "heavy impact." There is a factual dispute regarding whether this impact involved the transformer that ultimately fell off of Crowson's truck.

DSV insists that complete relief can be accorded among the existing parties, in accordance with the dictates of Fed. R. Civ. P. 19(a)(1).  Delta, SGB's  insurer, has paid for the loss and has been assigned SGB' s rights.  DSV suggests that any defenses or claimed fault allocation that Crowson might have as a result of the conduct of SGB can be raised with Delta subject to those defenses and fault allocation. Simply put, argues DSV, SGB no longer has an interest in the litigation.

Similarly, argues DSV, Gericke is not a necessary party. If the German judgment against Gericke is upheld and there are no applicable defenses, the judgment will eventually have to be paid by DSV.  There will be no impairment of Gericke's interest by its absence from this case.  Thus DSV's claim against each of the defendants and/or the claim of Delta will cover the entire loss and not subject the defendants to the possibility of inconsistent or multiple liability.

Delta similarly argues that SGB and Gericke do not have interests that need to be asserted or protected in this litigation, as SGB has been paid for the loss by Delta and has no claim to assert, and Gericke's rights and liabilities are being determined in the German litigation.  Delta further notes that Crowson's argument that a bill of lading with a Himalaya clause may exist is not grounds for joinder, because Crowson could still raise the clause as a defense.  Delta argues that DSV had no obligation to sue Gericke or SGB, whose liability is speculative at best, and that in any event, under Alaska law, fault can still be allocated to parties who cannot be joined under AS 09.17.080, or indemnity sought for their share of fault by way of contribution.  Finally, Delta Lloyd argues that a desire to obtain discovery does not require or even allow joinder, as discovery is not a purpose of Rule 19.

7

DSV and Delta Lloyd miss the point.  Crowson is not asking that the Plaintiffs bring in SGB and Gericke as additional plaintiffs.  He is requesting that they be joined as defendants, for the purposes of allocation of fault.  Crowson's request is understandable, because Alaska does not have joint and several liability.[9]  AS § 09.17.080 was enacted when joint and several liability was repealed, providing that a plaintiff can recover from each party only in accordance with that party's percentage of fault.[10]  When the statute was enacted, it provided no "procedure to allow named defendants to allocate fault to potentially responsible parties that the plaintiff had not sued."[11]  The Alaska Supreme Court has held that "party" within the meaning of AS § 09.17.080 is restricted to "parties to the action, including third party defendants and settling parties."[12] "The purpose of limiting fault allocation to joined parties - more specifically, to parties potentially liable to the plaintiff, rather than 'empty chair' defendants - was to ensure that fault was accurately litigated."[13]  The Court specifically concluded that "equity demanded that defendants be allowed to mitigate their damages by filing third-party claims against other potentially responsible persons."[14]  The Court also acknowledged that the courts could authorize

---

[9]See *Alaska General Alarm, Inc. v. Grinnell*, 1 P.3d 98, 100 (Alaska 2000).  There is no dispute here that Alaska law governs this lawsuit.  For a discussion of choice of law, see *Robinson v. U-Haul Co.*, 785 F.Supp. 1378, 1379 (D.Ak. 1992).

[10]*Grinnell*, 1 P.3d at 100.

[11]*Id.* at 101.

[12]*Id.* (citation omitted).

[13]*Id.* at 102.

[14]*Id.*

8

joinder of litigants in order to accomplish this task.[15]   The Alaska Supreme Court concluded that

under the comparative fault scheme, "third parties must be joined for purposes of allocating fault

and liability, or not at all.  Moreover, the limitations period governing the underlying claim

should not bar the liability of third-party defendants to the plaintiff for their share of fault."[16]

      In applying Alaska law, District Judge Singleton addressed the issue of joinder under AS

§ 09.17.080 in *Robinson v. U-Haul*.[17]   Judge Singleton considered a dispute regarding the proper

interpretation of this statute, and noted that although AS § 09.17.080 only permitted the

allocation of responsibility among those joined as parties, the statute itself did not establish a

procedure for bringing potentially liable parties before the court.[18]   Judge Singleton found the

application of F.R.C.P. 19 in this instance fraught with difficulties, noting that if potentially

liable parties are joined under Rule 19(a), "who is to be responsible for their attorney's fees if

they are exonerated of fault?"[19] Judge Singleton questioned whether the court must evaluate the

validity of defendant's assertions before permitting joinder, and whether a court can compel a

plaintiff to amend its complaint to name such potentially liable persons, "even if plaintiff is of

the opinion that such a complaint would not pass muster under Federal Rule of Civil Procedure

---

[15]*Id.* at fn. 12.

[16]Id. at 104.

[17]785 F.Supp at 1379.

[18]Id. at 1380.

[19]Id. at 1381.

11. . ."[20]  Judge Singleton concluded that Rule 14, rather than Rule 19, was the proper

mechanism for bringing in additional defendants:  "if the defendant wishes to have other parties

joined, it is the defendant who must join them and pay their attorney's fees if the party joined is

found not to be liable. [This] rule properly apportions risk between the defendant who wants the

third-party defendant in the case and the plaintiff who does not."[21]

### Conclusion

This Court agrees with Judge Singleton's reasoning in *Robinson*.  Accordingly, **it is**

**hereby ordered** that the Motion for Joinder at Docket 43 is DENIED.  However, Defendants

may join any potentially liable actors pursuant to Fed. R. Civ. P. 14.


Dated this 22nd day of January, 2008.




s/ Timothy Burgess
TIMOTHY M. BURGESS
UNITED STATES DISTRICT COURT JUDGE




---

[20]Id.

[21]Id. at 1382.