LIBBEY LAW OFFICES, LLC
Robert M. Libbey
Colleen A. Libbey
604 W. Second Avenue
Anchorage, AK 99501
(907) 258-1815
(907) 258-1822 Fax
boblibbey@alaska.net
clibbey@alaska.net

Attorneys for Defendant and
Third Party Plaintiff
Shane D. Crowson dba Alaska
Heavy Haul Transport

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| DSV Air & Sea, GmbH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| BRAGG INVESTMENT COMPANY, INC. | ) |
| successor-in-interest by merger | ) |
| to HEAVY TRANSPORT, INC., | ) No. 3:06-cv-00145(TMB) |
| NORTHSTAR TRUCKING, INC., NORTH | ) No. 3:06-cv-00274 |
| STAR TERMINAL AND STEVEDORE | ) |
| COMPANY, LLC, NORTH STAR TERMINAL AND | ) |
| STEVEDORE COMPANY LLC OF DELAWARE AND | ) |
| SHANE D. CROWSON dba ALASKA HEAVY HAUL | ) |
| TRANSPORT, | ) |
| | ) |
| Defendants. | ) |
|_____| ) |
|_____| ) |
| Shane D. Crowson, | ) |
| | ) |
| Third Party Plaintiff | ) |
| | ) |
| V. | ) |
| | ) |
| Starkstrom Geratebau, GmbH, and Gericke | ) |
| & Company, GmbH, dba Gericke, GmbH | ) |
| Speditions Internationale, | ) |

Third Party Complaint Against
Starkstrom Geratebau, GmbH
DSV Air & Sea v. Bragg et al.
3:06-cv-00145-TMB                                                    Page 1 of  9

```
                                    )
          Third Party Defendants    )
_____)
```

### Third Party Complaint Against Starkstrom Geratebau, GmbH and Gericke & Company, GmbH, dba Gericke GmbH, Spedition Internationale

Defendant and Third Party Plaintiff Shane D. Crowson, for a cause of action against Third Party Defendant Starkstrom Geratebau, GmbH, and Gericke & Company, GmbH, dba Gericke GmbH, Spedition Internationale, hereby claims and states as follows:

COUNT ONE

1. Third Party Defendant Starkstrom Geratebau, GmbH, hereinafter Starkstrom, is a foreign corporation, organized and existing under the laws of Germany.

2. Starkstrom manufacturers electrical power transmission and distribution equipment in its factory in Regensburg, Germany.

3. In February of 2004, Starkstrom submitted a bid to Chugach Electric Association to design, manufacture, and deliver to a Chugach Electric Association substation site in Anchorage, Alaska, two power transformers with capacity of 138/34.5 kV, 60/80/100 MVA.

4. On or about April 1, 2004, Starkstrom's bid culminated in a sales contract with Chugach Electric Association for said transformers.

5. Thereafter, Starkstrom manufactured the two transformers.

Third Party Complaint Against
Starkstrom Geratebau, GmbH
DSV Air & Sea v. Bragg et al.
3:06-cv-00145-TMB                                      Page 2 of  9

6. On or about September 15, 2004, Starkstrom prepared the two transformers for their transportation to the Chugach Electric Association substation in Anchorage, Alaska.

7. On or about September 22, 2004, Starkstrom delivered the two transformers to transportation agents for their transportation to the Chugach Electric Association substation in Anchorage, Alaska.

8. Starkstrom knew, or should have known, that the transformers were constructed such that when oil was removed from them for transportation purposes, vertical balance was weak.

9. Starkstrom knew, or should have known, that delivery of the transformers would require transportation over the road, by truck, in Anchorage, Alaska.

10. Starkstrom knew, or should have known, that the transformers had to be prepared for shipment in a manner that maximized their vertical balance.

11. Starkstrom knew, or should have known, that correct marking of the transverse center of gravity of the transformers was required for safe and balanced loading and transportation of the transformers on trucks.

12. Starkstrom knew, or should have known, that its planning and supervision of the delivery of the transformers, including provision to transportation agents of notice of the vertical balance weakness, and instructions concerning the type of

Third Party Complaint Against
Starkstrom Geratebau, GmbH
DSV Air & Sea v. Bragg et al.
3:06-cv-00145-TMB                                                Page 3 of 9

trucking equipment minimally required and the method of load tie down minimally sufficient to insure safe delivery of the transformers, was required because of the weak vertical balance of these transformers.

13. Starkstrom failed to prepare these transformers for shipment in a manner that maximized their vertical balance.

14. Starkstrom failed to correctly mark the transverse center of gravity of these transformers.

15. Starkstrom failed to adequately plan and supervise the delivery of these transformers, or to provide sufficient reliable information to transportation agents to safely compensate for its failure to plan and supervise.

16. These negligent failures by Starkstrom, separately and collectively, proximately contributed to the accidental tip-over of a truck which was hauling one of the transformers between the port in Anchorage, Alaska and the Chugach Electric Association delivery point; as more particularly described below.

17. On November 29, 2004, at the port in Anchorage, Alaska, the two transformers were transferred from railcars to tractor semi-trailers, for hauling by road to the delivery point at a Chugach Electric Association substation in south Anchorage.

18. As a direct and proximate consequence of the negligent failure of Starkstrom to correctly mark the transverse center of

Third Party Complaint Against
Starkstrom Geratebau, GmbH
DSV Air & Sea v. Bragg et al.
3:06-cv-00145-TMB                                                Page 4 of  9

gravity, set forth above, the transformers were not balanced correctly across the transverse aspect of the trailers.

19. It has been alleged against Defendant and Third Party Plaintiff Shane D. Crowson that the transformers were not tied down to the trailers adequately, nor properly, and that this contributed to damaging of the transformers. If those allegations are proven, such tie down inadequacy is a direct and proximate consequence of the negligent failures of Starkstrom to adequately plan and supervise the delivery of the transformers, or provide sufficient reliable information to compensate for its lack of planning and supervision.

20. Defendant and Third Party Plaintiff Shane D. Crowson provided the tractor semi-trailer equipment for transportation of the transformer that was damaged during transportation to the Chugach Electric Association delivery site, and he personally drove that truck.

21. It has been alleged against Defendant and Third Party Plaintiff Shane D. Crowson that the trailers he provided were inadequate, and that this contributed to the damaging of the transformer. If those allegations are proven, such equipment inadequacy is a direct and proximate consequence of the negligent failures of Starkstrom to adequately plan and supervise the delivery of the transformers, or provide sufficient reliable

Third Party Complaint Against
Starkstrom Geratebau, GmbH
DSV Air & Sea v. Bragg et al.
3:06-cv-00145-TMB                                                Page 5 of  9

information to compensate for its lack of planning and supervision.

22. On the way to the site, while the truck was entering 94th Avenue from Old Seward Highway, the trailer suddenly tipped steeply toward the passenger side of the vehicle, six of the eight tie down chains broke, and the transformer fell from the trailer, landing partially on 94th Avenue, and partially on the north curb thereof.

23. Damage to the transformer from this fall was substantial.

24. The tip-over of the transformer, and the consequent damage, was proximately caused or contributed to by the negligent failures of Starkstrom, described above.

## COUNT TWO

25. Paragraphs 1 through 24 are realleged and incorporated herein.

26. Third Party Defendant Gericke & Company, GmbH, dba Gericke GmbH, Spedition Internationale, hereinafter Gericke, is a foreign corporation, organized and existing under the laws of Germany.

27. Gericke had, as of May of 2004, a substantial history of employment as an international freight transportation agent by Starkstrom, respecting electrical power transformers and related equipment manufactured by Starkstrom.

28. Gericke knew, as of May of 2004, or should have known, the

Third Party Complaint Against
Starkstrom Geratebau, GmbH
DSV Air & Sea v. Bragg et al.
3:06-cv-00145-TMB                                          Page 6 of  9

transportation hazards associated with transporting a transformer of the size involved in this action, including the hazards to be encountered when transporting such a transformer over the highway by truck.

29. On or about May 17, 2004, Starkstrom hired Gericke to transport and deliver the two transformers involved in this action from its Regensburg, Germany factory to the equipment foundations at the South Anchorage Substation of Chugach Electric Association, in Anchorage, Alaska, in accordance with Starkstrom's contract of sale with Chugach Electric Association.

30. Gericke knew, or should have known, that the shipment of the transformers would require highway transportation, by truck, from a rail siding in Anchorage, Alaska to the equipment foundation at the South Anchorage Substation of Chugach Electric Assosiation.

31. Gericke knew, or should have known, that the weak vertical balance of the transformers, during shipment, would require warning to transportation contractors of the danger of tip over, extra care in the selection of trucking equipment and personnel, and the application of specialized tie down procedures.

32. Gericke knew, or should have known, that the weak vertical balance of the transformers, during shipment, made the reliable marking of the transverse center of gravity, before shipment, essential to the safe road transportation of the transformers by

Third Party Complaint Against
Starkstrom Geratebau, GmbH
DSV Air & Sea v. Bragg et al.
3:06-cv-00145-TMB                                         Page 7 of  9

truck.

33. Gericke negligently failed to insure that any of these above described requirements for the safe transportation of the two transformers were met.

24. The tip-over of the transformer, and the consequent damage, was proximately caused or contributed to by the negligent failures of Gericke, described above.

WHEREFORE, Defendant and Third Party Plaintiff Shane D. Crowson requests judgment as follows:

That Starkstrom and/or Gericke be held responsible for all of the damages associated with the loss of the transformer; or

That Starkstrom and/or Gericke be held responsible for its comparative share of the damages associated with the loss of the transformer; and

That Starkstrom and/or Gericke be held liable for the costs and attorney fees incurred by Defendant and Third Party Plaintiff Shane D. Crowson herein.

That Starkstrom be realigned as an involuntary plaintiff herein.

For such other relief as may be necessary and just.

Dated at Anchorage, Alaska this 1st day of February, 2008.

Third Party Complaint Against
Starkstrom Geratebau, GmbH
DSV Air & Sea v. Bragg et al.
3:06-cv-00145-TMB                                          Page 8 of  9

By:   s/Robert M. Libbey
      Robert M. Libbey ABA 6404014
      604 West 2nd Ave.
      Anchorage, AK 99501
      Phone: (907) 258-1815
      Fax: (907) 258-1822
      boblibbey@alaska.net

This is to certify that the foregoing
is being served electronically to:

Frank Pfiffner, Esq.
fap@hbplaw.net
Attorney for Plaintiffs

Thomas A. Matthews, Esq.
tom.matthews@matthewszahare.com
Attorney for Defendant Northstar Trucking, Inc.

Bruce E. Falconer, Esq.
bfalconer@bcf.us.com
Attorney for Defendant Northstar Trucking, Inc.

Thomas G. Johnson
tgjohnson@bmjlaw.com
Attorney for Defendant North Star Terminal And
Stevedore, LLC and North Star Terminal And
Stevedore, LLC Of Delaware

Roy L. Longacre, Esq.
longacre@alaska.com
Attorney for Defendant Bragg Investment Company, Inc.
successor-in-interest by merger to Heavy Transport, Inc.

Marc Wilhelm
mwilhelm@richmondquinn.com
Counsel for Delta Lloyd

On: February 1, 2008 By: s/Robert Libbey

Third Party Complaint Against
Starkstrom Geratebau, GmbH
DSV Air & Sea v. Bragg et al.
3:06-cv-00145-TMB                                              Page 9 of  9