# Thomas A. Matthews

| | |
|---|---|
| From: | Thomas A. Matthews |
| Sent: | Monday, March 24, 2008 3:10 PM |
| To: | 'Roy Longacre' |
| Cc: | 'Bruce Falconer'; 'fap@hpglaw.net'; 'tgjohnson@bmjlaw.com'; 'boblibbey@alaska.net'; mwilhelm@richmondquinn.com |
| Subject: | RE: RE: Bragg Records Deposition / DSV et al v Bragg et al / M&Z File 1442-1 |

Roy,

Based on your representations in your e-mail below, I plan to tell the court that Bragg is still working towards satisfactory production in response to our prior requests, but that progress has been made. I am not willing to leave your responses open ended, however, so we would appreciate receiving the documents by the close of business on Friday, March 28. That will be approximately three weeks after they were promised, so I assume you can meet that deadline.

Thanks for your cooperation. If you have any questions, please feel free to contact me.

Regards, Tom

Thomas A Matthews
**MATTHEWS & ZAHARE, PC**
431 West 7th Ave, Suite 207
Anchorage, AK 99501
Phone 907-276-1516
Fax 907-276-8955
Direct 907-276-2962
**tom.matthews@matthewszahare.com**

This electronic message transmission contains information from the law firm of Matthews & Zahare, P.C. which may be confidential or privileged. The information is intended to be for the private use of the intended recipient. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the contents of this transmission is prohibited. If you received this electronic transmission in error, please notify us by telephone (907) 276-1516 immediately.

---

**From:** Thomas A. Matthews
**Sent:** Thursday, March 20, 2008 3:57 PM
**To:** 'Roy Longacre'
**Cc:** Bruce Falconer; fap@hpglaw.net; tgjohnson@bmjlaw.com; boblibbey@alaska.net; mwilhelm@richmondquinn.com
**Subject:** RE: RE: Bragg Records Deposition / DSV et al v Bragg et al / M&Z File 1442-1

Roy,

This is the first I have seen of your e-mail, so thank you for the response.

Regards, Tom

Thomas A Matthews
**MATTHEWS & ZAHARE, PC**

1

431 West 7th Ave, Suite 207
Anchorage, AK 99501
Phone 907-276-1516
Fax 907-276-8955
Direct 907-276-2962
**tom.matthews@matthewszahare.com**

This electronic message transmission contains information from the law firm of Matthews & Zahare, P.C. which may be confidential or privileged. The information is intended to be for the private use of the intended recipient. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the contents of this transmission is prohibited. If you received this electronic transmission in error, please notify us by telephone (907) 276-1516 immediately.

---

**From:** Roy Longacre [mailto:longacre@alaska.com]
**Sent:** Thursday, March 20, 2008 3:39 PM
**To:** Thomas A. Matthews
**Cc:** Bruce Falconer; fap@hpglaw.net; tgjohnson@bmjlaw.com; boblibbey@alaska.net; mwilhelm@richmondquinn.com
**Subject:** RE: RE: Bragg Records Deposition / DSV et al v Bragg et al / M&Z File 1442-1

Hi Tom:

Thanks for the email. I sent a status email out on the 12th, but only find in my folder the copy forwarded to my client, so not sure what happened. Here it is again:

Gentlemen:

I wanted to let you know the status of the document search which Bragg indicated at the records deposition that it would perform:

1) Bragg has retained an outside IT consultant familiar with its system to perform the word search. I understand that the search will occur this evening and because of the generic nature of some of the words is expected to produce many documents which tentatively will be provided in a DVD format.

2) Based on 2007 phone records, it looks like the July 1, 2004 to June 30, 2005 phone records (of four different carriers) will be about a legal file drawer of material. Bragg is going through the process of pulling those phone records from storage and should have this done by the end-of-the-month. At this time, I will also obtain Chris Bragg's "original file" with the intent of providing it to you and you can depose him on it when his deposition is taken.

3) I have requested copies of any insurance correspondence. I will provide copies of the Bragg insurance policy to Frank and Tom this week.

Roy Longacre

As an update to this, I received 2 GB of documents from the IT consultant over this last weekend. I am in the process of reviewing that material, which I need to do before making it available. I do understand the time issue and am giving this matter a priority. I apologize for any problem with your not getting my 3/12 status email; not sure what happened, but am adding myself to this email so I can verify it went through.

Roy

----- Original Message -----
**From:** "Thomas A. Matthews"
**To:** Roy Longacre
**Sent:** 3/20/2008 12:26PM
**Subject:** RE: Bragg Records Deposition / DSV et al v Bragg et al / M&Z File 1442-1

2

Roy,

At Mr. Bragg's deposition on February 25, you promised to provide documents within two weeks. That two weeks expired on March 10. Since the deposition last month, we have heard no further word from you and have been provided with no further documents, responses, or indications that the search you promised has been conducted.

If we do not receive the further promised materials and responses by close of business tomorrow, March 21, we will file a further motion to compel and for sanctions. We told the court we would renew the motion to compel by Monday, March 24, 2008, so I trust you understand the short timeframe. If you have any questions, please feel free to contact me.

Tom

Thomas A Matthews

**MATTHEWS & ZAHARE, PC**

431 West 7th Ave, Suite 207

Anchorage, AK 99501

Phone 907-276-1516

Fax 907-276-8955

Direct 907-276-2962

**tom.matthews@matthewszahare.com**

This electronic message transmission contains information from the law firm of Matthews & Zahare, P.C. which may be confidential or privileged. The information is intended to be for the private use of the intended recipient. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the contents of this transmission is prohibited. If you received this electronic transmission in error, please notify us by telephone (907) 276-1516 immediately.

---

**From:** Bruce Falconer [mailto:bfalconer@bcf.us.com]
**Sent:** Tuesday, February 26, 2008 4:20 PM

**To:** Thomas A. Matthews; Roy Longacre
**Cc:** fap@hpglaw.net; tgjohnson@bmjlaw.com; boblibbey@alaska.net; mwilhelm@richmondquinn.com
**Subject:** RE: Bragg Records Deposition / DSV et al v Bragg et al / M&Z File 1442-1

Right off hand, I would add Alaska Heavy Haul and Curt Nielsen, plus the names of the various Bachmann (both in the US and Germany) people that Gilmet was communicating with (as confirmed by e-mails produced by Frank).

There is no question but that Bragg's insurance carrier was put on notice, because I got a call a number of months back from an adjuster with Zurich who advised he was handling the claim for Bragg, and I told him he had called me by mistake and that I assumed he meant to contact Roy. His name was Doug Arnold and he was calling from Zurich's Sacramento office. His office was adjacent to the adjuster from Zurich who had responded to Northstar Trucking's tender (Dan Kristic), the correspondence with whom Northstar Trucking already produced.

---

**From:** Thomas A. Matthews [mailto:tommatthews@matthewszahare.com]
**Sent:** Tuesday, February 26, 2008 2:55 PM
**To:** Roy Longacre; Bruce Falconer
**Cc:** fap@hpglaw.net; tgjohnson@bmjlaw.com; boblibbey@alaska.net; mwilhelm@richmondquinn.com
**Subject:** Bragg Records Deposition / DSV et al v Bragg et al / M&Z File 1442-1

Roy,

Pursuant to our discussions at the deposition yesterday, I am writing to follow up with a list of search terms for Bragg to utilize in searching for e-mail responsive to our prior discovery requests. You have agreed to provide the e-mails within two weeks. You also agreed to provide access to your client's original files and the phone records at a mutually agreeable time.

While I am providing this response, I wish to emphasize that, in my view, your client's efforts to comply with discovery in this case have been woefully inadequate. It was clear from the deposition that Mr. Bragg knew little about the workings of the e-mail system, and had done nothing more than look at his own computer to determine if he had any records. Your client should have done a systematic search of all its computer records when it received our requests for production last spring. The fact that it took a deposition of Mr. Bragg to illuminate this point is distressing to say the least. Nonetheless, I'm providing this list in the hope that we will now get the documents we have been seeking for many months.

So there is no mis-understanding, our Requests for Production to Bragg dated March 20, 2007 (to which you responded on December 20, 2007) contain multiple requests for e-mails. See the following Requests: 3, 6, 7, 8, 9, 10, 11, 16, 18, 20, and 21. **My intention in submitting our requests was and is to obtain each and every e-mail written by or received by any Bragg employee that relates in any way to the Alaska transformer move that is the subject of this lawsuit.**

Without knowing specifically how Bragg communicated within and without the companies about the subject transformers, it is difficult to know all the search terms that should be utilized. But, here is my list:

Chugach

Alaska

Anchorage

Ancorgae

Transformer

Northstar

North Star

Crowson

Bachmann

Hatfield

Gericke

SGB

Smit

Damage

Salvage

By copy of this e-mail, I invite others to review the list and submit additional search terms.

I also wish to confirm that you will make your client's original files relating to the Alaska Transformer move available for our inspection. You will also provide the phone records we had requested. I have asked you to provide records for the last six months of 2004 as a starting point, but that does not alleviate your client's obligation to respond fully to the requests we previously made.

Lastly, Mr. Bragg testified that he was unaware if Bragg had tendered its defense in this case to any insurer, including Zurich. Please confirm at your earliest convenience whether Bragg has tendered the matter to its insurer. If it has, then you need to provide the documents we requested long ago as they do not appear in your production. If Bragg has not tendered this matter to its insurer, kindly explain why that is so.

Thank you for your anticipated cooperation. If you have any questions, please feel free to contact me.

Regards, Tom Matthews

Thomas A Matthews

Matthews & Zahare, PC

431 West 7th Ave., Suite 207

Anchorage, AK 99501

tom.matthews@matthewszahare.com

Phone 907-276-2962 Fax 907-276-8955

This electronic message transmission contains information from the law firm of Matthews & Zahare, P.C. which may be confidential or privileged. The information is intended to be for the use of the intended recipient. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the contents of this transmission is prohibited.

If you received this electronic transmission in error, please notify us by telephone (907) 276-1516 immediately.