Frank A. Pfiffner
HUGHES PFIFFNER GORSKI
SEEDORF & ODSEN, LLC
3900 C Street, Suite 1001
Anchorage, Alaska  99503
Telephone:  (907) 274-7522
Facsimile:  (907) 263-8320
FAP@hpglaw.net
ABA No. 7505032

Attorneys for Plaintiffs DSV Air & Sea GmbH
And UTC Overseas, Inc.

### IN THE UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| DSV AIR & SEA GmbH and UTC OVERSEAS, INC.<br><br>           Plaintiffs,<br><br>vs.<br><br>BRAGG INVESTMENT COMPANY, INC. successor-in-interest by merger to HEAVY TRANSPORT, INC., NORTHSTAR TRUCKING, INC., NORTH STAR TERMINAL AND STEVEDORE COMPANY, LLC, NORTH STAR TERMINAL AND STEVEDORE COMPANY, LLC OF DELAWARE and SHANE D. CROWSON dba ALASKA HEAVY HAUL TRANSPORT,<br><br>           Defendants. | **MOTION FOR SUBSTITUTION FOR DELTA LLOYD SCHADEVERZEKERING N.V.**<br><br><br><br><br><br><br>Case No. 3:06-cv-145 TMB<br>Case No. 3:06:cv:274 TMB (consolidated) |

*DSV Air & Sea GmbH, et al. v. Bragg Investment Company, Inc., et al.*
Case No.: 3:06-cv-145 TMB
Case No.: 3:06-cv-274 TMB (consolidated)
Motion for Substitution
(9010-1/270680)
Page 1 of 8

Pursuant to Fed. R. Civ. P. 25(c), plaintiff, DSV Air & Sea GmbH ("DSV")(f/k/a J. H. Bachmann GmbH), by and through their attorneys, Hughes Pfiffner Gorski Seedorf & Odsen, LLC, moves to be substituted for plaintiff, Delta Lloyd Schadeverzekering N.V. ("Delta"), in these consolidated actions. This motion is should be granted for the reasons which follow. It is accompanied by a proposed order.

## I. Background

### A. General

The underlying facts are not in dispute. Delta is the leading cargo insurer under a cargo policy for Starkstrom-Gerätebau GmbH. The other insurers on the risk are Fortis Corporate Insurance N.V., HDI Verzekeringen N.V., Generali Schadeverzekering Maatschappij N.V., Nieuwe Hollandse Lloyd Schadeverzekeringmaatschappij N.V., Nateus N.V., AEGON Schadeverzekering N.V., and ACE European Group Limited. SGB had sold, via Smit Transformatoren B.V., two transformers to Chugach Electric Association Inc., of Anchorage, Alaska, U.S.A., on the basis of fob Chugach's South Anchorage Substation.

In its Complaint in Case No. 3:06:cv:274 TMB, Delta alleged:

> This lawsuit arises out of damage to a transformer that was manufactured by Starkstrom-Geratebau GmbH, a German corporation (hereinafter SGB), and that was sold through Smit Transformatoren B.V., a Dutch Corporation (hereinafter Smit), to Chugach Electric Association, Inc., and Alaska corporation headquartered in Anchorage, Alaska (hereinafter Chugach Electric). The transformer . . . was being transported to

*DSV Air & Sea GmbH, et al. v. Bragg Investment Company, Inc., et al.*
Case No.: 3:06-cv-145 TMB
Case No.: 3:06-cv-274 TMB (consolidated)
Motion for Substitution
(9010-1/270680)
Page 2 of 8

Chugach Electric when, on or about December 2, 2004, the transformer fell off the trailer on which it was being transported in the vicinity of 94th Avenue and Old Seward Highway in Anchorage, Alaska. The transformer was a total loss. Delta Complaint, para. 1.

"SGB, through Smit, sold [the] transformer to Chugach Electric[.]" *Id.*, para. 13.

SGB contracted with Gericke & Co. GmbH Internationale Spedition and/or Gericke GmbH Internationale Spedition, both German Corporations (hereinafter jointly referred to as Gericke), for Gericke to provide shipping for the electrical transformer from Regensberg, Germany, the point of manufacture, to the South Anchorage Substation of Chugach Electric in Anchorage, Alaska (hereinafter the destination in Anchorage, Alaska will be referred to as the South Anchorage Substation). *Id.*, para. 14.

Gericke requested DSV (J.H. Bachmann GmbH) to assist it in the transportation of the transformer from the port of Bremerhaven, Germany to the South Anchorage Substation. *See id.*, para. 15. DSV contracted with UTC Overseas, Inc. (UTC Bachmann, Inc.) to "arrange for the carriage of the transformer for that portion of the route from Tacoma, Washington to the South Anchorage Substation (the final delivery point for the transformer)." *Id.*, para. 16. Through a series of contracts and/or subcontracts between and among UTC Overseas, Inc. ("UTC Overseas"), Heavy Transport, Inc.[1] ("Bragg"), Northstar Trucking, Inc. ("Northstar Trucking"), North Star Terminal and Stevedore Company, LLC and North Star Terminal and Stevedore Company, LLC of Delaware

---

[1] It is alleged that defendant, Bragg Investment Company, Inc. is the successor in interest by merger to Heavy Transport, Inc. and as such is liable for the latter's debts. *See id.*, para. 5.

*DSV Air & Sea GmbH, et al. v. Bragg Investment Company, Inc., et al.*
Case No.: 3:06-cv-145 TMB
Case No.: 3:06-cv-274 TMB (consolidated)
Motion for Substitution
(9010-1/270680)
Page 3 of 8

(collectively "North Star Terminal"), and Shane D. Crowson d/b/a Alaska Heavy Haul Transport ("Crowson"), arrangements were made for the loading/offloading and transportation of the transformer from the Port of Anchorage to the South Anchorage Substation. *See id.*, paras. 17-20.

B. The Litigation

One of the transformers having been damaged in transit, Delta, on its behalf and on behalf of the other insurers, through payment to Smit, indemnified SGB for the loss and became subrogated to SGB's claims for damages against third parties and such claims were also assigned by SGB to Delta. Delta sued Gericke in the Hamburg Court of first instance (Landgericht Hamburg) in Hamburg, Germany for reimbursement of its losses in connection with the indemnification of SGB. Gericke brought in DSV as a third party in those proceedings. Subsequently, the above-captioned actions, both having as their subject matter the damage to the transformer, were filed[2] and ultimately consolidated in the United States District Court for the District of Alaska.

Among its causes of action in Case No. 3:06:cv:145 TMB, DSV and UTC Overseas brought contract and negligence claims against Bragg and negligence claims against Northstar Trucking, North Star Terminal, and Crowson. *See generally* DSV and UTC Overseas Complaint. Thereafter, Delta filed Case No. 3:06:cv:274 TMB. Delta

---

[2] One was removed to this court from Alaska state court.

*DSV Air & Sea GmbH, et al. v. Bragg Investment Company, Inc., et al.*
Case No.: 3:06-cv-145 TMB
Case No.: 3:06-cv-274 TMB (consolidated)
Motion for Substitution
(9010-1/270680)
Page 4 of 8

made similar claims against Bragg, Northstar Trucking, North Star Terminal, and Crowson. In addition, Delta alleged contract and negligence claims against UTC Overseas.

      C.  <u>Settlement of the Hamburg Litigation</u>

While the action Delta filed in Hamburg, Germany was on appeal to the Court of Appeal in Hamburg, Delta, Gericke, and DSV settled, with the terms of the settlement subject to a confidentiality agreement. *See* Exhibit A (filed under seal). The settlement required Delta to assign to DSV all its claims against Bragg, Northstar Trucking, North Star Terminal, and Crowson in these consolidated actions. *See* Exhibit A. Recognizing that the terms of the settlement agreement with Delta would be of interest to the other parties in these consolidated actions, DSV has circulated a proposed stipulation to provide the settlement agreement to the other parties subject to a confidentiality agreement. *See* Exhibit B. The other parties have yet to respond whether they will so stipulate.

## II.  <u>Discussion</u>

Fed. R. Civ. P. 25, Substitution of Parties, subsection (c), reads in pertinent part: "**Transfer of Interest.** If an interest is transferred, the action may be continued by or against the original party unless the court, on motion, orders the transferee to be substituted in the action[.]" Here, Delta, by virtue of the assignment that is a term of the settlement of the Hamburg litigation, has transferred its interest in recovering damages for the transformer from Bragg, Northstar Trucking, North Star Terminal, and Crowson.

*DSV Air & Sea GmbH, et al. v. Bragg Investment Company, Inc., et al.*
Case No.: 3:06-cv-145 TMB
Case No.: 3:06-cv-274 TMB (consolidated)
Motion for Substitution
(9010-1/270680)
Page 5 of 8

The transferee, DSV, should be substituted for Delta in these consolidated actions for the following reasons. First, DSV is already a party to these actions. It does not need joined, nor would its substitution for Delta raise any jurisdictional concerns. Second, Delta's claims against Bragg, Northstar Trucking, North Star Terminal, and Crowson are not materially different from those of DSV. Substitution at this juncture would not require amended pleadings, additional discovery, or additional motion practice. Third, there are no counterclaims against Delta, thus substitution would not prejudice any party. Fourth, these actions would be simplified and streamlined, with the elimination of one of the parties.

Ordinarily, substitution under Fed. R. Civ. P. 25(c) due to a transfer of interest occurs while litigation is pending and affords the option of replacing one party with another. *See, e.g., Burka v. Aetna Life Insurance Co.*, 87 F.3d 478 (D.C.Cir. 1996). It makes sense to do so in this case, in the process substituting DSV for Delta. There are no negative consequences flowing from such a substitution.

Because Delta has transferred all its clams and rights against defendants to DSV, it is no longer a real party in interest and should be dismissed from the lawsuit. *See Hilbrands v. Far East Trading Co., Inc.*, 509 F.2d 1321, 1322 (9th Cir. 1975)("Since Guam Maintenance's insurer paid the entire loss suffered by that employer, Guam Maintenance had no interest in the action. *United States v. Aetna Surety Co.*, 338 U.S. 366, 70 S.Ct. 207, 94 L.Ed. 171 (1949). The district court correctly dismissed the

*DSV Air & Sea GmbH, et al. v. Bragg Investment Company, Inc., et al.*
Case No.: 3:06-cv-145 TMB
Case No.: 3:06-cv-274 TMB (consolidated)
Motion for Substitution
(9010-1/270680)
Page 6 of 8

employer as substituted plaintiff and we affirm as to this dismissal."); *Travelers Ins. Co. v. Broadway West Street Associates*, 164 F.R.D. 154, 164 (S.D.N.Y. 1995).

### III. <u>Conclusion</u>

Fed. R. Civ. P. 25(c) allows a court, on motion, to order the transferee of an interest to be substituted in an action for the transferor. Because DSV is already a party to this action and has been assigned Delta's interest in recovering from the other parties, this court should order the substitution.

DATED at Anchorage, Alaska, this 21st day of May, 2008.

> HUGHES PFIFFNER GORSKI
> SEEDORF & ODSEN, LLC
> Attorneys for Plaintiffs DSV Air &
> Sea GmbH and UTC Overseas Inc.

> By:    s/Frank A. Pfiffner
> _____
> Frank A. Pfiffner
> 3900 C Street, Suite 1001
> Anchorage, Alaska  99503
> Telephone: 907-274-7522
> Facsimile: 907-263-8320
> FAP@hpglaw.net
> ABA No. 7505032

*DSV Air & Sea GmbH, et al. v. Bragg Investment Company, Inc., et al.*
Case No.: 3:06-cv-145 TMB
Case No.: 3:06-cv-274 TMB (consolidated)
Motion for Substitution
(9010-1/270680)
Page 7 of 8

Certificate of Service

I hereby certify that on the 21st day of May, 2008, a copy of the foregoing Motion for Substitution for Delta Lloyd Schadeverzekering N.V., was electronically served on:

Donald K. McLean
Bauer Moynihan & Johnson LLP
2101 4th Avenue, 24th Floor
Seattle, WA  98121

Thomas A. Matthews
Matthews & Zahare, PC
431 W. 7th Avenue, Suite 207
Anchorage, AK  99501

Bruce E. Falconer
Boyd, Chandler & Falconer, LLP
911 W. 8th Avenue, Suite 302
Anchorage, AK  99501

Roy L. Longacre
Longacre Law Offices, Ltd.
425 G Street, Suite 910
Anchorage, AK  99501

Robert M. Libbey
Libbey Law Offices
604 West 2nd Avenue
Anchorage, AK  99501

Marc G. Wilhelm
Richmond & Quinn
360 K Street, Suite 200
Anchorage, AK  99501


s/Frank A. Pfiffner

*DSV Air & Sea GmbH, et al. v. Bragg Investment Company, Inc., et al.*
Case No.: 3:06-cv-145 TMB
Case No.: 3:06-cv-274 TMB (consolidated)
Motion for Substitution
(9010-1/270680)
Page 8 of 8