Frank A. Pfiffner
Hughes Pfiffner Gorski Seedorf & Odsen, LLC
3900 C Street, Suite 1001
Anchorage, Alaska 99503
Telephone Number: (907) 263-8241
Facsimile Number: (907) 263-8320
FAP@hpglaw.net
ABA No. 7505032

Attorneys for Plaintiffs DSV Air & Sea GmbH
And UTC Overseas, Inc.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| DSV AIR & SEA GmbH and UTC OVERSEAS, INC.<br><br>Plaintiffs,<br><br>vs.<br><br>BRAGG INVESTMENT COMPANY, INC. successor-in-interest by merger to HEAVY TRANSPORT, INC., NORTHSTAR TRUCKING, INC., NORTH STAR TERMINAL AND STEVEDORE COMPANY, LLC, NORTH STAR TERMINAL AND STEVEDORE COMPANY, LLC OF DELAWARE and SHANE D. CROWSON dba ALASKA HEAVY HAUL TRANSPORT,<br><br>Defendants. | **STIPULATION REGARDING CONFIDENTIALITY AGREEMENT**<br><br><br><br>Case No. 3:06-cv-145 TMB<br>Case No. 3:06:cv:274 TMB (consolidated) |

The parties in these consolidated actions, by and through their respective

counsel of record, stipulate and agree and request this Court to enter an order as follows:

*DSV Air & Sea GmbH and UTC Overseas, Inc. v. Bragg Investment Company, Inc., et al.*
Stipulation re: Confidentiality Agreement
Case No.: 3:06:cv:00145 TMB
(9010-1/270138)

Page 1 of 8

Ex. B, p. 1 of 8

1. Delta Lloyd Schadeverzekering N.V. (Delta), is the leading cargo insurer under the cargo policy for Starkstrom-Gerätebau GmbH (SGB). The other insurers on the risk are Fortis Corporate Insurance N.V., HDI Verzekeringen N.V., Generali Schadeverzekering Maatschappij N.V., Nieuwe Hollandse Lloyd Schadeverzekeringmaatschappij N.V., Nateus N.V., AEGON Schadeverzekering N.V., and ACE European Group Limited. SGB had sold, via Smit Transformatoren B.V., two transformers to Chugach Electric Association Inc. (Chugach), of Anchorage, Alaska, U.S.A., on the basis of "fob Chugach's South Anchorage Substation".

2. SGB engaged Gericke GmbH Internationale Spedition (Gericke) to arrange for the transportation of the two transformers from Regensburg, Germany to Anchorage. In turn, Gericke engaged DSV Air & Sea GmbH (DSV)(f/k/a J. H. Bachmann GmbH) to arrange for the transportation of the two transformers from the port of Bremerhaven, Germany to Anchorage. DSV arranged for the ocean transport of the two transformers to Tacoma, Washington, U.S.A. and, through UTC Overseas Inc. (UTC Overseas)(f/k/a UTC Bachmann, Inc.), arranged for the transportation of the two transformers from Tacoma to Anchorage by Bragg Investment Company, Inc. (Bragg)(as successor-in-interest by merger to Heavy Transport, Inc.).

3. Others, Northstar Trucking, Inc. (Northstar Trucking), North Star Terminal and Stevedore Company, LLC and North Star Terminal and Stevedore Company, LLC of Delaware (collectively North Star Terminal), and Shane D. Crowson

*DSV Air & Sea GmbH and UTC Overseas, Inc. v. Bragg Investment Company, Inc., et al.*
Stipulation re: Confidentiality Agreement
Case No.: 3:06:cv:00145 TMB
(9010-1/270138)

Page 2 of 8

Ex. B, p. 2 of 8

d/b/a Alaska Heavy Haul Transport (Crowson), are alleged to have been involved in the transportation of the two transformers.

4. One of the two transformers was damaged when it tipped off a trailer at or near the intersection of the Old Seward Highway and 94th Avenue in Anchorage.

5. Delta, on its behalf and on behalf of the other insurers identified in paragraph 1, indemnified SGB for the loss and became subrogated to SGB's claims for damages against third parties and such claims were also assigned by SGB to Delta.

6. Delta sued Gericke in the Hamburg Court of first instance (Landgericht Hamburg) in Hamburg, Germany for reimbursement of its losses in connection with the indemnification of SGB. Gericke brought in DSV as a third party in those proceedings.

7. Subsequently, the above-captioned actions, both having as their subject matter the damage to the transformer, were filed and ultimately consolidated in the United States District Court for the District of Alaska.

8. While the action Delta filed in Hamburg, Germany was on appeal to the Court of Appeal in Hamburg, Delta, Gericke, and DSV settled, with the terms of the settlement subject to a confidentiality agreement.

9. The settlement referenced in paragraph 8 required Delta to assign to DSV and UTC Overseas all its claims against Bragg, Northstar Trucking, North Star Terminal, and Crowson in these consolidated actions.

*DSV Air & Sea GmbH and UTC Overseas, Inc. v. Bragg Investment Company, Inc., et al.*
Stipulation re: Confidentiality Agreement
Case No.: 3:06:cv:00145 TMB
(9010-1/270138)

Page 3 of 8

Ex. B, p. 3 of 8

10. DSV and UTC Overseas acknowledge that, as Delta's assignee of claims against the other parties in these consolidated actions, the terms of the settlement agreement with Delta would be of interest to them.

11. Subject to certain conditions designed to preserve the confidentiality of the terms of the settlement agreement between Delta, DSV and UTC Overseas, as set forth below, DSV and UTC Overseas agree to produce the settlement agreement to the other parties in these consolidated actions.

12. The settlement agreement and the terms embodied in that document shall not be used, shown, disseminated, copied, or in any way communicated to anyone for any purpose whatsoever, other than as required for the preparation and trial of these consolidated actions.

13. In connection with these consolidated actions, the settlement agreement may be shown to:

    a.) the parties and their respective counsel of record;

    b.) employees of respective counsel of record as necessary to assist counsel in the preparation and trial of these consolidated actions;

    c.) independent experts and consultants retained by counsel of record;

    d.) witnesses who are deposed or otherwise testify; and

*DSV Air & Sea GmbH and UTC Overseas, Inc. v. Bragg Investment Company, Inc., et al.*
Stipulation re: Confidentiality Agreement
Case No.: 3:06:cv:00145 TMB
(9010-1/270138)

Page 4 of 8

Ex. B, p. 4 of 8

e.) court reporters, videographers, etc. as necessary to record deposition testimony.

14. Before being given access to the settlement agreement, any person described in paragraph 13, to whom the parties intend to show, deliver, or disseminate the settlement agreement, shall be advised of the terms of this stipulation and shall agree to be bound by its terms.

15. In the event any party wishes to use any portion of the settlement agreement in a pleading or other paper filed with the Court, that portion of the settlement agreement shall be enclosed in a sealed envelope, suitably identified, and designated as confidential pursuant to this stipulation.

16. DSV and UTC Overseas may redact any portion of the settlement agreement that they deem irrelevant to any issue in these consolidated actions. If any other party disagrees with the redaction, the parties shall make a good faith effort to resolve the dispute on an informal basis. If the parties cannot resolve the dispute, DSV and UTC Overseas shall move the Court for a ruling whether the redacted portion is discoverable.

17. At the conclusion of this action, the settlement agreement, including all production and working copies, shall be destroyed by respective counsel, who shall acknowledge having done so in writing to counsel for DSV and UTC Overseas. The provisions of this stipulation shall continue to be binding, except with respect to those

*DSV Air & Sea GmbH and UTC Overseas, Inc. v. Bragg Investment Company, Inc., et al.*
Stipulation re: Confidentiality Agreement
Case No.: 3:06:cv:00145 TMB
(9010-1/270138)

Page 5 of 8

Ex. B, p. 5 of 8

portions of the settlement agreement and the terms embodied in that document that become a matter of public record.

    18.    This stipulation applies only to the discovery process and does not govern the use at trial of exhibits and testimony which relate to the settlement agreement and the terms embodied in that document. Instead, the Court's orders shall control.

|  |  |
|---|---|
|  | HUGHES PFIFFNER GORSKI SEEDORF & ODSEN, LLC<br>Counsel for DSV Air & Sea GmbH and UTC Overseas, Inc. |
| Dated:_____ | By:_____<br>Frank A. Pfiffner, ABA #7505032<br>3900 C Street, Suite 1001<br>Anchorage, AK 99503<br>Phone: (907) 274-7522<br>Fax:  (907) 263-8320<br>fap@hpglaw.net |
|  | RICHMOND & QUINN<br>Counsel for Delta Lloyd Schadeverzekering N.V. |
| Dated:_____ | By:_____<br>Mark G. Wilhelm, ABA #8406054<br>360 K Street, Suite 200<br>Anchorage, AK 99501<br>Phone: (907) 276-5727<br>Fax:  (907) 276-2953<br>mwilhelm@richmondquinn.com |

*DSV Air & Sea GmbH and UTC Overseas, Inc. v. Bragg Investment Company, Inc., et al.*
Stipulation re:  Confidentiality Agreement
Case No.: 3:06:cv:00145 TMB
(9010-1/270138)

Page 6 of 8

Ex. B, p. 6 of 8

MATTHEWS & ZAHARE, P.C.
Counsel for Northstar Trucking, Inc.

Dated: _____   By: _____
Thomas A. Matthews ABA 8511179
431 W. 7th Ave., Suite 207
Anchorage, AK 99501
Phone: (907) 276-1516
Fax: (907) 276-8955
tom.matthews@matthewszahare.com

BOYD, CHANDLER & FALCONER, LLP
Counsel for Northstar Trucking, Inc.

Dated: _____   By: _____
Bruce E. Falconer, ABA 8707062
911 W. 8th Ave., Suite 302
Anchorage, Alaska 99501
Phone: (907) 272-8401
Fax: (907) 274-3698
bfalconer@bcf.us.com

BAUER MOYNIHAN & JOHNSON LLP
Counsel for North Star Terminal & Stevedore LLC

Dated: _____   By: _____
Donald K. McLean
Alaska Bar No. 0403006
2101 Fourth Ave., 24th Floor
Seattle, WA 98121
Phone: (206) 443-3400
Fax: (206) 448-0976
dkmclean@bmjlaw.com

*DSV Air & Sea GmbH and UTC Overseas, Inc. v. Bragg Investment Company, Inc., et al.*
Stipulation re: Confidentiality Agreement
Case No.: 3:06:cv:00145 TMB
(9010-1/270138)

LONGACRE LAW OFFICES, LTD.
Counsel for Bragg Investment Co., Inc.

Dated: _____  By: _____
Roy L. Longacre, ABA #8211124
426 G Street, Suite 910
Anchorage, AK 99501
Phone: (907) 276-6354
Fax: (907) 279-4685
longacre@alaska.com

LIBBEY LAW OFFICES, LLC
Counsel for Shane Crowson d/b/a Alaska Heavy Haul Transport

Dated: _____  By _____
Robert M. Libbey, ABA #6404014
604 West 2nd Ave.
Anchorage, AK 99501
Phone: (907) 258-1815
Fax: (907) 258-1822
boblibbey@alaska.net

*DSV Air & Sea GmbH and UTC Overseas, Inc. v. Bragg Investment Company, Inc., et al.*
Stipulation re: Confidentiality Agreement
Case No.: 3:06:cv:00145 TMB
(9010-1/270138)

Page 8 of 8

**Ex. B, p. 8 of 8**