Thomas A. Matthews, Esq.
Matthews & Zahare, P.C.
431 W. 7th Ave., Suite 207
Anchorage, AK 99501
Phone: (907) 276-1516
Fax: (907) 276-8955
tom.matthews@matthewszahare.com

Bruce E. Falconer, Esq.
Boyd, Chandler & Falconer, LLP
911 W. 8th Ave., Suite 302
Anchorage, Alaska  99507
(907) 272-8401
bfalconer@bcf.us.com

Counsel for Defendant Northstar Trucking, Inc.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA AT ANCHORAGE

| | |
|---|---|
| DSV AIR & SEA GmbH and UTC OVERSEAS, INC., <br><br>        Plaintiffs,<br>  vs.<br><br>BRAGG INVESTMENT COMPANY, INC. et al.,<br>        Defendants. | Case No. 3:06:cv 145 TMB<br>Case No. 3:06:cv 274 TMB<br>(Consolidated) |
| DELTA LLOYD SCHADEVERZEKERING N.V.,<br><br>        Plaintiffs,<br>  vs.<br><br>UTC OVERSEAS, INC., et al,<br>        Defendants. | **CONDITIONAL NON-OPPOSITION TO DSV'S MOTION FOR SUBSTITUTION** |

Northstar Trucking, Inc., through undersigned counsel, files its conditional non-opposition to DSV's Motion for Substitution as Plaintiff. Northstar Trucking is not generally opposed to substitution so long as adequate arrangements are made for payment of costs and attorney's fees in the event DSV does not prevail in its claims against Defendants.

DSV and UTC filed this case in May, 2006 to pursue reimbursement of damages relating to a transformer incident in Anchorage, Alaska. Delta Lloyd, a subrogated insurer for the manufacturer of the transformer, filed a similar action in December, 2006. The two actions were eventually consolidated. In addition to these two cases pending in Alaska, similar proceedings were also instituted by Delta in Hamburg, Germany. The German litigation has now apparently been resolved and DSV has been given an assignment of all claims which were formally being pursued by Delta. Now that the settlement agreement has been provided to Defendants by DSV, the parties are in a position to evaluate DSV and Delta's deal, and determine whether substitution is appropriate.

As noted by Delta, Rule 25(c) allows substitution if an interest is transferred during the action. However, Rule 25(c) also recognizes that substitution is not automatic. The Court retains the power to hold the original party in the case.[1]

This case has been pending for two years, and the parties have incurred substantial defense costs already because of the nature of the action, the multiplicity of the parties, and the broad geographical scope of discovery. (The parties'

---

[1] *See* Fed. R. Civ. Pro. 25(c).

NTI's Conditional Non-Opp to DSV's Motion For Substitution
*DVS Air & Sea v. Bragg Inv., et al.*; *Delta Lloyd vs.
  DVS Air & Sea* / 3:06:cv 00145 TMB (Consolidated)
TAM:jlw/1442-1/CondNonOppMtntoSubst                                    2 of 4

corporate offices are spread across two continents.)  If one or more of the Defendants prevails, or beats an offer of judgment, it would have a right to pursue costs and attorney's fees against one or more of the Plaintiffs.  So long as DSV 1)assumes responsibility; and 2) is in a position to make good on any attorney's fee or cost award, Northstar Trucking perceives no reason why the substitution should not go forward.  However, if DSV refuses to pay, Delta should remain secondarily liable in the event that DSV and/or UTC are unable to satisfy any costs or attorney's fee judgments against them at the conclusion of the case.

In summary, Northstar Trucking is not opposed to the proposed substitution on the following conditions:

1.  DSV and UTC assume liability and responsibility for any attorney's fee and cost exposure that Delta Lloyd currently has; and

2.  Delta Lloyd remain secondarily responsible for any costs or attorney's fee award arising out of this case (at least as to fees and costs incurred to date).

Dated this 9th day of July, 2008 at Anchorage, Alaska.

MATTHEWS & ZAHARE, P.C.
Counsel for Northstar Trucking, Inc.


By: s/Thomas A. Matthews
Thomas A. Matthews ABA 8511179
431 W. 7th Ave., Suite 207
Anchorage, AK 99501
Phone:  (907) 276-1516
Fax:  (907) 276-8955
tom.matthews@matthewszahare.com

NTI's Conditional Non-Opp to DSV's Motion For Substitution
*DVS Air & Sea v. Bragg Inv., et al.*; *Delta Lloyd vs.*
  *DVS Air & Sea* / 3:06:cv 00145 TMB (Consolidated)
TAM:jlw/1442-1/CondNonOppMtntoSubst                                           3 of 4

                          BOYD, CHANDLER & FALCONER, LLP
                          Counsel for Northstar Trucking, Inc.

                          By: s/Bruce E. Falconer (consent)
                          Bruce E. Falconer, ABA 8707062
                          911 W. 8th Ave., Suite 302
                          Anchorage, Alaska 99501
                          Phone: (907) 272-8401
                          Fax: (907) 274-3698
                          bfalconer@bcf.us.com

CERTIFICATE OF SERVICE
I certify that on 9th day of July 2008,
I caused to be served by electronic mail to:

Frank A. Pfiffner, Esq.
fap@hpglaw.net
*Counsel for Plaintiffs DSV Air & Sea/*
 *Defendants UTC Overseas, Inc.*

Donald K. McLean, Esq.
dkmclean@bmjlaw.com
*Counsel for Def. North Star Terminal*
 *& Stevedore LLC of Delaware*

Bruce E. Falconer, Esq.
bfalconer@bcf.us.com
*Counsel for Northstar Trucking, Inc.*

Roy L. Longacre, Esq.
longacre@alaska.com
*Counsel for Def. Bragg Investment Co.*

Robert M. Libbey, Esq.
Colleen A. Libbey, Esq.
boblibbey@alaska.net & clibbey@alaska.net
*Counsel for Shane Crowson*
 *d/b/a Alaska Heavy Haul Transport*

Marc G. Wilhelm, Esq.
mwilhelm@richmondquinn.com
*Counsel for Delta Lloyd Schadeverzekering N.V.*


s/Thomas A. Matthews_____

NTI's Conditional Non-Opp to DSV's Motion For Substitition
*DVS Air & Sea v. Bragg Inv., et al.*; *Delta Lloyd vs.*
  *DVS Air & Sea* / 3:06:cv 00145 TMB (Consolidated)
TAM:jlw/1442-1/CondNonOppMtntoSubst           4 of 4