Marc G. Wilhelm (ABA 8406054)
RICHMOND & QUINN, PC
360 "K" Street, Suite 200
Anchorage, Alaska 99501
PH:  (907) 276-5727
FAX: (907) 276-2953

Attorneys For Plaintiff
Delta Lloyd Schadeverzekering N.V.

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| DSV Air & Sea, GmbH,<br><br>  Plaintiff,<br><br>  v.<br><br>BRAGG INVESTMENT COMPANY, INC. successor-in-interest by merger to HEAVY TRANSPORT, INC., NORTHSTAR TRUCKING, INC., NORTH STAR TERMINAL AND STEVEDORE COMPANY LLC, NORTH STAR TERMINAL AND STEVEDORE COMPANY LLC OF DELAWARE, and SHANE D. CROWSON dba ALASKA HEAVY HAUL TRANSPORT,<br><br>  Defendants. | Consolidated Case<br>3:06-cv-00145 TMB |

**DELTA LLOYD'S REPLY BRIEF REGARDING MOTION FOR SUBSTITUTION**

Delta Lloyd has assigned all its rights to DSV Air and Sea, has no further interest in the outcome of this litigation, and accordingly is not a real party in interest.

In acknowledgment of these facts, DSV moved to be substituted in for Delta Lloyd, and to remove Delta Lloyd as a party to this litigation. No party opposes so simplifying the litigation and removing Delta Lloyd from the litigation. Once it is no longer a party to the lawsuit, Delta Lloyd cannot be held liable for fees.

Defendant Northern Trucking's concern is that it be entitled to collect fees from Delta Lloyd, in the off chance it prevails in this litigation, is awarded fees,[1] and cannot collect such fees from DSV. The response to this concern is simple. DSV, by agreeing to prosecute the assigned claims in its own name, as real party in interest, is obligated to pay awardable costs and fees. DSV agreed to step into Delta Lloyd's shoes. Should this case not settle, and should defendants prevail, DSV will be responsible for fees. In any event, the DSV has agreed to be responsible for costs and fees that may arise out of the prosecuting the assigned claims in the settlement agreement between itself and Delta Lloyd. See Exhibit 1.

---

[1] The Carmack Amendment, which was the basis of Delta'a Claim against Northern Trucking, appears to allow attorney fees only in suits related to the shipment of household goods. See 47 U.S.C. § 14708.

**DELTA LLOYD'S REPLY BRIEF REGARDING MOTION FOR SUBSTITUTION**
J.H. BACHMANN ET AL. v. BRAGG INVESTMENT COMPANY, ET AL.
CASE NO. 3:06-cv-00145 TMB
PAGE 2

There is not the slightest doubt DSV will be able to pay fees. DSV is a multi-national corporation with net revenue of $7 billion (U.S.) annually and offices in 50 countries. See http://www.dsv.com. There is no reason that Delta Lloyd should remain a party to this lawsuit to cover the microscopically remote contingency that fees will be assessed to plaintiffs but not paid. Nor do plaintiffs cite authority making Delta Lloyd liable for fees, should DSV, the real party in interest, not prevail.

Currently, there is no basis for assessing fees against any party. If Delta Lloyd were to remain liable for fees, even on a contingent basis, it would be subject to the continuing vagaries of this litigation, and liability for fees as a result of an outcome over which it has no control. It would either need to remain involved in the litigation to protect its interests against a fee award, at significant cost, or be held liable for fees that are the result of a trial over which it has no control. Either result is unfair. Nor would it be reasonable for defendants to pay Delta's fees if Delta is forced to remain a party.

Not only is Delta Lloyd not directly liable for fees, Northstar Trucking also provides no authority or case

**DELTA LLOYD'S REPLY BRIEF REGARDING MOTION FOR SUBSTITUTION**
J.H. BACHMANN ET AL. v. BRAGG INVESTMENT COMPANY, ET AL.
CASE NO. 3:06-cv-00145 TMB
PAGE 3

law that suggests a party should remain in an action as a guarantor of the assignee's ability to pay fees, particularly where the assignee is a multi-billion dollar corporation. To the contrary, the many court cases where there has been a substitution of a real party in interest under Rule 25(c) do not condition the substitution on holding the assigning party as a guarantor of the assignee's ability to pay fees. See, e.g., Hilbrands v. Far East Trading Co., Inc., 509 F.2d 1321, 1322 (9th Cir. 1975).

The court's main consideration in deciding a motion under Rule 25(c) is whether substitution will expedite and simplify the action. Dollar Dry Dock Sav. Bank v. Hudson Street Development Associates, 1995 WL 412572, 4 (S.D.N.Y. 1995). This litigation will only be simplified if the motion is granted as written. There is no reason for Delta Lloyd to remain a party to the lawsuit, or be bound by the results. Granting Northern Trucking's request, to the contrary, will result in substantial costs and inefficiency.

Crowson discusses an offer of judgment. Crowson fails to mention that his offer was impermissibly conditioned upon Delta Lloyd agreeing to fully indemnify Crowson against future fees for defending against the remaining claims by DSV

and the numerous cross-claims by his co-defendants, and is not a valid offer. This argument is simply a red herring, and should be treated as such.

DATED this 17th day of July, 2008 Anchorage, Alaska.

                         RICHMOND & QUINN
                         Attorneys for Plaintiff
                         DELTA LLOYD SCHADEVERZEKERING N.V.

By:    /s/ Marc G. Wilhelm
     RICHMOND & QUINN, PC
     360 "K" Street, Suite 200
     Anchorage, Alaska 99501
     Ph: (907) 276-5727
     Fax: (907) 276-2953
     mwilhelm@richmondquinn.com
     Alaska Bar No. 8406054

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on July 17, 2008, a true and correct copy of the foregoing was served electronically served on:

Frank A. Pfiffner
James M. Seedorf
HUGHES PFIFFNER GORSKI SEEDORF & ODSEN, LLC
3900 C Street, Suite 1001
Anchorage, AK 99503
Counsel for DSV Air & Sea GmnH & UTC Overseas, Inc.
fap@hpglaw.net
jms@hpglaw.net

Thomas A. Matthews
MATTHEWS & ZAHARE, P.C.
431 W. 7th Ave., Suite 207
Anchorage, AK 99501
Counsel for Northstar Trucking, Inc.
tom.matthews@matthewszahare.com

Bruce E. Falconer
BOYD CHANDLER & FALCONER, LLP
911 W. 8th Ave., Suite 302
Anchorage, AK 99501
Counsel for Northstar Trucking, Inc.
bfalconer@bcf.us.com

Thomas G. Johnson
BAUER MOYNIHAN & JOHNSON LLP
2101 Fourth Ave., 24th Floor
Seattle, WA 98121
Counsel for North Star Terminal & Stevedore LLC/North Star Terminal Delaware
tgjohnson@bmjlaw.com

Roy L. Longacre
LONGACRE LAW OFFICES, LTD.
425 G Street, Suite 910
Anchorage, AK 99501
Counsel for Bragg Investment Co.
longacre@alaska.com

Robert M. Libbey
Colleen Ann Libbey
LIBBEY LAW OFFICES, LLC
604 W. 2nd Ave.
Anchorage, AK 99501
Counsel for Shane Crowson dba Alaska Heavy Haul Transport
clibbey@alaska.net
boblibbey@alaska.net


　　　/s/ Marc G. Wilhelm
　　　　RICHMOND & QUINN

2259\003\PLD\MOTION TO DISMISS (REPLY)