Frank A. Pfiffner
Hughes Pfiffner Gorski Seedorf & Odsen, LLC
3900 C Street, Suite 1001
Anchorage, Alaska 99503
Telephone Number: (907) 263-8241
Facsimile Number: (907) 263-8320
FAP@hpglaw.net
ABA No. 7505032

Attorneys for Plaintiffs DSV Air & Sea GmbH
And UTC Overseas, Inc.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| DSV AIR & SEA GmbH and UTC OVERSEAS, INC.<br><br>Plaintiffs,<br><br>vs.<br><br>BRAGG INVESTMENT COMPANY, INC. successor-in-interest by merger to HEAVY TRANSPORT, INC., NORTHSTAR TRUCKING, INC., NORTH STAR TERMINAL AND STEVEDORE COMPANY, LLC, NORTH STAR TERMINAL AND STEVEDORE COMPANY, LLC OF DELAWARE and SHANE D. CROWSON dba ALASKA HEAVY HAUL TRANSPORT,<br><br>Defendants. | <u>SEVENTH SUPPLEMENTAL DISCLOSURES OF PLAINTIFFS DSV AIR & SEA GmbH and UTC OVERSEAS, INC.</u><br><br><br><br>Case No. 3:06-cv-145 TMB<br>Case No. 3:06:cv:274 TMB (consolidated) |

HUGHES PFIFFNER GORSKI
SEEDORF & ODSEN, LLC
ATTORNEYS AT LAW
3900 C STREET
SUITE 1001
ANCHORAGE, ALASKA 99503
(907) 274-7522
(907) 263-8320 FAX

*DSV Air & Sea GmbH and UTC Overseas, Inc. v. Bragg Investment Company, Inc., et al.*
Case No.: 3:06-cv-145 TMB, Case No. 3:06:cv:274 TMB (consolidated)
Seventh Supplemental Disclosures of Plaintiffs DSV Air & Sea GmbH and UTC Overseas, Inc.
(9010-1/272065)

Page 1 of 5

Exhibit 1
Page 1 of 11 Pages

Pursuant to FRCP 26(a)(1), Plaintiffs DSV Air & Sea GmbH and UTC Overseas, Inc. ("Bachmann"), by and through their counsel of record, Hughes Pfiffner Gorski Seedorf & Odsen, LLC, hereby supplement their Initial Disclosures:

**B.      A copy of, or a description by category and location of, all documents, data compilations, and tangible things that are in the possession, custody, or control of the party and that the disclosing party may use to support its claims or defenses, unless solely for impeachment.**

Plaintiffs hereby attach copies of the following documents, which may be relevant to the issues at hand:

1. Settlement agreement and Assignment of Rights between Delta Lloyd Schadeverzekering N.V. and DSV Air & Sea GmbH (*see* Bates Nos. BMN002651 through BMN002656).

Bachmann reserves the right to supplement the foregoing disclosures as necessary.

HUGHES PFIFFNER GORSKI
SEEDORF & ODSEN, LLC
ATTORNEYS AT LAW
3900 C STREET
SUITE 1001
ANCHORAGE, ALASKA 99503
(907) 274-7522
(907) 263-8320 FAX

*DSV Air & Sea GmbH and UTC Overseas, Inc. v. Bragg Investment Company, Inc., et al.*
Case No.: 3:06-cv-145 TMB, Case No. 3:06:cv:274 TMB (consolidated)
Seventh Supplemental Disclosures of Plaintiffs DSV Air & Sea GmbH and UTC Overseas, Inc.
(9010-1/272065)

DATED at Anchorage, Alaska, this 1st day of July, 2008.

> HUGHES PFIFFNER GORSKI
> SEEDORF & ODSEN, LLC
> Attorneys for Plaintiffs DSV Air & Sea
> GmbH and UTC Overseas, Inc.
>
> By: *[signature]*
> Frank A. Pfiffner
> 3900 C Street, Suite 1001
> Anchorage, Alaska 99503
> Telephone: 907-274-7522
> Facsimile: 907-263-8320
> FAP@hpglaw.net
> ABA No. 7505032

HUGHES PFIFFNER GORSKI
SEEDORF & ODSEN, LLC
ATTORNEYS AT LAW
3900 C STREET
SUITE 1001
ANCHORAGE, ALASKA 99503
(907) 274-7522
(907) 263-8320 FAX

*DSV Air & Sea GmbH and UTC Overseas, Inc. v. Bragg Investment Company, Inc., et al.*
Case No.: 3:06-cv-145 TMB, Case No. 3:06:cv:274 TMB (consolidated)
Seventh Supplemental Disclosures of Plaintiffs DSV Air & Sea GmbH and UTC Overseas, Inc.
(9010-1/272065)

Page 3 of 5

Exhibit  1
Page  3  of  11  Pages

Certificate of Service

I hereby certify that on the 1st day of July, 2008, a copy of the foregoing Sixth Supplemental Disclosures of Plaintiffs DSV Air & Sea GmbH and UTC Overseas, Inc. was served via hand delivery on:

Donald K. McLean (served U.S. mail)
Bauer Moynihan & Johnson LLP
2101 4th Avenue, 24th Floor
Seattle, WA  98121

Thomas A. Matthews
Matthews & Zahare, PC
431 W. 7th Avenue, Suite 207
Anchorage, AK  99501

Bruce E. Falconer
Boyd, Chandler & Falconer, LLP
911 W. 8th Avenue, Suite 302
Anchorage, AK  99501

Roy L. Longacre
Longacre Law Offices, Ltd.
425 G Street, Suite 910
Anchorage, AK  99501

Robert M. Libbey
Libbey Law Offices
604 West 2nd Avenue
Anchorage, AK  99501

HUGHES PFIFFNER GORSKI
SEEDORF & ODSEN, LLC
ATTORNEYS AT LAW
3900 C STREET
SUITE 1001
ANCHORAGE, ALASKA 99503
(907) 274-7522
(907) 263-8320 FAX

*DSV Air & Sea GmbH and UTC Overseas, Inc. v. Bragg Investment Company, Inc., et al.*
Case No.:  3:06-cv-145 TMB, Case No. 3:06:cv:274 TMB (consolidated)
Seventh Supplemental Disclosures of Plaintiffs DSV Air & Sea GmbH and UTC Overseas, Inc.
(9010-1/272065)

Marc G. Wilhelm
Richmond & Quinn
360 K Street, Suite 200
Anchorage, AK  99501

*[signature]*
Cheryl Hannon

HUGHES PFIFFNER GORSKI
SEEDORF & ODSEN, LLC
ATTORNEYS AT LAW
3900 C STREET
SUITE 1001
ANCHORAGE, ALASKA 99503
(907) 274-7522
(907) 263-8320 FAX

*DSV Air & Sea GmbH and UTC Overseas, Inc. v. Bragg Investment Company, Inc., et al.*
Case No.:  3:06-cv-145 TMB, Case No. 3:06:cv:274 TMB (consolidated)
Seventh Supplemental Disclosures of Plaintiffs DSV Air & Sea GmbH and UTC Overseas, Inc.
(9010-1/272065)

Page 5 of 5

Exhibit 1
Page 5 of 11 Pages

# SETTLEMENT AGREEMENT

between

Delta Lloyd Schadeverzekering N.V., Spaklerweg 4, NL-1096 BA Amsterdam

- Delta -

and

DSV Air & Sea GmbH, Schlachte 15-18, D-28195 Bremen

- DSV -

**PREAMBLE:**

Delta is the leading cargo insurer under the cargo policy for Starkstrom-Gerätebau GmbH (SGB). SGB had sold via Smit Transformatoren B.V. two transformers to Chugach Electric Association Inc., Anchorage / U.S.A., on the basis of "fob Chugach's South Anchorage Substation".

SGB entrusted the transport of the two transformers from Regensburg / Germany to Anchorage / U.S.A. to Gericke GmbH Internationale Spedition ("Gericke"), who in turn engaged DSV (formerly: J. H. Bachmann GmbH) for the transport leg from the port of Bremerhaven / Germany to Anchorage. DSV arranged the sea-transport of the transformers to Tacoma / U.S.A. and arranged via UTC Overseas Inc. (formerly: UTC Bachmann, Inc.) the transport from Tacoma to Anchorage by Bragg Investment Inc. (formerly: Heavy Transport, Inc.).

One of the transformers tipped off the trailer during the transport within Anchorage and became a constructive total loss. Delta and the following insurers through Smit Transformatoren B.V. indemnified SGB for the loss and became subrogated to SGB's claims for damages against third parties; such claims have also been assigned by SGB to Delta. The following insurers authorized Delta i.a. to instigate court proceedings in its own name for the full amount of the damage.

Delta sued Gericke in the Court in Hamburg / Germany for reimbursement for a total amount of € 760.252,49 plus interest and costs. Gericke called in DSV as a third party in these proceedings ("Streitverkündung"). DSV assisted Gericke in defending the case. The Hamburg Court of first instance ("Landgericht Hamburg") ordered Gericke to pay to Delta € 652.017,03 plus interest from 21.12.2005 and to bear 86 % of the costs of the proceedings (including counsels' fees). Gericke appealed to the Court of Appeal in Hamburg. In the pending appeal proceedings DSV provided assistance to Gericke. The Court of Appeal decided to take evidence from an expert on two questions, namely: a) whether the transformer had been properly secured on the trailer, and b) whether the trailer used was suitable for the transport of the transformer.

The expert's report has not yet been finalized. Early in the appeal proceedings the Court of Appeal had recommended that the parties settle the dispute by Gericke / DSV paying € 500,000 to Delta. This recommendation was not accepted by the parties at that time.

Delta commenced proceedings before the United States District Court for the District of Alaska at Anchorage against:
- a) UTC Overseas, Inc.
- b) Heavy Transport, Inc.
- c) Bragg Investment Company, Inc.
- d) Northstar Trucking, Inc.
- e) Alaska Heavy Haul Transport
- f) Shane D. Crowson
- g) North Star Terminal and Stevedore Company LLC
- h) North Star Terminal and Stevedore Company LLC of Delaware.

DSV and UTC also commenced proceedings before the before-mentioned Court against the Defendants under b) – h) above. All these proceedings have been consolidated and are still pending.

Now, Delta and DSV agree to settle the Hamburg proceedings as follows:

1. In full and final settlement of the claims by Delta against Gericke, DSV undertakes to pay directly to Delta a lump sum of € 600,000 (Euro six hundred thousand) thereby discharging Gericke's obligations to Delta and its (DSV's) own obligation to indemnify Gericke with regard to Gericke's obligations to Delta. Gericke has agreed to this procedure.

2. Payment by DSV to Delta of the amount under item 1 shall be made within three weeks from the date of signing of this Settlement Agreement at the latest.
   If payment is not being made in time, DSV undertakes to pay interest on the outstanding amount at an interest rate of 10 % p.a. until the date of payment.

3. As this is a lump sum payment, there will be no further reimbursement of costs or other amounts whatsoever in addition to the payment amount as stated in item 1. Gericke agreed not to claim reimbursement from Delta and/or DSV of the costs it incurred in the Hamburg proceedings or otherwise. Each party bears its own costs. No reimbursement of costs between the parties will take place.

4. Subject to receipt of the settlement amount, Delta hereby assigns all its claims against the before-mentioned defendants in the US proceedings to DSV and UTC.

   DSV for itself and for UTC accepts this Assignment.

DSV and/or UTC shall pursue the claims in their own names, or in the name of DSV only, and shall apply to the US court to be substituted in for Delta as the real party in interest with respect to the assigned claims.

DSV will cooperate with and not oppose efforts or motions by Delta to be dismissed as a party from the US litigation.

Any costs, fees, and expenses arising out of or in connection with pursuing the assigned claims shall be borne exclusively by DSV. In addition, DSV shall pay and hold harmless Delta from all costs and fees assessed against Delta arising out of and in connection with DSV and/or UTC pursuing the assigned claims.

5.  Delta warrants that it has not settled or compromised or disposed of in any way any of the claims it has against the before-mentioned defendants in the US proceedings commenced by Delta before the United States District Court for the District of Alaska at Anchorage and will not do so.

6.  This settlement does not in any way release the defendants in the US proceedings of claims that Delta has against these defendants but only releases Gericke and DSV of any claim Delta may have against these parties. It is made in good faith and is a compromise of the claims Delta is pursuing against Gericke / DSV in the Hamburg proceedings.

7.  Delta recognizes that DSV / UTC will continue to pursue the claims in the US proceedings, including the claims assigned to them by Delta (see above item 4). With regard to these US proceedings, Delta agrees to cooperate with DSV / UTC in the following way:

    a)  Delta will provide the documents and/or witnesses with regard to the transformer, its transport and the event of loss requested by DSV / UTC or ordered by the court, however only the documents which at the time of said request or order will be in Delta's possession and only the witnesses which at that time will be employed by Delta;

    b)  Delta hereby assigns to DSV and UTC all rights it may have under the insurance contract with SGB / Smit to request SGB's cooperation with regard to the transformer, its transport and the event of loss, including to provide documents and/or witnesses as requested by DSV / UTC or ordered by the court;

    c)  DSV/UTC may contact Delta's lawyers Codex Mulder B.V. of Amsterdam to obtain the documents or witnesses as referred to in item 7 a) above.

8.  Save as warranted in item 5 of this Agreement, Delta is not and will not be responsible for the legal validity of the assignments contained in this Settlement Agreement. A lack

of validity of the assignments shall not affect the validity of the Settlement Agreement. The validity of the relevant assignments has been checked by DSV and is fully at the risk of DSV.

9. Carl Schröter GmbH & Co. KG, Bremen, has negotiated this Settlement Agreement on behalf of DSV and herewith guarantees fulfilment by DSV of the undertakings in items 1 and 2 of this Agreement.

10. The parties to this Agreement and Carl Schröter GmbH & Co. KG will treat this Agreement as confidential.. The Parties may however inform the parties to the proceedings in the Alaska court and this court of this Agreement and, if necessary, disclose it to these parties and the court. DSV/UTC will try to obtain these parties' undertaking to keep the Agreement confidential

Hamburg / Bremen, this 18th day of March 2008

_____
on behalf of Delta Lloyd Schadeverzekering N.V.

_____
DSV Air & Sea GmbH
by: Carl Schröter GmbH & Co. KG

_____
Carl Schröter GmbH & Co. KG

# ASSIGNMENT OF RIGHTS

between

Delta Lloyd Schadeverzekering N.V., Spaklerweg 4, NL-1096 BA Amsterdam

- Delta -

and

DSV Air & Sea GmbH, Schlachte 15-18, D-28195 Bremen

- DSV -

WHEREAS

Delta is the leading cargo insurer under the cargo policy for Starkstrom-Gerätebau GmbH (SGB). SGB had sold via Smit Transformatoren B.V. two transformers to Chugach Electric Association Inc., Anchorage / U.S.A., on the basis of "fob Chugach's South Anchorage Substation".

SGB entrusted the transport of the two transformers from Regensburg / Germany to Anchorage / U.S.A. to Gericke GmbH Internationale Spedition ("Gericke"), who in turn engaged DSV (formerly: J. H. Bachmann GmbH) for the transport leg from the port of Bremerhaven / Germany to Anchorage. DSV arranged the sea-transport of the transformers to Tacoma / U.S.A. and arranged via UTC Overseas Inc. (formerly: UTC Bachmann, Inc.) the transport from Tacoma to Anchorage by Bragg Investment Inc. (formerly: Heavy Transport, Inc.).

One of the transformers tipped off the trailer during the transport within Anchorage and became a constructive total loss. Delta and the following insurers through Smit Transformatoren B.V. indemnified SGB for the loss and became subrogated to SGB's claims for damages against third parties; such claims have also been assigned by SGB to Delta. The following insurers authorized Delta i.a. to instigate court proceedings in its own name for the full amount of the damage.

Delta sued Gericke in the Court in Hamburg / Germany for reimbursement for a total amount of € 760.252,49 plus interest and costs. Gericke called in DSV as a third party in these proceedings ("Streitverkündung"). DSV assisted Gericke in defending the case. The Hamburg Court of first instance ("Landgericht Hamburg") ordered Gericke to pay to Delta € 652.017,03 plus interest from 21.12.2005 and to bear 86 % of the costs of the proceedings (including counsels' fees). Gericke appealed to the Court of Appeal in Hamburg. In the pending appeal proceedings DSV provided assistance to Gericke. The Court of Appeal decided to take evidence from an expert on two questions, namely: a) whether the transformer had been properly secured on the trailer, and b) whether the used trailer was suitable for the transport of the transformer.

The expert's report has not yet been finalized.

Exhibit 1
Page 10 of 11 Pages

BMN002655

Delta commenced proceedings before the United States District Court for the District of Alaska at Anchorage against:
- a) UTC Overseas, Inc.
- b) Heavy Transport, Inc.
- c) Bragg Investment Company, Inc.
- d) Northstar Trucking, Inc.
- e) Alaska Heavy Haul Transport
- f) Shane D. Crowson
- g) North Star Terminal and Stevedore Company LLC
- h) North Star Terminal and Stevedore Company LLC of Delaware.

DSV and UTC also commenced proceedings before the before-mentioned Court against the Defendants under b) – h) above. All these proceedings have been consolidated and are still pending.

Delta and DSV have agreed to settle the Hamburg proceedings.

NOW:

In execution of the Settlement Agreement and upon receipt of the agreed settlement amount Delta hereby assigns all its claims against the before-mentioned defendants and affiliated companies in the US proceedings to DSV and UTC.

DSV for itself and for UTC accepts this Assignment.

Hamburg / Bremen, this 18th day of March 2008

_____
on behalf of Delta Lloyd Schadeverzekering N.V.

_____
DSV Air & Sea GmbH
by: Carl Schröter GmbH & Co. KG

Exhibit 1
Page 11 of 11 Pages

BMN002656